1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Telephone   714-966-1000
7  Facsimile   714-966-1002

8  Proposed Attorneys for
   Debtors and Debtors-in-Possession

9

10                **UNITED STATES BANKRUPTCY COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12                      **SANTA ANA DIVISION**

13  In re                              Case Nos. 8:15-bk-15311-MW;
                                       8:15-bk-15312-MW; 8:15-bk-15313-MW;
14  FREEDOM COMMUNICATIONS, INC., a    8:15-bk-15315-MW; 8:15-bk-15316-MW;
    Delaware corporation, *et al.*,[1] 8:15-bk-15317-MW; 8:15-bk-15318-MW;
15                                     8:15-bk-15319-MW; 8:15-bk-15320-MW;
                  Debtors and          8:15-bk-15321-MW; 8:15-bk-15322-MW;
16                Debtors-in-Possession. 8:15-bk-15323-MW; 8:15-bk-15324-MW;
                                       8:15-bk-15325-MW; 8:15-bk-15326-MW;
17  Affects:                           8:15-bk-15327-MW; 8:15-bk-15328-MW;
                                       8:15-bk-15329-MW; 8:15-bk-15330-MW;
18  ☒  All Debtors                     8:15-bk-15332-MW; 8:15-bk-15337-MW;
                                       8:15-bk-15339-MW; 8:15-bk-15340-MW;
19  ☐  Freedom Communications, Inc., a 8:15-bk-15342-MW; 8:15-bk-15343-MW
    Delaware corporation, ONLY
20                                     Chapter 11

21  _____

22  [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom
    Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc.
23  (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610);
    Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735);
24  Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom
    Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom
25  Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona,
    Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register
26  Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company
    (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom
27  SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand
    Avenue, Santa Ana, California 92701.

28

Lobel Weiland Golden Freidman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  ☐  Freedom Communications Holdings, Inc., a Delaware corporation, ONLY

2

3  ☐  Freedom Services, Inc., a Delaware corporation, ONLY

4  ☐  2100 Freedom, Inc., a Delaware corporation, ONLY

5

6  ☐  OCR Community Publications, Inc., a California corporation, ONLY

7  ☐  Daily Press, LLC, a California limited liability company, ONLY

8

9  ☐  Freedom California Mary Publishing, Inc., a California corporation, ONLY

10  ☐  Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

11

12  ☐  Freedom Colorado Information, Inc., a Delaware corporation, ONLY

13

14  ☐  Freedom Interactive Newspapers, Inc., a California corporation, ONLY

15  ☐  Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

16

17  ☐  Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

18  ☐  Freedom Newspapers, a Texas general partnership, ONLY

19

20  ☐  Freedom Newspapers, Inc., a Delaware corporation, ONLY

21  ☐  Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

22

23  ☐  OCR Information Marketing, Inc., a California corporation, ONLY

24

25  ☐  Odessa American, a Texas general partnership, ONLY

26  ☐  Orange County Register Communications, Inc., a California corporation, ONLY

27

28

**NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF CHRIS D. DAHL AND BETH E. GASCHEN FILED IN SUPPORT THEREOF**

**[No Hearing Required Pursuant to Local Bankruptcy Rules 1051-1 and 9013-1(q)]**

1038338.4

MOTION FOR JOINT ADMINISTRATION

<div style="writing-mode: vertical">**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002</div>

