1 │ William N. Lobel, State Bar No. 93202
   │ wlobel@lwgfllp.com
2 │ Alan J. Friedman, State Bar No. 132580
   │ afriedman@lwgfllp.com
3 │ Beth E. Gaschen, State Bar No. 245894
   │ bgaschen@lwgfllp.com
4 │ Christopher J. Green, State Bar No. 295874
   │ cgreen@lwgfllp.com
5 │ **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   │ 650 Town Center Drive, Suite 950
6 │ Costa Mesa, California 92626
   │ Telephone    714-966-1000
7 │ Facsimile    714-966-1002

8 │ Proposed Attorneys for
   │ Debtors and Debtors-in-Possession

9 │

10 │         **UNITED STATES BANKRUPTCY COURT**

11 │         **CENTRAL DISTRICT OF CALIFORNIA**

12 │             **SANTA ANA DIVISION**

13 │ FREEDOM COMMUNICATIONS, INC., a      │ Case No.: 8:15-bk-15311-MW
    │ Delaware corporation, *et al.*,[1]     │
14 │                                       │ Chapter 11
    │              Debtors and             │
15 │         Debtors-in-Possession.        │ (Jointly Administered with Case Nos.
    │                                       │ 8:15-bk-15312-MW; 8:15-bk-15313-MW;
16 │ Affects:                              │ 8:15-bk-15315-MW; 8:15-bk-15316-MW;
    │                                       │ 8:15-bk-15317-MW; 8:15-bk-15318-MW;
17 │ ☒ All Debtors                         │ 8:15-bk-15319-MW; 8:15-bk-15320-MW;
    │                                       │ 8:15-bk-15321-MW; 8:15-bk-15322-MW;
18 │ ☐ Freedom Communications, Inc., a     │ 8:15-bk-15323-MW; 8:15-bk-15324-MW;
    │ Delaware corporation, ONLY            │ 8:15-bk-15325-MW; 8:15-bk-15326-MW;
19 │                                       │ 8:15-bk-15327-MW; 8:15-bk-15328-MW;
    │ ☐ Freedom Communications Holdings,    │ 8:15-bk-15329-MW; 8:15-bk-15330-MW;
20 │ Inc., a Delaware corporation, ONLY    │ 8:15-bk-15332-MW; 8:15-bk-15337-MW;
    │                                       │ 8:15-bk-15339-MW; 8:15-bk-15340-MW;

21 │ _____

22 │ [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom
    │ Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc.
23 │ (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610);
    │ Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735);
24 │ Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom
    │ Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom
25 │ Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona,
    │ Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register
26 │ Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company
    │ (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom
27 │ SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand
    │ Avenue, Santa Ana, California 92701.

28 │

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  ☐ Freedom Services, Inc., a Delaware corporation, ONLY

2  ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

3

4  ☐ OCR Community Publications, Inc., a California corporation, ONLY

5

6  ☐ Daily Press, LLC, a California limited liability company, ONLY

7  ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

8

9  ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

10

11  ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

12  ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

13

14  ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

15  ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

16

17  ☐ Freedom Newspapers, a Texas general partnership, ONLY

18  ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

19

20  ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

21

22  ☐ OCR Information Marketing, Inc., a California corporation, ONLY

23  ☐ Odessa American, a Texas general partnership, ONLY

24

25  ☐ Orange County Register Communications, Inc., a California corporation, ONLY

26

27  ☐ Victor Valley Publishing Company, a California corporation, ONLY

28

8:15-bk-15342-MW; 8:15-bk-15343-MW)

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF STIPULATION BETWEEN DEBTORS, PREPETITION LOAN PARTIES, AND PBGC IN CONNECTION WITH THE DEBTORS' USE OF CASH COLLATERAL**

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1045824.1

MOTION TO APPROVE STIPULATION

1   ☐  Victorville Publishing Company, a California limited partnership, ONLY

2

3   ☐  Freedom SPV II, LLC, a Delaware limited liability company, ONLY

4   ☐  Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

5

6   ☐  Freedom SPV I, LLC, a Delaware limited liability company, ONLY

7   ☐  Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

8

9   ☐  Freedom SPV V, LLC, a Delaware limited liability company, ONLY

10

11 **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTY JUDGE; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

12

13      **PLEASE TAKE NOTICE** that, at a hearing scheduled for November 13, 2015, at 9:00 a.m., in the above-entitled Court, Freedom Communications, Inc. and its related debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") will move the Court (the "Motion"), for an order (the "Order") approving a stipulation entered into by and between the Debtors, Silver Point Finance, LLC (the "Prepetition Agent"), and SPCP Group, LLC and SPCP Group VI, LLC (the "Prepetition Lenders," and together with the Prepetition Agent, the "Prepetition Loan Parties"), and the Pension Benefit Guaranty Corporation (the "PBGC"), on behalf of The Retirement Plan of Freedom Communications, Inc. (the "Pension Plan"), in connection with the Debtors' use of cash collateral approved by this Court on an interim basis following a hearing held on November 4, 2015 (the "Stipulation"). A copy of the Stipulation for which approval is sought is attached to the Motion as Exhibit A.

