1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Telephone    714-966-1000
7  Facsimile     714-966-1002

8  Proposed Attorneys for
   Debtors and Debtors-in-Possession

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

                      **SANTA ANA DIVISION**

12  | In re | Case No. 8:15-bk-15311-MW |
13  FREEDOM COMMUNICATIONS, INC., *et al.*,[1]

                                        Chapter 11

14                                      (Jointly Administered with Case Nos.
15               Debtors and            8:15-bk-15312-MW; 8:15-bk-15313-MW;
                 Debtors-in-Possession. 8:15-bk-15315-MW; 8:15-bk-15316-MW;
                                        8:15-bk-15317-MW; 8:15-bk-15318-MW;
16  Affects:                            8:15-bk-15319-MW; 8:15-bk-15320-MW;
                                        8:15-bk-15321-MW; 8:15-bk-15322-MW;
17  ☒ All Debtors                       8:15-bk-15323-MW; 8:15-bk-15324-MW;
                                        8:15-bk-15325-MW; 8:15-bk-15326-MW;
18  ☐ Freedom Communications, Inc., a   8:15-bk-15327-MW; 8:15-bk-15328-MW;
    Delaware corporation, ONLY          8:15-bk-15329-MW; 8:15-bk-15330-MW;
19                                      8:15-bk-15332-MW; 8:15-bk-15337-MW;
    ☐ Freedom Communications Holdings,  8:15-bk-15339-MW; 8:15-bk-15340-MW;
20  Inc., a Delaware corporation, ONLY  8:15-bk-15342-MW; 8:15-bk-15343-MW)

21  _____

22      [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom
    Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc.
23  (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610);
    Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735);
    Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom
24  Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom
    Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona,
25  Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register
    Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company
26  (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom
    SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand
27  Avenue, Santa Ana, California 92701.

28

1047708.1                                                  APPLICATION TO EMPLOY AGENT

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 ☐ Freedom Services, Inc., a Delaware corporation, ONLY

2

3 ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

4 ☐ OCR Community Publications, Inc., a California corporation, ONLY

5

6 ☐ Daily Press, LLC, a California limited liability company, ONLY

7 ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

8

9 ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

10

11 ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

12 ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

13

14 ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

15 ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

16

17 ☐ Freedom Newspapers, a Texas general partnership, ONLY

18 ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

19

20 ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

21

22 ☐ OCR Information Marketing, Inc., a California corporation, ONLY

23 ☐ Odessa American, a Texas general partnership, ONLY

24

25 ☐ Orange County Register Communications, Inc., a California corporation, ONLY

26

27 ☐ Victor Valley Publishing Company, a California corporation, ONLY

28

**DEBTORS' APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), AND LOCAL BANKRUPTCY RULE 5075-1 AUTHORIZING THE RETENTION OF DONLIN, RECANO & COMPANY, INC. AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT NUNC PRO TUNC TO THE PETITION DATE; MEMORANDUM OF POINTS & AUTHORITIES; AND DECLARATIONS OF COLLEEN MCCORMICK AND CHRIS D. DAHL IN SUPPORT THEREOF**

**[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1(b)]**

1047708.1

APPLICATION TO EMPLOY AGENT

1    ☐  Victorville Publishing Company, a
California limited partnership, ONLY

2

3    ☐  Freedom SPV II, LLC, a Delaware
limited liability company, ONLY

4    ☐  Freedom SPV VI, LLC, a Delaware
limited liability company, ONLY

5

6    ☐  Freedom SPV I, LLC, a Delaware
limited liability company, ONLY

7    ☐  Freedom SPV IV, LLC, a Delaware
limited liability company, ONLY

8

9    ☐  Freedom SPV V, LLC, a Delaware
limited liability company, ONLY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1047708.1

APPLICATION TO EMPLOY AGENT

# **TABLE OF CONTENTS**

**Page**

I.   STATEMENT OF FACTS.......................................................................................3

    A.   Jurisdiction and Venue ...............................................................................3

    B.   The Debtors and the Chapter 11 Filings.....................................................3

II.  THE COURT SHOULD APPOINT DRC AS AGENT ...............................................4

III. NOTICE .........................................................................................................11

IV. CONCLUSION .................................................................................................11

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1047708.1

i

APPLICATION

# TABLE OF AUTHORITIES

**Page(s)**

## STATUTES

11 U.S.C. § 101(14) .................................................................................................. 10

11 U.S.C. § 1107(a) .................................................................................................... 3

11 U.S.C. § 1108 ........................................................................................................ 3

11 U.S.C. § 341(a) ...................................................................................................... 5

11 U.S.C. § 503(b)(1)(A) ............................................................................................ 9

## RULES

Fed. R. Bankr. P. 2002 .............................................................................................. 10

Fed. R. Bankr. P. 2002(i) ............................................................................................ 6

Fed. R. Bankr. P. 2002(j) ............................................................................................ 6

Fed. R. Bankr. P. 2002(k) ........................................................................................... 6

Fed. R. Bankr. P. 3001(e) ........................................................................................... 7

Fed. R. Bankr. P. 3017(d) ........................................................................................... 6

Fed. R. Bankr. P. 9010 ............................................................................................... 6

Local Bankruptcy Rule 9075-1 ................................................................................. 10

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

The jointly administered debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby apply (the "Application") to this Court for the entry of an order pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and Local Bankruptcy Rule 5075-1, employing, retaining, and appointing Donlin, Recano & Company, Inc. ("DRC") as the claims, noticing and balloting/solicitation agent (the "Agent") for the Clerk of the Bankruptcy Court (the "Clerk's Office" or "Clerk of Court") in order to assume full responsibility for (1) the distribution of notices, (2) the maintenance, processing, and docketing of proofs of claims filed in these chapter 11 cases (the "Cases"), and (3) the solicitation and balloting of votes in connection with any plan(s) of reorganization *nunc pro tunc* to the Petition Date (defined below), subject to that certain agreement for services dated May 27, 2015 by and between DRC and the Debtors (such agreement together with all amendments, modifications, renewals thereof and all documents ancillary thereto or otherwise entered into in connection therewith, are collectively referred to herein as the "Services Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated by reference herein.

In support of this Application, the Debtors rely on following Memorandum of Points and Authorities, the attached Declaration of Colleen McCormick (the "McCormick Declaration") in compliance with Local Bankruptcy Rule ("Local Rule") 5075-1, the attached Declaration of Chris D. Dahl (the "Dahl Declaration"), and the Declaration of Chris D. Dahl, Chief Financial Officer, in Support of Emergency First-Day Motions (the "First Day Declaration") filed on November 3, 2015 [Docket No. 27], which is incorporated by reference herein.

The Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties-in-interest and therefore should be granted.  As such, the Debtors request the Court enter an order (the "Retention

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1

1  Order") (a) authorizing the Debtors to employ and retain DRC to act as claims, noticing

2  and solicitation agent effective as of the Petition Date, (b) approving the Services

3  Agreement, and (c) granting such other and further relief as is appropriate.  The Debtors

4  also request that the Clerk's Office consent and approve the employment of DRC as the

5  Agent.

6                                              Respectfully submitted,

7  Dated:  November 25, 2015               LOBEL WEILAND GOLDEN FRIEDMAN LLP

8

9                                              By: /s/ Beth E. Gaschen
                                                   WILLIAM N. LOBEL
10                                                 ALAN J. FRIEDMAN
                                                   BETH E. GASCHEN
11                                                 CHRISTOPHER J. GREEN
                                                   Proposed Attorneys for
12                                                 Debtors and Debtors-in-Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

<div style="text-align:center">

**MEMORANDUM OF POINTS AND AUTHORITIES**

</div>

## I.    STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B.    The Debtors and the Chapter 11 Filings

On November 1, 2015 and November 2, 2015 (the "Petition Dates"), the Debtors commenced the Cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court").  The Court authorized the joint administration of the Cases by order entered on November 2, 2015.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The official committee of unsecured creditors was appointed on November 10, 2015.

The Debtors, headquartered in Santa Ana, California, are a privately owned information and entertainment company consisting of print publications and interactive businesses.  The Debtors' portfolio includes daily and weekly newspapers, magazines and other specialty publications.  In addition, the Debtors operate an interactive business which offers website complements, as well as digital and mobile products, to their print publications.  The Orange County Register is the Debtors' flagship newspaper.  The Debtors also operate the Press-Enterprise and Unidos (a Spanish language newspaper), and own real property in Santa Ana and Riverside, California.

Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the Cases is set forth in the First Day Declaration.

<div style="text-align:left; font-variant:small-caps;">

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

</div>

## II.   THE COURT SHOULD APPOINT DRC AS AGENT

1
2         This Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the

3    Bankruptcy Code, and Local Rule 5075-1 for an order appointing DRC, effective as of the

4    Petition Dates, to act as the Agent in order to assume full responsibility for, among other

5    things: (1) serving as the Court's notice agent to mail certain notices to the estates'

6    creditors and parties-in-interest, (2) providing computerized claims, claims objections and

7    balloting database services, (3) providing expertise, consultation and assistance with

8    claim and ballot processing and with other administrative information related to the Cases.

9    The terms of retention are set forth in the Services Agreement.

10        Although the Debtors have not yet filed their schedules of assets and liabilities,

11   they anticipate that there will be approximately 5,000 entities to be noticed.  Ordinarily, the

12   Clerk's Office would serve notices on the Debtors' creditors and other parties-in-interest

13   and administer claims against the Debtors, however, the Clerk's Office may not have the

14   resources to undertake such tasks, especially in light of the magnitude of the Debtors'

15   creditor body and tight timelines that frequently arise in chapter 11 cases. The retention of

16   DRC is the most effective and efficient manner of noticing the thousands of creditors and

17   parties in interest of the filing of the Cases and other developments in the Cases.  In that

18   capacity, DRC will transmit, receive, docket, and maintain proofs of claims in connection

19   with the Cases.  In light of the number of anticipated claimants and the complexity of the

20   Debtors' businesses, the Debtors submit that the appointment of DRC as the Agent is

21   both necessary and in the best interests of both the Debtors' estates and their creditors.

