1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Telephone   714-966-1000
7  Facsimile   714-966-1002

8  Attorneys for Debtors and Debtors-in-Possession

9              **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                 **SANTA ANA DIVISION**

12 | In re                              | Case No. 8:15-bk-15311-MW

13 | FREEDOM COMMUNICATIONS, INC., a    | Chapter 11
   | Delaware corporation, *et al.*,[1]
14 |                                    | (Jointly Administered With Case Nos.
15 |          Debtors and              | 8:15-bk-15312-MW; 8:15-bk-15313-MW;
   |          Debtors-in-Possession.   | 8:15-bk-15315-MW; 8:15-bk-15316-MW;
16 |                                    | 8:15-bk-15317-MW; 8:15-bk-15318-MW;
   |                                    | 8:15-bk-15319-MW; 8:15-bk-15320-MW;
17 | Affects:                          | 8:15-bk-15321-MW; 8:15-bk-15322-MW;
   |                                    | 8:15-bk-15323-MW; 8:15-bk-15324-MW;
18 | ☒  All Debtors                    | 8:15-bk-15325-MW; 8:15-bk-15326-MW;
   |                                    | 8:15-bk-15327-MW; 8:15-bk-15328-MW;
19 | ☐  Freedom Communications, Inc., a | 8:15-bk-15329-MW; 8:15-bk-15330-MW;
   | Delaware corporation, ONLY        | 8:15-bk-15332-MW; 8:15-bk-15337-MW;
20 |                                    | 8:15-bk-15339-MW; 8:15-bk-15340-MW;
   | ☐  Freedom Communications Holdings,| 8:15-bk-15342-MW; 8:15-bk-15343-MW)
21 | Inc., a Delaware corporation, ONLY

22 | [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom
23 | Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc.
   | (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610);
24 | Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735);
   | Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom
25 | Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom
   | Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona,
26 | Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register
   | Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company
27 | (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom
   | SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand
28 | Avenue, Santa Ana, California 92701.

*(Left margin vertical text: Lobel Weiland Golden Friedman LLP, 650 Town Center Drive, Suite 950, Costa Mesa, California 92626, Tel 714-966-1000 • Fax 714-966-1002)*

1

☐ Freedom Services, Inc., a Delaware corporation, ONLY

2

☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

3

4

☐ OCR Community Publications, Inc., a California corporation, ONLY

5

☐ Daily Press, LLC, a California limited liability company, ONLY

6

7

☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

8

☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

9

10

☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

11

☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

12

13

☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

14

☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

15

16

☐ Freedom Newspapers, a Texas general partnership, ONLY

17

☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

18

19

☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

20

21

☐ OCR Information Marketing, Inc., a California corporation, ONLY

22

23

☐ Odessa American, a Texas general partnership, ONLY

24

☐ Orange County Register Communications, Inc., a California corporation, ONLY

25

26

☐ Victor Valley Publishing Company, a California corporation, ONLY

27

28

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION TO EMPLOY SQUAR MILNER AS ACCOUNTANT, *NUNC PRO TUNC* AS OF DECEMBER 7, 2015; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KATHERINE GOUGH IN SUPPORT THEREOF**

**[No hearing required pursuant to Local Bankruptcy Rule 2014-1(b)(1)]**

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1053751

2

APPLICATION TO EMPLOY
SQUAR MILNER

1  ☐ Victorville Publishing Company, a California limited partnership, ONLY

2  ☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY

3

4  ☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

5  ☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

6

7  ☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

8  ☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

9

10

11  **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE,**

12  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-**

13  **INTEREST:**

14       Pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy

15  Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

16  Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for

17  the Central District of California (the "Local Rules"), Freedom Communications, Inc., a

18  Delaware corporation ("Freedom Communications") and each of its related debtors and

19  debtors-in-possession in the above-captioned jointly administered chapter 11 cases (the

20  "Debtors" and each a "Debtor"), hereby move this Court for an order authorizing the

21  retention of Squar Milner (the "Firm") as their accountant for the purpose of providing tax

22  consulting services, *nunc pro tunc* as of December 7, 2015 (the "Application").

23       In support of this Application, the Debtors submit the accompanying Memorandum

24  of Points and Authorities and the Declaration of Katherine Gough (the "Gough

25  Declaration"), and respectfully represent as follows:

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1053751                          3                        APPLICATION TO EMPLOY SQUAR MILNER

# I. STATEMENT OF FACTS

## A. Bankruptcy Filings

On November 1, 2015 and November 2, 2015, as applicable to each Debtor (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"). The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner. On November 10, 2015, the United States Trustee appointed a joint committee of creditors holding unsecured claims (the "Committee") in the cases of: (1) Freedom Communications, Inc., 8:15-bk-15311-MW; (2) Freedom Communications Holdings, Inc., 8:15-bk-15312-MW; (3) Freedom Services, Inc., 8:15-bk-15313-MW; and (4) OCR Community Publications, Inc., 8:15-bk-15316-MW.

## B. Description of the Debtors and Their Business

2100 Freedom, Inc. is the direct or indirect parent company of each of the other Debtors. The Debtors, headquartered in Santa Ana, California, are collectively a privately-owned information and entertainment company consisting of print publications and interactive businesses. The Debtors' portfolio includes daily and weekly newspapers, magazines and other specialty publications. In addition, the Debtors operate an interactive business which offers website complements, as well as digital and mobile products, to their print publications. The Orange County Register is the Debtors' flagship newspaper. The Debtors also operate the Press-Enterprise and Unidos (a Spanish language newspaper), and own real property in Santa Ana and Riverside, California.

The seven operating Debtors, which hold the overwhelming majority of assets and where the vast majority of activity will occur, are Freedom Communications, Inc.; Freedom Communications Holdings, Inc.; Freedom SPV II, LLC; Freedom SPV VI, LLC; Freedom

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Services, Inc.; 2100 Freedom, Inc.; and OCR Community Publications, Inc. (together, the

2  "Operating Debtors").

3

4  II.     **REQUEST TO EMPLOY THE FIRM**

5          By this Application, the Debtors seek to employ the Firm, effective *nunc pro tunc* as

6  of December 7, 2015, to serve as the Debtors' accountant in these cases (the "Cases") in

7  accordance with the terms of this Application and the Letter of Engagement (the

8  "Engagement Agreement"), a copy of which is attached as Exhibit "1" to the Gough

9  Declaration appended hereto.  Accordingly, the Debtors respectfully request entry of an

10  order pursuant to section 327(a) of the Bankruptcy Code authorizing them to retain and

11  employ the Firm pursuant to the terms set forth herein.

12          A.     **The Firm's Qualifications**

13          The Firm is one of the nation's 75 largest accounting firms as well as one of the

14  largest independent accounting and advisory firms in California, with offices in Newport

15  Beach, San Diego, Los Angeles, Encino, and the Cayman Islands.  The resume of the

16  Firm's bankruptcy and litigation consulting practice is attached as Exhibit "2" to the Gough

17  Declaration.

18          B.     **Scope of Services to be Provided by the Firm**

19          The Debtors desire to retain the Firm to serve as their accountant, *nunc pro tunc* as

20  of December 7, 2015, to provide the Debtors with any and all tax consulting and

21  accounting consulting services as may become necessary or advisable in these Cases.

