1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Telephone    714-966-1000
7  Facsimile    714-966-1002

8  Attorneys for Debtors and Debtors-in-Possession

9               **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

                **SANTA ANA DIVISION**

11 | In re | Case No. 8:15-bk-15311-MW |
| --- | --- |
12 | FREEDOM COMMUNICATIONS, INC., *et al.*,[1] | Chapter 11 |
13 | | (Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; |
14 | Debtors and Debtors-in-Possession. | 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; |
15 | Affects: | 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; |
16 | ☒  All Debtors | 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; |
17 | ☐  Freedom Communications, Inc., a Delaware corporation, ONLY | 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; |
18 | | 8:15-bk-15332-MW; 8:15-bk-15337-MW; |
19 | ☐  Freedom Communications Holdings, Inc., a Delaware corporation, ONLY | 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |

20

21 _____

22     [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom
   Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc.
23 (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610);
   Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735);
24 Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom
   Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom
25 Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona,
   Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register
26 Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company
   (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom
27 SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand
   Avenue, Santa Ana, California 92701.

28

*Lobel Weiland Golden Friedman LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000 • Fax 714-966-1002*

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  ☐ Freedom Services, Inc., a Delaware corporation, ONLY

2  ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY

3  ☐ OCR Community Publications, Inc., a California corporation, ONLY

4

5  ☐ Daily Press, LLC, a California limited liability company, ONLY

6

7  ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

8

9  ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

10

11  ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

12  ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

13

14  ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

15  ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

16

17  ☐ Freedom Newspapers, a Texas general partnership, ONLY

18  ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

19

20  ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

21

22  ☐ OCR Information Marketing, Inc., a California corporation, ONLY

23  ☐ Odessa American, a Texas general partnership, ONLY

24

25  ☐ Orange County Register Communications, Inc., a California corporation, ONLY

26

27  ☐ Victor Valley Publishing Company, a California corporation, ONLY

28

**DEBTORS' MOTION FOR ORDER ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE OF BAR DATE; DECLARATION OF BETH E. GASCHEN IN SUPPORT THEREOF**

**[No Hearing Required Pursuant to LBR 9013-1(q)]**

1  ☐  Victorville Publishing Company, a
California limited partnership, ONLY

2  ☐  Freedom SPV II, LLC, a Delaware
3  limited liability company, ONLY

4  ☐  Freedom SPV VI, LLC, a Delaware
limited liability company, ONLY

5
6  ☐  Freedom SPV I, LLC, a Delaware
limited liability company, ONLY

7  ☐  Freedom SPV IV, LLC, a Delaware
limited liability company, ONLY

8
9  ☐  Freedom SPV V, LLC, a Delaware
limited liability company, ONLY

10

11  **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE,**

12  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED**

13  **PARTIES:**

14       Freedom Communications, Inc. and its related debtors and debtors-in-possession

15  in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move the

16  Court for entry of an order (i) establishing deadlines for filing proofs of claim ("Bar Date")

17  against the Debtors in these chapter 11 cases (the "Cases") and (ii) approving the form

18  and manner of notice thereof.

19       In support of this Motion, the Debtors rely on the Memorandum of Points and

20  Authorities and the Declaration of Beth E. Gaschen appended hereto, all other pleadings

21  and papers on file in the Cases, and any oral or documentary evidence that may be

22  properly presented to this Court at or before any hearing or ruling on the Motion, if a

23  hearing is required.

24  ///

25  ///

26  ///

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

1050088.2                          3          MOTION FOR ORDER SETTING BAR DATE

1    The Debtors submit that the relief requested herein is in the best interest of the

2    Debtors, their estates, creditors, stakeholders, and other parties-in-interest and therefore

3    should be granted.

4

5    Dated:  January 22, 2016                LOBEL WEILAND GOLDEN FRIEDMAN LLP

6

7                                     By:   /s/ Beth E. Gaschen

8                                           WILLIAM N. LOBEL
                                            ALAN J. FRIEDMAN

9                                           BETH E. GASCHEN
                                            CHRISTOPHER J. GREEN

10                                          Attorneys for Debtors and
                                            Debtors-in-Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In order to facilitate the process of resolving the Cases, the Debtors must quantify the claims against their estates.  Accordingly, the Debtors seek an order requiring all creditors to file a proof of claim ("Proof of Claim") on or before the applicable bar date, and further providing that all proofs of claims which are not filed by the applicable bar date are forever barred from participating in the Cases or receiving any distribution from the Debtors' estates.  The relief requested by this Motion is justified, and the notice period requested will provide all creditors and parties-in-interest with sufficient notice to protect their rights, if any.  Accordingly, entry of an order approving this Motion is warranted and in the best interests of the Debtors' estates.