1   ☐  Victor Valley Publishing Company, a California corporation, ONLY

2

3   ☐  Victorville Publishing Company, a California limited partnership, ONLY

4   ☐  Freedom SPV II, LLC, a Delaware limited liability company, ONLY

5

6   ☐  Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

7   ☐  Freedom SPV I, LLC, a Delaware limited liability company, ONLY

8

9   ☐  Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

10  ☐  Freedom SPV V, LLC, a Delaware limited liability company, ONLY

11

12

13  **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE,**

14  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED**

15  **PARTIES:**

16       **PLEASE TAKE NOTICE** that Freedom Communications, Inc., Freedom

17  Communications Holdings, Inc., Freedom Services, Inc., 2100 Freedom, Inc., OCR

18  Community Publications, Inc., Daily Press, LLC, Freedom California Mary Publishing, Inc.,

19  Freedom California Ville Publishing Company LP, Freedom Colorado Information, Inc.,

20  Freedom Interactive Newspapers, Inc., Freedom Interactive Newspapers of Texas, Inc.,

21  Freedom Newspaper Acquisitions, Inc., Freedom Newspapers, Freedom Newspapers,

22  Inc., Freedom Newspapers of Southwestern Arizona, Inc., OCR Information Marketing,

23  Inc., Odessa American, Orange County Register Communications, Inc., Victor Valley

24  Publishing Company, Victorville Publishing Company, Freedom SPV II, LLC, Freedom

25  SPV VI, LLC, Freedom SPV I, LLC, Freedom SPV IV, LLC, and Freedom SPV V, LLC,

26  the debtors and debtors-in-possession in the above-captioned cases (collectively, the

27  "Debtors"), hereby move (the "Motion") ex parte for entry of an order authorizing the joint

28  administration of the Debtors' cases including: (i) the use of a single docket for

1038338.4                              3                    MOTION FOR JOINT ADMINISTRATION

1   administrative matters; (ii) combining notices to creditors and parties in interest; (iii)

2   scheduling joint hearings; (iv) combining financial reporting; (v) joint and several liability

3   for professional fees and costs; and (vi) the joint handling of other administrative matters

4   pursuant to section 105(a) of the Bankruptcy Code, Rule 1015 of the Federal Rules of

5   Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 1015-(1)(b) of the Local Bankruptcy

6   Rules ("Local Rules").

7           The Motion is based on this Notice and Motion, the Memorandum of Points and

8   Authorities included herewith, and the attached Declarations of Chris D. Dahl and Beth E.

9   Gaschen.

10          **PLEASE TAKE FURTHER NOTICE** that the Debtors request that this Motion be

11  considered on an ex parte basis.  The Debtors have determined that the most efficient

12  and effective manner in which to administer their respective Cases is to seek an order

13  authorizing joint administration.  Joint administration of the Cases will allow the Debtors to

14  benefit from increased efficiency because they will not be required to review and

15  separately respond to similar motions, filings and other pleadings that would otherwise be

16  filed in the separate Cases.  Joint administration will potentially save the Debtors' estates

17  tens of thousands of dollars in administrative fees and costs, save the Court numerous

18  hours in setting and hearing matters, and in reviewing separate sets of virtually identical

19  pleadings in twenty-five cases.  As the Debtors are filing multiple first day motions, it is

20  essential to seek the relief requested in this Motion on an ex parte basis in order to

21  accomplish the goal of preserving the time and resources of the Debtors, the Court, and

22  other parties in interest, as the alternative would be to file identical pleadings in twenty-five

23  separate cases with hearings on each and every motion.  Joint administration will also

24  ease the burden on the Office of the United States Trustee in supervising the Cases.

25          The Debtors do not request substantive consolidation of their Cases at this time.

26  Nothing contained in this Motion is intended to compel substantive consolidation of the

27  assets of the Debtors' respective estates.  Since the Debtors require only joint

28  administration of the Cases, no substantive rights will be prejudiced by the relief

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   requested herein, and no conflicts will result therefrom. Accordingly, the Debtors request

2   that the Motion be granted.

3       Pursuant to Local Rules 1015-1 and 9013-1(q), the Court may grant the Motion

4   without notice or a hearing.

5

6   Dated: November 2, 2015           LOBEL WEILAND GOLDEN FRIEDMAN LLP

7

8                          By: _____

9                            WILLIAM N. LOBEL

                             ALAN J. FRIEDMAN

10                        BETH E. GASCHEN

                       CHRISTOPHER J. GREEN

11                        Proposed Attorneys for

                       Debtors and Debtors-in-Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     STATEMENT OF FACTS

### A.     Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B.     The Debtors and the Chapter 11 Filings

On November 1, 2015 and November 2, 2015 (the "Petition Dates"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court").  The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has yet been appointed or designated in the Cases, although the Debtors anticipate that one or more official committees of unsecured creditors may be appointed.