     **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Stipulation, the Debtors stipulate to certain facts regarding the claims and interests of the Prepetition Loan Parties and the PBGC in connection with their agreement to allow the Debtors to use cash collateral in their chapter 11 cases.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**PLEASE TAKE FURTHER NOTICE** that the Stipulation is intended to, and will, be binding only as to the Debtors, the Prepetition Loan Parties and the PBGC. Third parties, including any statutory committee of unsecured creditors appointed in the Debtors' cases, will not be bound by the Stipulation unless and until the Court so orders pursuant to a final order approving the Debtors' use of cash collateral or otherwise. A final hearing on the Debtors' use of cash collateral (and approval of debtor-in-possession financing in connection therewith) is currently scheduled for December 14, 2015, at 2:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on and supported by this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, as well as the previously filed Declaration of Chris D. Dahl (the "First Day Declaration") [Dkt. No. 27] with respect to the Debtors' use of cash collateral, the facts set forth in the Stipulation and the Debtors' agreement to enter into the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed with the Court (with a courtesy copy delivered to the Court's chambers) and served so that it is actually received by no later than November [10], 2105, at 5:00 p.m., by (a) counsel to the Debtors, Lobel Weiland Golden Friedman LLP, Attn: William N. Lobel and Alan J. Friedman, 650 Town Center Drive, Suite 950, Costa Mesa, CA 92626, Fax: (714) 966-1002, Email: wlobel@lwgfllp.com and afriedman@lwgfllp.com; (b) counsel to the Prepetition Agent, Munger, Tolles & Olson LLP, Attn: Thomas Walper and Seth Goldman, 355 South Grand Avenue, Los Angeles, CA 90071, Fax: (213) 687-3702, Email: thomas.walper@mto.com and seth.goldman@mto.com, (c) the PBGC, Office of the Chief Counsel, Attn: Marc S. Pfeuffer, 1200 K Street, N.W., Suite 340, Washington, D.C. 20005-4026, Fax: (202) 326-4112, Email: Pfeuffer.Marc@pbgc.gov ;and (d) the Office of the United States Trustee, Attn: Frank Cadigan, Nancy Goldenberg and Michael Hauser, 411 West 4th Street, Suite 9041, Santa Ana, CA 92701, Fax: (714) 338-3421, Email: frank.cadigan@usdoj.gov, nancy.goldenberg@usdoj.gov and michael.hauser@usdoj.gov. Replies to any objection shall be filed at or before the time of the hearing on approval of the Motion.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order

2 approving the Stipulation and grant such other and further relief as it deems necessary

3 and appropriate under the circumstances of these chapter 11 cases.

4                                             Respectfully submitted,

5 Dated:  November 6, 2015                    LOBEL WEILAND GOLDEN FRIEDMAN LLP

6                                             By: /s/ Alan J. Friedman
                                                 WILLIAM N. LOBEL
7                                                ALAN J. FRIEDMAN
                                                 BETH E. GASCHEN
8                                                CHRISTOPHER J. GREEN
                                                 Proposed Attorneys for
9                                                Debtors and Debtors-in-Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1045824.1                                5                    MOTION TO APPROVE STIPULATION

1               **MEMORANDUM OF POINTS AND AUTHORITIES**

2                                 **I.**

3                       **INTRODUCTION**

4       By this Motion, the Debtors seek approval of the Stipulation attached hereto as

5 Exhibit A, pursuant to which the Debtors and certain secured creditors asserting an

6 interest in Cash Collateral (as defined herein) –the Prepetition Loan Parties and the

7 PBGC (on behalf of the Pension Plan) – agree and stipulate to certain matters relating to

8 their respective claims and interests in connection with the Debtors' use of Cash Collateral

9 in their chapter 11 cases (the "Stipulation").

10       As set forth in the Stipulation, the matters set forth therein will not be binding on

11 third parties, including any statutory committee of unsecured creditors, unless and until

12 approved by further Court order.

13                                 **II.**

14                  **FACTUAL BACKGROUND**

15       The Debtors filed chapter 11 petitions on November 1, 2015 and November 2,

16 2015 (as applicable to each Debtor, the "Petition Date").

17       On November 3, 2015, the Debtors filed the *Debtors' Motion for Entry of: (I) Interim*

18 *Order (A) Authorizing Debtors to (1) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363,*

19 *(2) Provide Adequate Protection to Prepetition Secured Parties, (3) and Grant Related*

20 *Relief, and (B) Setting Final Hearing; and (II) Final Order Authorizing Debtors to (A)*

21 *Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364, (B) Utilize*

22 *Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Provide Adequate Protection to*

23 *Prepetition Secured Parties, (D) Repay Certain Prepetition Secured Debt, and (E) Grant*

24 *Related Relief* [Dkt. No. 12] (the "DIP and Cash Collateral Motion").

25       The proposed interim order approving the DIP and Cash Collateral Motion

26 submitted by the Debtors in connection with the DIP and Cash Collateral Motion (and the

27 DIP and Cash Collateral Motion itself) contemplated and contained certain stipulations by

28 the Debtors regarding the claims and interests of the Prepetition Loan Parties and the

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

         1        MOTION TO APPROVE STIPULATION

1  PBGC, including as to the validity, priority, allowability and amounts of such creditors'

2  claims.

3       In support of the DIP and Cash Collateral Motion, the Debtors filed, among other

4  things, the Declaration of Chris D. Dahl (the "First Day Declaration") [Dkt. No. 27].  The

5  First Day Declaration set forth the basis for approval of the Debtors' use of Cash

6  Collateral, and further set forth the basis for the factual recitals and agreements contained

7  in the Stipulation and the Debtors' agreement to enter into the Stipulation.  The First Day

8  Declaration is incorporated in this Motion as though fully set forth herein.[2]

9       On November 5, 2015, the United States Bankruptcy Court for the Central District

10  of California (the "Bankruptcy Court") authorized the Debtors to use the Cash Collateral

11  (as defined in 11 U.S.C. § 363(a)) of the Prepetition Loan Parties and the PBGC (if any)

12  subject to the terms and conditions set forth in the *Interim Order (A) Authorizing Debtors*

13  *to (1) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (2) Provide Adequate*

14  *Protection to Prepetition Secured Parties, and (3) Grant Related Relief, and (B) Settling*

15  *Final Hearing* [Dkt. No. 47] (the "Interim Order").

16       The Interim Order, as entered by the Bankruptcy Court, did not contain the Debtors'

17  stipulations regarding the claims and interests of the Prepetition Loan Parties and the

18  PBGC that had been set forth in the DIP and Cash Collateral Motion, the First Day

19  Declaration and the proposed interim order, as the Bankruptcy Court indicated such

20  stipulations are more appropriately contained in the form of a stipulation, not in the Interim

21  Order of the Bankruptcy Court approving interim use of Cash Collateral.

22       As discussed on the record at the preliminary hearing on the DIP and Cash

23  Collateral Motion, held on November 4, 2015, in connection with the parties' agreement

24  regarding the Debtors' use of Cash Collateral, the Debtors agree with and stipulate to

25  ─────────────

26  [2] On November 3, 2015, the DIP and Cash Collateral Motion, and the First Day Declaration, were
served on all parties being served with this Motion.  The Debtors are not serving these documents a second

27  time in connection with the instant Motion and, to the extent necessary, request that this Court take judicial
notice of the filings.  The Debtors' counsel will provide copies of these documents upon written request.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  certain facts regarding the claims and interests of the Prepetition Loan Parties and the

2  PBGC, including as to the validity, priority, allowability and amounts of such claims.

3  These stipulations and agreements by the Debtors are reflected in the Stipulation

4  attached hereto as <u>Exhibit A</u>.