22        DRC is a bankruptcy administrator that specializes in providing comprehensive

23   chapter 11 administrative services including noticing, claims processing, and other related

24   services critical to the effective administration of chapter 11 cases.  DRC has acted as the

25   claims, noticing and balloting agent in numerous cases of comparable size.  *See In re*

26   *Cengage Learning, Inc., et al.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. 2013); *In re*

27   *Excel Maritime Carriers Ltd., et al.*, Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. 2013); *In*

28   *re Rural/Metro Corporation et al.*, Case No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re*

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1047708.1                                    4                    APPLICATION TO EMPLOY AGENT

1  *Handy Hardware Wholesale, Inc.*, Case No. 13-10060 (MFW) (Bankr. D. Del. 2013); *In re*

2  *Prommis Holdings, LLC, et al.*, Case No. 13-10551 (BLS) (Bankr. D. Del. 2013); *In re*

3  *Interfaith Medical Center, Inc.*, Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. 2012); *In re*

4  *Saab Cars North America, Inc.*, Case No. 12-10344 (CSS) (Bankr. D. Del. 2012); *In re*

5  *United Retail Group, Inc., et al.*, Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. 2011); *In re*

6  *Metro Goldwyn-Mayer Studios Inc., et al.*, Case No. 10-15774 (SMB) (Bankr. S.D.N.Y.

7  2010); *In re Graphics Properties Holdings, Inc. (f/k/a Silicon Graphics, Inc.), et al.*, Case

8  No. 09-11701 (MG) (Bankr. S.D.N.Y. 2009); *In re Quebecor World (USA) Inc., et al.*, Case

9  No. 08-10152 (JMP) (Bankr. S.D.N.Y. 2008).

10     By appointing DRC as the Agent in the Cases, the distribution of notices and the

11  processing of claims will be expedited, and the Clerk's Office will be relieved of the

12  administrative burden of processing what may be an overwhelming number of claims.

13  DRC has developed efficient and cost-effective methods to properly handle the

14  voluminous mailings associated with the noticing, claims, and balloting processes to

15  ensure the orderly and fair treatment of creditors, equity security holders, and all parties in

16  interest.  Further, DRC will work with the Clerk's Office to ensure that such methodology

17  conforms with the Court's procedures, the Local Rules, and the provisions of any orders

18  entered by this Court.

19     To the extent there is any inconsistency between this Application, the order

20  approving the Application (the "Retention Order"), and the Service Agreement, the

21  Retention Order shall govern.

22     **A.     <u>Services to be Provided</u>**

23     Specifically, the Debtors seek to engage DRC to provide certain noticing, claims

24  processing, and balloting/solicitation administration services including, but not limited to:

25     (a)   Prepare and serve required notices and documents in the Cases in

26         accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy

27         Procedure (the "Bankruptcy Rules") in the form and manner directed by the

28         Debtors and/or the Court including (i) notice of the commencement of the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   Cases and the initial meeting of creditors under Bankruptcy Code § 341(a),

2   (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv)

3   notices of objections to claims and objections to transfers of claims, (v)

4   notices of any hearings on a disclosure statement and confirmation of the

5   Debtors' plan or plans of reorganization, including under Bankruptcy Rule

6   3017(d), (vi) notice of the effective date of any plan and (vii) all other notices,

7   orders, pleadings, publications and other documents as the Debtors or Court

8   may deem necessary or appropriate for an orderly administration of the

9   Cases;

10   (b)   For all notices, motions, orders or other pleadings or documents served,

11   prepare and file or caused to be filed with the Clerk's Office an affidavit or

12   certificate of service within seven (7) business days of service which

13   includes (i) either a copy of the notice served or the docket number(s) and

14   title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed

15   (in alphabetical order) with their addresses, (iii) the manner of service, and

16   (iv) the date served;

17   (c)   Maintain an official copy of the Debtors' schedules of assets and liabilities

18   and statements of financial affairs (collectively, "Schedules"), listing the

19   Debtors' known creditors and the amounts owed thereto;

20   (d)   Maintain (i) a list of all potential creditors, equity holders and other parties-in-

21   interest; and (ii) a "core" mailing list consisting of all parties described in

22   Bankruptcy Rules 2002(i), (j) and (k) and those parties that have filed a

23   notice of appearance pursuant to Bankruptcy Rule 9010; update said lists

24   and make said lists available upon request by a party-in-interest or the

25   Clerk's Office;

26   (e)   Furnish a notice to all potential creditors of the last date for the filing of

27   proofs of claim and a form for the filing of a proof of claim, after such notice

28   and form are approved by this Court, and notify said potential creditors of

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

the existence, amount and classification of their respective claims as set

forth in the Schedules, which may be effected by inclusion of such

information (or the lack thereof, in cases where the Schedules indicate no

debt due to the subject party) on a customized proof of claim form provided

to potential creditors;

(f)     Maintain a post office box or address for the purpose of receiving claims and

returned mail, and process all mail received;

(g)     Process all proofs of claim received, including those received by the Clerk's

Office, and check said processing for accuracy, and maintain the original

proofs of claim in a secure area;

(h)     Maintain the official claims register for each Debtor (the "Claims Registers")

on behalf of the Clerk's Office; upon the Clerk's Office's request, provide the

Clerk's Office with certified, duplicate unofficial Claims Registers; and

specify in the Claims Registers the following information for each claim

docketed: (i) the claim number assigned, (ii) the date received, (iii) the name

and address of the claimant and agent, if applicable, who filed the claim, (iv)

the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*,

secured, unsecured, priority, etc.), (vi) the applicable Debtor, and (vii) any

disposition of the claim, and audit the claims information periodically to

satisfy the Clerk's Office that the claims information is being appropriately

and accurately recorded in the Claims Registers;

(i)     Implement necessary security measures to ensure the completeness and

integrity of the Claims Registers and the safekeeping of the original claims;

(j)     Record all transfers of claims and provide any notices of such transfers as

required by Bankruptcy Rule 3001(e);

(k)     Relocate, by messenger or overnight delivery, all of the court-filed proofs of

claim to the offices of DRC, not less than weekly;

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

(l)  Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk's Office copies of the Claims Registers for the Clerk's Office's review (upon the Clerk's Office's request), allowing the Clerk's Office to independently audit the claims information;

(m)  Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register;

(n)  Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(o)  Assist with, among other things, solicitation, calculation, and tabulation of votes and distribution, as required in furtherance of confirmation of a plan of reorganization or liquidation;

(p)  Provide such other noticing, disbursing and related administrative services as may be required from time to time by the Debtors;

(q)  Provide assistance with, among other things, certain data processing and ministerial administrative functions, including, but not limited to, such functions related to: (1) the Debtors' schedules, statements of financial affairs and master creditor lists, and any amendments thereto; and (2) the processing and reconciliation of claims;

(r)  Thirty (30) days prior to the close of the Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing DRC and terminating the services of DRC upon completion of its duties and responsibilities and upon the closing of the Cases;

(s)  Within seven (7) days of notice to DRC of entry of an order closing the Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Cases; and

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

(t)     At the close of the Cases, box and transport all original documents, in proper

format, as provided by the Clerk's Office, to (i) the Federal Archives Record

Administration; or (ii) any other location requested by the Clerk's Office.

In addition, DRC has agreed to each of the following:

(a)     comply with applicable federal, state, municipal, and local statutes,

ordinances, rules, regulations, order and other requirements;

(b)     provide temporary employees to process claims, as necessary;

(c)     provide such other claims processing, noticing and related administrative

services as may be requested from time to time by the Debtors;

(d)     promptly comply with such further conditions and requirements as the

Clerk's Office or the Court may at any time prescribe;

(e)     be under supervision and control of the Clerk of Court but not be an

employee or the United States government;

(f)     waive any rights to receive compensation from the United States

government in its capacity as Agent in the Cases;

(g)     audit the claims information periodically to satisfy the Clerk of Court that the

claims information is being appropriately and accurately recorded in the

Court's claims register; and

(h)     provide access to the Clerk of Court to independently audit the claims

information at anytime and inspect DRC's premises at any time.

The Debtors also request that the Clerk of the Court release all filed claims directly

to DRC.

In connection with this appointment as Agent, the Debtors understand and DRC

acknowledges that, among other things: (1) DRC will not consider itself employed by the

United States government and shall not seek any compensation from the United States

government in its capacity as Agent in the Cases; (2) DRC will not be an agent of the

United States and will not act on behalf of the United Sates; and (3) DRC will not employ

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 any past or present employees of the Debtors in connection with its work as the Agent in

2 the Cases.

3 **B.    Claims Agent Agreement**

4 Subject to this Court's and Clerk of the Court's consent and approval, the Debtors

5 have employed DRC to provide the services set forth above pursuant to the terms of the

6 Services Agreement, attached as Exhibit A hereto.  DRC is a firm that specializes in

7 providing claims management consulting and computer services.  The Debtors may use

8 DRC to provide the Debtors with training and consulting support necessary to enable the

9 Debtors to effectively manage and reconcile claims, and to provide the requisite notices of

10 the deadline for Proofs of Claim.  In addition, the Debtors may utilize other services

11 offered by DRC, such as (a) providing other notices that will be required as these cases

12 progress; (b) tabulating acceptances and/or rejections to a plan of reorganization; and (c)

13 providing such other administrative related services that may be requested by the

14 Debtors.

15 **C.    Compensation**

16 DRC will be compensated based on the services it provides at the rates set forth in

17 the Services agreement.  The Debtors propose that the cost of DRC's services be paid

18 from the Debtors' estates as provided by 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A).