22  In connection with the Firm's employment by the Debtors, the services that the Firm has

23  and will continue to render to the Debtors include tax consulting services in connection

24  with any potential transaction, investment, restructuring or liquidity event.  Such services

25  may include tax implications related to, but are not limited to, the following:

26          (a)     Debt restructuring including any cancellation of indebtedness;

27          (b)     Tax attribute (e.g., loss carryforwards, tax basis, etc.) reduction;

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1053751

5

APPLICATION TO EMPLOY
SQUAR MILNER

(c)   Stock for debt exchange considerations, if any;

(d)   Reorganization or investment structuring;

(e)   Asset sales; and

(f)   To perform such additional accounting functions and render such additional accounting services as the Debtors and their general insolvency counsel deem necessary and appropriate in connection with the administration of these cases.

**C.   The Firm's Services Will Not Be Duplicative**

The Debtors submit that none of the services that the Firm will render in connection with the Cases will be duplicative of the services rendered by any of the other professionals employed by the Debtors in the Cases.

**D.   Proposed Compensation of the Firm**

The terms of the Firm's employment agreed to by the Debtors, subject to approval of the Court, are as follows:

1.   Hourly Fees and Expenses.  The Firm has agreed to accept as compensation for its services such sums as may be allowed by the Court, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.  Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all orders of the Court, the Debtors propose to pay the Firm its customary hourly rates for services rendered, which may be subject to adjustment from time to time. The customary hourly rates of anticipated team members for this engagement currently range from $140.00 to $650.00 per hour.  In addition, the Firm will be reimbursed for its actual, out-of-pocket expenses.  The Firm will provide notice of any rate increases to the Debtors, the United States Trustee, and the Court.

2.   Joint and Several Liability for Fees and Expenses.  Pursuant to the *Order Granting Motion to Approve Joint Administration of Cases* entered

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1053751

6

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626-1993
Tel 714-966-1000 • Fax 714-966-1002

November 2, 2015, [Docket No. 8], the Operating Debtors will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the Cases. All fees and costs will be charged to the lead case and only one joint fee application will be filed by the Firm.

3. <u>Retainer</u>. The Firm was engaged in September 2015 to provide tax consulting services for the Debtors and received a total pre-petition retainer amount of $65,000 (the "Retainer"). Time incurred against the retainer during the period September 10, 2015, through October 31, 2015, totaled $49,913.13, leaving an unused balance of $15,086.87.

4. <u>Budget</u>. Pursuant to the Amended Final Order Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Provide Adequate Protection to Prepetition Secured Parties, (D) Repay Certain Prepetition Secured Debt, and (E) Grant Related Relief, entered on December 17, 2015 (the "<u>Amended DIP Financing Order</u>"), the Court approved the Budget attached to the Amended DIP Financing Order, which provides for the Debtors' professionals to be paid for their services on a monthly basis. Therefore, once the Retainer is exhausted, the Firm may be paid pursuant to the Budget in accordance with the modified fee application procedures described below.

5. <u>Modified Fee Application Procedures</u>. The Debtors request that the Firm be authorized to be paid its fees and expenses on a monthly basis from the Retainer and, once the Retainer is exhausted, in accordance with the Budget, using the following modified fee application procedures. In compliance with the Guide to Applications for Employment of Professionals and Treatment of Retainers promulgated by the Office of the United States Trustee (the "<u>Employment Guide</u>"), the Firm will serve a monthly fee statement upon the Debtors, the United States Trustee, the Committee, the Committee's counsel, and on those parties that have

7

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

requested special notice.  If no written objection is filed with respect to the Firm's

monthly statement within ten (10) days after the service of such invoice on the

various parties referenced above, the Firm will first draw down from the remaining

balance of the Retainer the amount of its monthly statement(s).  Once the Retainer

is exhausted, the Firm will be paid the amount of its monthly statement pursuant to

the Court-approved Budget less a 20% holdback of the fees incurred.  However, if

a written objection to the Firm's monthly statement is filed, the Firm will not be paid

the disputed amount until the objection has been resolved.

6.      Application for Approval of Compensation.  The Firm intends to apply

to this Court for compensation in conformity with the requirements of sections 327,

330 and 331 of the Bankruptcy Code.  The Firm understands that its compensation

in the Cases will be subject to the approval of the Court.  No funds paid pursuant to

the Budget in accordance with the proposed monthly payment procedure will be

deemed to be allowed by the Court until approval is obtained through the fee

application process.

7.      In connection therewith, not more frequently than every four (4)

months, the Firm will file an application with the Court seeking allowance of its fees

and costs to be paid from property of the Operating Debtors' estates.  At the

conclusion of the Cases, the Firm will file an appropriate application seeking final

allowance of all fees and costs, regardless of whether interim compensation has

been paid to the Firm.  Upon allowance of such fees and costs, the Firm will seek

compensation from the Operating Debtors for the difference between the interim

compensation paid to the Firm and the amounts allowed.

8.      No Fee Sharing Arrangement.  There has been no agreement or

arrangement between the Firm and any other party regarding the payment of the

Firm's fees and expenses in the Cases incurred in connection with representing the

Debtors.  The Firm has not shared or agreed to share any compensation to be

1   received in the Cases with any other person, except as among members of the

2   Firm.

**E.**    **The Firm is a Disinterested Party, and Should be Employed as**

      **Accountant in the Cases**

To the best of the Debtors' knowledge, based upon the accompanying Gough Declaration, the Firm and its principals and employees are disinterested persons who do not hold or represent an interest adverse to the Debtors' estates and do not have any material connection with the Debtors, their creditors, or any other party in interest in the Cases or with the Debtors' respective attorneys or accountants.

The Firm believes that it is a disinterested party, but discloses the following in an abundance of caution:

a)    The Firm was engaged in September 2015 to provide tax consulting services for the Debtors and received a total retainer amount of $65,000. Time incurred against the retainer during the period September 10, 2015 through October 31, 2015, totaled $49,913.13, leaving an unused balance of $15,086.87;

b)    The Firm was engaged by the Debtors on July 26, 2013 to provide tax consulting services regarding the merger and acquisition of Press Enterprises. During the period July 26, 2013 through October 2013, the Firm incurred $48,000 in time and billing and to date has been paid $15,000, leaving an unpaid balance of $33,000. The Firm has waived this pre-petition claim and will not be seeking payment of this outstanding debt.

c)    The Firm is not an equity security holder or an insider of the Debtors.

d)    The Firm is not and was not an investment banker for any outstanding security of the Debtors.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1053751

9

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

e)    The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtors.

f)    The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

g)    The Firm has no interest materially adverse to the interests of the Debtors' estates or of any class of creditors in the Debtors' estates, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

h)    The Firm is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14).

i)    The Firm did not receive a post-petition retainer in these Cases.

j)    To the best of the Debtors' knowledge, and as set forth in the Gough Declaration, the Firm's principals and employees are not related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

III.    **CONCLUSION**

**WHEREFORE**, the Debtors request that the Court enter an order:

A.    Granting the Debtors' Application in its entirety;

B.    Authorizing the Debtors, based upon the foregoing and pursuant to section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules, to employ the Firm as their accountant, *nunc pro tunc* as of December 7, 2015, on the terms set forth herein;

C.    Approving the modified fee application procedures set forth herein;

1      D.      Authorizing the Firm to be paid pursuant to the Budget in accordance with

2  the modified fee application procedures set forth herein; and

3      E.      Granting to the Debtors such other and further relief as may be just and

4  proper under the circumstances.