### II.    FACTUAL BACKGROUND

The Debtors filed chapter 11 petitions on November 1, 2015 and November 2, 2015 (as applicable to each Debtor, the "Petition Date").  The Court authorized the joint administration of the Cases by order entered on November 2, 2015.  The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner.  On November 10, 2015, the United States Trustee appointed a Joint Committee of Creditors holding unsecured claims (the "Committee") in the cases of:  (1) Freedom Communications, Inc., 8:15-bk-15311-MW; (2) Freedom Communications Holdings, Inc., 8:15-bk-15312-MW; (3) Freedom Services, Inc., 8:15-bk-15313-MW; and (4) OCR Community Publications, Inc., 8:15-bk-15316-MW.  On December 23, 2015, the Debtors filed their respective Schedules and Statement of Financial Affairs (the "Schedules").

On January 19, 2016, this Court entered its order granting the Debtors' Application for Order Authorizing the Retention of Donlin, Recano & Company, Inc. ("Donlin Recano")

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 | as Noticing, Claims and Balloting Agent for Clerk of the Bankruptcy Court [Docket No.
2 | 322].

3

4 | **III.    RELIEF REQUESTED**

5 |     **A.    Establishment of Bar Dates**

6 |     Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy

7 | Rules") provides that the court shall fix and for cause shown may extend the time within

8 | which proofs of claim or interest may be filed.  Pursuant to Bankruptcy Rule 3003(c)(2),

9 | any creditor or equity security holder who asserts a claim against the debtor that arose

10 | prior to the petition date, and whose claim is not scheduled in the debtor's respective

11 | Schedules or, if scheduled, is listed as disputed, contingent or unliquidated, shall file a

12 | proof of claim, or interest within the time prescribed by subdivision (c)(3) and that any

13 | creditor who fails to do so shall not be treated as a creditor with respect to such claim for

14 | the purposes of voting and distribution.  Section 502(b)(9) of the Bankruptcy Code

15 | provides that the claim of a governmental unit shall be timely filed if it is filed before one

16 | hundred eighty (180) days after the order for relief.

17 |     **1.    General Bar Date**

18 |     By this Motion, the Debtors request that the Court enter an order establishing sixty

19 | (60) days following service of notice of the last date and time by which all creditors of the

20 | Debtors must file proofs of claim as the deadline for a holder of a prepetition claim

21 | ("Claimant"), as that term is defined in section 101(5) of the Bankruptcy Code (each, a

22 | "Claim," and collectively, "Claims"), including, without limitation, any Claims under section

23 | 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim") secured Claims, and priority

24 | Claims, against the Debtors and their estates (the "General Bar Date").  Because the

25 | proposed General Bar Date affords at least sixty (60) days' notice, the proposed General

26 | Bar Date affords claimants sufficient time to review the Schedules and their own records,

27 | determine if they must file a proof of claim, and to file a proof of claim, if required.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

1   Within five (5) days from the entry of the order granting this Motion and fixing the

2   bar date (the "Bar Date Order"), the Debtors (through Donlin Recano) will serve all known

3   entities holding potential Claims and other parties in interest as required by Bankruptcy

4   Rule 2002(a)(7) with (i) notice of the bar date (the "Bar Date Notice") and (ii) a Proof of

5   Claim Form (the "Proof of Claim Form"), in the form attached to this Motion as Exhibit "1."

6   The Bar Date Notice together with the Proof of Claim Form will be referred to as the "Bar

7   Date Package." The date upon which the Debtors commence service of the Bar Date

8   Package is referred to herein as the "Service Date."

9       **2.    Governmental Bar Date**

10  Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a

11  governmental unit shall be timely filed if it is filed before 180 days after the date of the

12  order for relief or such later time as the Federal Rules of Bankruptcy Procedure may

13  provide. . . ." 11 U.S.C. § 502(b)(9). By this Motion, the Debtors further propose that the

14  Court establish the deadline for all governmental units (as defined in section 101(27) of

15  the Bankruptcy Code) to file a Proof of Claim in the Cases (the "Governmental Bar Date"),

16  as the later of (i) the General Bar Date or (ii) April 29, 2016 (for Claims against those

17  Debtors who filed petitions on November 1, 2015) and April 30, 2016 (for Claims against

18  those Debtors who filed petitions on November 2, 2015).

19      **3.    Rejection Bar Date**

20  Certain entities may assert Claims (each, a "Rejection Damages Claim") in

21  connection with the Debtors' rejection of executory contracts and/or unexpired leases

22  pursuant to section 365 of the Bankruptcy Code. By this Motion, the Debtors propose that

23  any person or entity (including, without limitation, individuals, partnerships, corporations,

24  joint ventures, and trusts) that asserts a Rejection Damages Claim must file a Proof of

25  Claim based on such rejection by the later of (i) the Bar Date or (ii) thirty (30) days after

26  the date of entry of an order authorizing the rejection of such contract or lease or after any

27  automatic rejection of such contract or lease (the "Rejection Damages Bar Date").