2100 Freedom, Inc. is the direct or indirect parent company of each of the other Debtors.  The Debtors, headquartered in Santa Ana, California, are collectively a privately owned information and entertainment company consisting of print publications and interactive businesses.  The Debtors' portfolio includes daily and weekly newspapers, magazines and other specialty publications.  In addition, the Debtors operate an interactive business which offers website complements, as well as digital and mobile products, to their print publications.  The Orange County Register is the Debtors' flagship newspaper.  The Debtors also operate the Press-Enterprise and Unidos (a Spanish language newspaper), and own real property in Santa Ana and Riverside, California.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## II.   PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

The Debtors propose the following procedure for joint administration:

(1)   The use of a single docket (*In re Freedom Communications, Inc.*, Case No. 8:15-bk-15311-MW) for administrative matters, including the filing, lodging, and docketing of pleadings and orders, and parties in interest shall be directed to use the caption attached hereto as Exhibit "1."  Each pleading or paper filed, however, shall indicate which of the Debtors is affected by or is a party to the subject filings;

(2)   The combining of notices to creditors and parties-in-interest;

(3)   The joint scheduling of hearings;

(4)   The combining of financial reporting by the seven operating Debtors[2] (Freedom Communications, Inc.; Freedom Communications Holdings, Inc.; Freedom SPV II, LLC; Freedom SPV VI, LLC; Freedom Services, Inc.; 2100 Freedom, Inc.; and OCR Community Publications, Inc.);

(5)   The joint and several liability of the estates for allowed professional fees and costs and the consolidated billing of professional fees and expenses.  The seven operating Debtors, which hold the overwhelming majority of assets and where the vast majority of activity will occur, will be jointly and severally liable for all of the jointly administered estates' allowed professional fees and costs;

(6)   The joint handling of other administrative matters; and

(7)   Notice of the joint administration of the estates will be separately filed and docketed in each of the Cases in substantially the form of the proposed notice attached as Exhibit "2" to the Motion.  On all other Court dockets for

---

[2] For the monthly operating reports, the Debtors will provide: (1) a consolidated profit and loss statement; (2) individual profit and loss statements for each of the seven operating debtors; (3) consolidated balance sheet; (4) individual balance sheets for each of the seven operating debtors; and (5) a breakdown of disbursements, debtor by debtor.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  the related Cases, creditors and parties-in-interest will be directed to

2  Freedom Communications, Inc.'s docket to locate all pleadings filed

3  subsequent to the date on which the Court enters an order authorizing the

4  joint administration of the twenty-five Cases.

5

6  **III.    JOINT ADMINISTRATION OF THE CASES WOULD YIELD SUBSTANTIAL**

7  **ADMINISTRATIVE BENEFITS**

8  Bankruptcy Rule 1015(b) provides that joint administration may be appropriate

9  when two or more related debtor entities have filed for protection under the Bankruptcy

10  Code.  Bankruptcy Rule 1015 provides:

11  If a joint petition or two or more petitions are pending in the
same court by or against (1) a husband and wife, or (2) a

12  partnership and one or more of its general partners, or (3) two
or more general partners, or (4) a debtor and an affiliate, the

13  court may order a joint administration of the estates. Prior to
entering an order the court shall give consideration to

14  protecting creditors of different estates against potential
conflicts of interest.