5      A final hearing on the relief requested in the DIP and Cash Collateral Motion is

6  scheduled for December 14, 2015, at which time the Bankruptcy Court will consider entry

7  of the Final Order (as defined in the DIP and Cash Collateral Motion).

8      The stipulations and agreements set forth in the Stipulation for which approval is

9  requested hereby will not be binding on third parties, including any statutory committee of

10  unsecured creditors, unless and until approved by the Bankruptcy Court pursuant to the

11  Final Order or otherwise.

**III.**

**MATERIAL TERMS OF THE STIPULATION**

14  The material terms of the Stipulation, in summary fashion, are as follows:[3]

15      1.    <u>The Debtors' Obligations to the Prepetition Loan Parties</u>.  The

16  Debtors stipulate to factual information and background relating to their obligations

17  to the Prepetition Loan Parties in connection with the Prepetition Credit Agreement,

18  including the collateral supporting such obligations, and the amount, priority and

19  allowability of the obligations.  Stipulation, ¶ 1(a) through (s); ¶ 2(a) through (e).

20      2.    <u>The Debtors' Obligations to the PBGC</u>.  The Debtors stipulate to

21  factual information and background relating to their obligations to the PBGC in

22  connection with the Pension Plan, including the collateral supporting such

23  obligations, and the amount, priority and allowability of the obligations.  Stipulation,

24  ¶ 1(d). (r), (s) ; ¶ 2(a), (f) through (h).

---

26  [3] This summary is qualified in its entirety by the terms of the Stipulation, attached to the Motion as <u>Exhibit</u>
27  <u>A</u>. To the extent anything in this Motion is inconsistent with the Stipulation, the terms of the Stipulation shall control.  Capitalized terms used but not otherwise defined in this summary shall have the meaning ascribed to them in the Stipulation.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

3.    <u>Debtor Challenges</u>.  The Debtors waive their rights to challenge the obligations to, and liens of, the Prepetition Loan Parties and the PBGC. Stipulation, ¶ 3.

4.    <u>Implied Covenant of Good Faith and Fair Dealing</u>.  The Debtors agree not to take any action to impair the collateral of the Prepetition Loan Parties or the Pension Plan, not to seek to alter the expenditure of Cash Collateral different from that contained in the Budget without consent, and not to invoke Bankruptcy Code sections 506(c) and/or 552 with respect to marshalling, surcharge or similar rights. Stipulation, ¶ 4.

5.    <u>Restrictions on Investigation; Funding</u>.  Until entry of the Final Order, the Debtors agree not use any of the Cash Collateral to challenge the Prepetition Loan Parties' or the Pension Plan's claims or collateral.  Stipulation, ¶ 5.

6.    <u>Binding on Debtors; Survival</u>.  The Stipulation is binding on the Debtors and its professionals and assigns. ¶ 7.

7.    <u>No Waiver of Rights and Remedies</u>.  The Stipulation provides that, notwithstanding entry into the Stipulation, the Prepetition Loan Parties and the PBGC have not waived any rights or remedies they are otherwise entitled to assert. Stipulation, ¶ 8.

8.    <u>Reservation of Rights of Other Parties</u>.  The Stipulation provides that rights of any statutory committee of unsecured creditors and any other party in interest are reserved.  Stipulation, ¶ 13.

**IV.**

**BASIS FOR REQUESTED RELIEF**

The Debtors' need for the use of Cash Collateral has been set forth in detail in the DIP and Cash Collateral Motion and the First Day Declaration, and is evidenced by the Bankruptcy Court's entry of the Interim Order authorizing the Debtors' interim use of Cash Collateral in these chapter 11 cases.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1     In connection with the Prepetition Loan Parties' and PBGC's agreement to allow the

2 Debtors' use of Cash Collateral as provided by the Interim Order, the Debtors, in the

3 exercise of their sound business judgment, entered into certain acknowledgements

4 regarding the validity, priority, allowability and amount of these secured creditors' claims.

5 These agreements are binding on the Debtors in all events, but will only by binding on

6 third parties to the extent set forth in the Final Order (which, as set forth in the DIP and

7 Cash Collateral Motion, contemplates a 60-day challenge period by third parties).

8     These types of stipulations and agreements are normal and customary in connection

9 with stipulated cash collateral usage. See e.g., 5 Norton Bankr. L. & Prac. 3d § 94:8

10 (2015) (discussing the usual concessions that are part of a cash collateral stipulation,

11 such as a release of lender liability claims, validation of the lender's prepetition liens, and

12 acknowledgment of the dollar amount of the debt).

13     The Debtors, therefore, believe that the Court's approval of the Stipulation in these

14 cases in necessary and appropriate, is within sound business terms, and will allow the

15 Debtors to use Cash Collateral for the benefit of all creditors and parties-in-interest,

16 without prejudicing the rights of any third parties.

17 **V.**

18 **WAIVER OF BANKUPTCY RULES 6004(A) AND (H)**

19     To implement the Stipulation in connection with the Interim Order, to the extent

20 applicable, the Debtors request that the Court enter an order providing that notice of the

21 relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have

22 established cause to exclude such relief from the 14-day stay period under Bankruptcy

23 Rule 6004(h) and any other applicable Bankruptcy Rule.

24 **VI.**

25 **NOTICE**

26     The Debtors will provide notice of this Motion to: (a) the Office of the United States

27 Trustee for the Central District of California – Santa Ana Division, (b) counsel to

28 Prepetition Lenders and the Prepetition Agent; (c) the PBGC; (d) the United States

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the Office of

2  the United States Attorney for the Central District of California; (g) the parties included on

3  the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) all other known

4  parties asserting a lien against the Debtors' assets; and (i) any parties that have filed with

5  the Court requests for notice of all matters in accordance with Bankruptcy Rule 2002.  To

6  the extent necessary, the Debtors request that the Court waive compliance with Local

7  Bankruptcy Rule 9075-1 and approve service (in addition to the means of service set forth

8  in such Local Bankruptcy Rule) by overnight or electronic delivery.  In the event that the

9  Court grants the relief requested by the Motion, the Debtors shall provide notice of the

10  entry of the order granting such relief upon each of the foregoing parties and any other

11  parties-in-interest as the Court directs.  The Debtors submit that such notice is sufficient

12  and that no other or further notice be given.