19 The Debtors further propose that the costs of DRC's services be paid in the ordinary

20 course of business without further application to or order of the Court.  The Debtors will be

21 jointly and severally liable for the costs of DRC's services.  DRC agrees to maintain

22 records of all services showing dates, categories of services, fees charged and expenses

23 incurred, and to serve monthly invoices on the Debtors, counsel for the Debtors, the Office

24 of the United States Trustee, counsel for any official committee appointed in the Cases,

25 and any party-in-interest who specifically requests service of the monthly invoices.  If any

26 dispute arises relating to the Service Agreement or monthly invoices, the parties shall

27 meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the

28 parties may seek resolution of the matter from the Court.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    The Debtors respectfully submit that DRC's rates for its services in connection with

2   the notice, claims, and balloting services are competitive and comparable to the rates

3   charged by their competitors for similar services.  Prior to the Petition Date, the Debtors

4   paid DRC a retainer in the amount of $25,000, and pre-petition fees and expenses of

5   $50,000.  DRC will fully apply the retainer to all pre-petition fees and expenses and any

6   remaining retainer balance to the initial post-petition invoice.

7

8   **III.    NOTICE**

9    The Application has been served on: (a) the Office of the United States Trustee, (b)

10  counsel to the official committee of unsecured creditors; (c) the Consolidated 1007(d) list;

11  (d) secured creditors and counsel, if any; and (e) any party who has requested notice

12  pursuant to Rule 2002.  The Debtors submit that such notice is sufficient and that no other

13  or further notice be given.

14

15  **IV.    CONCLUSION**

16    **WHEREFORE**, the Debtors request the Court enter an order (a) authorizing the

17  Debtors to employ and retain DRC to act as claims, noticing and balloting agent effective

18  as of the Petition Date in the Cases, (b) approving the Services Agreement, and (c)

19  granting such other and further relief as is appropriate.  The Debtors also request that the

20  Clerk's Office consent and approve the employment of DRC as the Agent.

21

22                              Respectfully submitted,

23  Dated:  November 25, 2015          LOBEL WEILAND GOLDEN FRIEDMAN LLP

24

25                              By: /s/ Beth E. Gaschen
                                  WILLIAM N. LOBEL
26                                ALAN J. FRIEDMAN
                                  BETH E. GASCHEN
27                                CHRISTOPHER J. GREEN
                                  Proposed Attorneys for
28                                Debtors and Debtors-in-Possession

1047708.1                          11              APPLICATION TO EMPLOY AGENT

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

2

## DECLARATION OF COLLEEN MCCORMICK

3          I, Colleen McCormick, declare as follows:

4          1.        I am the Chief Operating Officer of Donlin, Recano & Company, Inc.

5    ("DRC"), a Chapter 11 administrative services firm, whose offices are located at 6201 15th

6    Avenue, Brooklyn, New York 11219.

7          2.        I submit this Declaration in support of the Debtors' Application (the

8    "Application")[2] for an Order Under to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and Local

9    Bankruptcy Rule 5075-1, Authorizing the Employment and Retention of Donlin, Recano &

10   Company, Inc. as Claims, Noticing, and Balloting Agent *Nunc Pro Tunc* to the Petition

11   Date.  Except as otherwise noted, I have personal knowledge of the facts contained in this

12   Declaration.

13         3.        As custodian of the courts records pursuant to 28 U.S.C. § 156(c), DRC will

14   perform, at the request of the Office of the Clerk of the Court (the "Clerk's Office"), the

15   noticing and claims related services specified in the Application and the Services

16   Agreement attached hereto as Exhibit A.  In addition, at the Debtors' request, DRC will

17   perform such other noticing, claims, solicitation/balloting, administrative, technical and

18   support services specified in the Application and the Services Agreement.

19         4.        DRC is one of the country's leading Chapter 11 administrators, with

20   experience in noticing, claims administration, solicitation and balloting and facilitating

21   other administrative aspects of chapter 11 cases.  DRC has provided identical or

22   substantially similar services in other chapter 11 cases, including, among others:  *In re*

23   *Cengage Learning, Inc., et al.*, Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. 2013); *In re*

24   *Excel Maritime Carriers Ltd., et al.*, Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. 2013); *In*

25   *re Rural/Metro Corporation et al.,* Case No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re*

26   _____

27   **2**  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

*Handy Hardware Wholesale, Inc.*, Case No. 13-10060 (MFW) (Bankr. D. Del. 2013); *In re*

*Prommis Holdings, LLC, et al.*, Case No. 13-10551 (BLS) (Bankr. D. Del. 2013); *In re*

*Interfaith Medical Center, Inc.*, Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. 2012); *In re*

*Saab Cars North America, Inc.*, Case No. 12-10344 (CSS) (Bankr. D. Del. 2012); *In re*

*United Retail Group, Inc., et al.*, Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. 2011); *In re*

*Metro Goldwyn-Mayer Studios Inc., et al.*, Case No. 10-15774 (SMB) (Bankr. S.D.N.Y.

2010); *In re Graphics Properties Holdings, Inc. (f/k/a Silicon Graphics, Inc.), et al.*, Case

No. 09-11701 (MG) (Bankr. S.D.N.Y. 2009); *In re Quebecor World (USA) Inc., et al.*, Case

No. 08-10152 (JMP) (Bankr. S.D.N.Y. 2008).

5.    DRC represents, among other things, that:

    (a)    it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims, noticing and balloting agent in the Cases;

    (b)    by accepting employment in the Cases, DRC waives any right to receive compensation from the United States government in its capacity as the claims, noticing and balloting agent in the Cases;

    (c)    in its capacity as the claims, noticing and solicitation agent in the Cases, it is not an agent of the United States and is not acting on behalf of the United States; and

    (d)    it will not employ any past or present employees of the Debtors in connection with its work as the notice, claims and balloting agent in the Cases.

6.    To the best of my knowledge and belief, and based solely upon information

provided to me by the Debtors, and except as provided herein, neither DRC, nor any

employee of DRC, holds nor represents any interest materially adverse to the Debtors,

their estates or their creditors with respect to matters upon which DRC is to be engaged.

7.    To the best of my knowledge and belief, and based solely upon information

provided to me by the Debtors and except as provided herein, neither DRC, nor any

employee of DRC, has any materially adverse connections to the Debtors, their creditors

or equity interest holders, or other relevant parties, their respective attorneys and

accountants, any United States Bankruptcy Judge for the Central District of California, the

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   United States Trustee for the Central District of California, or any person employed by that

2   office of the United States Trustee, that would conflict with the scope of DRC's retention or

3   would create any interest adverse to the Debtors' estates or any other party-in-interest.

4        8.    The Debtors have thousands of creditors and, from time to time, DRC may

5   have represented certain of those creditors in completely unrelated matters.  Proposed

6   bankruptcy counsel for the Debtors has provided me with a list of the Debtors' creditors

7   and other parties-in-interest (the "Conflicts List"), a copy of which is attached hereto as

8   Exhibit B, that it received from the Debtors.  I have caused an examination of these

9   records to be made to determine which, if any, of the parties on the Conflicts List, DRC

10  may have represented in the past or may be representing at the present time in totally

11  unrelated matters.  This search has disclosed that, to the best of my present knowledge,

12  DRC has not in the past and is not currently representing any of the parties on the

13  Conflicts List other than as described below:

14        (a)    On June 11, 2015, DRC was retained by American Express ("AXP")

15              to facilitate notice to over 12 million merchant locations in connection with

16              certain litigation to which AXP is a party.  DRC's representation of AXP is

17              wholly unrelated to the Debtors or the Cases.

18       9.    In addition, DRC has identified numerous vendors appearing on the

19  Conflicts List that are also vendors of DRC, but DRC has not in the past, and is not

20  currently, representing any of those vendors.

21       10.   DRC is an affiliate of American Stock Transfer & Trust Company, LLC

22  ("AST").  AST is a global financial communications and stakeholder management

23  company.  Within the AST corporate structure, DRC operates as a separate and

24  independent legal entity.  Given the legal and operational separateness of DRC from AST,

25  DRC does not believe that any relationships that AST and its affiliates maintain would

26  create an interest of DRC that would be materially adverse to the Debtors' estates or any

27  class of creditors or equity security holders.

28

1047708.1                    14                  APPLICATION TO EMPLOY AGENT

1      11.    There may be other creditors of the Debtors, that DRC may have or may be

2    presently representing, but in no event is DRC representing any other creditor with

3    respect to the Debtors' bankruptcy proceeding.  To the extent I become aware of DRC

4    having represented any other creditors of the Debtors, I will file a supplemental

5    declaration advising the Court of the same.  To the extent that DRC discovers any facts

6    bearing on matters described herein, DRC will supplement information contained herein.

7      12.    Notwithstanding anything contained herein, as part of its diverse business,

8    DRC is the noticing, claims and balloting agent for debtors in numerous cases involving

9    many different creditors (including taxing authorities), professionals, including attorneys,

10    accountants, investment bankers and financial consultants, some of which may be

11    creditors or represent creditors and parties-in-interest in the Cases.  In addition, DRC has

12    in the past and will likely in the future continue working with or against other professionals

13    involved in the Cases in matters unrelated to the Cases.  Based upon my current

14    knowledge of the parties involved, and to the best of my knowledge, none of these

15    business relations constitute interests adverse to that of the creditors, or the Debtors'

16    estates, with respect to the matter upon which DRC is to be engaged.  Additionally, DRC

17    employees may, in the ordinary course of their personal affairs, have relationships with

18    certain creditors of the Debtors.  However, to the best of my knowledge, such

19    relationships, to the extent they exist, are of a personal nature and completely unrelated to

20    the Cases.

21      13.    Based upon the information available to me, I believe that DRC is a

22    "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, in

23    that DRC and its personnel: (a) are not creditors, equity security holders or insiders of the

24    Debtors; (ii) are not and were not, within two years before the date of the filing of the

25    Cases, a director, officer or employee of the Debtor; and (iii) do not have an interest

26    materially adverse to the interests of the Debtors' estates or any class of creditors or

27    equity security holders, by reason of any direct or indirect relationship to, connection with,

28    or interest in, the Debtors.  Prior to the Petition Date, the Debtors paid DRC a retainer in

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  the amount of $25,000 and pre-petition fees and expenses of $50,000. DRC will fully

2  apply the retainer to pre-petition fees and expenses and any remaining retainer balance to

3  the initial post-petition invoice.