Respectfully submitted,

Dated: January 8, 2016

FREEDOM COMMUNICATIONS, INC., a
Delaware corporation, *et al.*

By: _____
     Richard E. Mirman
     Chief Executive Officer

Submitted by:

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: _____
     William N.  Lobel
     Alan J. Friedman
     Beth E. Gaschen
     Christopher J. Green
Reorganization Counsel for
Debtors and Debtors-in-Possession

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1053751

APPLICATION TO EMPLOY
SQUAR MILNER

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    The Bankruptcy Code Authorizes the Debtors to Employ Professionals**

Section 327 the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a chapter 11 case. *See* 11 U.S.C. § 1107(a).

The term, "disinterested person," as used in section 327 of the Bankruptcy Code, is defined as, among other things, a person that is not a creditor, equity security holder, or insider of the debtor, and who does not have an interest materially adverse to the interests of the debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to the debtor, or for any other reason. *See* 11 U.S.C. § 101(14). Bankruptcy Rule 2014 mandates that a professional seeking approval of its employment by the bankruptcy estate must disclose ". . . any proposed arrangement for compensation . . ." and ". . . all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States Trustee. . . ." Fed. R. Bankr. P. 2014. All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed. The professional is required to make a full, candid, and complete disclosure in its application for employment. *See In re Lotus Properties LP*, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) (citing *In re Park Helena Corp.*, 63 F.3d 877, 880-82 (9th Cir. 1995)); *In re Gire*, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed. R. Bankr. P. 2014.

In the Cases, the Firm has complied fully with the disclosure requirements set forth in the Bankruptcy Code and Bankruptcy Rules. By the attached Gough Declaration, the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Firm has provided a full and complete disclosure of the relevant facts which demonstrates

2  that the Firm has satisfied all of the requirements imposed by the Bankruptcy Code and

3  Bankruptcy Rules for employment in the Cases.  Neither the Firm nor its principals or

4  employees holds any interest materially adverse to the interests of the Debtors.  As set

5  forth in the Gough Declaration, presently, there is no known conflict or issue among the

6  Debtors and any of their creditors or parties-in-interest that would create a materially

7  adverse interest.

8      Therefore, since the Firm's above disclosure satisfies the requirements for

9  employment in the Cases, and the Firm is a "disinterested" professional, this Court may

10  authorize the proposed employment of the Firm pursuant to section 327(a) of the

11  Bankruptcy Code.

12  **B.**      **The Monthly Fee Statement Procedure Proposed By the Firm Is**

13          **Appropriate And Should Be Approved By This Court**

14      Where adequate safeguards are taken, a bankruptcy court may authorize a fee

15  payment procedure whereby professionals employed by the debtor will be paid each

16  month without prior court approval of billing statements.  *See In re Knudsen Corp.*, 84

17  B.R. 668, 671 (B.A.P. 9th Cir. 1988).  In *Knudsen Group*, the court held that "where the

18  court can make the following findings, a fee retainer procedure providing for periodic post-

19  petition payments without prior court approval of the payments may be authorized:

20          1. The case is an unusually large one in which an exceptionally
21          large amount of fees accrue each month;

22          2. The court is convinced that waiting an extended period for
          payment would place an undue hardship on counsel;

23          3. The court is certain that fees paid but not allowed can, if
          necessary, be recovered; and

24
25          4. The fee retainer procedure is, itself, the subject of a noticed
          hearing prior to any payment thereunder.

26  *Id.* at 673-74.

27

28  1053751                                13

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626-1925
Tel 714-966-1000 • Fax 714-966-1002

APPLICATION TO EMPLOY
SQUAR MILNER

1    Courts typically authorize post-petition payment without prior court approval where,

2  as here, (1) the professional's monthly fee statements (with exhibit) are served on the

3  debtor and the Office of the United States Trustee, and are served (without exhibit) on the

4  20 largest creditors or the creditors' committee (if one is appointed) and committee

5  counsel (if any), and parties that have filed with the Court a request for special notice,

6  (2) the noticed parties have 10 days to file a written objection and obtain a hearing, and

7  (3) approximately every four months, the professional is required to file an application with

8  the court for allowance of fees and expenses paid by the debtor.

9    In the Cases, the facts justify the authorization of the monthly fee statement

10  procedure approved by the Bankruptcy Appellate Panel in *Knudsen Group*. First, no

11  portion of any payment to the Firm pursuant to the monthly payment procedure provided

12  for herein will be deemed to have been allowed by the Court unless and until such time as

13  the Court enters an order expressly allowing such fees and costs. Second, the Firm has

14  sufficient resources with which to respond to any reassessment of fees or expenses

15  imposed by this Court. Third, the monthly payment procedure requested by the

16  Application allows for ample scrutiny of the Firm's fees and costs by the Debtors, the

17  United States Trustee, the Committee, the Committee's counsel and all parties that have

18  filed with the Court a request for special notice. Fourth, this Application and the proposed

19  compensation procedures are subject to notice and an opportunity for a hearing, if a party

20  finds them objectionable. Moreover, any professional fees and expenses will be subject

21  to Court review as appropriate. Based upon the foregoing, no party in interest will be

22  impaired by the proposed monthly payment procedures.

23    Thus, the payment procedure provided for in the Application is fair and in

24  accordance with the decision of the Bankruptcy Appellate Panel in the *Knudsen Group*

25  case, and serves to alleviate the hardship that the Firm would suffer if it were required to

26  perform services to the Debtors and wait an extended period of time for payment in the

27  Cases.

28
1053751                              14                    APPLICATION TO EMPLOY
                                                              SQUAR MILNER

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1

## CONCLUSION

2      Based upon the foregoing, the Debtors respectfully request that the Court enter an

3 order authorizing the Debtors to employ the Firm as their accountant, *nunc pro tunc* as of

4 December 7, 2015, on the terms and conditions set forth herein.

5 Dated: January 8, 2016

      Respectfully submitted,
6       FREEDOM COMMUNICATIONS, INC., a
      Delaware corporation, *et al.*

7

8       By: _____
      Richard E. Mitman
9       Chief Executive Officer

10 Submitted by:

11 LOBEL WEILAND GOLDEN FRIEDMAN LLP

12

13 By: _____
    William N. Lobel
14     Alan J. Friedman
    Beth E. Gaschen
15 Reorganization Counsel for
Debtors and Debtors-in-Possession

16

17

18

19

20

21

22

23

24

25

26

27

28

1053751

APPLICATION TO EMPLOY
SQUAR MILNER

*(side margin)* Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## DECLARATION OF KATHERINE GOUGH

I, Katherine Gough, hereby declare that, if called as a witness in this matter, I could and would testify competently of my own personal knowledge as follows:

1.       I am a Partner in the Forensic/Bankruptcy/Litigation Support Practice of Squar Milner (the "Firm"), located at 4100 Newport Place Drive Suite 600, Newport Beach, California.

2.       Subject to the Court's approval, the Firm has been retained as accountant for the purpose of providing tax consulting services in the chapter 11 cases of Freedom Communications, Inc., a Delaware corporation ("Freedom Communications") and each of its related debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors" and each a "Debtor").