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1      Notwithstanding the foregoing, a party to an executory contract or unexpired lease

2  that asserts a Claim (other than a Rejection Damages Claim) on account of unpaid

3  amounts accrued and outstanding as of the Petition Date pursuant to such executory

4  contract or unexpired lease, unless such party is expressly excluded from filing a Proof of

5  Claim, must file a Proof of Claim for such amounts on or before the applicable Bar Date or

6  such party shall not be permitted to vote to accept or reject any plan filed in the Cases,

7  participate in any distribution in the Cases on account of such Claim, or receive further

8  notices regarding such Claim.

9            **4.**    **Avoidance Bar Date**

10      The Debtors request that for Claims arising from the avoidance of a transfer under

11  chapter 5 of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a

12  Proof of Claim is the later of (a) the General Bar Date or (b) 30 days after the entry of

13  judgment avoiding the transfer (the "Avoidance Bar Date").  *See* 11 U.S.C. § 502(h).

14            **5.**    **Supplemental Bar Date**

15      The Debtors further request that in the event the Debtors amend their Schedules,

16  the Court establish, in accordance with Local Bankruptcy Rule 1009-2, the later of (i) the

17  General Bar Date, or (ii) thirty (30) days after the Debtors provide notice to the holder of

18  the amendment, as the bar date for filing a Proof of Claim for any such entity

19  ("Supplemental Bar Date").

20    **B.**    **The Proposed Procedures for Filing Proofs of Claim**

21      The Debtors propose the following procedures for filing Proofs of Claim:

22    (a)    A Proof of Claim must: (i) be written in English language; (ii) be denominated

23            in lawful currency of the United States as of the Petition Date; (iii) conform

24            substantially to the Proof of Claim Form or Official Bankruptcy Form No. 10

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000 · Fax 714-866-1002

1   ("Official Form 10");[2] (iv) set forth with specificity the legal and factual basis

2   for the alleged Claim; (v) include supporting documentation (or, if such

3   documentation is voluminous, include a summary of such documentation) or

4   an explanation as to why such documentation is not available; and (vi) be

5   signed by the claimant or, if the claimant is not an individual, by an

6   authorized agent of the claimant.

7   (b)   A Proof of Claim shall be deemed timely filed only if the Proof of Claim is

8   **actually received** by Donlin Recano on or before the applicable Bar Date (i)

9   by mail at the following address:

10             Donlin Recano & Company, Inc.
               Re: Freedom Communications, Inc., et al

11             P.O. Box 899
               Madison Square Station

12             New York, NY 10010

13
      or (ii) by courier, hand delivery, or overnight delivery at the following

14    address:

15             Donlin Recano & Company, Inc.
               Re: Freedom Communications, Inc., et al.

16             6201 15th Avenue

17             Brooklyn, NY 11219

18    (c)   Proofs of Claim sent by facsimile, telecopy, or electronic mail will not be
            accepted.

19

20    **C.   Parties Required to File Proofs of Claim by the Bar Dates**

21          The Debtors propose that each of the following entities that fails to file a Proof of

22    Claim by the applicable Bar Date with respect to a Claim shall not be treated as a creditor

23    with respect to such Claim for the purposes of voting and distribution under any plan

24

25

26

27    [2] Official Form 10 can be found at http://www.uscourts.gov/forms/bankruptcy-forms, the Official Website
      for the United States Bankruptcy Courts.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1   confirmed in the Cases and shall not be entitled to receive further notices regarding such

2   Claim:

3       (a)   any entity whose Claim against the Debtors is not listed in the Schedules or

4               any Amended Schedules, or whose Claim is listed in the Schedules or any

5               Amended Schedules but is listed therein as disputed, contingent, and/or

6               unliquidated;

7       (b)   any entity that believes that its Claim is improperly classified in the

8               Schedules or any Amended Schedules or is listed in an incorrect amount

9               and that desires to have its Claim allowed in a classification or amount other

10              than that identified in the Schedules or any Amended Schedules; and

11      (c)   any entity that believes that its Claim as listed in the Schedules or any

12              Amended Schedules is not an obligation of the specific Debtor against which

13              the Claim is listed and that desires to have its Claim allowed against a

14              Debtor other than that identified in the Schedules or any Amended

15              Schedules.

16  **D.**   **Parties Not Required to File Proofs of Claim by the Bar Dates**

17      The following persons or entities whose Claims would otherwise be subject to a bar

18  date need **not** file a Proof of Claim on or before the applicable Bar Date with respect to

19  the Claims described below:

20      •   any person or entity that has properly filed with (i) the Clerk of the United

21         States Bankruptcy Court for the Central District of California, Santa Ana

22         Division or (ii) with Donlin Recano a Proof of Claim against the Debtors

23         using a form that substantially conforms to the Proof of Claim Form or

24         Official Form 10;

25      •   any person or entity whose Claim is listed on the Schedules or any

26         Amended Schedules and (i) whose Claim is **not** described therein as

27         "disputed," "contingent" or "unliquidated," and (ii) who does **not** dispute the