15

16  Fed. R. Bankr. Proc. 1015(b).  Joint administration is typical when related business

17  entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization

18  strategies, and when the success of one entity may depend on success of another.  *See* 9

19  COLLIER ON BANKRUPTCY, ¶ 1015.03 (15th ed. rev. 2008).

20  Bankruptcy Rule 1015 promotes the fair and efficient administration of related

21  cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly

22  prejudiced.  *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re*

23  *H & S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985).  As set forth in the

24  official 1983 Advisory Committee Note to Rule 1015:

25  Joint administration as distinguished from consolidation may
include combining the estates by using a single docket for the

26  matters occurring the administration, including the listing of
filed claims, the combining of notices to creditors of the

27  different estates, and the joint handling of other purely
administrative matters that may aid in expediting the cases and

28  rendering the process less costly.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  The Cases present the classic situation for joint administration as numerous cords

2  of administrative commonality connect the Debtors, militating in favor of the central

3  administration of the Cases.  Joint administration will increase the Debtors' chances of a

4  successful reorganization as it will avoid wasting resources that would result through the

5  duplication of effort if the Cases were to proceed separately and the same motions and

6  applications were required to be filed in each Case.  It will permit each of the Debtors to

7  respond more efficiently to the demands of their creditors and will reduce attorneys' fees,

8  copying costs, mailing costs and other costs of administering the Cases.  The Debtors'

9  creditors stand to benefit from the increased efficiency of administration anticipated

10  through joint administration because creditors will not be required to review duplicative

11  motions and other pleadings that would otherwise be filed in twenty-five separate cases.

12  Moreover, through joint administration of the Cases, this Court and the Bankruptcy Court

13  Clerk's office will be relieved of the burden of having to file and maintain dockets and case

14  files for a large number of nearly identical pleadings in the Cases.  It will also ease the

15  burden of the Office of the United States Trustee in supervising the Cases.

16  Freedom Communications, Inc., Freedom Communications Holdings, Inc.,

17  Freedom Services, Inc., Freedom SPV II, LLC, Freedom SPV VI, LLC, 2100 Freedom,

18  Inc., and OCR Community Publications, Inc. will be jointly and severally liable for all of the

19  administrative professional fees and expenses incurred in the Cases.  All fees and costs

20  will be charged to the lead case and only one joint fee application need be filed by any

21  professional.  Many of the services provided by the professionals will benefit all the

22  Debtors and it would time-consuming to allocate various services provided by the

23  professionals among the Cases.

24  The rights of the Debtors' respective creditors will not be adversely affected by joint

25  administration of the Cases.  The Debtors do not propose at this point to take any action

26  that would constitute substantive consolidation of their estates, but are merely seeking

27  authorization for procedural measures that will simplify and facilitate the efficient

28  administration of their Cases.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1      By reason of the foregoing, joint administration of the Cases is in the best interests

2 of all interested parties.

3

4 **IV.**    **NO NOTICE AND NO HEARING IS REQUIRED**

5      Local Rule 1015-1(b) expressly provides that the Court can order joint

6 administration without notice and a hearing:

7         If 2 or more cases are pending before the same judge, an
order of joint administration may be entered, without further

8         notice and an opportunity for hearing, upon the filing of a
motion for joint administration pursuant to FRBP 1015 and

9         LBR 9013-1(q), supported by a declaration establishing that
the joint administration of the cases is warranted, will ease the

10        administrative burden for the court and the parties, and will
protect creditors of the different estates against potential

11        conflicts of interest.

12 Accordingly, pursuant to Local Rule 1015-1(b), the Court may order the joint

13 administration of the Cases without notice or a hearing.

14

15 **V.**    **CONCLUSION**

16      The primary goal of a chapter 11 reorganization is to maximize the value of a

17 debtor's estate for the benefit of creditor and equity constituencies. Related to that goal,

18 and of significant importance as well, is the efficient administration of the bankruptcy case

19 so that the debtor-in-possession can emerge quickly and begin distributions. Both of

20 these goals will be furthered by permitting the joint administration of the Cases as sought

21 in this Motion.