13                                             **IV.**

14                                      **CONCLUSION**

15          WHEREFORE, the Debtors respectfully request that the Court approve the

16  Stipulation attached hereto as <u>Exhibit A</u>, and grant such other or further relief as is just

17  and proper.

18                                      Respectfully submitted,

19  Dated:  November 6, 2015          LOBEL WEILAND GOLDEN FRIEDMAN LLP

20

21                                      By: /s/ Alan J. Friedman
                                             WILLIAM N. LOBEL
22                                           ALAN J. FRIEDMAN
                                             BETH E. GASCHEN
23                                           CHRISTOPHER J. GREEN
                                             Proposed Attorneys for
24                                           Debtors and Debtors-in-Possession

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1045824.1                          6              MOTION TO APPROVE STIPULATION

EXHIBIT "A"

William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Attorneys for
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| FREEDOM COMMUNICATIONS, INC., a Delaware corporation, *et al.*,[1]<br><br>          Debtors and<br>          Debtors-in-Possession.<br><br>Affects:<br><br>☒  All Debtors<br><br>☐  Freedom Communications, Inc., a Delaware corporation, ONLY<br><br>☐  Freedom Communications Holdings, Inc., a Delaware corporation, ONLY | Case No. 8:15-bk-<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. Chapter 11 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc. (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610); Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735); Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona, Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand Avenue, Santa Ana, California 92701.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1
2  ☐ Freedom Services, Inc., a Delaware corporation, ONLY

3  ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

4
5  ☐ OCR Community Publications, Inc., a California corporation, ONLY

6  ☐ Daily Press, LLC, a California limited liability company, ONLY

7
8  ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

9  ☐ Freedom California Ville Publishing Company LP, a California limited
10 partnership, ONLY

11 ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

12
13 ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

14 ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

15
16 ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

17 ☐ Freedom Newspapers, a Texas general partnership, ONLY

18
19 ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

20 ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation,
21 ONLY

22 ☐ OCR Information Marketing, Inc., a California corporation, ONLY

23
24 ☐ Odessa American, a Texas general partnership, ONLY

25 ☐ Orange County Register Communications, Inc., a California
26 corporation, ONLY

27 ☐ Victor Valley Publishing Company, a California corporation, ONLY

28

**STIPULATION BETWEEN DEBTORS, PREPETITION LOAN PARTIES, AND PBGC**

☐  Victorville Publishing Company, a California limited partnership, ONLY

☐  Freedom SPV II, LLC, a Delaware limited liability company, ONLY

☐  Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

☐  Freedom SPV I, LLC, a Delaware limited liability company, ONLY

☐  Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

☐  Freedom SPV V, LLC, a Delaware limited liability company, ONLY

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTY JUDGE; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

This *Stipulation Between Debtors, Prepetition Loan Parties, and PBGC* (this "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"); Silver Point Finance, LLC (the "Prepetition Agent"), and SPCP Group, LLC and SPCP Group VI, LLC (the "Prepetition Lenders," and together with the Prepetition Agent, the "Prepetition Loan Parties"); and the Pension Benefit Guaranty Corporation (the "PBGC"), on behalf of The Retirement Plan of Freedom Communications, Inc. (the "Pension Plan") by and through their respective counsel of record, as follows:

**RECITALS**

A.    The Debtors filed chapter 11 petitions on November 1, 2015 and November 2, 2015 (as applicable to each Debtor, the "Petition Date").

B.    On November 3, 2015, the Debtors filed the *Debtors' Motion for Entry of:  (I) Interim Order (A) Authorizing Debtors to (1) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (2) Provide Adequate Protection to Prepetition Secured Parties, (3) and Grant Related Relief, and (B) Setting Final Hearing; and (II) Final Order Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364, (B)*

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

28708371.4 1038674.2

3

1  *Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Provide Adequate Protection to*

2  *Prepetition Secured Parties, (D) Repay Certain Prepetition Secured Debt, and (E) Grant*

3  *Related Relief* [Dkt. No. 12] (the "Motion").

4        C.    On November 5, 2015, the United States Bankruptcy Court for the Central

5  District of California (the "Bankruptcy Court") authorized the Debtors to use Cash

6  Collateral (as defined in 11 U.S.C. § 363(a)) subject to the terms and conditions set forth

7  in the *Interim Order (A) Authorizing Debtors to (1) Utilize Cash Collateral Pursuant to 11*

8  *U.S.C. § 363, (2) Provide Adequate Protection to Prepetition Secured Parties, and (3)*

9  *Grant Related Relief, and (B) Settling Final Hearing* [Dkt. No. 47] (the "Interim Order").

10        D.    A final hearing on the relief requested in the Motion is scheduled for

11  December 14, 2015, at which time the Bankruptcy Court will consider entry of  the Final

12  Order (as defined in the Motion).

13        E.    As discussed on the record at the hearing on November 4, 2015, the

14  Debtors agree with and will stipulate to certain facts regarding the claims and interests of

15  the Prepetition Loan Parties and the Pension Plan.

16                                  **AGREEMENT**

17      **NOW THEREFORE**, in consideration of the foregoing, Debtors, and each of them,

18  the Prepetition Loan Parties, and the PBGC, hereto agree and stipulate as follows:

19        1.    <u>Debtor Stipulations</u>.  The Debtors admit, stipulate, and agree that:

20          (a)    As of November 21, 2013, (i) Freedom Communications Holdings,

21  Inc. ("Freedom Holdings") and Freedom Communications, Inc. ("Freedom

22  Communications"), as borrowers, (ii) Freedom SPV II, LLC ("Freedom SPV II"), Freedom

23  SPV VI, LLC ("Freedom SPV VI") and others, as guarantors, (iii) the Prepetition Lenders,

24  and (iv) the Prepetition Agent, as administrative agent and collateral agent, entered into

25  that Credit Guaranty Agreement, dated as of November 21, 2013 (the "Original Credit

26  Agreement") with respect to a $26,000,000 credit facility to Freedom Holdings and

27  Freedom Communications.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1        (b)    The Original Credit Agreement, and the terms thereof, were amended

2    pursuant to: (i) Amendment to Credit and Guaranty Agreement, dated as of December 10,

3    2013, (ii) Second Amendment and Waiver to Credit and Guaranty Agreement, dated as of

4    January 24, 2014, (iii) Third Amendment and Waiver to Credit and Guaranty Agreement,

5    dated as of February 28, 2014, (iv) Fourth Amendment and Waiver to Credit and Guaranty

6    Agreement, dated as of April 21, 2014, and (v) Fifth Amendment and Waiver to Credit and

7    Guaranty Agreement, dated as of May 28, 2014.  The Original Credit Agreement, as

8    amended by any and all of the foregoing amendments, shall be hereinafter referred to as

9    the "Credit Agreement."