4      14.    In performing the services identified above, DRC will charge the rates set

5  forth in Schedule A to the Services Agreement annexed to the Application as Exhibit A.

6  The rates set forth therein are as favorable and reasonable as the prices DRC charges in

7  cases in which it has been retained to perform similar bankruptcy related services.

8      15.    DRC will comply with all requests of the Clerk's Office and the guidelines

9  promulgated by the Judicial Conference of the United States for the implementation of 28

10  U.S.C. § 156(c).

11      I declare under penalty of perjury that the foregoing is true and correct.

12      Executed on this 19th day of November, 2015, at Brooklyn, New York.

13

14

15                                          Colleen McCormick

16

17

18

19

20

21

22

23

24

25

26

27

28

1038674.2

# DECLARATION OF CHRIS D. DAHL

I, Chris D. Dahl, declare as follows:

1.      I am the Chief Financial Officer ("CFO") of the debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases").  I have served as Chief Financial Officer since March, 2015, but have been employed by the Debtors since 1998.  In my role as CFO, I am responsible for: (i) financial planning and analysis; (ii) budgeting and forecasting; (iii) treasury and cash management (collections); (iv) payroll and accounts payable; and (v) general accounting.

2.      As a result of my tenure with the Debtors, my extensive day to day experience with the financial matters impacting the Debtors' operations, my review of relevant documents, and my discussions with other members of the Debtors' management teams in the ordinary course of business, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records.  Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently thereto.  Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with other members of the Debtors' senior management, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtors' operations and financial conditions.  I am submitting this declaration in support of the Application.  All terms not defined herein shall have the meanings ascribed to them in the Application.

3.      The Debtors seek authority to retain DRC as the Agent in the Cases.  I believe such relief is prudent in light of the thousands of creditors, potential creditors, and parties in interest to whom certain notices will be sent.  I believe that DRC's retention is the most effective and efficient manner of noticing these creditors and parties in interest of the filing of the Cases and other developments in the Cases.  In addition, DRC will transmit, receive, docket and maintain proofs of claim filed in connection with the Cases.  Accordingly, I believe the retention of DRC, an independent third party with significant

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 experience in this role, to act as agent of the Court is in the best interests of the Debtors

2 and their estates and creditors.

3      I declare under penalty of perjury that the foregoing is true and correct.

4      Executed on this _25th_ day of November, 2015, at Santa Ana, California.

5

6                         Christopher D. Dahl

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

EXHIBIT "A"

Donlin, Recano & Company, Inc.

## STANDARD CLAIMS ADMINISTRATION, NOTICING AND VOTING AND CONSULTING AGREEMENT

### TERMS AND CONDITIONS

**Donlin, Recano & Company, Inc.** (hereinafter called "DRC") agrees to provide **Freedom Communications, Inc.,** *et al.,* (hereinafter called the "Client") certain Services, including but not limited to SOFA / SOAL preparation, Maintenance and Operation of the Mailing Lists and Mailings, Claims, Balloting and other mutually agreed upon services related to Client's restructuring in or outside of Bankruptcy (hereinafter, the "Services"). Client agrees and understands that none of the services constitute legal advice, but rather all services are administrative in nature as orderly provided by DRC in its capacity as a Bankruptcy Claims and Noticing Agent. Client agrees to purchase services upon the terms and conditions and in accordance with "Schedule A", attached hereto, and other provisions stated herein.

**1. CHARGES**: All charges shall be based upon the time and materials incurred by DRC, billed at the DRC then prevailing standard rate unless another rate schedule is specifically and mutually agreed upon herein. DRC reserves its rights to adjust its standard rates in January of each year to reflect changes in the business and economic environment. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Client agrees to pay, in addition to those rates, for all charges, incurred by DRC as a result of Client error or omission as determined by DRC. Such charges shall include but shall not be limited to re-runs and any additional clerical work, phone calls, travel expenses, or any other disbursements. When possible, DRC will notify Client in advance of any additional charges. Checks are accepted subject to collection and the date of collection shall be deemed the date of payment. Any check received from Client may be applied by DRC against any obligation owing by Client to DRC, and an acceptance by DRC of any partial payment shall not constitute a waiver of DRC's right to pursue the collection of any remaining balance. DRC requires advance deposits for all noticing, newspaper publishing or other significant expenditures as defined by DRC. In addition, Client shall reimburse DRC for all actual out-of-pocket expenses reasonably incurred by DRC. The out-of-pocket expenses may include, but are not limited to, postage, delivery services, travel, meals and other similar costs and expenses. In addition to all charges for services and materials hereunder, Client shall pay to DRC all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by DRC or paid by DRC to taxing authorities. This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income. In the event the Client files for protection pursuant to Chapter 11 of title 11 of the United States Code, the parties intend that all fees and expenses due under this agreement shall be paid as administrative expenses of the Clients' chapter 11 estate(s). In the event the Clients' bankruptcy case(s) are converted to a Chapter 7 case(s), any unpaid fees and costs with respect to this Agreement shall be treated first as a Chapter 7 administrative expense claim and second as a Chapter 11 administrative expense claim. In the event DRC has performed pre-petition services and/or incurred pre-petition costs which have not otherwise been paid in full at the commencement of the bankruptcy case(s), Client covenants and agrees to file (or cause the filing of) with the court, at the option of DRC, either (i) a motion to assume this Agreement and cure any defaults (in the event DRC is retained pursuant to 28 U.S.C. § 156 (c)), or (ii) file a request for the payment of all such unpaid and outstanding fees and costs without prejudice to DRC's retention hereunder.

**2. TRANSPORTATION OF DATA**: Data submitted by the Client to DRC for processing shall be transported at the Client's risk and expense to and from the DRC office. In the event the Client fails to deliver the input data to DRC at the time scheduled, the Client agrees that DRC may extend, as necessary, the time for the completion of processing of such data. Client further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which DRC is located: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and

5/27/2015

ↃRC | Donlin Recano

**Page 1 of 7**

www.donlinrecano.com

**Donlin, Recano & Company, Inc.**

Christmas Day. In any event, DRC does not warrant or represent that shipment or availability dates will be met, but will use its best efforts to do so. If DRC is required to stay open to perform required tasks on such days, an additional mutually agreed upon cost may be required by DRC.

**3. EVERGREEN RETAINER & INVOICES:** At the commencement of this engagement, the Client shall pay to DRC an advance payment retainer (the "Retainer") in the amount of $25,000.00. The Retainer shall be an "evergreen" retainer and shall be applied to the payment of the final invoice from DRC for this engagement. DRC may apply the Retainer to any other invoice in its absolute discretion, and upon notice thereof from DRC, the Client shall replenish the Retainer. Invoices for pre-petition services shall be paid in full, and may be satisfied, in the absolute discretion of DRC, out of the Retainer, which shall be replenished upon notice thereof to the Client. DRC, in its absolute discretion, may suspend or discontinue services after filing of a petition if pre-petition invoices are not paid in full, or if the Retainer is not replenished when request therefore is made. DRC may require the Client to increase the Retainer if the average amount of monthly invoices for three consecutive months is 10% greater than the amount of the Retainer. Client shall pay the charges set forth in Schedule A, attached hereto. DRC shall invoice the Client monthly for all services rendered during the preceding month. Charges for a partial month's service shall be prorated based on a thirty (30) day month. Terms are net 20 days following the date of billing. Failure to pay any fees, costs or other amounts to DRC shall be a breach of this Agreement (a "Failure to Pay"). Notwithstanding anything else contained in this Agreement, in the event of a Failure to Pay, DRC reserves the right to withhold reports and materials of the Client, in addition to all other remedies available to DRC. Upon a Failure to Pay, DRC may assess a late charge at a rate of one and one-half percent (1-1/2%) per month or the highest rate permitted by law, whichever is less, on all unpaid amounts until paid in full. DRC shall also have the right, at its option, to terminate this agreement for non payment of invoices after 30 days from the date unpaid invoices are rendered (a "Non-Payment Breach"). If the invoice amount is disputed, notice shall be given to DRC within ten (10) days of receipt of the invoice by the Client. The undisputed portion of the invoice will remain due and payable. Late charges shall not accrue on any amounts in dispute. Notwithstanding anything contained in this agreement to the contrary, a Failure to Pay shall under no circumstances be construed as an agreement by DRC to reduce or waive DRC's fees and expenses. The Client shall not agree or otherwise consent to a unilateral reduction or waiver of DRC fees and expenses without the explicit written consent of DRC and any such agreement or consent to such reduction or waiver by the Client without DRC's explicit written consent shall be deemed null and void and constitute a breach of this Agreement (a "Material Breach"). Notwithstanding anything contained in this agreement to the contrary, upon the occurrence of a Material Breach, DRC shall have the right, at its option, to terminate this agreement upon five (5) business days notice to the Client.

**4. STORAGE:** Client shall assume the risks and DRC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Client unless DRC has agreed in writing to assume such responsibility. Forms storage at DRC beyond a normal 90 day supply will be billed at standard warehousing rates established by DRC.

**5. E-MAIL COMMUNICATIONS:** DRC and the Client and its agents acknowledge that they may wish to communicate electronically with each other at a business e-mail address. However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus-free. It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents, whether received on disk or otherwise.