3.       I offer this Declaration in support of the Application of the Debtors and Debtors-in-Possession to Employ Squar Milner as Accountant (the "Application").  The Application seeks an order authorizing the Firm's retention as the Debtors' accountant in these Cases, *nunc pro tunc* as of December 7, 2015.

4.       This Declaration is also submitted as the statement required by Section 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Central District of California (the "Local Rules").

5.       I have read the Application.  Except where noted, I have personal knowledge of the facts stated herein, and would competently testify thereto if sworn as a witness, except as to those matters stated on information and belief, which I believe to be true.

6.       The Letter of Engagement (the "Engagement Agreement") entered into with the Debtors is attached hereto as Exhibit "1" and incorporated herein by this reference.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

APPLICATION TO EMPLOY
SQUAR MILNER

7.     The resume of the Firm's bankruptcy and litigation consulting practice is attached hereto as Exhibit "2" and incorporated herein by this reference.

8.     Subject to Court approval, the Debtors have retained the Firm to serve as their accountant *nunc pro tunc* as of December 7, 2015, to provide the Debtors with any and all tax consulting and accounting consulting services as may become necessary or advisable in these Cases.  In connection with the Firm's employment by the Debtors, the services that the Firm has and will continue to render to the Debtors include tax consulting services in connection with any potential transaction, investment, restructuring or liquidity event.  Such services may include tax implications related to, but are not limited to, the following:

(a)     Debt restructuring including any cancellation of indebtedness;

(b)     Tax attribute (e.g., loss carryforwards, tax basis, etc.) reduction;

(c)     Stock for debt exchange considerations, if any;

(d)     Reorganization or investment structuring;

(e)     Asset sales; and

(f)     To perform such additional accounting functions and render such additional accounting services as the Debtors and their general insolvency counsel deem necessary and appropriate in connection with the administration of these cases.

I believe that the Firm is qualified to perform these duties.

9.     None of the services that the Firm will render in connection with the Cases will be duplicative of the services rendered by any of the other professionals employed by the Debtors in the Cases.

10.     The Firm has agreed to accept as compensation for its services such sums as may be allowed by the Court, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.  Subject to the provisions of the Bankruptcy Code, the Bankruptcy

APPLICATION TO EMPLOY
SQUAR MILNER

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Rules, the Local Rules and all orders of the Court, the Debtors propose to pay the Firm its

2  customary hourly rates for services rendered, which may be subject to adjustment from

3  time to time.  The customary hourly rates of anticipated team members for this

4  engagement currently range from $140.00 to $650.00 per hour.  In addition, the Firm will

5  be reimbursed for its actual, out-of-pocket expenses.  The Firm will provide notice of any

6  rate increases to the Debtors, the United States Trustee, and the Court.  The Firm

7  endorses and requests that fees be paid on a monthly basis per the *Knudsen* rule as the

8  delay in payment would cause the Firm hardship.

9        11.      Other than the terms set forth herein, there has been no agreement or

10  arrangement between the Firm and any other party regarding the payment of the Firm's

11  fees and expenses in these bankruptcy cases.

12        12.      The Firm was engaged in September 2015 to provide tax consulting

13  services for the Debtors and received a total pre-petition retainer amount of $65,000 (the

14  "Retainer").  Time incurred against the retainer during the period September 10, 2015,

15  through October 31, 2015, totaled $49,913.13, leaving an unused balance of $15,086.87.

16        13.      I am informed that pursuant to the Amended DIP Financing Order, the Court

17  approved the Budget, which provides for the Debtors' professionals to be paid for their

18  services on a monthly basis.  Therefore, once the Retainer is exhausted, the Firm may be

19  paid pursuant to the Budget in accordance with the modified fee application procedures

20  described below.  Accordingly, I believe that the Firm may be paid pursuant to the Budget

21  in accordance with the modified fee application procedures described below.

22        13.      Subject to the following, the Application requests that the Firm be authorized

23  to be paid on a monthly basis, first by drawing down the balance of the Retainer, and

24  second pursuant to the Budget.  In compliance with the Guide to Applications for

25  Employment of Professionals and Treatment of Retainers promulgated by the Office of the

26  United States Trustee (the "Employment Guide"), the Firm will serve a monthly fee

27  statement upon the Debtors, the United States Trustee, the Committee, the Committee's

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1053751

18

APPLICATION TO EMPLOY
SQUAR MILNER

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  counsel, and on those parties that have filed with the Court a request for special notice. If

2  no written objection is filed with respect to the Firm's monthly statement within ten (10)

3  days after the service of such invoice on the various parties referenced above, the Firm

4  will first draw down from the remaining balance of the Retainer the amount of its monthly

5  statement(s). Once the Retainer is exhausted, the Firm will be paid the amount of its

6  monthly statement pursuant to the Court-approved Budget less a 20% holdback of the

7  fees incurred. However, if a written objection to the Firm's monthly statement is filed, the

8  Firm will not be paid the disputed funds until the objection has been resolved.

9      14.    The Firm intends to apply to this Court for compensation in conformity with

10  the requirements of sections 327, 330 and 331 of the Bankruptcy Code. The Firm

11  understands that its compensation in the Cases will be subject to the approval of the

12  Court. No funds paid pursuant to the Budget in accordance with the proposed monthly

13  payment procedure will be deemed to be allowed by the Court until approval is obtained

14  through the fee application process.

15      15.    In connection therewith, not more frequently than every four (4) months, the

16  Firm will file an application with the Court seeking allowance of its fees and costs from

17  property of the Debtors' estates. At the conclusion of the Cases, the Firm will file an

18  appropriate application seeking final allowance of all fees and costs, regardless of

19  whether interim compensation has been paid to the Firm. Upon allowance of such fees

20  and costs, the Firm will seek compensation from the Operating Debtors for the difference

21  between the amounts allowed and any interim compensation paid to the Firm.

22      16.    The Firm has not shared or agreed to share any compensation to be

23  received in the Cases with any other person, except as among members of the Firm.

24      17.    In an effort to identify any existing or prior representations of the Firm that

25  might prevent it from being a disinterested person with regard to the representation

26  proposed in the Application, the Firm performed a conflicts check with respect to the

27  relevant parties. Based on this review, the Firm makes the following disclosures with

28

1   respect to its representation of the Debtors, and references to the Firm include its principal

2   and employees thereof who are expected to render services in these cases:

3        •   The Firm was engaged in September 2015 to provide tax consulting

4            services for the Debtors and received a total retainer amount of $65,000.

5            Time incurred against the retainer during the period September 10, 2015

6            through October 31, 2015, totaled $49,913.13, leaving an unused balance of

7            $15,086.87.

8        •   The Firm was engaged by the Debtors on July 26, 2013 to provide tax

9            consulting services regarding the merger and acquisition of Press

10           Enterprises.  During the period July 26, 2013 through October 2013, the

11           Firm incurred $48,000 in time and billing and to date has been paid $15,000,

12           leaving an unpaid balance of $33,000.  The Firm has waived this pre-petition

13           claim and will not be seeking payment of this outstanding debt.

14       •   The Firm is not an equity security holder or an insider of the Debtors.

15       •   The Firm is not and was not an investment banker for any outstanding

16           security of the Debtors.

17       •   The Firm has not been within three (3) years before the date of the filing of

18           the petition herein, an investment banker for a security of the Debtors, or an

19           attorney for such an investment banker in connection with the offer, sale or

20           issuance of any security of Debtors.