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

          10      MOTION FOR ORDER SETTING BAR DATE

amount or nature of the claim as set forth in the Schedules or any Amended Schedules;

- Claims of Silver Point allowed under the Amended Final Order Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Provide Adequate Protection Secured Parties, (D) Repay Certain Prepetition Secured Debt, and (E) Grant Related Relief ("Final DIP Order");

- any person or entity whose claim has been paid in full by the Debtors;

- any person or entity holding a claim for which a separate deadline has been previously fixed by this Court;

- any person or entity that seeks to assert a Claim based on an interest in an equity security of the Debtors; provided, however, that any claimant who wishes to assert a Claim against the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of any equity security, must file a Proof of Claim on or before the General Bar Date. The Debtors reserve all rights with respect to any such Claims including, inter alia, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code;

- any person or entity that holds a Claim that has been fixed and allowed by an order of this Court entered on or before the General Bar Date or the Governmental Bar Date, as applicable; and

- any Claims allowed under sections 503(b)(9) and 507(a)(1) of the Bankruptcy Code as administrative expenses of the Cases, with the exception of Claims allowable under section 503(b)(9) of the Bankruptcy Code, which are subject to General Bar Date as provided above.

**E.    Consequences of Failure to File a Proof of Claim**

Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that if any holder of a Claim against the Debtors is required to file a Proof of Claim in respect of such Claim on

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   or before the General Bar Date, the Governmental Bar Date, the Rejection Damages Bar

2   Date, the Avoidance Bar Date, or the Supplemental Bar Date, as applicable, in

3   accordance with the procedures set forth in the Bar Date Order, but fails to do so, such

4   claim holder shall be forever barred, estopped and enjoined from asserting such Claim

5   against the Debtors and their estates (or filing a proof of claim with respect thereto), and

6   the Debtors and their property shall be forever discharged from any and all indebtedness

7   or liability with respect to such Claim.  In addition, the Debtors request that the Bar Date

8   Order provide that such holder not be permitted to vote to accept or reject any plan in the

9   Cases, or participate in any distribution on account of such claim or receive further notices

10  regarding such claim in the Cases.

11  **F.    Notice of the Bar Date and the Bar Date Order**

12          Pursuant to the Bar Date Order and Bankruptcy Rule 2002(a)(7), the Debtors

13  propose to serve, through Donlin Recano, the Bar Date Package by first-class mail upon

14  the following parties (collectively, the "Notice Parties"):

15      • the Office of the United States Trustee;

16      • all known holders of claims listed on the Debtors' respective Schedules or

17        any Amended Schedules at the addresses stated therein;

18      • all parties known to the Debtors as having potential claims against the

19        Debtors' estates, and their counsel (if known);

20      • all known equity security holders of the Debtors;

21      • all parties to executory contracts and unexpired leases of the Debtors listed

22        on the Schedules or any Amended Schedules at the addresses stated

23        therein;

24      • all parties to litigation with the Debtors, and their counsel (if known);

25      • all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as

26        of the date of the entry of the Bar Date Order);

27      • the Internal Revenue Service and all taxing and regulatory authorities for the

28        jurisdictions in which the Debtors do business;

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1050088.2

MOTION FOR ORDER SETTING BAR DATE

1        • the Securities and Exchange Commission;

2        • and all other appropriate parties.

3        After the initial mailing of the Bar Date Package, the Debtors anticipate that it may

4  be appropriate to make supplemental mailings of notices in a number of situations,

5  including in the event that (a) notices are returned by the post office with forwarding

6  addresses (unless notices are returned as "return to sender" without a forwarding

7  address, in which case the Debtors should not be required to mail additional notices to

8  such creditors), (b) certain parties acting on behalf of parties in interest decline to pass

9  along notices to such interested parties and instead return such interested parties' names

10 and addresses to the Debtors for direct mailing by the Debtors, and (c) additional potential

11 claimants subsequently become known to the Debtors as a result of the Bar Date noticing

12 process or otherwise.

13       In this regard, the Debtors request that the Court permit them, with the assistance

14 of Donlin Recano, to make supplemental mailings of the Bar Date Package in these and

15 similar circumstances at any time in advance of the Bar Date, with any such mailings

16 being deemed timely and the relevant Bar Date being applicable to recipient creditors.

17 The Debtors believe that these proposed supplemental mailings will help provide actual

18 notice to known creditors wherever practicable, while at the same time preserving the

19 integrity of the applicable Bar Date.

20       On or before the Service Date, the Debtors will post the Proof of Claim Form and

21 the Bar Date Notice on the website established by Donlin Recano for the Debtors' Cases

22 (http://www.donlinrecano.com/freedom).