22                 Respectfully submitted,

23 Dated: November 2, 2015         LOBEL WEILAND GOLDEN FRIEDMAN LLP

24

25                 By: _____

26                     WILLIAM N. LOBEL
                    ALAN J. FRIEDMAN
                    BETH E. GASCHEN

27                     CHRISTOPHER J. GREEN
                    Proposed Attorneys for

28                     Debtors and Debtors-in-Possession

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1
2

### DECLARATION OF CHRIS D. DAHL

3    I, Chris D. Dahl, declare as follows:

4    1.    I am the Chief Financial Officer ("CFO") of the debtors and debtors-in-

5    possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases").  I have

6    served as Chief Financial Officer since March, 2015, but have been employed by the

7    Debtors since 1998.  In my role as CFO, I am responsible for: (i) financial planning and

8    analysis; (ii) budgeting and forecasting; (iii) treasury and cash management (collections);

9    (iv) payroll and accounts payable; and (v) general accounting.

10    2.    As a result of my tenure with the Debtors, my extensive day to day

11    experience with the financial matters impacting the Debtors' operations, my review of

12    relevant documents, and my discussions with other members of the Debtors' management

13    teams in the ordinary course of business, I am familiar with the Debtors' day-to-day

14    operations, business affairs, and books and records.  Except as otherwise noted, I have

15    personal knowledge of the matters set forth herein and, if called as a witness, could testify

16    competently thereto.  Except as otherwise stated, all facts set forth in this Declaration are

17    based on my personal knowledge, my discussions with other members of the Debtors'

18    senior management, my review of relevant documents, or my opinion, based on my

19    experience and knowledge of the Debtors' operations and financial conditions.  I am

20    submitting this declaration in support of the Ex Parte Motion for Joint Administration

21    Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local

22    Bankruptcy Rule 1015-1 (the "Motion").  All terms not defined herein shall have the

23    meanings ascribed to them in the Notice and Motion.

24    3.    The Debtors are requesting that their Cases be jointly administered for

25    procedural purposes.  While 2100 Freedom is the direct parent company of each of the

26    other Debtors, FCI is the primary operating entity, based on its ownership of The OC

27    Register.  The Debtors seek to have FCI's case designated the lead case of the jointly

28    administered estates.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

4.      I believe that the joint administration of the Cases will avoid the unnecessary time and expense of duplicative motions, applications, other pleadings, orders, and related notices, which would otherwise need to be filed in each separate case absent joint administration.  It will permit the Debtors to respond more efficiently to the demands of their creditors and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the Cases.  In addition, the Debtors' creditors will not be required to review identical motions and other pleadings that would otherwise have to be filed in twenty-five separate cases.  Moreover, joint administration will relieve this Court of the burden of setting and hearing duplicative matters, entering duplicative orders and maintaining duplicative files.  Joint administration will also ease the burden on the Office of the United States Trustee in supervising the Cases, and the Clerk's office in performance of its duties in the Cases.

5.      Numerous cords of administrative commonality connect the Debtors, militating in favor of the central administration of the Cases.  They collectively operate as an information and entertainment company consisting of print publications and interactive business.  Joint administration will increase the Debtors' chances of a successful chapter 11 process.  Accordingly, I believe that joint administration will save considerable time and expense for the Debtors, the Clerk of the Court, the United States Trustee, and other parties in interest, which will, in turn, result in substantial savings for the Debtors' estates.

6.      Freedom Communications, Inc., Freedom Communications Holdings, Inc., Freedom Services, Inc., Freedom SPV II, LLC, Freedom SPV VI, LLC, 2100 Freedom, Inc., and OCR Community Publications, Inc. will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the Cases.  All fees and costs will be charged to the lead case and only one joint fee application need be filed by any professional.  Many of the services provided by the professionals will benefit all the Debtors and it would time-consuming to allocate various services provided by the professionals among the Cases.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    7.    I do not believe that creditors will be adversely affected by joint

2  administration of the Cases.  The Debtors are not proposing to take any action that would

3  constitute substantive consolidation of their estates, but only seek authorization for

4  procedural measures that will simplify and facilitate the efficient administration of their

5  estates.