10       (c)    Concurrently with the execution of the Original Credit Agreement, (i)

11   Freedom Holdings, Freedom Communications, Freedom SPV II, Freedom SPV VI and

12   other related and affiliated entities, as grantors, and (ii) Prepetition Agent, as collateral

13   agent for the Prepetition Lenders, entered into that Pledge and Security Agreement, dated

14   as of November 21, 2013 (the "Security Agreement").  Pursuant to the Security

15   Agreement, Freedom Holdings, Freedom Communications, Freedom SPV II, Freedom

16   SPV VI and the other grantors set forth therein granted to Prepetition Agent, as agent, and

17   for the benefit, of the Prepetition Lenders, a first priority security interest in all of Freedom

18   Holdings', Freedom Communications', Freedom SPV II's, Freedom SPV VI's and the

19   other grantor parties' personal property assets, including those personal property assets

20   itemized therein, including without limitation all of their equipment, inventory, accounts,

21   contract rights, chattel paper, instruments, tax refunds, general intangibles and all

22   proceeds of the foregoing, and the proceeds thereof, to secure all of the obligations of

23   such parties to the Prepetition Loan Parties.

24       (d)    On November 22, 2013, in accordance with the Credit Agreement

25   and the Security Agreement, the Prepetition Agent, as (i) beneficiary and collateral agent

26   of the Prepetition Lenders and (ii) "Secured Party," recorded, in the Delaware Department

27   of State, UCC 1 Financing Statements against Freedom Communications, Freedom

28   Holdings, Freedom SPV II and Freedom SPV VI, as debtors, designated as filing numbers

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

28708371.4 1038674.2

5

1  2013 4616570, 2013 4616620, 2013 4617107 and 2013 4617271 (collectively, the "UCC

2  1"), which identified the collateral as "all assets, whether now owned or hereafter

3  acquired." The UCC 1 was recorded as a first priority position lien and is superior to and

4  has priority over all other UCC 1 financing statements and liens with respect to the

5  property identified in the UCC 1, except to the extent (and only to the extent) that the

6  statutory liens of the Pension Plan, as perfected on the Pension Plan's behalf by the

7  PBGC under 26 U.S.C. § 430(k), if any, have priority over the Prepetition Loan Parties'

8  liens pursuant to 26 U.S.C. § 6321, 6323, et. seq. and applicable law (to such extent, the

9  "PBGC Prior Lien"). Pursuant to § 430(k)(5), the PBGC filed lien notices against each

10  Debtor on August 13, 2014 perfecting statutory liens on the Pension Plan's behalf (the

11  "PBGC Liens"). As of September 15, 2015, the amount of the PBGC Liens against each

12  Debtor totaled $15,458,715 (such amount, including all prepetition accruals after

13  September 15, 2015 (to the extent included by applicable non-bankruptcy law), the

14  "PBGC Lien Amount").

15         (e)      Concurrently with the execution of the Credit Agreement, Freedom

16  SPV II, as trustor, made, executed and delivered to the Prepetition Agent, as beneficiary

17  and collateral agent of the Prepetition Lenders, that Deed of Trust, Security Agreement,

18  Assignment of Rents and Leases and Fixture Filing, dated as of November 19, 2013 (as

19  amended, the "Freedom SPV II Deed of Trust"), with respect to the vacant real property of

20  approximately 16 acres in Santa Ana, California described therein (the "Freedom SPV II

21  Property"). The Freedom SPV II Deed of Trust was recorded on November 25, 2013, in

22  the Orange County Recorder's Office as document no. 2013000644091. The Freedom

23  SPV II Deed of Trust is a first priority lien against the Freedom SPV II Property and

24  secures all "obligations and liabilities" of the borrowers and guarantors under the Credit

25  Agreement and related loan documents, including the obligations of Freedom Holdings,

26  Freedom Communications, Freedom SPV II, Freedom SPV VI. The Freedom SPV II

27  Property is the sole material asset of Freedom SPV II and generates the gross income of

28  Freedom SPV II.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

28708371.4 1038674.2

6

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1       (f)     As of May 28, 2014, Freedom SPV II and the Prepetition Agent, as

2   beneficiary and collateral agent of the Prepetition Lenders, entered into that Modification

3   Agreement to Deed of Trust, Security Agreement, Assignment of Rents and Leases and

4   Fixture Filing (the "Freedom SPV II Amendment to Deed of Trust").  The Freedom SPV II

5   Amendment to Deed of Trust was recorded on May 29, 2014, in the Orange County

6   Recorder's Office as document no. 2014000208267.

7       (g)     Concurrently with the execution of the Credit Agreement, Freedom

8   SPV VI, as trustor, made, executed and delivered to the Prepetition Agent, as beneficiary

9   and collateral agent of the Prepetition Lenders, that Deed of Trust, Security Agreement,

10  Assignment of Rents and Leases and Fixture Filing, dated as of November 19, 2013 (as

11  amended, the "Freedom SPV VI Deed of Trust"), with respect to the real property

12  commonly known as 3512 14th Street, Riverside, California (the "Freedom SPV VI

13  Property").  The Freedom SPV VI Deed of Trust was recorded on November 27, 2013, in

14  the Riverside County Recorder's Office as document no. 2013-0558068.  The Freedom

15  SPV VI Deed of Trust is a first priority lien against the Freedom SPV VI Property and

16  secures all "obligations and liabilities" of the borrowers and guarantors under the Credit