**6. SUPPLIES:** All supplies shall be furnished at Client's expense.

DRC | Donlin Recano

www.donlinrecano.com

**Donlin, Recano & Company, Inc.**

7. **WARRANTY AND RELIANCE**:  Client acknowledges and agrees that DRC will take direction from the Client's representatives, employees, agents and/or professionals (collectively, the "Client Parties") with respect to services being provided under this Agreement.  Client and DRC agree that DRC may rely upon, and the Client agrees to be bound by, any requests, advice or information provided by the Client Parties to the same extent as if such requests, advice or information were provided by the Client.  DRC shall have the right to rely on the accuracy of all data provided by the Client and the Client Parties to DRC.  Client is responsible for the accuracy of all programs, data and other information it submits to DRC (including all information for preparation of the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements").  All Schedules and Statements filed on behalf of, or by, the Client are reviewed and ultimately approved by the Client, and DRC bears no responsibility for the accuracy or contents therein.  The DRC warranty under this agreement shall be limited to the re-running at its expense, of any inaccurate reports provided that such inaccuracies were caused solely as a result of performance hereunder and provided further that DRC shall receive written notice of such inaccuracies within thirty (30) days of delivery of such report.  If said notice is not made to DRC within the prescribed time limit Client is due and liable for all charges. Client agrees that the foregoing constitutes the exclusive remedy available to it.

8. **TERM**:  This agreement shall be effective from the date upon which it is accepted by DRC as set forth herein and shall remain in force until terminated by either party upon thirty days' written notice to the other party or by DRC upon occurrence of a Non-Payment Breach or a Material Breach, as defined in paragraph 3 above.  In the event of a Chapter 11, the Company will retain DRC to continue to provide the agreed upon services as set forth on Schedule A.  In the event that a chapter 7 trustee, chapter 11 trustee or chapter 11 liquidating trustee is appointed, this agreement will remain in effect until an order of the Bankruptcy Court is entered discharging DRC from service and responsibility under this Agreement.  The payment obligation and the indemnity obligation set forth in sections 3 and 11 herein, respectively, shall survive termination of this Agreement.  In the event this Agreement is terminated, DRC shall coordinate with the Client and, to the extent applicable, the Office of the Clerk of the Bankruptcy Court, for an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for such orderly transfer.  Client agrees to pay for such services in accordance with DRC's then existing fees for such services.  If termination of this Agreement occurs following entry of an order by the Bankruptcy Court approving DRC's retention under 28 U.S.C. § 156 (c), then the Client shall immediately seek entry of an order (in form and substance reasonably acceptable to DRC) that discharges DRC from service and responsibility under this Agreement and 28 U.S.C. § 156 (c).

9. **TERMS OF AGREEMENT**:  The terms of this Agreement prevail over any and all terms contained in Client's purchase order or authorization and no waiver, discharge, or modification of the terms of this Agreement shall bind DRC unless in writing and signed by an authorized representative of DRC.

10. **LIMITATION OF LIABILITY**:  Client agrees that the foregoing warranty is in lieu of all other warranties, express or implied, including but not limited to any implied warranty of merchantability, fitness or adequacy for any particular purpose or use, quality, productiveness or capacity.  DRC shall be without liability to the Client with respect to anything done or omitted to be done, in accordance with the terms of this Agreement or instructions properly received pursuant hereto, if done in good faith and without negligence or willful or wanton misconduct.  DRC's liability to Client or any person claiming through or under Client for any Losses (as defined below) of any kind, even if DRC has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of DRC, shall be limited to the total amount billed or billable to Client for the portion of the particular work which gave rise to the alleged loss.  In no event shall DRC's liability to Client for any Losses (as defined below), whether direct or indirect, arising out of this Agreement exceed the total amount billed to Client and actually paid to DRC for the services contemplated under this Agreement.  In no event shall DRC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the

ƆᴚC | Donlin Recano

**Donlin, Recano & Company, Inc.**

services provided for in this Agreement, regardless of whether the claim is for breach of warranty, contract, tort (including negligence), strict liability or otherwise.

**11. INDEMNIFICATION:** The Client shall indemnify and hold DRC and its affiliates, officers, directors, agents, employees, consultants, and subcontractors (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, liabilities, costs, obligations, judgments, causes of action, charges (including, without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), arising out of or relating to (a) this Agreement or DRC's rendering of services pursuant hereto (including any erroneous instructions or information provided to DRC by the Client or the Client Parties for use in providing services under this Agreement), (b) any breach or alleged breach of this Agreement by Client, or (c) any negligence or willful or reckless actions or misconduct of Client or Client Parties with respect to this Agreement, other than Losses resulting solely from DRC's gross negligence or willful misconduct. Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Parties. The Client shall notify DRC in writing promptly of the institution, threat or assertion of any claim of which the Client is aware with respect to the services provided by DRC under this Agreement. Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of DRC and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to DRC's liabilities.

**12. CONFIDENTIALITY:** Each of DRC and the Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information.

**13. OWNERSHIP OF PROGRAMS:** Unless otherwise agreed in writing, all programs developed by DRC in connection with any services to be performed under this Agreement shall remain the sole property of DRC. All programs and/or systems documentation in the possession of DRC which DRC has agreed in writing to return to the Client, prepared for the Client by DRC, shall be returned to the Client upon demand providing all charges for such programming and/or systems documentation have been paid in full.

**14. SYSTEMS IMPROVEMENTS:** DRC's policy is to provide continuous improvements in the quality of service to its clients. DRC, therefore, reserves the right to make changes in operating procedures, operating systems, programming languages, application programs, time period of accessibility, equipment, and the DRC data center serving the Client, so long as any such changes do not materially interfere with ongoing services provided to the Client in connection with the Client's chapter 11 case.

**15. UNUSUAL MEASURES:** Where the Client requires measures that are unusual and beyond the normal business practice and hours of DRC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off-Premises Storage of Data, the cost of such measures, if provided by DRC, shall be charged to the Client. Said charges may be required in advance if DRC deems it appropriate.

**16. FORCE MAJEURE.** Whenever performance by DRC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock out or other industrial or transportational disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions, or by reasons of any other matter beyond DRC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**17. NOTICE.** Any notice or other communication required or permitted hereunder shall be in writing and shall

DRC | Donlin Recano

## Donlin, Recano & Company, Inc.

be delivered personally, or sent by registered mail, postage prepaid, or overnight courier. Any such notice shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in the United States mail, or, if sent by overnight courier, one business day after delivery to such courier, as follows: if to DRC, to Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219, Attention: Alexander Leventhal; if to the Client, to Lobel, Neue & Till, LLP, 840 Newport Center Drive, Suite 750, Newport Beach, California, 92660, Attention: William Lobel.

**18.  GOVERNING LAW.** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to its conflict of laws provisions).

**19.  SEVERABILITY.**  All clauses and covenants contained in this Agreement are severable and in the event any of them are held to be invalid by any court, such clause or covenant shall be valid and enforced to the maximum extent as to which it may be valid and enforceable, and this Agreement will be interpreted as if such invalid clauses or covenants were not contained herein.

**20.  ASSIGNMENT.** This Agreement and the rights and obligations of DRC and the Client hereunder shall bind and inure to the benefit of any successors or assigns thereto.

*[remainder of page intentionally blank]*

5/27/2015


Donlin Recano

**Page 5 of 7**

www.donlinrecano.com

EXHIBIT "A"
Page 23

Donlin, Recano & Company, Inc.

**21. GENERAL:** The terms and conditions of this Agreement may be modified by DRC upon one (1) month's prior written notice to Client. Client will not employ any DRC employee within two (2) years from the termination of this Agreement. The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Client and DRC. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. A facsimile copy, photocopy or imaged copy of this Agreement shall be considered an original copy. The Client shall file an application with the Bankruptcy Court seeking approval of this Agreement (the "Application"), the form and substance of which shall be reasonably acceptable to DRC. If an order is entered approving such Application (the "Order"), any discrepancies between this Agreement, the Application and the Order shall be controlled by the Application and Order.

Accepted and Approved:

Donlin, Recano & Company, Inc.
6201 15th Avenue
Brooklyn, New York 11219

By:        Mike Wyse

Signature:

Title:       Executive Director

Date:       05/20/2015

Accepted and Approved:

**Freedom Communications, Inc.,** *et al.*

By:        Richard E. Mirman

Signature: 

Title:       Chief Executive Officer

Date:       May 27, 2015

This Agreement is subject to the terms and conditions set forth herein. Client acknowledges reading and understanding it and agrees to be bound by its terms and conditions and further agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and other prior communications between the parties relating to the subject matter of this Agreement.

**Donlin, Recano & Company, Inc.**

## SCHEDULE A

| Professional Service | Hourly Rates |
|---|---|
| Senior Bankruptcy Consultant | $190 |
| Consultant | $140 |
| Case Manager/Analyst | $90- $125 |
| Technology/Programming Consultant | $75 - $120 |
| Clerical | $45 |

| Noticing Service | |
|---|---|
| Laser Printing/ Photocopies | $.09 per Image |
| Personalization/ Labels | WAIVED |
| Fax (Incoming) | WAIVED |
| Fax Noticing | $.08 per Page |
| Postage and Overnight Delivery | At Cost |
| Electronic Noticing | WAIVED |
| Publication Services | At Cost |

| Claims Docketing and Management | |
|---|---|
| Website Development | WAIVED |
| Web Hosting | WAIVED |
| Creditor Data Storage | $.06 per Creditor per Month |
| Electronic Document Storage (.PDF/.JPG) | $.01 per Image per Month |
| User Charges | WAIVED |
| Document Imaging | $.10 per Image [1] |
| Electronic Claims filing | No Set-up charge or per claim charge |

| Pre-Filing and Accounting Services | |
|---|---|
| Schedule and SOFA Preparation / MOR | $250 per Hour |

| Solicitation, Balloting and Other Services | |
|---|---|
| Set-up Tabulation & Vote Verification | Applicable Consulting Fees Only |
| Print and Mail Ballots | Subject to Requirements of Disclosure Statement and Plan |
| Solicitation and Notification on Public Securities Holders | Varies Upon Requirements |
| Plan Disbursements | Quoted Upon Request |
| Rights Offering | Quoted Upon Request |

| VDR and Litigation Tracking | |
|---|---|
| DRC DocuLinks™ Virtual Data Room Services | Quoted Upon Request |
| DRC DocuLinks for Litigation Tracking | Quoted Upon Request |

| Call Center | |
|---|---|
| 24/7 Global Call Center | $65 per Hour |

| Miscellaneous | |
|---|---|
| Out-of-Pocket Expenses (including any required travel) | At Cost |