21       •   The Firm is not and was not, within two (2) years before the date of the filing

22           of the petition herein, a director, officer or employee of the Debtors or of any

23           investment banker for any security of the Debtors.

24       •   The Firm has no interest materially adverse to the interests of the Debtors'

25           estates or of any class of creditors in the Debtors' estates, either by reason

26           of any direct or indirect relationship to, connection with, or interest in the

27           Debtors or for any other reason.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

20

- The Firm is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14).
- The Firm did not receive a post-petition retainer in the Cases.
- The Firm's principals and employees are not related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

18.    Attached hereto as Exhibit "3" is a copy of the "Notice of Application of the Debtors and Debtors-In-Possession to Employ Squar Milner as Accountant (the "Notice"), which is being filed with the Court concurrently herewith and which was served on the Debtors, the United States Trustee, the consolidated 30 largest creditors, the Committee and the Committee's counsel, secured creditors and their counsel, and those parties that have filed with the Court a request for special notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of January, 2016, at Newport Beach, California.

KATHERINE GOUGH

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1053751

21

APPLICATION TO EMPLOY
SQUAR MILNER

# EXHIBIT "1"

**squarmilner**

Certified Public Accountants
and Financial Advisors

September 10, 2015

**Mr. Rich E. Mirman, CEO**
**2100 Freedom, Inc.**
625 Grand Avenue
Santa Ana, CA  92701

Re:    Engagement Agreement for Tax Consulting Services

Dear Mr. Mirman:

We appreciate the opportunity to provide tax consulting services to 2100 Freedom, Inc., Freedom Communications, Inc. and its affiliated entities (referred to herein as the "Company"). This letter is to confirm the terms of Squar Milner LLP's ("Squar Milner") engagement with you, and to clarify the nature and extent of the services we will provide.

*Summary of Our Services:*

Our engagement will be designed to provide tax consulting services in connection with any potential transaction, investment, restructuring or liquidity event, including a potential Chapter 11 filing, the Company is considering, as requested, and such additional consulting or compliance services as may be agreed to by the Company and Squar Milner, or as provided for in Exhibit A, which is incorporated herein by reference. These services may include tax implications related to, but are not limited to, the following:

- Debt restructuring including any cancellation of indebtedness
- Tax attribute (e.g., loss carryforwards, tax basis, etc.) reduction
- Stock for debt exchange considerations, if any
- Reorganization or investment structuring
- Asset sales
- Other as requested

We will not audit or otherwise verify the data submitted by you that may be used in our calculations and planning, although we may ask for a clarification of some of the information, or for additional information as we consider necessary. Our work on this engagement does not include any procedures designed to discover defalcations or other irregularities, should any exist.

*Fees and Billing Procedures:*

We require a retainer prior to starting work. A retainer of $$25,000 is required, which will be applied to current billings as registered. In the event the retainer is exhausted during the engagement, we will require one or more additional advance retainer fee deposits. The amount of the additional retainer will depend on the amount of the work remaining. In the event that the work is in progress when the initial retainer or additional retainers are exhausted, there will be no obligation on our part to continue with this engagement until additional retainer fee deposits have been received. This retainer is not an estimate of

Mr. Rich E. Mirman, CEO
2100 Freedom, Inc.
September 10, 2015
Page 2

the total cost of the engagement. The retainer will be deposited into our general account and may be commingled with our other funds. No interest shall accrue or be paid on the funds held as a retainer.

The fees for our services will be based upon the amount of time required at our standard billing rates which are subject to change without notice (see attached Schedule of Hourly Rates at Exhibit B). In addition to our standard rates, we will also bill an amount that represents our standard charge for administration equal to 6% of the fees billed, plus out-of-pocket expenses, if any. Payments for services are due when rendered and interim billings may be submitted as work progresses and expenses are incurred. If payment is not received within 30 days from the date of invoice, such invoice will be considered past due. Past due invoices are subject to the lesser of our current monthly late charge (1.25% per month), which is subject to change, or the maximum charge permitted by applicable law. Failure to remit payment for past due services may result in deferral of further work or termination of agreement. In the event collection procedures are required, the Company is responsible for expenses of collection, including attorneys' fees.

Except as expressly provided herein, this engagement letter does not modify the terms or provisions of any other engagement letter for professional services which was agreed to prior to the date noted below.

If any of the above provisions (or those included in the attached Exhibit A) is determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

We want to express our appreciation for this opportunity to work with you. If the foregoing fairly sets forth your understanding, please sign this letter in the space indicated and return it to our office. If you have any questions or comments regarding the terms of this Agreement, please do not hesitate to contact us.

Sincerely,

**SQUAR MILNER LLP**

*Squar Milner LLP*

**Arnold A. McClellan**
**Partner**

Enclosures

AAM:plp

Mr. Rich E. Mirman, CEO
2100 Freedom, Inc.
September 10, 2015
Page 3

BY ACKNOWLEDGING AND ACCEPTING THE TERMS AND CONDITIONS OF THIS AGREEMENT WITH YOUR SIGNATURE BELOW, YOU ARE ACKNOWLEDGING THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THE ADDITIONAL TERMS AND CONDITIONS SET FORTH IN EXHIBIT A ATTACHED HERETO.

**2100 Freedom, Inc.**

By: _____     Date: _9/11/15_____
Rich E. Mirman
CEO



## EXHIBIT A

The following terms and conditions set forth below in this Exhibit are in addition to those set forth in the previous pages and are part of this Agreement entered into between you and Squar Milner.

*Confidential Communications:*

Federal law has extended the attorney-client privilege to some, but not all, communications between a client and the client's CPA. The privilege applies only to non-criminal tax matters that are before the IRS or brought by or against the U.S. Government in a federal court. The communications must be made in connection with tax advice. Communications solely concerning the preparation of a tax return will not be privileged.

In addition, your confidentiality privilege can be inadvertently waived if you discuss the contents of any privileged communication with a third party, such as a lending institution, a friend, or a business associate. We recommend that you contact us before releasing any privileged information to a third party.

If we are asked to disclose any privileged communication, unless we are required to disclose the communication by law, we will not provide such disclosure until you have had the opportunity to argue that the communication is privileged. You agree to pay any and all reasonable expenses that we incur, including legal fees, that are a result of attempts to protect any communication as privileged.

*Privacy and Electronic Communications:*

This letter shall serve as your authorization for the use of e-mail and other electronic methods to send and receive information, including confidential information, between Squar Milner and the Company and between Squar Milner and any outside specialists or other entities/persons engaged by either the Company or Squar Milner. The Company acknowledges that e-mail travels over the public internet, which is not always a secure means of communication; thus, the confidentiality of the transmitted information could be compromised through no fault of ours. We will employ commercially reasonable efforts and take appropriate precautions to protect the privacy and confidentiality of the transmitted information described in this paragraph.

In accordance with federal law, absent your written consent, with respect to your tax return information, we will not disclose this information to third parties for purposes other than the preparation and filing of your tax return(s).

*Record Retention:*

It is our policy to keep records related to this engagement for seven (7) years. However, Squar Milner does not keep any original client records, so we will return those to you at the completion of the services rendered under this engagement. When records are returned to you, it is your responsibility to retain and protect your records for possible future use, including potential examination by any government or regulatory agencies.