23       The proposed Bar Date Notice notifies the parties of the Bar Dates and contains

24 information regarding who must file a Proof of Claim, the procedure for filing a Proof of

25 Claim, the consequences of a failure to timely file a Proof of Claim, and where parties can

26 find further related information.  To facilitate and coordinate the Claims reconciliation and

27 Bar Date Notice functions, Donlin Recano will mail the Proof of Claim Form, together with

28 the Bar Date Notice, to the parties described above.  This will ensure that each creditor

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

whose Claim is listed on the Schedules or any Amended Schedules will receive a "personalized" Proof of Claim Form printed with the appropriate creditor's name and facilitate the matching of scheduled and filed Claims and the Claims reconciliation process.

**G.    The Modifications to the Notice of Bar Date**

The Debtors have prepared the Notice of Bar Date attached hereto as Exhibit "1". The Notice of Bar Date substantially conforms to Form F 3003-1, but is tailored to these Cases. The modifications to the form proposed by the Debtors include the following:

(a)    The Bar Date is sixty days from the date the notice is served;

(b)    Proofs of Claim must be "received by Donlin Recano & Company, Inc.";

(c)    Donlin Recano's address was substituted for the Court's address as the location for where Proofs of Claim should be sent;

(d)    Proofs of Claim sent by facsimile, telecopy, or electronic mail will not be accepted;

(e)    The Proof of Claim Form may also be obtained from Donlin Recano's website and the address was provided;

(f)    Under Executory Contracts/unexpired Leases, the Debtors added that "A party to an executory contract or unexpired lease that asserts a claim (other than a claim arising from rejection of any executory contract or unexpired lease) must file a Proof of Claim for such amounts by the Bar Date; and

(g)    The Debtors inserted the Government Bar Date.

**IV.    LEGAL ANALYSIS**

**A.    The Court Has the Authority to Establish a Bar Date for the Filing of Claims Pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure**

Bankruptcy Rule 3003(c)(3) provides in pertinent part that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be

1  filed." Fed. R. Bankr. P. 3003(c)(3).  A bar date serves the interests of finality and debtor

2  rehabilitation; without a bar date, it would be impossible to determine with finality the

3  obligations of the debtor. *See* 9 Collier on Bankruptcy ¶ 3003.03[4] (15th ed. rev. 2008); *In*

4  *re First Alliance Mortgage Co.,* 269 B.R. 428, 438-39 (C.D. Cal. 2001).  Bankruptcy Rule

5  2002 provides for a minimum of twenty-one days' notice of the bar date.  *See* Fed. R.

6  Bankr. P. 2002(a)(7).

7       The Court has yet to set a date by which all proofs of claim must be filed in these

8  Cases.   In order to facilitate the process of formulating a chapter 11 plan, the Debtors

9  must be able to ascertain the full nature, extent and scope of claims asserted against

10  them and their estates as quickly as possible.  Accordingly, the Debtors request that the

11  Court fix a deadline for filing proofs of claim against their estates as set forth above.

12       **B.    The Court Should Approve the Form and Manner of Notice of the Bar**

13       **Dates**

14       Due process requires that all interested parties receive notice that reasonably

15  conveys all of the required information and presents a reasonable amount of time for

16  response. *See In re Eagle Bus. Mfg., Inc.,* 62 F.3d 730, 735 (5th Cir. 1995).  In giving

17  actual notice to creditors (or potential creditors, as the case may be), the Debtors propose

18  to give notice of the Bar Date, substantially in the form and substance of the notice

19  annexed hereto as Exhibit 1 (the "Bar Date Notice"), in accordance with Federal Rule of

20  Bankruptcy Procedure 9007, by first-class United States mail, postage prepaid, at least

21  sixty (60) days before the General Bar Date. Under this proposal, the Debtors provide

22  creditors and potential creditors with more notice of the applicable bar date than the

23  twenty-one (21) days' notice required by Federal Rule of Bankruptcy Procedure

24  2002(a)(7). Given the notice period of sixty (60) days contemplated by the Debtors'

25  proposed General Bar Date, creditors would have more than sufficient notice, time, and

26  opportunity to file their proofs of claim.

27       The Bar Date Notice will: (i) advise creditors under what circumstances they may

28  file a Proof of Claim; (ii) alert such creditors to the consequences of failing to timely file a

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Proof of Claim; (iii) specify the form to be used in filing a Proof of Claim; (iv) set forth the

2  applicable Bar Dates; (v) set forth the address to which Proofs of Claim must be sent; and

3  (vi) notify such creditors that the original Proof of Claim must be filed with Donlin Recano

4  and that Donlin Recano does not accept Proofs of Claim transmitted via facsimile,

5  telecopy or e-mail.

6        Accordingly, the Debtors submit that the Bar Date Notice will provide creditors with

7  sufficient information to be able to properly prepare and execute a Proof of Claim in a

8  timely manner and that such relief requested herein is necessary, in the best interests of

9  the Debtors and their estates, and should be granted.

10  **C.**     **This Motion May be Approved Without a Formal Hearing Pursuant to**

11         **Local Bankruptcy Rule 9013-1(q)**

12        The Debtors seek this Court's approval of the Motion in accordance with Local

13  Bankruptcy Rule 9013-1(q)(7), which provides for certain motions and matters to be

14  determined without a hearing and without further notice. *See* L.B.R. 9013-1(q)(7). All

15  interested parties will receive notice via a Notice of Electronic Filing (NEF).