6    I declare under penalty of perjury that the foregoing is true and correct.

7    Executed on this 1st day of November, 2015, at Costa Mesa, California.

8

9    _____
                                        Chris D. Dahl

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1038338.4

MOTION

## DECLARATION OF BETH E. GASCHEN

I, Beth E. Gaschen, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court and the Courts of California.  I am an associate of the law firm Lobel Weiland Golden Friedman LLP, proposed counsel for the debtors and debtors-in-possession in this action.  The following is within my own personal knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.  I am submitting this declaration in support of the Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 (the "Motion").  All terms not defined herein shall have the meanings ascribed to them in the Notice and Motion.

2.      The Debtors propose that all pleadings related to the Cases shall contain a joint caption in substantially the form attached hereto as Exhibit "1," and that all such pleadings shall be filed and maintained under the existing docket of the lead case, *In re Freedom Communications, Inc.*

3.      A notice substantially similar to that attached hereto as Exhibit "2" and incorporated herein by reference will be sent to all creditors and will be filed in each of the Cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of November, 2015, at Costa Mesa, California.

_____
Beth E. Gaschen

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

EXHIBIT "1"

1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Telephone   714-966-1000
7  Facsimile    714-966-1002

8  Proposed Attorneys for
   Debtors and Debtors-in-Possession

9

**UNITED STATES BANKRUPTCY COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**SANTA ANA DIVISION**

12  In re                                          Case No. 8:15-bk-15311-MW

13  FREEDOM COMMUNICATIONS, INC., *et*             Chapter 11
    *al.,*[1]

14                                                 (Jointly Administered with Case Nos.
                    Debtors and                    8:15-bk-15312-MW; 8:15-bk-15313-MW;
15              Debtors-in-Possession.             8:15-bk-15315-MW; 8:15-bk-15316-MW;
                                                   8:15-bk-15317-MW; 8:15-bk-15318-MW;
16  Affects:                                       8:15-bk-15319-MW; 8:15-bk-15320-MW;
                                                   8:15-bk-15321-MW; 8:15-bk-15322-MW;
17  ☐  All Debtors                                 8:15-bk-15323-MW; 8:15-bk-15324-MW;
                                                   8:15-bk-15325-MW; 8:15-bk-15326-MW;
18  ☐  Freedom Communications, Inc., a             8:15-bk-15327-MW; 8:15-bk-15328-MW;
    Delaware corporation, ONLY                     8:15-bk-15329-MW; 8:15-bk-15330-MW;
19                                                 8:15-bk-15332-MW; 8:15-bk-15337-MW;
    ☐  Freedom Communications Holdings,            8:15-bk-15339-MW; 8:15-bk-15340-MW;
20  Inc., a Delaware corporation, ONLY             8:15-bk-15342-MW; 8:15-bk-15343-MW)

21  _____

22     [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom
    Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc.
23  (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610);
    Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735);
24  Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom
    Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom
25  Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona,
    Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register
26  Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company
    (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom
27  SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand
    Avenue, Santa Ana, California 92701.

28

1038674.2                                                          ***CAPTION***

                                                                   EXHIBIT "1"
                                                                   Page 15

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  ☐ Freedom Services, Inc., a Delaware corporation, ONLY

2

3  ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

4  ☐ OCR Community Publications, Inc., a California corporation, ONLY

5

6  ☐ Daily Press, LLC, a California limited liability company, ONLY

7  ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

8

9  ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

10

11  ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

12  ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

13

14  ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

15  ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

16

17  ☐ Freedom Newspapers, a Texas general partnership, ONLY

18  ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

19

20  ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

21

22  ☐ OCR Information Marketing, Inc., a California corporation, ONLY

23  ☐ Odessa American, a Texas general partnership, ONLY

24

25  ☐ Orange County Register Communications, Inc., a California corporation, ONLY

26

27  ☐ Victor Valley Publishing Company, a California corporation, ONLY

28

**\*\*\*CAPTION\*\*\***

1038674.2

1

☐ Victorville Publishing Company, a California limited partnership, ONLY

2

☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY

3

4

☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

5

☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

6

7

☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

8

☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1038674.2

***CAPTION***

EXHIBIT "1"
Page 17

EXHIBIT "2"