17  Agreement and related loan documents, including the obligations of Freedom Holdings,

18  Freedom Communications, Freedom SPV II, Freedom SPV VI.  The Freedom SPV VI

19  Property is the sole material asset of Freedom SPV VI and generates the gross income of

20  Freedom SPV VI.

21      (h)     As of May 28, 2014, Freedom SPV VI and the Prepetition Agent, as

22  beneficiary and collateral agent of the Prepetition Lenders, entered into that Modification

23  Agreement to Deed of Trust, Security Agreement, Assignment of Rents and Leases and

24  Fixture Filing (the "Freedom SPV VI Amendment to Deed of Trust").  The Freedom SPV

25  VI Amendment to Deed of Trust was recorded on May 29, 2014, in the Riverside County

26  Recorder's Office as document no. 2014-0196911.

27      (i)     The Credit Agreement, Security Agreement, the Freedom SPV II

28  Deed of Trust, the Freedom SPV VI Deed of Trust, the UCC 1 and all other agreements,

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    documents and opinions signed and/or delivered by the parties to such agreements in

2    connection or furtherance thereof shall be hereinafter referred to as the "Loan

3    Documents."

4            (j)    The collateral and security interests provided to the Prepetition Loan

5    Parties by the Debtors, and each of them, whether pursuant to the Security Agreement,

6    Freedom SPV II Deed of Trust, the Freedom SPV VI Deed of Trust, the UCC 1 or any

7    other Loan Document with respect to any of the Debtors' property and rights shall

8    collectively be referred to as the "Pre-Petition Collateral."

9            (k)    On July 11, 2014, the Prepetition Agent, as beneficiary and collateral

10   agent of the Prepetition Lenders, provided and delivered to Freedom Holdings and

11   Freedom Communications a "Notice of Default" which, among other things, set forth

12   therein certain of the defaults of Freedom Holdings and Freedom Communications under

13   the Credit Agreement and thereafter accelerated all sums outstanding plus all fees, costs

14   and charges due under the Credit Agreement.

15           (l)    On September 16, 2014, as a result of the default of Freedom

16   Holdings and Freedom Communications under the Credit Agreement, the Prepetition

17   Agent, as beneficiary and collateral agent of the Prepetition Lenders, caused to be

18   recorded in the Orange County Recorder's Office, with respect to the Freedom SPV II

19   Deed of Trust and Freedom SPV II Property, that Notice of Default and Election to Sell

20   Under Deed of Trust (the "Freedom SPV II NOD") thereby commencing a nonjudicial

21   foreclosure proceeding against the Freedom SPV II Property.  The Freedom SPV II NOD

22   was recorded in the Orange County Recorder's Office as document no. 2014000373433.

23           (m)    On September 16, 2014, as a result of the default of Freedom

24   Holdings and Freedom Communications under the Credit Agreement, the Prepetition

25   Agent, as beneficiary and collateral agent of the Prepetition Lenders, caused to be

26   recorded in the Riverside County Recorder's Office, with respect to the Freedom SPV VI

27   Deed of Trust and Freedom SPV VI Property, that Notice of Default and Election to Sell

28   Under Deed of Trust (the "Freedom SPV VI NOD") thereby commencing a nonjudicial

1  foreclosure proceeding against the Freedom SPV VI Property.  The Freedom SPV VI

2  NOD was recorded in the Riverside County Recorder's Office as document no. 2014-

3  0349859.

4          (n)     On April 16, 2015, the Prepetition Agent, as beneficiary and collateral

5  agent of the Prepetition Lenders, caused to be recorded in the Orange County Recorder's

6  Office, with respect to the Freedom SPV II Deed of Trust, Freedom SPV II Property, and

7  Freedom SPV II NOD, that Notice of Trustee's Sale ("Freedom SPV II NOS") setting and

8  scheduling the nonjudicial foreclosure sale of the Freedom SPV II Property for May 15,

9  2015.  The Freedom SPV II NOS was recorded in the Orange County Recorder's Office

10  as document no. 2015000194160.  The foreclosure sale of the Freedom SPV II Property

11  has been postponed to November 3, 2015.

12          (o)     On April 16, 2015, the Prepetition Agent, as beneficiary and collateral

13  agent of the Prepetition Lenders, caused to be recorded in the Riverside County

14  Recorder's Office, with respect to the Freedom SPV VI Deed of Trust, Freedom SPV VI

15  Property, and Freedom SPV VI NOD, that Notice of Trustee's Sale ("Freedom SPV VI

16  NOS") setting and scheduling the nonjudicial foreclosure sale of the Freedom SPV VI

17  Property for May 15, 2015.  The Freedom SPV VI NOS was recorded in the Riverside

18  County Recorder's Office as document no. 2015-0152616.  The foreclosure sale of the

19  Freedom SPV VI Property has been postponed to November 3, 2015.

20          (p)     On June 10, 2015, the Prepetition Agent, through counsel, and as

21  beneficiary and collateral agent of the Prepetition Lenders, sent a letter to the Debtors

22  advising the Debtors that various defaults still exist under the Credit Agreement and Loan

23  Documents, that all previous "notices of default" and/or "events of default" and/or

24  acceleration of the debts and obligations under and pursuant to the Credit Agreement and

25  Loan Documents were still in effect and effective, and that the debts and obligations of the

26  Debtors, and each of them, under the Credit Agreement and Loan Documents were

27  accelerated and immediately due and payable.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

EXHIBIT "A"

1        (q)    As of the Petition Date (except where otherwise noted), and pursuant

2   to the Credit Agreement and the Loan Documents, the Prepetition Loan Parties assert a

3   secured claim against the Debtors in the principal sum of not less than $12,007,790, plus

4   accrued and accruing interest, charges, fees, including attorney's fees, and costs,

5   including protective advances/reimbursable expenses (such interest, charges fees, costs,

6   and expenses, as of October 31, 2015, in the sum of $2,168,623 plus any accrued but

7   unbilled amounts) plus the "Make-Whole Amount" presently (as of October 31, 2015) in

8   the sum of $5,284,907 (the "Make-Whole Amount") due pursuant to Section 2.14(g) of the

9   Credit Agreement (collectively, the "Debt Amount").

10        (r)    All revenue, rents, issues, profits, proceeds, refunds and collections

11   of and with respect to the Pre-Petition Collateral (which includes, without limitation, all

12   personal property of the Debtors, the Freedom SPV II Property and the Freedom SPV VI

13   Property), including all cash, negotiable instruments, documents of title, securities, deposit

14   accounts, tax refunds of any of the Debtors and all other cash equivalents, constitute and

15   are the Prepetition Loan Parties' cash collateral pursuant to 11 U.S.C. § 363(a); provided

16   that to the extent (and only to that extent, if at all) that there is a PBGC Prior Lien on any

17   of such collateral, the Prepetition Loan Parties, PBGC, and the Debtors agree that such

18   collateral constitutes and is the Pension Plan's cash collateral pursuant to 11 U.S.C. §

19   363(a).