---

[1] An additional $0.10 per image is charged for optical character recognition imaging.

www.donlinrecano.com

EXHIBIT "B"

**EXHIBIT B – PARTIES IN INTEREST**

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Debtor | 2100 Freedom, Inc. |
| Debtor | Daily Press, LLC |
| Debtor | Freedom California Mary Publishing, Inc. |
| Debtor | Freedom California Ville Publishing Company L.P. |
| Debtor | Freedom Colorado Information, Inc. |
| Debtor | Freedom Communications Holdings, Inc. |
| Debtor | Freedom Communications, Inc. |
| Debtor | Freedom Interactive Newspapers of Texas, Inc. |
| Debtor | Freedom Interactive Newspapers, Inc. |
| Debtor | Freedom Newspaper Acquisitions, Inc. |
| Debtor | Freedom Newspapers |
| Debtor | Freedom Newspapers, Inc. |
| Debtor | Freedom Newspapers of Southwestern Arizona, Inc. |
| Debtor | Freedom Services, Inc. |
| Debtor | Freedom SPV I, LLC |
| Debtor | Freedom SPV II, LLC |
| Debtor | Freedom SPV IV, LLC |
| Debtor | Freedom SPV V, LLC |
| Debtor | Freedom SPV VI, LLC |
| Debtor | OCR Community Publications, Inc. |
| Debtor | OCR Information Marketing, Inc. |
| Debtor | Odessa American |
| Debtor | Orange County Register Communications, Inc. |
| Debtor | Victor Valley Publishing Company |
| Debtor | Victorville Publishing Company |
| Debtor Affiliate | Freedom Orange County Information, Inc. |
| Debtor Affiliate | Florida Freedom Newspapers, Inc. |
| Debtor Affiliate | Freedom Arizona Information, Inc. |
| Debtor Affiliate | Freedom Broadcasting of Florida Licensee, L.L.C. |
| Debtor Affiliate | Freedom Broadcasting of Florida, Inc. |
| Debtor Affiliate | Freedom Broadcasting of Michigan Licensee, L.L.C. |
| Debtor Affiliate | Freedom Broadcasting of Michigan, Inc. |
| Debtor Affiliate | Freedom Broadcasting of New York Licensee, L.L.C. |
| Debtor Affiliate | Freedom Broadcasting of New York, Inc. |
| Debtor Affiliate | Freedom Broadcasting of Oregon Licensee, L.L.C. |
| Debtor Affiliate | Freedom Broadcasting of Oregon, Inc. |
| Debtor Affiliate | Freedom Broadcasting of Southern New England Licensee LLC |

1

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Debtor Affiliate | Freedom Broadcasting of Southern New England, Inc. |
| Debtor Affiliate | Freedom Broadcasting of Tennessee Licensee, L.L.C. |
| Debtor Affiliate | Freedom Broadcasting of Tennessee, Inc. |
| Debtor Affiliate | Freedom Broadcasting of Texas Licensee, L.L.C. |
| Debtor Affiliate | Freedom Broadcasting of Texas, Inc. |
| Debtor Affiliate | Freedom Broadcasting, Inc. |
| Debtor Affiliate | Freedom Eastern North Carolina Communications, Inc. |
| Debtor Affiliate | Freedom Magazines, Inc. |
| Debtor Affiliate | Freedom Metro Information, Inc. |
| Debtor Affiliate | Freedom Newspapers of Illinois, Inc. |
| Debtor Affiliate | Freedom Newspapers of New Mexico, L.L.C. |
| Debtor Affiliate | Freedom Orange County Information, Inc. |
| Debtor Affiliate | Freedom Publicaciones S.A. de C.V. |
| Debtor Affiliate | Freedom Shelby Star, Inc. |
| Debtor Affiliate | Freedom SPV III, LLC |
| Debtor Affiliate | Gaston Gazette, LLP |
| Debtor Affiliate | Illinois Freedom Newspapers, Inc. |
| Debtor Affiliate | Lima News |
| Debtor Affiliate | Missouri Freedom Newspapers, Inc. |
| Debtor Affiliate | Newspaper National Network, L.P. |
| Debtor Affiliate | Porterville Recorder Company |
| Debtor Affiliate | The Clovis News-Journal |
| Debtor Affiliate | The Creative Spot, L.L.C. |
| Debtor Affiliate | The Orange County Register |
| Debtor Affiliate | The Register Campership Fund |
| Debtor Affiliate | The Register Charities, Inc. |
| Debtor Affiliate | The Times – News Publishing Company |
| Affiliated | Albert Frattura |
| Affiliated | Bruce Blair |
| Affiliated | Chris Dahl |
| Affiliated | Deb Zingales |
| Affiliated | Eric Spitz |
| Affiliated | Esteban Fernandez Davila |
| Affiliated | Juan Antonio Aguilar Ruiz |
| Affiliated | Juan Antonio Villarreal Gutierrez |
| Affiliated | Len Lodish |
| Affiliated | Paula Patton |
| Affiliated | Rev. John H. Taylor |
| Affiliated | Richard (Rick) Sant |
| Affiliated | Richard E. Mirman |

2

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Affiliated | Roman Cantu Acosta |
| Affiliated | Sergio Jaramillo Gomez |
| Affiliated | Stephen Solomon |
| Creditor | 24-7 DOCK AND DOOR REPAIR INC |
| Creditor | A&W ELECTRIC MOTOR SERVICE INC |
| Creditor | AAM REPORT SERVICES LLC |
| Creditor | ABM BUILDING SOLUTIONS LLC |
| Creditor | ACADEMY ELECTRIC INC |
| Creditor | ACCUWEATHER INC |
| Creditor | ACE MOBI |
| Creditor | ACI CALIFORNIA LLC |
| Creditor | ACUMEN ENVIRONMENTAL SERVICES LLC |
| Creditor | ADM INVESTMENT MANAGEMENT LLC |
| Creditor | ADOBE SYSTEMS INCORPORATED |
| Creditor | ADP INC - BOX 31001-1874 |
| Creditor | ADVANCED COURIER CONCEPTS INC |
| Creditor | ADVANCED EAR CARE, |
| Creditor | AEG, |
| Creditor | AFCO |
| Creditor | AFTERCOLLEGE |
| Creditor | AGGREKO LLC |
| Creditor | ALLIANCE FOR AUDITED MEDIA |
| Creditor | AMERICAN EXPRESS - Corporate Lakes Blvd |
| Creditor | AMERICAN QUALITY MAIL MEDIA INC |
| Creditor | AMERIPRIDE - 5950 ALCOA ONLY |
| Creditor | ANGELS BASEBALL LP |
| Creditor | ANITA GRACE ADVERTISING LLC |
| Creditor | ANSCHUTZ CORPORATION, THE dba CO SPRINGS GAZETTE |
| Creditor | APPLIED COMPUTER SOLUTIONS dba ACS |
| Creditor | APPLIED INDUSTRIAL TECHNOLOGIES INC |
| Creditor | APPLIED PRODUCTS INC |
| Creditor | ARAMARK - BOX  101179 |
| Creditor | ASSOCIATED PRESS |
| Creditor | ASSOCIATION OF FUNDRAISING PROFESSIONALS |
| Creditor | AT&T MOBILITY - BOX 6463 |
| Creditor | AUTO CLUB SPEEDWAY |
| Creditor | AVAYA INC |
| Creditor | B&D LITHO CALIFORNIA INC |
| Creditor | B&K ELECTRIC WHOLESALE |
| Creditor | BALDWIN GRAPHIC SYSTEMS INC. |

3

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | BANK OF NEW YORK MELLON |
| Creditor | BARKER, LAURA |
| Creditor | BEALL, DIANE T |
| Creditor | BEST BEST & KRIEGER, LLP |
| Creditor | BIEHL, et al |
| Creditor | BLACK BOX NETWORK SERVICES |
| Creditor | BLOOMBERG BNA |
| Creditor | BLOOMBERG FINANCE LP |
| Creditor | BNE PLASTIC PRODUCTS INC |
| Creditor | BOLSA GRANDE HS MEN'S LEAGUE, |
| Creditor | BOND AND PECARO |
| Creditor | BORBOA DISTRIBUTION |
| Creditor | BOSTWICK, GARY dba BOSTWICK LAW |
| Creditor | BOTTOMLEY & ASSOCIATES LLC |
| Creditor | BRAINTREE PAYMENT SOLUTIONS LLC |
| Creditor | BRANDT BROTHERS - PROFESSIONAL COURIER |
| Creditor | BRIGHTCOVE INC |
| Creditor | BROADSPIRE SERVICES INC |
| Creditor | BROOKS, PATRICIA A |
| Creditor | BURT TECHNOLOGIES INC |
| Creditor | BUSSIAN LAW FIRM PLLC, THE |
| Creditor | BUTLER AUTOMATIC INC |
| Creditor | C&W PRESSROOM PRODUCTS |
| Creditor | CALIFORNIA CREDITS GROUP LLC dba  CCG |
| Creditor | CALIFORNIA NEWSPAPER PUBLISHERS ASSOCIATION |
| Creditor | CALIFORNIA STATE CONTROLLER |
| Creditor | CAPITOL MACHINE CO |
| Creditor | CARIBOU INDUSTRIES INC |
| Creditor | CASPER, THOMAS dba TDB PRODUCTS LLC |
| Creditor | CASPIAN PROPERTIES INC |
| Creditor | CASPIO INC |
| Creditor | CBRE INC |
| Creditor | CBS PERSONNEL SERVICES LLC dba STAFFMARK |
| Creditor | CCA FINANCIAL LLC |