*Subpoena or Summons for Information in Squar Milner's Possession:*

If, in relation to pending or possible litigation, a regulatory investigation/informal inquiry, or an administrative, arbitration or similar proceeding to which Squar Milner is not a party, we receive a validly issued and enforceable subpoena or summons requesting that we (1) produce any of our workpapers or other documents in our possession relating to this (or a prior or future) engagement, (2) provide other information about any such engagement, and/or (3) testify about any such engagement, we will notify the Company prior to responding to it if we are legally allowed to do so. If the Company does not take any legal action within the time permitted for us to respond, or if such action does not result in a judicial order protecting us from

providing the requested documents and/or information, we may construe the inaction or failure as your consent to comply with such request. Under these circumstances, we will release the requested documents and/or provide the requested information.

If the above occurs, our efforts to comply with such demands or requests will be deemed a separate engagement and accordingly we shall be entitled to compensation for our time and reimbursement of our reasonable out-of-pocket expenses (including any legal fees) in complying with any such demand or request. However, nothing discussed herein is intended to relieve us of our duty (except as otherwise required by applicable law) to observe the confidentiality requirements of the public accounting profession in the United States of America.

### Limiting Language:

In recognition of the relative risks and benefits of this agreement to both you and Squar Milner, you agree, to the fullest extent permitted by law, that Squar Milner will not be liable for any and all claims, losses, costs and damages of any nature whatsoever arising out of or in connection with any services provided to you in an amount greater than the amount of fees actually paid to us with respect to the services directly relating to and forming the basis of such claim, loss, cost or damage. Furthermore, in no event shall we be liable to you for punitive damages in connection with services provided.

During the course of the services described above, Squar Milner will utilize information developed from your records. We will rely upon you for the accuracy and completeness of its records, as well as all other information supplied by you, including oral and written representations by you and your representatives. You agree to release, indemnify, and hold Squar Milner, its partners, heirs, executors, personal representatives, successors and assigns, harmless from any liability for any damages or costs, including attorney fees resulting from, in whole or part, fraud caused by or participated in, or from knowing misrepresentations by the Company and its representatives.

### Termination of Services:

The Company may terminate our services at any time, with or without cause. However, the Company shall still be required to pay our invoices for services rendered up through the date of termination. We may terminate or suspend our services for non-payment of our fees or by reason of professional considerations, which in our judgment make it inappropriate to continue the engagement.

### Fee Disputes:

With the sole exception of a fee dispute of less than $50,000 (referenced below), any dispute, claim, controversy, complaint or cross-complaint in any manner arising from or related to, or asserted as an off-set against amounts charged under, this agreement, shall be submitted to resolution by arbitration before the Orange County office of JAMS/Endispute. Arbitration shall be binding and final. The arbitration shall by governed by JAMS' Comprehensive Arbitration Rules and Procedures. In agreeing to arbitration, we both acknowledge that in the event of a dispute over fees in excess of $50,000, each of us is giving up the right to have the dispute decided in a court of law before a judge or jury, as well as any right to appeal, and instead are accepting the use of binding arbitration for resolution. The arbitrator may, in the award, allocate in whole or in part the fees and costs of the arbitration, including the fees of the arbitrator, and order in whole or in part recovery of the reasonable attorneys' fees of the prevailing party. The arbitrator shall not have authority to award punitive damages, any claim for which is hereby waived. The arbitrator may not award non-monetary or equitable relief of any sort. In no event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitrator have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction. All aspects of the arbitration shall be treated as confidential. Neither the parties nor the arbitrator may disclose the existence, content or results of the

arbitration, except as necessary to comply with legal or regulatory requirements. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests. Judgment on the award may be entered by any court having appropriate jurisdiction.

For a dispute involving solely a dispute of fees of $50,000 or less, we agree to resolve the matter in the Superior Court of Orange County or Small Claims Court, whichever is appropriate (this exception shall not affect the fact that any other or additional dispute, claim, controversy, complaint or cross-complaint shall be arbitrated in accordance with the terms set forth above).

### Other Matters:

Please be aware that the tax services described in this letter are not an engagement for a formal written tax opinion. Any tax advice that we provide, unless pursuant to a formal written tax opinion that is on our letterhead and is identified as a formal tax opinion, constitutes informal tax advice based upon such information you have provided or that we have obtained without the formalities of written representations or other verification, and without authoritative research or consultation with legal and other tax experts on our part. Informal tax advice is not to be used for the purpose of avoiding tax penalties or for the purpose of promoting, marketing or recommending to another party any transaction or matter upon which we may provide informal advice. We will be pleased to prepare a formal, written tax opinion at your request, but only after we reach a formal written agreement in an engagement letter expressly written for that purpose that identifies the intended use of the formal tax opinion. We will require that you countersign and return to us any such Engagement Letter before we undertake to provide a formal written tax opinion.

The Internal Revenue Code and regulations impose preparation and disclosure standards with non-compliance penalties on both the preparer of a tax return and on the taxpayer. To avoid exposure to these penalties, it may be necessary in some cases to make certain disclosures to you and/or in the tax return concerning positions taken on the return that don't meet these standards. Accordingly, we may discuss tax positions that may increase the risk of exposure to penalties and any recommended disclosures with you before completing the preparation of the return. If we conclude that we are obligated to disclose a position and you refuse to permit the disclosure, we reserve the right to withdraw from the engagement and you agree to compensate us for our services through the date of withdrawal. Our engagement with you will terminate upon our withdrawal.

The Company and any of its affiliates recognize that Squar Milner has incurred a great deal of time and expense in acquiring and training its staff. If the Company or any of its affiliates hires (either as an employee or as an independent contractor) any Squar Milner employee who has worked on this engagement in the six month period prior to hiring, the Company will pay Squar Milner 60% of that employee's projected first year compensation upon hire of the Squar Milner employee.

Squar Milner is a limited liability partnership comprised of both certified public accountants and certain principals who are not currently licensed as CPAs. Such principals may provide some or all of the services described in this engagement letter.

Squar Milner is an independent member of PKF North America, which is a member of PKF International ("PKF"). PKF is a worldwide association of legally independent member firms that provides local expertise in accounting and business advisory services. Neither the other member firms nor PKF is responsible or accept any liability for the work or advice which Squar Milner provides to its clients. In signing and returning to us the enclosed copy of this engagement letter, you acknowledge and accept that such other member firms and PKF do not owe the Company any duty in relation to the work or advice which we will from time to time provide to the Company or are required to provide to the Company.

Exhibit A, Page 3 of 3



## EXHIBIT B

## SCHEDULE OF HOURLY RATES
(Effective July 1, 2015)

| | | | |
|---|---|---|---|
| Partners | $ | 350.00 to | $650.00 |
| Managers | $ | 235.00 to | $435.00 |
| Seniors | $ | 165.00 to | $275.00 |
| Professional Staff | $ | 140.00 to | $215.00 |
| Administration | $ | 50.00 to | $250.00 |

Administrative fees and out-of-pocket expenses apply in addition to the above hourly rate
(Note:  Rates are subject to change without notice)

# EXHIBIT "2"





# Forensic/Bankruptcy/Litigation Support

Squar Milner has an outstanding reputation in providing forensic (investigative) analysis, litigation support and expert testimony, and bankruptcy services. We have been involved in many high profile cases and routinely provide services to attorneys, trustees, receivers, creditor committees, secured creditors and other parties in interest.