16        The Debtors have provided certain creditors and parties-in-interest with notice of

17  this Motion. In order to avoid additional fees and expenses which would be incurred in

18  preparation for and attendance at the hearing on this Motion, it is in the best interest of the

19  estate to obtain an order on this Motion without a hearing.

20

21  **V.**     **CONCLUSION**

22        Based upon the foregoing, the Debtor respectfully requests the Court enter an

23  order:

24        1.     Granting the Motion;

25        2.     Setting the applicable bar date for all claimants to file proofs of claim against

26  the Debtors' estates;

27        3.     Approving the procedures and requirements for filing proofs of claim as

28  described herein;

1050088.2

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1       4.     Approving the form and service of the Bar Date Notice; and

2       5.     Granting such other and further relief as the Court deems to be just and

3 proper.

4                               Respectfully submitted,

5 Dated:  January 22, 2016          LOBEL WEILAND GOLDEN FRIEDMAN LLP

6

7                           By:  */s/ Beth E. Gaschen*

8                                WILLIAM N. LOBEL
                                   ALAN J. FRIEDMAN

9                                BETH E. GASCHEN
                                   CHRISTOPHER J. GREEN

10                               Attorneys for Debtors and
                                   Debtors-in-Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lobel Weiland Golden Friedman LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000  Fax 714-966-1002*

## DECLARATION OF BETH E. GASCHEN

I, Beth E. Gaschen, declare as follows:

1.      I am a partner with the law firm of Lobel Weiland Golden Friedman LLP, general insolvency counsel to Freedom Communications, Inc. and its related debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors").

2.      I submit this declaration in support of the *Debtors' Notice of Motion and Motion for Order Establishing a Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice of Bar Date* (the "Motion"). Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinions based upon my experience and knowledge of the Debtors' chapter 11 proceedings. If called to testify, I could and would testify competently to the facts set forth in this Declaration.

3.      The Debtors filed chapter 11 petitions on November 1, 2015 and November 2, 2015 (as applicable to each Debtor, the "Petition Date"). The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner. On November 10, 2015, the United States Trustee appointed a Joint Committee of Creditors holding unsecured claims (the "Committee") in the cases of: (1) Freedom Communications, Inc., 8:15-bk-15311-MW; (2) Freedom Communications Holdings, Inc., 8:15-bk-15312-MW; (3) Freedom Services, Inc., 8:15-bk-15313-MW; and (4) OCR Community Publications, Inc., 8:15-bk-15316-MW.

3.      On December 23, 2015, Debtors filed their respective Schedules and Statement of Financial Affairs.

4.      The Court has yet to set a date by which all proofs of claim must be filed. In order to facilitate the process of resolving the Cases, the Debtors must be able to ascertain the full nature, extent and scope of claims asserted against their estates as

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    quickly as possible. Accordingly, by the Motion, the Debtors request that the Court fix a

2    deadline for filing proofs of claim against their estates.

3        5.    I believe that the Motion is in the best interests of the Debtors and their

4    estates.

5        I declare under penalty of perjury under the laws of the United States of America

6    that the foregoing is true and correct.

7    Executed this 22nd day of January 2016, at Costa Mesa, California.

8

9                                    _____/s/ Beth E. Gaschen_____

10                                    Beth E. Gaschen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT "1"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LOBEL WEILAND GOLDEN FRIEDMAN LLP<br>William N. Lobel, SBN 93202, wlobel@lwgfllp.com<br>Alan J. Friedman, SBN 132580, afriedman@lwgfllp.com<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626<br>Tel: (714) 966-1000; Fax: (714) 966-1002<br><br>[  ]  Individual appearing without attorney<br>[ X ]  Attorney for:  Debtors and Debtors-in-Possession | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