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>William N. Lobel, State Bar No. 93202<br>wlobel@lwgfllp.com<br>Alan J. Friedman, State Bar No. 132580<br>afriedman@lwgfllp.com<br>**LOBEL WEILAND GOLDEN FRIEDMAN LLP**<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Telephone: (714) 966-1000<br>Facsimile: (714) 966-1002<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors and Debtors-in-Possession | FOR COURT USE ONLY |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - Santa Ana Division**

</div>

| | |
|---|---|
| In re: FREEDOM COMMUNICATIONS, INC., a<br>Delaware corporation; et al.<br><br>Debtor(s)<br>-------------------------------------------------<br>In re: (See Attached)<br><br><br><br>Debtor(s)<br>------------------------------------------------- | LEAD CASE NO.: 8:15-bk-15311-MW<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br>☒ See attached for additional Case Numbers |
| ☒ Affects All Debtors<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ See attached for additional Debtors<br><br>Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on *(date)* 11/02/2015   granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as ~~the caption of this notice.~~ Exhibit "1" to the Motion.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: _____          By: _____
                                            Signature

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                     Page 2                **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

*In re Freedom Communications Holdings, Inc.*, a Delaware corporation (Case No. 8:15-bk-15312-MW);

*In re Freedom Services, Inc.*, a Delaware corporation (Case No. 8:15-bk-15313-MW)

*In re 2100 Freedom, Inc.*, a Delaware corporation (Case No. 8:15-bk-15315-MW);

*In re OCR Community Publications, Inc.*, a California corporation (Case No. 8:15-bk-15316-MW);

*In re Daily Press, LLC*, a California limited liability company (Case No. 8:15-bk-15317-MW);

*In re Freedom California Mary Publishing, Inc.*, a California corporation (Case No. 8:15-bk-15318-MW);

*In re Freedom California Ville Publishing Company LP*, a California limited partnership (Case No. 8:15-bk-15319-MW);

*In re Freedom Colorado Information, Inc.*, a Delaware corporation (Case No. 8:15-bk-15320-MW);

*In re Freedom Interactive Newspapers, Inc.*, a California corporation (Case No. 8:15-bk-15321-MW);

*In re Freedom Interactive Newspapers of Texas, Inc.*, a Delaware corporation (Case No. 8:15-bk-15322-MW).

*In re Freedom Newspaper Acquisitions, Inc.*, a Delaware corporation (Case No. 8:15-bk-15323-MW);

*In re Freedom Newspapers*, a Texas general partnership (Case No. 8:15-bk-15324-MW);

*In re Freedom Newspapers, Inc.*, a Delaware corporation (Case No. 8:15-bk-15325-MW);

*In re Freedom Newspapers of Southwestern Arizona, Inc.*, a California corporation (Case No. 8:15-bk-15326-MW);

*In re OCR Information Marketing, Inc.*, a California corporation (Case No. 8:15-bk-15327-MW);

*In re Odessa American*, a Texas general partnership (Case No. 8:15-bk-15328-MW);

*In re Orange County Register Communications, Inc.*, a California corporation (Case No. 8:15-bk-15329-MW);

*In re Victor Valley Publishing Company*, a California corporation (Case No. 8:15-bk-15330-MW);

*In re Victorville Publishing Company*, a California limited partnership (Case No. 8:15-bk-15332-MW);

*In re Freedom SPV II, LLC*, a Delaware limited liability company (Case No. 8:15-bk-15337-MW);

*In re Freedom SPV VI, LLC*, a Delaware limited liability company (Case No. 8:15-bk-15339-MW);

*In re Freedom SPV I, LLC*, a Delaware limited liability company (Case No. 8:15-bk-15340-MW);

*In re Freedom SPV IV, LLC*, a Delaware limited liability company (Case No. 8:15-bk-15342-MW); and

*In re Freedom SPV V, LLC*, a Delaware limited liability company (Case No. 8:15-bk-15343-MW).