20        (s)    To the extent the Debtors have obligations (the "Other Secured

21   Debt") outstanding to each of the creditors identified on Schedule 1 hereto, including the

22   Pension Plan (collectively, the "Other Prepetition Creditors"), such Other Secured Debt

23   was secured by the Pre-Petition Collateral as described on said schedule (the "Prepetition

24   Junior Liens").  The Debtors acknowledge and agree that the Prepetition Junior Liens,

25   other than the PBGC Prior Lien, if any, are junior and subordinate to the Prepetition Loan

26   Parties' liens on the Pre-Petition Collateral (the "Prepetition Senior Liens") to the extent

27   provided by applicable law and/or as reflected in certain intercreditor and subordination

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

10

1   agreements executed by the applicable Other Prepetition Creditor in favor of the

2   Prepetition Loan Parties prior to the Petition Date.

3       2.      Debtor Representations.  The Debtors further warrant, represent and agree

4   that:

5           (a)      the UCC 1, and the liens, encumbrances and security interests

6   created thereby, are in first priority position, valid, perfected and unavoidable and attach to

7   all of the Debtors' interests, and each of their personal property (subject only to the PBGC

8   Prior Lien, if any);

9           (b)      the Freedom SPV II Deed of Trust recorded against the Freedom

10  SPV II Property and the Freedom SPV VI Deed of Trust recorded against Freedom SPV

11  VI Property and each of their rents, issues, product and proceeds are in a first priority

12  position, valid, perfected and unavoidable and attach to all of the Debtors' interests in said

13  properties;

14          (c)      the Debt Amount is presently and immediately due and payable;

15          (d)      the Make-Whole Amount is presently and immediately due and

16  payable;

17          (e)      the Make-Whole Amount is a valid and unavoidable debt that is now

18  due and cannot be cured and/or decelerated;

19          (f)      the PBGC Liens are valid, perfected, and unavoidable, and attach to

20  all of Debtors' interests, and each of their personal property;

21          (g)      the PBGC Liens recorded against Freedom II Property and the PBGC

22  Liens recorded against Freedom VI Property, and each of their rents, issues, product, and

23  proceeds are valid, perfected and unavoidable and attach to all of Debtors' interest in said

24  properties; and

25          (h)      the PBGC Lien Amount is valid, unavoidable, and presently and

26  immediately due and payable.

27      3.      Debtor Challenges.  The Debtors, and each of them, hereby waive and

28  relinquish their respective rights (i) to challenge, in any manner in any proceeding,

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

28708371.4 1038674.2

11

1    contested matter, adversary proceeding, or lawsuit, the accuracy of any of the

2    stipulations, contentions, representations and/or warranties contained herein, the

3    Prepetition Senior Liens, the Debt Amount, the Make-Whole Amount, the PBGC Liens or

4    the PBGC Lien Amount; or (ii) to commence any avoidance claim actions, adversary

5    proceedings, contested matters, lawsuits or any proceeding, including, but not limited to

6    avoidance claim actions, adversary proceedings, contested matters, lawsuits or any other

7    proceeding under 11 U.S.C. §§ 502, 544, 545, 547, 548, 549, 550, and 552 and other

8    similar provisions of the Bankruptcy Code, as to (a) the liens (including, but not limited to,

9    such liens' validity, scope, perfection, priority and amount), claims and collateral of the

10   Prepetition Loan Parties, the Debt Amount and/or the Make-Whole Amount, and (b) the

11   PBGC Liens and/or the PBGC Lien Amount.

12        4.    Implied Covenant of Good Faith and Fair Dealing.  The Debtors' implied

13   covenant of good faith and fair dealing shall be deemed to include that none of the

14   Debtors shall support any action or take any action which could result in: (a) the use or

15   disposition of the Cash Collateral, Pre-Petition Collateral and collateral acquired after the

16   Petition Date ("Post-Petition Collateral") without the express written consent of the

17   Prepetition Agent and/or PBGC (as applicable), except with respect to a sale or other

18   disposition of any of the foregoing that results in both the Prepetition Loan Parties and the

19   Pension Plan being indefeasibly paid in full in cash on account of their respective claims;

20   (b) expenditures different (whether in amount or line item expense) than as set forth in the

21   Budget (other than with respect to the PLP Professionals); or (c) the "marshalling",

22   "surcharge", or similar rights against the Prepetition Loan Parties or the Pension Plan

23   pursuant to Bankruptcy Code section 506(c) and/or 552.  Notwithstanding anything to the

24   contrary herein, all references to the consent of the Prepetition Agent or the PBGC shall

25   relate only to actions with respect to collateral in which they have a senior interest, or in

26   which the priority of their interest is undetermined.

27        5.    Restrictions on Investigation; Funding.  Until entry of the Final Order, the

28   Debtors will not to use any Cash Collateral to pay for or finance any investigation,

28708371.4 1038674.2

EXHIBIT "A"

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  contested matter, avoidance action (or other litigation), or the commencement and

2  prosecution of any matter or proceeding concerning, relating to or against the Pension

3  Plan or the Prepetition Agent, whether individually or as the beneficiary and collateral

4  agent of the Prepetition Lenders, the Prepetition Lenders, or any of them, and/or the

5  amounts due to the Pension Plan or under the Credit Agreement, or any of the liens,

6  encumbrances, security interests and interests of the Prepetition Loan Parties with

7  respect to the Pre-Petition Collateral or the Post-Petition Collateral.