4

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | CCI EUROPE INC |
| Creditor | CENTRAL INK CORP |
| Creditor | CENTRAL INK CORP - 4% NET45 |
| Creditor | CENTRO INC |
| Creditor | CENTURY BUSINESS SERVICES INC |
| Creditor | CENTURYLINK - BOX 52187 |
| Creditor | CHICAGO GATEWAY LLC |
| Creditor | CHOICE LITHOGRAPHICS |
| Creditor | CHRIST, KIRK |
| Creditor | CIPS MARKETING GROUP INC |
| Creditor | CITY NEWS SERVICE INC |
| Creditor | CITY OF ANAHEIM |
| Creditor | CITY OF SANTA ANA - BOX 1964 TREAS DIV |
| Creditor | CONSTELLATION CK LLC |
| Creditor | CONTROL AIR CONDITIONING SERVICE CORP |
| Creditor | COURTESY STAFFING INC |
| Creditor | CRAVATH SWAINE & MOORE LLP |
| Creditor | CREATORS SYNDICATE INC |
| Creditor | CRONIN COMPRESSOR PRODUCTS LLC |
| Creditor | CRYSTAL CAPITAL FINANCIAL HOLDINGS LLC |
| Creditor | DATA SALES CO INC |
| Creditor | DELAWARE SECRETARY OF STATE |
| Creditor | DELI PLATTER |
| Creditor | DELL MARKETING LP |
| Creditor | DELOITTE TAX LLP |
| Creditor | DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP |
| Creditor | DEPARTMENT OF INDUSTRIAL RELATIONS |
| Creditor | DIETRICH, TOM |
| Creditor | DOAPP INC |
| Creditor | DOCUMOTION RESEARCH INC |
| Creditor | DOW JONES & COMPANY INC |
| Creditor | DTZ INC |
| Creditor | DURO ROLLER CO INC |
| Creditor | DYC SUPPLY COMPANY |
| Creditor | DYNARIC INC |
| Creditor | E&L ELECTRIC INC |
| Creditor | ECLIPSE MESSENGER SERVICE INC |
| Creditor | EDELSTEIN DIVERSIFIED SPECIALTIES LTD |
| Creditor | EDGIL ASSOCIATES INC |
| Creditor | EDIWISE a Division RESOLUTE FP CANADA INC |

5

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | EL PASO COUNTY TREASURER |
| Creditor | ELECTRONIC BUSINESS SOLUTIONS AND CONSULTING |
| Creditor | EPICMEDIA CONSULTING LLC |
| Creditor | ESQUIVEL, JOSE A |
| Creditor | ESTEBAN, ANTONIO PABLO dba PABLO TOMAS LANDSCAPE |
| Creditor | EVENTFUL INC |
| Creditor | FASTENAL COMPANY - BOX 1286 |
| Creditor | FIDUCIARY COUNSELORS INC |
| Creditor | FIELD RESEARCH CORPORATION |
| Creditor | FISHER PRINTING INC |
| Creditor | FLITE INC |
| Creditor | FTI CONSULTING INC |
| Creditor | FUJIFILM NORTH AMERICA CORP |
| Creditor | GABRIELS TECHNOLOGY SOLUTIONS |
| Creditor | GARY R EDWARDS INC |
| Creditor | GAS COMPANY, THE |
| Creditor | GENERAL NEWSPRINT INC |
| Creditor | GETTY IMAGES (US) INC |
| Creditor | GLOBE MARKETING LLC |
| Creditor | GOLDEN COMMUNICATIONS INC |
| Creditor | GOLDEN RAIN FOUNDATION OF LAGUNA WOODS |
| Creditor | GOLDENWEST LUBRICANTS INC |
| Creditor | GOODWILL INDUSTRIES OF ORANGE COUNTY |
| Creditor | GOOGLE INC |
| Creditor | GOSS INTERNATIONAL AMERICAS INC |
| Creditor | GOSS INTERNATIONAL AMERICAS INC |
| Creditor | GRAINGER - 832983928 |
| Creditor | GRANITE TELECOMMUNICATIONS |
| Creditor | GRAPHIC INNOVATORS INC |
| Creditor | GRAPHIC TECH ELECTRIC INC |
| Creditor | GREAT WESTERN INK |
| Creditor | GREATER SMC/BIASC |
| Creditor | GREEN, A.L. |
| Creditor | GROUNDS ELECTRIC COMPANY INC |
| Creditor | GULF PACKAGING |
| Creditor | H&H INVESTMENTS |
| Creditor | HALL CONTRACTING SERVICES INC. |
| Creditor | HANDBILL PRINTERS |
| Creditor | HANTAL CORP |
| Creditor | HAPPIEST MINDS TECHNOLOGIES PRIVATE LTD |

6

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | HASBROOK MULTIMEDIA |
| Creditor | HELPMATES STAFFING SERVICES |
| Creditor | HEWITT ENNISKNUPP INC |
| Creditor | HILL, DOUGLAS P dba XPRESS GRAPHIC SERVICES |
| Creditor | HOLLADAY AUCTIONS INC |
| Creditor | HOME NEWS ENTERPRISES LLC |
| Creditor | HOWE SOUND PULP & PAPER CORPORATION |
| Creditor | HUNSAKER & ASSOCIATES |
| Creditor | IMPERIAL RUBBER PRODUCTS INC |
| Creditor | INFOSYS BPO LIMITED |
| Creditor | INK SYSTEMS INC |
| Creditor | INKA SOLUTIONS LLC |
| Creditor | INLAND EMPIRE KOMEN RACE FOR THE CURE |
| Creditor | INLAND EMPIRE PAPER CO |
| Creditor | INTEGRATED DIGITAL STRATEGIES |
| Creditor | IRON MOUNTAIN INC |
| Creditor | ISLAND HOTEL |
| Creditor | JENCO PRODUCTIONS INC |
| Creditor | JERICH USA INC |
| Creditor | K JACK ENGINEERING CO INC |
| Creditor | K&M NEWSPAPER SERVICES INC |
| Creditor | KAANGO INC |
| Creditor | KADING BRIGGS LLP |
| Creditor | KANTAR MEDIA |
| Creditor | KATELLA HS BOYS BASKETBALL, |
| Creditor | KELLY, DEVIN |
| Creditor | KENNY THE PRINTER |
| Creditor | KING FEATURES SYNDICATE |
| Creditor | KNOBBE MARTENS OLSON & BEAR |
| Creditor | KOTKIN, JOEL |
| Creditor | KUBRA DATA TRANSFER LTD |
| Creditor | LA GALAXY |
| Creditor | LA GRINDING CO INC |
| Creditor | LA OPINION - Acct on HOLD |
| Creditor | LAFFER ASSOCIATES |
| Creditor | LAGUNA BEACH LUXERY HOTEL LLC dba MONTAGE LAGUNA BEACH |
| Creditor | LAKE ELSINORE STORM INC |
| Creditor | LATHAM & WATKINS LLP |
| Creditor | LEGACY.COM INC |
| Creditor | LEVINE LEE LLP |

7

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | LEVINE SULLIVAN KOCH & SCHULZ LLP |
| Creditor | LEXIS NEXIS |
| Creditor | LIFFEY THAMES GROUP LLC dba DISCOVIA |
| Creditor | LINDENMEYR CENTRAL |
| Creditor | LINKEDIN CORPORATION |
| Creditor | LION WEB COMPONENTS INC |
| Creditor | LOCAL MEDIA CONSORTIUM |
| Creditor | LOCALEDGE INC  A HEARST MEDIA SERVICES CO |
| Creditor | LORD SECURITIES CORPORATION |
| Creditor | LOS ANGELES FREIGHTLINER |
| Creditor | LOS ANGELES TIMES |
| Creditor | LOS ANGELES TIMES |
| Creditor | LOS ANGELES UNIVERSAL PRESCHOOL, |
| Creditor | LUCAS FLYER & DISTRIBUTION SERVICES |
| Creditor | LUMEN LEGAL  (AMERICLERK INC) |
| Creditor | MACHINERY COMPONENT SALES & SERVICE |
| Creditor | MACIAS, JORGE LUIS |
| Creditor | MANSFIELD OIL COMPANY |
| Creditor | MARKETING G2 LLC |
| Creditor | MARSH RISK & INSURANCE SERVICES |
| Creditor | MATHER ECONOMICS LLC |
| Creditor | MCCLATCHY NEWSPAPERS INC |
| Creditor | MCHENRY PLANTATION INC |
| Creditor | MCMASTER CARR SUPPLY CO |
| Creditor | MERCHANTS BUILDING MAINTENANCE LLC |
| Creditor | MERLIN ONE, INC |
| Creditor | MERRILL COMMUNICATIONS LLC |
| Creditor | METHODIST HOSPITAL, |
| Creditor | METRO CREATIVE GRAPHICS INC |
| Creditor | MICROSOFT CORPORATION |
| Creditor | MIDLAND PAPER |
| Creditor | MIRMAN GROUP, THE |
| Creditor | MOBILE MERCHANDISERS INC |
| Creditor | MONSTER WORLDWIDE INC |
| Creditor | MOTION INDUSTRIES INC (1% 10 NET 30) |
| Creditor | MR CLEAN UP INC |
| Creditor | MULLER MARTINI CORP |
| Creditor | MUTUAL OF OMAHA |
| Creditor | NELA TERNES REGISTER GROUP INC |
| Creditor | NEW PROIMAGE AMERICA INC |