Team members include CPAs, attorneys, MBAs, fraud examiners, receivers and a Bankruptcy Trustee.

Services include:

- Forensic and fraud investigations

- Mediation

- Lost profits and earnings

- Analysis for, and negotiations with, various regulatory bodies including the IRS, SEC and FTC

- Analysis of preferences and fraudulent transfers

- Development of disclosure statements and plans of reorganization

- Reorganization plan feasibility and interest rate analysis

- Professional malpractice

- Real estate litigation

- Auditing and accounting matters

- Securities litigation and arbitration

# EXHIBIT "3"

1 | William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
2 | Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
3 | Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
4 | Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
5 | **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
6 | Costa Mesa, California 92626
Telephone      714-966-1000
7 | Facsimile      714-966-1002

8 | Reorganization Counsel for
Debtors and Debtors-in-Possession

*(sidebar, left margin: Lobel Weiland Golden Friedman LLP, 650 Town Center Drive, Suite 950, Costa Mesa, California 92626, Tel 714-966-1000 • Fax 714-966-1002)*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FREEDOM COMMUNICATIONS, INC., a<br>Delaware corporation, *et al.*,[1]<br><br>                Debtors and<br>                Debtors-in-Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ Freedom Communications, Inc., a Delaware<br>corporation, ONLY<br><br>☐ Freedom Communications Holdings, Inc., a<br>Delaware corporation, ONLY | Case No. 8:15-bk-15311-MW<br>Chapter 11<br><br>(Jointly Administered With Case Nos.<br>8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-<br>15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-<br>MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW;<br>8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-<br>15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-<br>MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW;<br>8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-<br>15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-<br>MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW;<br>8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-<br>15343-MW) |

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc. (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610); Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735); Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona, Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom SPV IV, LLC (8500); and Freedom SPV V, LLC (9036). The Debtors' mailing address is 625 N. Grand Avenue, Santa Ana, California 92701.

#1053579                    1                    NOTICE OF EMPLOYMENT APPLICATION

☐ Freedom Services, Inc., a Delaware corporation, ONLY

☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

☐ OCR Community Publications, Inc., a California corporation, ONLY

☐ Daily Press, LLC, a California limited liability company, ONLY

☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

☐ Freedom Newspapers, a Texas general partnership, ONLY

☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

☐ OCR Information Marketing, Inc., a California corporation, ONLY

☐ Odessa American, a Texas general partnership, ONLY

☐ Orange County Register Communications, Inc., a California corporation, ONLY

☐ Victor Valley Publishing Company, a California corporation, ONLY

☐ Victorville Publishing Company, a California limited partnership, ONLY

**NOTICE OF APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION TO EMPLOY SQUAR MILNER AS ACCOUNTANT, *NUNC PRO TUNC* AS OF DECEMBER 7, 2015**

[No hearing required pursuant to Local Bankruptcy Rule 2014-1(b)(1)]

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

#1053579

1   ☐ Freedom SPV II, LLC, a Delaware limited
2   liability company, ONLY

3   ☐ Freedom SPV VI, LLC, a Delaware limited
  liability company, ONLY
4
  ☐ Freedom SPV I, LLC, a Delaware limited
5   liability company, ONLY

6   ☐ Freedom SPV IV, LLC, a Delaware limited
  liability company, ONLY
7
  ☐ Freedom SPV V, LLC, a Delaware limited
8   liability company, ONLY

9

10     **TO ALL INTERESTED PARTIES:**

11     **PLEASE TAKE NOTICE** that pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

12 and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Central District of California (the "Local Rules"), Freedom Communications, Inc., a Delaware corporation ("Freedom

13 Communications") and each of its related debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors" and each a "Debtor"), have filed with the Court the *Application of Debtors and*

14 *Debtors-in-Possession to Employ Squar Milner as Accountant, Nunc Pro Tunc as of December 7, 2015; Memorandum of Points and Authorities; Declaration of Katherine Gough in Support Thereof* (the

15 "Application").[2]

16     On November 1, 2015 and November 2, 2015, as applicable to each Debtor (Collectively, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy

17 Code in the United States Bankruptcy Court for the Central District of California (the "Court"). The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections

18 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner. On November 10, 2015, the United States Trustee appointed a Joint Committee of Creditors holding

19 unsecured claims (the "Committee") in the cases of: (1) Freedom Communications, Inc., 8:15-bk-15311-MW; (2) Freedom Communications Holdings, Inc., 8:15-bk-15312-MW; (3) Freedom Services, Inc., 8:15-

20 bk-15313-MW; and (4) OCR Community Publications, Inc., 8:15-bk-15316-MW.

21     By the Application, the Debtors seek to employ and retain Squar Milner (the "Firm") as their accountant for the purpose of providing tax consulting services, nunc pro tunc as of December 7, 2015, in

22 accordance with the terms of the Application and the engagement contract (the "Engagement Agreement"), a copy of which is attached to the Application.

23

24                 <u>Scope of Services</u>

25     The Debtors desire to retain the Firm to serve as their accountant, *nunc pro tunc* as of December 7, 2015, to provide the Debtors with any and all tax consulting and accounting consulting services as may

26 become necessary or advisable in these cases. In connection with the Firm's employment by the Debtors,

27     [2] Any term not specifically defined herein shall have the meaning set forth in the Application.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

the services that the Firm has and will continue to render to the Debtors include tax consulting services in connection with any potential transaction, investment, restructuring or liquidity event. Such services may include tax implications related to, but are not limited to, the following:

(a) Debt restructuring including any cancellation of indebtedness;
(b) Tax attribute (e.g., loss carryforwards, tax basis, etc.) reduction;
(c) Stock for debt exchange considerations, if any;
(d) Reorganization or investment structuring;
(e) Asset sales; and
(f) To perform such additional accounting functions and render such additional accounting services as the Debtors and their general insolvency counsel deem necessary and appropriate in connection with the administration of these cases.

None of the services that the Firm will render in connection with these cases will be duplicative of the services rendered by any of the other professionals employed in these cases.

## Proposed Compensation of the Firm

The terms of the Firm's employment agreed to by the Debtors, subject to approval of the Court, are as follows:

Hourly Fees and Expenses. The Firm has agreed to accept as compensation for its services such sums as may be allowed by the Court, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all orders of the Court, the Debtors propose to pay the Firm its customary hourly rates for services rendered, which may be subject to adjustment from time to time. The customary hourly rates of anticipated team members for this engagement currently range from $140.00 to $650.00 per hour. In addition, the Firm will be reimbursed for its actual, out-of-pocket expenses. The Firm will provide notice of any rate increases to the Debtors, the United States Trustee, and the Court.

Joint and Several Liability for Fees and Expenses. Pursuant to the *Order Granting Motion to Approve Joint Administration of Cases* entered November 2, 2015, [Docket No. 8], the Operating Debtors will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the Cases. All fees and costs will be charged to the lead case and only one joint fee application will be filed by the Firm.

Retainer. The Firm was engaged in September 2015 to provide tax consulting services for the Debtors and received a total pre-petition retainer amount of $65,000 (the "Retainer"). Time incurred against the retainer during the period September 10, 2015, through October 31, 2015, totaled $49,913.13, leaving an unused balance of $15,086.87.