</div>

| In re:<br><br>FREEDOM COMMUNICATIONS, INC.<br><br>FREEDOM COMMUNICATIONS HOLDINGS, INC.<br><br>FREEDOM SERVICES, INC.<br><br>2100 FREEDOM, INC.<br><br>OCR COMMUNITY PUBLICATIONS, INC.<br><br>DAILY PRESS, LLC<br><br>FREEDOM CALIFORNIA MARY PUBLISHING, INC.<br><br>FREEDOM CALIFORNIA VILLE PUBLISHING COMPANY LP<br><br>FREEDOM COLORADO INFORMATION, INC.<br><br>FREEDOM INTERACTIVE NEWSPAPERS, INC.<br><br>FREEDOM INTERACTIVE NEWSPAPERS OF TEXAS, INC.<br><br>FREEDOM NEWSPAPER ACQUISITIONS, INC.<br><br>FREEDOM NEWSPAPERS<br><br>FREEDOM NEWSPAPERS, INC.<br><br>FREEDOM NEWSPAPERS OF SOUTHWESTERN ARIZONA, INC.<br><br>OCR INFORMATION MARKETING, INC.<br><br>ODESSA AMERICAN | CASE NO. 8:15-bk-15311-MW<br><br>CHAPTER: 11<br><br>(Jointly Administered with Case Nos.:<br>8:13-bk-16598-TA; 8:13-bk-16603-TA;<br>8:13-bk-16608-TA; 8:13-bk-16611-TA;<br>8:13-bk-16612-TA; 8:13-bk-16614-TA;<br>8:13-bk-16616-TA; 8:13-bk-16617-TA;<br>8:13-bk-16706-TA; 8:13-bk-16621-TA;<br>8:13-bk-16623-TA; 8:13-bk-16627-TA;<br>8:13-bk-16628-TA; 8:13-bk-16633-TA;<br>8:13-bk-16634-TA; 8:13-bk-16635-TA;<br>8:13-bk-16636-TA; 8:13-bk-16637-TA;<br>8:13-bk-16638-TA; 8:13-bk-16639-TA;<br>8:13-bk-16641-TA; 8:13-bk-16642-TA;<br>8:13-bk-16643-TA; 8:13-bk-16645-TA;<br>8:13-bk-16646-TA; 8:13-bk-16696-TA;<br>8:13-bk-16697-TA; and 8:13-bk-16649-TA)<br><br>**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]**<br><br>[ X ]   **No hearing:  LBR 9013-1(q)**<br>[   ]   **Hearing Information**<br><br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                                 Page 1                                            **F 3003-1.NOTICE.BARDATE**

| | |
|---|---|
| ORANGE COUNTY REGISTER COMMUNICATIONS, INC.<br><br>VICTOR VALLEY PUBLISHING COMPANY<br><br>VICTORVILLE PUBLISHING COMPANY<br><br>FREEDOM SPV II, LLC<br><br>FREEDOM SPV VI, LLC<br><br>FREEDOM SPV I, LLC<br><br>FREEDOM SPV IV, LLC<br><br>FREEDOM SPV V, LLC<br><br><div align="center">Debtors(s)</div> | |

1. <u>Bar Date</u>. The court has set a deadline of (*date*) **SIXTY DAYS FROM THE DATE THIS NOTICE IS SERVED (_____, 2016) (Bar Date),** for creditors in the above-referenced case to file proofs of claim against the Debtor's estate. ON OR BEFORE THE BAR DATE, PROOFS OF CLAIM MUST BE **RECEIVED BY DONLIN RECANCO & COMPANY, INC.:**

**By Mail:**

**Donlin Recano & Company, Inc.
Re: Freedom Communications, Inc., et al.
P.O. Box 899
Madison Square Station
New York, NY 10010**

**By courier, hand delivery, or overnight delivery:**

**Donlin Recano & Company, Inc.
Re: Freedom Communications, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219**

**PROOFS OF CLAIM SENT BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

2. <u>Form</u>. You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's web site at http://www.cacb.uscourts.gov, or visit the intake area at any division of the Court, **or from Donlin Recano's website established for these cases at http://www.donlinrecano.com/freedom.**

3. <u>Exceptions to the Bar Date</u>. Exceptions to the Bar Date include, but are not limited to, the following:

   (a) <u>Executory contracts/unexpired leases</u>. For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease. *See* 11 U.S.C. §§ 365(d)(4) and 502(g). **A party to an executory contract or unexpired lease that asserts a claim (other than a claim arising from rejection of any executory contract or unexpired lease) must file a Proof of Claim for such amounts by the Bar Date.**

   (b) <u>Governmental units</u>. For claims of governmental units, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) before 180 days after the date of the Order for Relief in this case (the

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                    Page 2                          F 3003-1.NOTICE.BARDATE

person signing this form has determined that the Order for Relief was entered on (date) **November 1, 2015, and November 2, 2015**, and therefore calculates that this deadline is (date) **April 29, 2016, and April 30, 2016**). *See* 11 U.S. C. §§101(27) and 502(b)(9).

(c)  Avoidance.  For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer. *See* 11 U.S.C. § 502(h).

(d)  Agreed claims.  If your claim is listed on the Debtor's official bankruptcy schedules of assets and liabilities (Schedules) and it is not listed as disputed, contingent, unliquidated or unknown, then your claim is deemed filed in the amount set forth in those Schedules.  11 U.S.C. § 1111(a).  But, if your claim is not listed on the Schedules, or is listed as disputed, contingent, unliquidated or unknown, or if you disagree with the amount or description of your claim (e.g., its description as unsecured or non-priority), then you must timely file a Proof of Claim as set forth in this Notice.

4.  11 U.S.C. § 503(b)(9) Claims.  Claims arising from unpaid goods received by the Debtor in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b)(9).  Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar Date, modified as follows:  (a) *Section 2 of Proof of Claim*.  **Identify**:  (i) the goods for which the Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); and (iv) the place of deliver – e.g., "computes shipped via U.S. mail, received by the Debtor at the Debtor's warehouse on [insert estimated date]" (use a continuation sheet if necessary); (b) *Section 5 of Proof of Claim*.  Check the box for "Other" priority and specify that priority is under **11 U.S.C. §§ 507(a)(2) and 503(b)(9).**

5.  Interest Holders.  If the Debtor or the chapter 11 trustee believes it necessary to set a bar date for interest holders (e.g., holders of common or preferred stock), then, before this Notice is served, the chambers of the presiding judge in this case must be contacted for further instructions.

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWNACE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF RECORGANIZATION WITHOUT FURTHER NOTICE OR HEARING.  11 U.S.C. § 502((b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

Date: _____

By: _____
Signature of Debtor, chapter 11 trustee, or their attorney

Name: _____
Printed name of Debtor, chapter 11 trustee, or their attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                           Page 3                                  F 3003-1.NOTICE.BARDATE

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

---

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. | Who is the current creditor? | |
| --- | --- | --- |
| | | Name of the current creditor (the person or entity to be paid for this claim) _____ |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☐ No ☐ Yes. From whom? _____ |
| --- | --- | --- |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number        Street _____

City        State        ZIP Code _____

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number        Street _____

City        State        ZIP Code _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| 4. | Does this claim amend one already filed? | ☐ No ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____ MM / DD / YYYY |
| --- | --- | --- | --- |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No ☐ Yes. Who made the earlier filing? _____ |
| --- | --- | --- |

---

Official Form 410                    Proof of Claim                    page 1

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**    $_____. **Does this amount include interest or other charges?**

            ☐ No

            ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

       **Nature of property:**

       ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

       ☐ Motor vehicle

       ☐ Other. Describe: _____

       **Basis for perfection:** _____

       Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

       **Value of property:**                $_____

       **Amount of the claim that is secured:**     $_____

       **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

       **Amount necessary to cure any default as of the date of the petition:**    $_____

       **Annual Interest Rate** (when case was filed) _____%

       ☐ Fixed

       ☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name        Middle name              Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

_____
City                          State      ZIP Code

Contact phone _____   Email _____

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE OF BAR DATE; DECLARATION OF BETH E. GASCHEN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On January 22, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 22, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Via Attorney Service
The Honorable Mark S. Wallace, United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Courtesy Bin, Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/22/2016 | Lori Gauthier | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **James C Behrens**   jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- **Matthew Bouslog**   MBouslog@gibsondunn.com, Pcrawford@gibsondunn.com
- **J Scott Bovitz**   bovitz@bovitz-spitzer.com
- **Frank Cadigan**   frank.cadigan@usdoj.gov
- **Brian L Davidoff**   bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Michael T Delaney**   mdelaney@bakerlaw.com, sgaeta@bakerlaw.com
- **Caroline Djang**   cdjang@rutan.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Robert J Feinstein**   rfeinstein@pszjlaw.com
- **Scott D Fink**   brodellecf@weltman.com
- **Alan J Friedman**   afriedman@wgllp.com, nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
- **Beth Gaschen**   bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Seth Goldman**   seth.goldman@mto.com
- **Christopher J Green**   cgreen@wgllp.com, chrisgreen@ucla.com;kadele@wgllp.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **M Jonathan Hayes**   jhayes@srhlawfirm.com,
  roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@
  srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;sevan@srhlawfirm.com;carolyn@srhlawfirm.com
- **Eric M Heller**   eric.m.heller@irscounsel.treas.gov
- **Lillian Jordan**   ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Samuel M Kidder**   skidder@bhfs.com
- **Jeffrey C Krause**   jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Elan S Levey**   elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **William N Lobel**   wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Aaron J Malo**   amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- **Ashley M McDow**   amcdow@bakerlaw.com,
  mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Reed M Mercado**   rmercado@sheppardmullin.com
- **Elizabeth L Musser**   emusser@tresslerllp.com
- **Ernie Zachary Park**   ernie.park@bewleylaw.com
- **Ronak Patel**   rpatel@co.riverside.ca.us, mdominguez@co.riverside.ca.us
- **Courtney E Pozmantier**   cpozmantier@greenbergglusker.com,
  kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- **Christopher E Prince**   cprince@lesnickprince.com
- **Christopher O Rivas**   crivas@reedsmith.com
- **Jeremy E Rosenthal**   jrosenthal@sidley.com
- **Peter J Rudinskas**   pjr.legal@gmail.com
- **Leonard M Shulman**   lshulman@shbllp.com
- **Donald W Sieveke**   ibmoola@yahoo.com, dws4law@pacbell.net
- **David P Simonds**   dsimonds@akingump.com, tsouthwell@akingump.com
- **Sarah Stuppi**   Sarah@stuppilaw.com
- **Helena Tseregounis**   htseregounis@sidley.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Beth Ann R Young**   bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**