8      6.    <u>Binding on Debtors; Survival</u>.  The terms and conditions of this Stipulation

9  shall be binding upon, and inure to the benefit of the Prepetition Loan Parties, the PBGC

10 and the Debtors, and their respective professionals, and assignees.  The provisions of this

11 Stipulation and any actions taken pursuant hereto shall survive entry of any order

12 including, without limitation, orders:  (a) confirming any plan(s) of reorganization; (b)

13 appointing a trustee in these chapter 11 cases; (c) converting any of these chapter 11

14 cases from chapter 11 to chapter 7; or (d) dismissing any of these cases, and the terms

15 and provisions of this Stipulation, as well as the priorities in payment, liens and security

16 interests granted pursuant to this Stipulation shall continue in full force and effect

17 notwithstanding the entry of such other order, until all of the obligations owing to the

18 Prepetition Loan Parties and the PBGC are indefeasibly satisfied and discharged in

19 accordance with their terms.

20     7.    <u>No Waiver of Rights and Remedies</u>.  The Prepetition Loan Parties have not

21 waived any of the Prepetition Loan Parties' rights or remedies contained in the Credit

22 Agreement and the Loan Documents, nor have the Prepetition Loan Parties, the PBGC,

23 on behalf of the Pension Plan, waived any other rights or remedies provided in the

24 Bankruptcy Code and the law pursuant thereto, including but not limited to, their

25 respective rights to seek relief from the automatic stay or dismissal of these chapter 11

26 cases.  Further, the Prepetition Loan Parties and the Pension Plan have not waived any of

27 the their respective rights or remedies with respect to the Debtors, and each of their use of

28 the Prepetition Loan Parties' funds and/or disposition of the Pre-Petition Collateral, and

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

28708371.4 1038674.2

13

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    proceeds thereof, prior to the Petition Date.  No delay or failure of the Debtors, the

2    Prepetition Loan Parties, or the Pension Plan in exercising any right, power or privilege, or

3    any single or partial exercise thereof, or any abandonment or discontinuance of steps to

4    enforce such a right, power, or privilege, shall be deemed to be a waiver of any right,

5    power, or privilege.  The rights and remedies of the parties to this Stipulation are

6    cumulative and not exclusive.  Any waiver, permit, consent or approval of any kind by any

7    party to this Stipulation of any breach or default hereunder, or any such waiver of any

8    provision or condition hereof, or further extension of time, or modification or amendment

9    hereof, must be in writing and shall be effective only to the extent set forth in writing.

10        8.    Independent Approval of Terms.  The Debtors, the Prepetition Loan Parties,

11    and the PBGC, on behalf of the Pension Plan, have been involved in the negotiation,

12    review, and execution of this Stipulation, and each has had the opportunity to receive

13    independent legal advice from attorneys of its choice with respect to the advisability of

14    making and executing this Stipulation.  In the event of any dispute or controversy

15    regarding this Stipulation, the parties hereto shall be considered to be the joint authors of

16    this Stipulation, and no provision of this Stipulation shall be interpreted against a party

17    hereto because of authorship.

18        9.    Final Agreement.  Except as expressly provided in this Stipulation, this

19    Stipulation is the final written expression and complete and exclusive statement of all of

20    the agreements, conditions, promises and covenants between the parties with respect to

21    the subject matter hereof and supersedes all prior or contemporaneous agreements,

22    negotiations, representations, understandings and discussions between the parties and/or

23    their respective counsel with respect to the subject matter covered hereby.  Any

24    amendment or modification to this Stipulation, in order to be legally binding, must be in

25    writing specifically referring to the Stipulation and signed by Debtors, the Prepetition Loan

26    Parties, and the PBGC.

27        10.    Authorization.  Any person or party executing this Stipulation in a

28    representative capacity is duly authorized and empowered to do so.  This Stipulation may

EXHIBIT "A"

1    be executed in original or facsimile or electronic signatures and in counterpart copies, and

2    this Stipulation shall be deemed fully executed and effective when all parties have

3    executed and possess a counterpart, even if no single counterpart contains all signatures.

4        11.    No Third Party Beneficiaries.  Except for the Pension Plan, no rights are

5    intended to be created hereunder for the benefit of any third party or creditor or any direct

6    or indirect incidental beneficiary except as specifically provided for in this Stipulation.

7        12.    Reservation of Rights of Other Parties.   The rights of any statutory

8    committee of unsecured creditors and any other party in interest are reserved.

9        13.    Submission to Court.  Debtors, and each of them, shall forthwith submit this

10   Stipulation to the Bankruptcy Court for approval, and, in that regard, Debtors shall give

11   such notice and an opportunity to be heard as is required under the Federal Rules of

12   Bankruptcy Procedure and other applicable law.

13       [SIGNATURES]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

| In re:<br>**Freedom Communications, Inc., a Delaware corporation, Inc., et al.**<br>Debtor(s). | CHAPTER: **11**<br>CASE NUMBER: **8:15-bk-15311-MW**<br>**(Jointly Adminstered)** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:

650 Town Center Drive, Suite 950
Costa Mesa, CA  92626

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR APPROVAL OF STIPULATION BETWEEN DEBTORS, PREPETITION LOAN PARTIES, AND PBGC IN CONNECTION WITH THE DEBTORS' USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 6, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On **____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 6, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

 (Attorney Service)
The Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/6/2015 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: **Freedom Communications, Inc., a Delaware corporation, Inc., et al.** Debtor(s). | CHAPTER **11** CASE NUMBER **8:15-bk-15311-MW** **(Jointly Administered)** |
|---|---|

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- James C Behrens     jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- Ron Bender     rb@lnbyb.com
- Frank Cadigan     frank.cadigan@usdoj.gov
- Brian L Davidoff     bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Alan J Friedman     afriedman@wgllp.com, nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
- Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Christopher J Green     cgreen@wgllp.com, chrisgreen@ucla.com;kadele@wgllp.com
- M Jonathan Hayes     jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;sevan@srhlawfirm.com;carolyn@srhlawfirm.com;mike@s
- William N Lobel     wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- Aaron J Malo     amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- David W. Meadows     david@davidwmeadowslaw.com
- Courtney E Pozmantier     cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- Christopher E Prince     cprince@lesnickprince.com
- Peter J Rudinskas     pjr.legal@gmail.com
- Leonard M Shulman     lshulman@shbllp.com
- David P Simonds     dsimonds@akingump.com, tsouthwell@akingump.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Beth Ann R Young     bry@lnbyb.com

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1