8

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | NEW YORK TIMES SYNDICATION SALES CORP |
| Creditor | NEWPORT STATIONERS |
| Creditor | NEWSCYCLE SOLUTIONS INC |
| Creditor | NIKON INC |
| Creditor | NORTH PACIFIC PAPER CORPORATION |
| Creditor | NOVATECH PACKAGING SYSTEMS INC |
| Creditor | NXTBOOKMEDIA.COM |
| Creditor | OC MEDIA TOWER LP |
| Creditor | OCDM DIRECT MAIL MARKETING |
| Creditor | OGLETREE DEAKINS NASH SMOAK & STEWART PC |
| Creditor | OLIVE SOFTWARE INC |
| Creditor | OLIVER WYMAN ACTUARIAL CONSULTING INC |
| Creditor | ONE STOP PRINTING & DESIGN CO |
| Creditor | ONEVISION INC |
| Creditor | ONTARIO REFRIGERATION |
| Creditor | OPTIMUS GROUP INC |
| Creditor | ORACLE USA INC |
| Creditor | ORANGE COUNTY  DEPT OF EDUCATION |
| Creditor | ORANGE COUNTY TAX COLLECTOR |
| Creditor | ORINGHER, THEODORA PC |
| Creditor | OROZCO, CELESTINO |
| Creditor | OWN LOCAL.COM INC |
| Creditor | PAMS DELIVERY SERVICE |
| Creditor | PAPEX INC |
| Creditor | PARADISE PACKAGING SUPPLIES INC |
| Creditor | PARTS CONNECTION INC |
| Creditor | PETES ROAD SERVICE INC |
| Creditor | PETROLEUM BUILDING LLC |
| Creditor | PHAZ2 INC |
| Creditor | PI ASSOCIATES |
| Creditor | PIER GROUP LLC dba THE BARTLETT BUILDING |
| Creditor | POLYCHEM CORPORATION |
| Creditor | POPMOUNT INC |
| Creditor | POULOS, JAMES |
| Creditor | PRECISION REFURBISHING |
| Creditor | PRESS ONE CUSTOMER CARE INC |
| Creditor | PRESSROOM CLEANERS |
| Creditor | PRICEWATERHOUSE COOPERS LLP |
| Creditor | PRICING ENGINE INC |
| Creditor | PRINTERS SERVICE |

9

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | PROACTIVE SOFTWARE LTD |
| Creditor | PRUDENTIAL OVERALL SUPPLY |
| Creditor | PUBLICITAS NORTH AMERICA INC |
| Creditor | QUADTECH US |
| Creditor | QUAKER GARDENS, |
| Creditor | QUALITY INDUSTRY REPAIR INC |
| Creditor | RBP CHEMICAL TECHNOLOGY INC |
| Creditor | REED BRENNAN MEDIA ASSOCIATES |
| Creditor | REGENCY ENTERPRISES INC |
| Creditor | REPLICON INC |
| Creditor | RIGOLI PACIFIC COMPANY INC |
| Creditor | RIVERSIDE COUNTY TREASURER |
| Creditor | RIVERSIDE PUBLIC UTILITIES |
| Creditor | ROMERO, GLORIA J |
| Creditor | RUTAN & TUCKER LLP |
| Creditor | SAFETY KLEEN SYSTEMS INC |
| Creditor | SALES TRAINING CONSULTANTS INC |
| Creditor | SANFIELD, JUDY |
| Creditor | SANTA ANA HS MUSIC BOOSTER FOUNDATION, |
| Creditor | SANTIAGO HS CHOIR, |
| Creditor | SANTIZO, EDNA L |
| Creditor | SATORI SOFTWARE |
| Creditor | SC FUELS - CARDLOCK FUELS SYSTEM INC |
| Creditor | SCARBOROUGH RESEARCH |
| Creditor | SCHINDLER ELEVATOR CORPORATION |
| Creditor | SCR PARTS INC |
| Creditor | SECOND STREET MEDIA |
| Creditor | SENIK, TROY V |
| Creditor | SENSIBA SAN FILIPPO LLP |
| Creditor | SERRA VISTA PARTNERS |
| Creditor | SHOOM INC |
| Creditor | SIGNODE SERVICE BUSINESS |
| Creditor | SILVERPOP SYSTEMS INC |
| Creditor | SIMA ENVIRONMENTAL FUND |
| Creditor | SIMPLEXGRINNELL LP |
| Creditor | SMS SYSTEMS MAINTENANCE SERVICES INC |
| Creditor | SOFTWARE AG USA INC |
| Creditor | SOURCE ONE STAFFING LLC |
| Creditor | SOURCECORP |
| Creditor | SOURCECORP - POSTAGE |

10

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | SOUTHERN CALIFORNIA EDISON - BOX 300 |
| Creditor | SOUTHERN LITHOPLATE INC |
| Creditor | SOUTHWEST MATERIAL HANDLING INC |
| Creditor | SPORTS NETWORK, THE |
| Creditor | SQUAR, MILNER, PETERSON, MIRANDA & WILLIAMSON, LLP |
| Creditor | STARWOOD HOTELS & RESORTS, |
| Creditor | STRATEGY COMPANION CORPORATION |
| Creditor | SUNESYS LLC |
| Creditor | SUPERIOR LITHOPLATE OF INDIANA INC |
| Creditor | SURFLINE |
| Creditor | SWIFTYPE INC |
| Creditor | TANAKA, JENNIFER MARIKO |
| Creditor | TECHNOTRANS AMERICA INC |
| Creditor | THE WEATHER CHANNEL LLC |
| Creditor | THE WIGWAM RESORT, |
| Creditor | THOMPSON INDUSTRIAL SUPPLY INC |
| Creditor | THOMSON REUTERS |
| Creditor | THREE EIGHT INVESTMENTS LLC |
| Creditor | TIFCO INDUSTRIES INC |
| Creditor | TREASURE, RICHARD |
| Creditor | TRELLEBORG COATED SYSTEMS US INC |
| Creditor | TREND OFFSET PRINTING SERVICES INC |
| Creditor | TREXLER COMPRESSOR Sales and Service Inc. |
| Creditor | TRIBUNE COMPANY dba TRIBUNE CONTENT |
| Creditor | TRIBUNE MEDIA SERVICES - BOX 10026 |
| Creditor | TURN KEY SOLUTIONS |
| Creditor | UN, RICARDO |
| Creditor | UNCLAIMED PROPERTY RECOVERY & REPORTING LLC |
| Creditor | UNISAN PRODUCTS LLC |
| Creditor | UNISOURCE WORLDWIDE INC |
| Creditor | UNITED FEATURE SYNDICATE |
| Creditor | UNIVERSAL PROTECTION SERVICE LP |
| Creditor | UNIVERSAL UCLICK |
| Creditor | UPLATION INC dba WEBPUBLISHED.COM |
| Creditor | UPS - CONSOLIDATED BILLING ACCOUNT |
| Creditor | VERA, LUIS dba  LUBRECO PRINTING |
| Creditor | VINCENT BENJAMIN GROUP LLC |
| Creditor | WALL, STEPHEN M. |
| Creditor | WALLACE, DICK dba RAYMAB |
| Creditor | WASHINGTON POST CO dba WRITERS GROUP |

EXHIBIT "B"
Page 36

| FILE DESCRIPTION | PARTY IN INTEREST |
|---|---|
| Creditor | WAVE2 MEDIA SOLUTIONS LLC |
| Creditor | WAXIE SANITARY SUPPLY |
| Creditor | WHITE BUFFALO HOLDINGS LLC |
| Creditor | WORLDWIDE RECOVERY SYSTEMS INC |
| Creditor | XONTERA CORPORATION |
| Creditor | XPEDX a Veritiv Company |
| Creditor | YAHOO INC -  ACCOUNTS RECEIVABLE |
| Creditor | YAHOO SEARCH MARKETING INC |
| Creditor | YATES, MICHAEL L |
| Financial Restructuring | Silver Point Capital, Inc. |
| Litigation | Eddy Hartenstein |
| Litigation | Jassy Vick Carolyn LLP |
| Litigation | LA Times Communications, LLC |

12

| In re:  **Freedom Communications, Inc., a Delaware corporation, Inc., et al.** Debtor(s). | CHAPTER: **11** CASE NUMBER: **8:15-bk-15311-MW** **(Jointly Administered)** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 950
Costa Mesa, CA  92626

A true and correct copy of the foregoing document entitled **DEBTORS' APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), AND LOCAL BANKRUPTCY RULE 5075-1 AUTHORIZING THE RETENTION OF DONLIN, RECANO & COMPANY, INC. AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT NUNC PRO TUNC TO THE PETITION DATE; MEMORANDUM OF POINTS & AUTHORITIES; AND DECLARATIONS OF COLLEEN MCCORMICK AND CHRIS D. DAHL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 25, 2015** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 25, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

 (Attorney Service)
The Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Courtesy Bin
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/25/2015 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **11** |
|---|---|---|
| **Freedom Communications, Inc., a Delaware corporation, Inc., et al.** | Debtor(s). | CASE NUMBER **8:15-bk-15311-MW** (Jointly Administered) |

1.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- James C Behrens    jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- Ron Bender    rb@lnbyb.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Alan J Friedman    afriedman@wgllp.com, nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Seth Goldman    seth.goldman@mto.com
- Christopher J Green    cgreen@wgllp.com, chrisgreen@ucla.edu;kadele@wgllp.com
- M Jonathan Hayes    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;sevan@srhlawfirm.com;carolyn@srhlawfirm.com;mike@s
- James O Johnston    jjohnston@jonesday.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- William N Lobel    wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- Aaron J Malo    amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- Ashley M McDow    amcdow@bakerlaw.com, mdelaney@bakerlaw.com;lhua@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- David W. Meadows    david@davidwmeadowslaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Courtney E Pozmantier    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- Christopher E Prince    cprince@lesnickprince.com
- Jeremy E Rosenthal    jrosenthal@sidley.com
- Peter J Rudinskas    pjr.legal@gmail.com
- Leonard M Shulman    lshulman@shbllp.com
- David P Simonds    dsimonds@akingump.com, tsouthwell@akingump.com
- Helena Tseregounis    htseregounis@sidley.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Monika S Wiener    mwiener@jonesday.com, kfloyd@jonesday.com
- Beth Ann R Young    bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**