Budget. Pursuant to the Amended Final Order Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Provide Adequate Protection to Prepetition Secured Parties, (D) Repay Certain Prepetition Secured Debt, and (E) Grant Related Relief, entered on December 17, 2015 (the "Amended DIP Financing Order"), the Court approved the Budget attached to the Amended DIP Financing Order, which provides for the Debtors' professionals to be paid for their services on a monthly basis. Therefore, once the Retainer is exhausted, the Firm may be paid pursuant to the Budget in accordance with the modified fee application procedures described below.

Modified Fee Application Procedures. The Debtors request that the Firm be authorized to be paid its fees and expenses on a monthly basis from the Retainer and, once the Retainer is exhausted, in accordance with the Budget, using the following modified fee application procedures. In compliance with the Guide to Applications for Employment of Professionals and Treatment of Retainers promulgated by the

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Office of the United States Trustee (the "Employment Guide"), the Firm will serve a monthly fee statement upon the Debtors, the United States Trustee, the Committee, the Committee's counsel, and on those parties that have requested special notice. If no written objection is filed with respect to the Firm's monthly statement within ten (10) days after the service of such invoice on the various parties referenced above, the Firm will first draw down from the remaining balance of the Retainer the amount of its monthly statement(s). Once the Retainer is exhausted, the Firm will be paid the amount of its monthly statement pursuant to the Court-approved Budget less a 20% holdback of the fees incurred. However, if a written objection to the Firm's monthly statement is filed, the Firm will not be paid the disputed amount until the objection has been resolved.

Application for Approval of Compensation. The Firm intends to apply to this Court for compensation in conformity with the requirements of sections 327, 330 and 331 of the Bankruptcy Code. The Firm understands that its compensation in the Cases will be subject to the approval of the Court. No funds paid pursuant to the Budget in accordance with the proposed monthly payment procedure will be deemed to be allowed by the Court until approval is obtained through the fee application process.

In connection therewith, not more frequently than every four (4) months, the Firm will file an application with the Court seeking allowance of its fees and costs paid from property of the Operating Debtors' estates. At the conclusion of the Cases, the Firm will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the Firm. Upon allowance of such fees and costs, the Firm will seek compensation from the Operating Debtors for the difference between the interim compensation paid to the Firm and the amounts allowed.

No Fee Sharing Arrangement. There has been no agreement or arrangement between the Firm and any other party regarding the payment of the Firm's fees and expenses in the Cases incurred in connection with representing the Debtors. The Firm has not shared or agreed to share any compensation to be received in the Cases with any other person, except as among members of the Firm.

### The Firm's Disinterestedness

To the best of the Debtors' knowledge, the Firm and its principals and employees are disinterested persons who do not hold or represent an interest adverse to the Debtors' estates and do not have any material connection with the Debtors, their creditors, or any other party in interest in the Cases or with the Debtors' respective attorneys or accountants.

The Firm believes that it is a disinterested party, but discloses the following in an abundance of caution:

a)  The Firm was engaged in September 2015 to provide tax consulting services for the Debtors and received a total retainer amount of $65,000. Time incurred against the retainer during the period September 10, 2015 through October 31, 2015, totaled $49,913.13, leaving an unused balance of $15,086.87;

b)  The Firm was engaged by the Debtors on July 26, 2013 to provide tax consulting services regarding the merger and acquisition of Press Enterprises. During the period July 26, 2013 through October 2013, the Firm incurred $48,000 in time and billing and to date has been paid $15,000, leaving an unpaid balance of $33,000. The Firm has waived this pre-petition claim and will not be seeking payment of this outstanding debt.

c)  The Firm is not an equity security holder or an insider of the Debtors.

d)  The Firm is not and was not an investment banker for any outstanding security of the Debtors.

e)  The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of Debtors.

f) The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

g) The Firm has no interest materially adverse to the interests of the Debtors' estates or of any class of creditors in the Debtors' estates, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

h) The Firm is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14).

i) The Firm did not receive a post-petition retainer in these Cases.

j) To the best of the Debtors' knowledge, the Firm's principals and employees are not related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that if you do not oppose the proposed employment of the Firm you need take no further action. In accordance with Local Bankruptcy Rule 2014-1(b)(3)(E), any opposition to the Application and request for hearing on the Application must be filed with the Court and served on the Office of the United States Trustee and Lobel Weiland Golden Friedman LLP, reorganization counsel for the Debtors, no later than 14 days from the date of service of this notice, in the form set forth in Local Bankruptcy Rule 9013-1(f)(1). Any objections not timely made may be deemed waived.

**PLEASE TAKE FURTHER NOTICE** that a complete copy of the Application may be obtained from Lori Gauthier, Senior Paralegal, Lobel Weiland Golden Friedman LLP, by email at lgauthier@lwgfllp.com, by mail at 650 Town Center Drive, Suite 950, Costa Mesa, California 92626, or by telephone at (714) 966-1000, or from the Clerk of the Bankruptcy Court.

Respectfully submitted,

Dated: January 7, 2016          LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: _____
           William N. Lobel
           Alan J. Friedman
           Beth E. Gaschen
           Christopher J. Green
           Reorganization Counsel for Debtors and Debtors-in-Possession

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

#1053579                              6        NOTICE OF EMPLOYMENT APPLICATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION TO EMPLOY SQUAR MILNER AS ACCOUNTANT, NUNC PRO TUNC AS OF DECEMBER 7, 2015; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KATHERINE GOUGH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 8, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 8, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Attorney Service
The Honorable Mark S. Wallace, United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Courtesy Bin, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/8/2016 | Lori Gauthier | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- James C Behrens    jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- Ron Bender    rb@lnbyb.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Caroline Djang    cdjang@rutan.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Robert J Feinstein    rfeinstein@pszjlaw.com
- Alan J Friedman    afriedman@wgllp.com,
  nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Seth Goldman    seth.goldman@mto.com
- Christopher J Green    cgreen@wgllp.com, chrisgreen@ucla.com;kadele@wgllp.com
- Michael J Hauser    michael.hauser@usdoj.gov
- M Jonathan Hayes    jhayes@srhlawfirm.com,
  roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.co
  m;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;sevan@srhlawfirm.com;caroly
  n@srhlawfirm.com
- Eric M Heller    eric.m.heller@irscounsel.treas.gov
- James O Johnston    jjohnston@jonesday.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- William N Lobel    wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- Aaron J Malo    amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- Ashley M McDow    amcdow@bakerlaw.com,
  mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- David W. Meadows    david@davidwmeadowslaw.com
- Reed M Mercado    rmercado@sheppardmullin.com
- Elizabeth L Musser    emusser@tresslerllp.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Ronak Patel    rpatel@co.riverside.ca.us, mdominguez@co.riverside.ca.us
- Courtney E Pozmantier    cpozmantier@greenbergglusker.com,
  kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- Christopher E Prince    cprince@lesnickprince.com
- Christopher O Rivas    crivas@reedsmith.com
- Jeremy E Rosenthal    jrosenthal@sidley.com
- Peter J Rudinskas    pjr.legal@gmail.com
- Leonard M Shulman    lshulman@shbllp.com
- David P Simonds    dsimonds@akingump.com, tsouthwell@akingump.com
- Sarah Stuppi    Sarah@stuppilaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1.PROOF.SERVICE

- Helena Tseregounis    htseregounis@sidley.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Monika S Wiener    mwiener@jonesday.com, kfloyd@jonesday.com
- Beth Ann R Young    bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE