1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
4  Christopher J. Green, State Bar No. 295874
   cgreen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Telephone    714-966-1000
7  Facsimile    714-966-1002

8  Attorneys for Debtors and Debtors-in-Possession

                **UNITED STATES BANKRUPTCY COURT**

                 **CENTRAL DISTRICT OF CALIFORNIA**

                        **SANTA ANA DIVISION**

| In re | Case No. 8:15-bk-15311-MW |
|---|---|
| FREEDOM COMMUNICATIONS, INC., *et al.*, | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |
| Affects:<br>☒ All Debtors<br>☐ Freedom Communications, Inc., a Delaware corporation, ONLY<br>☐ Freedom Communications Holdings, Inc., a Delaware corporation, ONLY<br>☐ Freedom Services, Inc., a Delaware corporation, ONLY<br>☐ 2100 Freedom, Inc., a Delaware corporation, ONLY<br>☐ OCR Community Publications, Inc., a California corporation, ONLY<br>☐ Daily Press, LLC, a California limited liability company, ONLY<br>☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY | **DEBTORS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING EXTENSION OF EXCLUSIVITY PERIODS FOR THE FILING OF A PLAN OF REORGANIZATION AND FOR SOLICITING ACCEPTANCES TO THE PLAN, PURSUANT TO 11 U.S.C. § 1121(d); MEMORNADUM OF POINTS AND AUTHORITIES AND DECLARATION OF CHRIS D. DAHL IN SUPPORT THEREOF**<br><br>**[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)(1)]** |

#1059377                        1           MOTION FOR ORDER EXTENDING
                                              EXCLUSIVITY PERIODS

1  ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

2

3  ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

4

5  ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

6  ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

7

8  ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

9  ☐ Freedom Newspapers, a Texas general partnership, ONLY

10

11 ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

12 ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation,

13 ONLY

14 ☐ OCR Information Marketing, Inc., a California corporation, ONLY

15

16 ☐ Odessa American, a Texas general partnership, ONLY

17 ☐ Orange County Register Communications, Inc., a California

18 corporation, ONLY

19 ☐ Victor Valley Publishing Company, a California corporation, ONLY

20

21 ☐ Victorville Publishing Company, a California limited partnership, ONLY

22 ☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY

23

24 ☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

25 ☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

26

27 ☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

#1059377                                    2                    MOTION FOR ORDER EXTENDING
                                                                    EXCLUSIVITY PERIODS)

1 ☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

2

3 **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE,**

4 **AND ALL OTHER INTERESTED PARTIES:**

5     **PLEASE TAKE NOTICE** that the jointly administered debtors and debtors-in-

6 possession in the above-captioned cases (collectively, the "Debtors"), hereby move this

7 Court (the "Motion") pursuant to section 1121 of title 11 of the United States Code (the

8 "Bankruptcy Code") for an order:

9     (1)    Extending the exclusivity periods, pursuant to section 1121 of the

10 Bankruptcy Code, by which the Debtors have to file a plan from February 29, 2016 to and

11 including April 29, 2016; and

12     (2)    Extending the solicitation exclusivity periods, pursuant to section 1121 of the

13 Bankruptcy Code, during which only the Debtors may solicit acceptances to their plan,

14 from April 29, 2016 to and including June 28, 2016.

15     Cause exists for this short extension of exclusivity as required by section 1121(d) of

16 the Bankruptcy Code. Since the beginning of these chapter 11 cases (the "Cases"), the

17 Debtors have directed their efforts toward marketing their assets and soliciting offers for

18 the purchase of their assets. Currently a hearing has been scheduled to be heard on

19 March 21, 2016, regarding the sale of the Debtors' assets. In addition to its sale efforts,

20 the Debtors have focused on complying with various deadlines imposed by the U.S.

21 Trustee, filing their Schedules and Statement of Financial Affairs, and filing of a motion to

22 establish a bar date (establishing the general bar date of April 1, 2016).

23     Even with the Debtors' efforts in moving the Cases forward, the Debtors require

24 additional time in order to complete the sale of their assets. The Debtors anticipate a plan

25 and disclosure statement will be filed and served after the completion of the sales

26 process. Currently, the Debtors anticipate that the sales process will be completed by the

27 end of March 2016. The Debtors simply cannot file a plan and disclosure statement prior

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1 to such time because the funding for the plan is coming from the sale of the Debtors'
2 assets.
3     Under these circumstances, the factors traditionally considered by bankruptcy
4 courts overwhelmingly support extending the Debtors' exclusivity periods. Moreover an
5 extension of exclusivity will facilitate the Cases moving forward towards a fair and
6 equitable resolution, which is the ultimate purpose of exclusivity. Accordingly, the Debtors
7 contend that the requested extensions are reasonable and necessary and therefore
8 should be granted by this Court.
9     **PLEASE TAKE FURTHER NOTICE** that, any objection to the Motion and request
10 for a hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(o)(1) and
11 must be filed with the Clerk of the Bankruptcy Court located at the Ronald Reagan
12 Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701 and
13 served on counsel for the Debtors, at the address indicated in the upper left-hand corner
14 of the first page of the Motion, and the Office of the United States Trustee, 411 West
15 Fourth Street, Suite 7160, Santa Ana, CA 92701, within fourteen (14) days after the date
16 of the service of the notice. If a timely response and request for hearing is filed and
17 served, then the Debtors will schedule and give not less than fourteen (14) days' notice of
18 a hearing to those responding and to the Office of the United States Trustee.
19     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(o) of the Local
20 Bankruptcy Rules, failure to timely file and serve a response or objection may be deemed
21 to constitute consent to the relief requested by the Debtors in this Motion. If the objection
22 period expires without the filing of a response and request for hearing, then the Debtors
23 will submit to this Court an order for entry without a hearing.
24     This Motion is based upon the attached Memorandum of Points and Authorities
25 and Declaration of Chris D. Dahl, the record in the Cases, and such additional arguments
26 and evidence that may be properly presented to this Court, at, or prior to, any hearing or
27 ruling on this Motion, if such hearing is deemed necessary.
28     **WHEREFORE**, the Debtors respectfully request that the Court enter an order:

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

A. Granting this Motion without prejudice to the Debtors' ability to seek further extensions of the exclusivity periods;

B. Extending the Debtors' exclusivity periods to file a plan from February 29, 2016 to and including April 29, 2016;

C. Extending the Debtors' exclusivity periods for soliciting acceptances of their plan from April 29, 2016 to and including June 28, 2016; and

D. Granting such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

Dated: February 22, 2016        LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ Beth E. Gaschen
WILLIAM N. LOBEL
ALAN J. FRIEDMAN
BETH E. GASCHEN
CHRISTOPHER J. GREEN
Attorneys for Debtors and
Debtors-in-Possession

#1059377

5

MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIODS)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of the Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B. The Debtors and the Chapter 11 Filings

On November 1, 2015 and November 2, 2015 (the "Petition Dates"), the Debtors commenced the Cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"). The Court authorized the joint administration of the Cases by order entered on November 2, 2015. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On or about November 10, 2015, an official committee of unsecured creditors was appointed by the Office of the United States Trustee in the chapter 11 cases of Freedom Communications, Inc., Freedom Communications Holdings, Inc., Freedom Services, Inc. and OCR Community Publications, Inc. (the "Committee").

### C. The Requested Extension of the Exclusivity Periods

On February 29, 2016, the 120-day period provided for in section 1121(c)(2) of the Bankruptcy Code, during which only the Debtors may file a plan of reorganization, will expire. On April 29, 2016, the 180-day period provided in section 1121(c)(3), during which only the Debtors' filed plan may be considered for acceptance or rejection, will expire. This is the Debtors' first motion to extend the exclusivity periods.

The Debtors seek this first extension of exclusivity periods for filing a plan and obtaining acceptances of their plan in order to allow sufficient time for the Debtors to proceed through the disclosure statement and plan confirmation process and to make any necessary modifications or amendments thereto without the distraction and expense of a competing plan. Therefore, the Debtors request that the exclusivity period pursuant to section 1121(c)(2) of the Bankruptcy Code be extended for an additional sixty (60) days through and including April 29, 2016, and the exclusivity period pursuant to section 1121(c)(3) be extended for an additional sixty (60) days through and including June 28, 2016.

## II. CAUSE EXISTS TO GRANT AN EXTENSION OF THE DEBTORS' EXCLUSIVITY PERIODS

### A. The Bankruptcy Code Specifically Provides for an Extension of the Exclusivity Periods

To promote balanced and successful reorganizations under chapter 11 of the Bankruptcy Code, Congress provided debtors with the exclusive right, for a reasonable period of time, to propose a plan of reorganization and solicit votes thereon. To that end, section 1121(b) of the Bankruptcy Code provides a debtor with the exclusive right to file a plan of reorganization for a period of 120 days from the entry of the order for relief under chapter 11. See 11 U.S.C. § 1121(b); 7 COLLIER ON BANKRUPTCY ¶ 1121.03 Alan N. Resnick & Henry J. Sommer eds.,16th ed.). "If the debtor files a plan within this 120-day exclusivity period, then section 1121(c)(3) provides that exclusivity is extended for an additional 60 days to 180 days to maintain exclusivity during the acceptance/solicitation period required by sections 1126 and 1129(a)." 7 COLLIER ON BANKRUPTCY at ¶ 1121.04 (16th ed.). During these two exclusivity periods that run concurrently, no other party in interest may file a competing plan. See id. After a debtor's "exclusivity periods" expire, any other party in interest may file a plan. See 11 U.S.C. § 1121(c).

The flexibility of section 1121 of the Bankruptcy Code is intended to give the debtor an adequate opportunity to stabilize its business operations at the outset of its chapter 11 case, to resolve critical contingencies and to negotiate an effective plan of reorganization with its creditors. See In re Newark Airport/Hotel L.P., 156 B.R. 444, 451 (Bankr. D. N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993) (noting that chapter 11 provisions are designed to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297-98 (W.D. Tenn. 1987) (noting that section 1121 of the Bankruptcy Code is designed to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

A bankruptcy court can increase the exclusivity periods for "cause." The party seeking an extension or termination in the statutory time period provided under 11 U.S.C. § 1121(d) bears the burden of proving that "the requisite cause exists." See In re All Seasons Indus., Inc., 121 B.R. 1002, 1004 (Bankr. N.D. Ind. 1990). Bankruptcy courts examine a number of factors in determining whether a debtor has had an adequate opportunity to develop, negotiate and propose a chapter 11 plan and, thus, whether there is "cause" for extension of the debtor's exclusive periods, including the following non-exclusive list of nine factors:

1. The size and complexity of the case;

2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

3. The existence of good faith progress toward reorganization;

4. The fact that the debtor is paying its bills as they become due;

5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6. Whether the debtor has made progress in negotiations with its creditors;

7. The amount of time which has elapsed in the case;

8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9. Whether an unresolved contingency exists.

In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (cited with approval in In re Henry Mayo Newhall Memorial Hospital, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002)); In re Adelphia Communications Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In the Matter of Friedman's, Inc., 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005).

These nine factors are simply a starting point, the debtor need not satisfy every single factor, and courts are free to consider other relevant factors based on the unique facts of the case. See Adelphia Communications Corp., 352 B.R. at 583, 587. The transcendent consideration is "whether adjustment of exclusivity will facilitate moving the case toward a fair and equitable resolution." See Henry Mayo, 282 B.R. at 453. The decision of whether to grant a request to extend the exclusivity deadlines lies within the sound discretion of the bankruptcy court. See In re Gibson & Cushman, 101 B.R. 405, 409 (E.D.N.Y. 1989).

B. **Good Cause Exists to Grant the Requested Extension of the Exclusivity Periods**

As illustrated below, an application of the foregoing standards to the facts present in the Cases demonstrate sufficient "cause" to grant the Debtors' requested extensions of the exclusivity periods. A review of relevant factors, which are discussed in detail below, weigh heavily in favor of granting this Motion.

1. **Size and Complexity of the Cases**

The Cases consist of twenty-five (25) jointly administered, but not consolidated, estates. While the joint administration of the Cases has eliminated a large degree of administrative complications, the Debtors did have to spend time that other debtors would not, completing and filing 25 schedules of assets and liabilities and statements of financial

affairs. In addition, the estates consist of approximately $51.2 million of allegedly secured debt and approximately $47 million[1] in unsecured debt, with an estimated number of 2,450 creditors (consisting of secured creditors, priority creditors and unsecured creditors). As such, the size and complexity of the Cases weighs in favor of granting an extension of exclusivity.

### 2. The Necessity of Sufficient Time to Permit the Debtors to Negotiate a Plan and Prepare Adequate Information and Good Faith Progress in the Administration of the Cases

The Debtors have made tremendous progress towards the filing of a plan and has done so in good faith. The Debtors have been operating under the protection of chapter 11 for under four months. During this short period of time, the Debtors have made significant progress in administering the Cases. Such efforts include, but not limited to the following: (1) the filing and obtaining of orders on various "first day" motions, including a motion authorizing the Debtors use of cash collateral, a motion authorizing the Debtors to honor certain pre-petition obligations/customer programs in the ordinary course, a motion prohibiting the termination of utility services, a motion authorizing the continued use of the Debtors' cash management system, and a motion authorizing the Debtors to honor certain employee programs; (2) preparing and filing schedules of assets and liabilities for each of the related twenty-five (25) cases; (3) filing and obtaining orders authorizing the employment of multiple professionals; (4) negotiating and filing a motion approving a compromise/settlement agreement with Electronic Business Solutions and Consulting and Global Consulting Services and Consulting; (5) establishing a bar date for filing claims; (6) filing a motion to extend the deadline to assume or reject non-residential real property leases under section 365(d)(4) of the Bankruptcy Code; (7) filing a motion to approve an

---

[1] Excluding the $155,000,000.00 contingent claim of Pension Benefit Guaranty Corporation.

employee incentive and severance program; and (8) filing a motion to approve bidding procedures.

Since the beginning of the Cases, the Debtors have directed their efforts toward marketing and soliciting offers for the purchase of their assets. Currently, a hearing has been scheduled for March 21, 2016, regarding the sale of the Debtors' assets. The Debtors require additional time in order to complete the sale of their assets and to formulate their plan thereafter. The Debtors anticipate that the sales process will be completed by the end of March 2016. Moreover, the Debtors have established a bar date, such being April 1, 2016, which will enable them to analyze claims as they are received, in order to determine what claims, if any, will need to be disputed and how such claim may impact the Debtors' plan. The Debtors progress in the Cases demonstrates a reasonable prospect for filing a viable plan.

### 3. The Debtors are Paying Their Bills as They Become Due

Here, the Debtors are currently operating under a Court approved budget and are current on all of their undisputed post-petition bills. As a result, the Debtors are managing their businesses effectively and are preserving the value of their assets for the benefit of creditors. The Debtors are also current on all post-petition United States trustee fees.

### 4. The Cases Have Been Pending for a Mere Four Months

This is the Debtors' first request for an extension of the exclusivity periods and it comes less than four months after the commencement of the Cases. As set forth above, during this time, the Debtors have undertaken a substantial number of major matters, one of significant importance being the marketing and sale of the Debtors' assets.

### 5. The Debtors Have Attempted to Negotiate With Creditors

To date, the Debtors have worked together with their creditors in a cooperative manner. The Debtors have spent significant time working to resolve disputes with their pre-petition secured creditors and for any other creditor who has requested it, the Debtors have provided and shared information with those creditors.

### 6. **The Debtors are Not Using Exclusivity in Order to Pressure Creditors to Submit to the Debtors' Reorganization Demands**

The Debtors' request for an extension of exclusivity is made in good faith, and not for the improper purpose of delay, to gain advantage in negotiations with any claimants, or to pressure creditors to accede to the terms of their plan. As set forth herein, the Debtors have been working diligently in marketing and soliciting offers for the purchase of their assets, with a sale hearing presently scheduled for March 21, 2016. Once the sale of the Debtors' assets is approved by this Court, the Debtors will be in a position to prepare their plan and disclosure statement.

The Debtors intention in requesting an extension of exclusivity is simply to procure the time they need to complete the sale of their assets and thereafter prepare a plan that will ensure the fair and efficient treatment of all valid creditors' claims in the Cases. If exclusivity is terminated, the Debtors may be forced to divert time and resources away from this process to defend against competing plans. A competing plan battle will complicate the Cases and would result in substantial extra costs that might otherwise be avoided. The Debtors have been and will continue to be extrememly diligent in moving the Cases forward toward plan confirmation.

### 7. **The Foregoing Factors Support an Extension of the Exclusivity Periods**

Based on the foregoing, there is no evidence that the Debtors have sought to delay the formation and confirmation of a plan or are using exclusivity for improper purposes. This requested extension is necessary in order to allow the March 21, 2016 sale hearing to take place. Under such circumstances, the Debtors submit that the requested extension is wholly reasonable and that good cause exists to grant this Motion.

## III. THE MOTION IS TIMELY AND MAY BE APPROVED WITHOUT A FORMAL HEARING

Section 1121(d) of the Bankruptcy Code provides that, on request of a party in interest <u>made within the respective periods</u> specified in 11 U.S.C. § 1121(b) and (c), after notice and a hearing, "the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." See 11 U.S.C. § 1121(d) (emphasis added). "[T]he statutory requirement is that a <u>request</u> for an extension be made within the prevailing exclusivity period, not that the request be <u>granted</u> in such a period." See <u>In re Nicolet, Inc.</u>, 80 B.R. 733, 741 (Bankr. E.D. Pa. 1988) (emphasis in original). As the Motion has been filed prior to the expiration of the current exclusivity periods, the request is timely.

Even though section 1121(d) provides that the extension may be provided after notice and a hearing, Local Bankruptcy Rule 9013-1(o)(1), provides that certain motions and matters can be determined solely upon notice and opportunity to request a hearing. <u>See</u> Local Bankruptcy Rule 9013-1(o)(1). The Debtors seek this Court's approval of the Motion in accordance with Local Bankruptcy Rule 9013-1(o)(1). In addition, sections 102(1)(A) and (B) of the Bankruptcy Code provide that "after notice and a hearing" means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances. . . ."

## IV. CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

(1) Granting this Motion without prejudice to the Debtors' ability to request further extensions of the exclusivity periods;

(2) Extending the Debtors' exclusivity periods to file a plan from February 29, 2016, to and including April 29, 2016;

(3) Extending the Debtors' exclusivity periods for soliciting acceptances of their plan from April 29, 2016, to and including June 28, 2016; and

(4) Granting such other further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 22, 2016

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ Beth E. Gaschen
WILLIAM N. LOBEL
ALAN J. FRIEDMAN
BETH E. GASCHEN
CHRISTOPHER J. GREEN
Attorneys for Debtors
and Debtors-in-Possession

# DECLARATION OF CHRIS D. DAHL

I, Chris D. Dahl, declare as follows:

1. I am the Chief Financial Officer ("CFO") of the debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"). I have served as Chief Financial Officer since March, 2015, but have been employed by the Debtors since 1998. In my role as CFO, I am responsible for: (i) financial planning and analysis; (ii) budgeting and forecasting; (iii) treasury and cash management (collections); (iv) payroll and accounts payable; and (v) general accounting.

2. As a result of my tenure with the Debtors, my extensive day to day experience with the financial matters impacting the Debtors' operations, my review of relevant documents, and my discussions with other members of the Debtors' management teams in the ordinary course of business, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently thereto. Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with other members of the Debtors' senior management, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtors' operations and financial conditions. I am submitting this declaration in support of the Debtors' Motion for an Order Authorizing Extension of Exclusivity Periods for the Filing of a Plan of Reorganization and for Soliciting Acceptances to the Plan (the "Motion"). All terms not defined herein shall have the meanings ascribed to them in the Motion.

3. On November 1, 2015 and November 2, 2015 (the "Petition Dates"), the Debtors commenced the Cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California (the "Court"). The Court authorized the joint administration of the Cases by order entered on November 2, 2015. The Debtors continue to operate their businesses and manage their properties as debtors-

in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On or about November 10, 2015, an official committee of unsecured creditors was appointed by the Office of the United States Trustee in the chapter 11 cases of Freedom Communications, Inc., Freedom Communications Holdings, Inc., Freedom Services, Inc. and OCR Community Publications, Inc. (the "Committee").

4. It is my understanding that on February 29, 2016, the 120-day period provided for in section 1121(c)(2) of the Bankruptcy Code, during which only the Debtors may file a plan of reorganization, will expire and that on April 29, 2016, the 180-day period provided in section 1121(c)(3), during which only the Debtors' filed plan may be considered for acceptance or rejection, will expire.

5. By the Motion, the Debtors are requesting a short sixty (60) day extension of the exclusive time periods within which to file their plan of reorganization and the exclusive time periods within which to solicit acceptances of their plan, without prejudice to the Debtors' ability to seek further extensions. This is the Debtors' first motion to extend the exclusivity periods. By the Motion, the Debtors request that the Debtors' exclusivity periods to file a plan be extended from February 29, 2016, to and including April 29, 2016 and that Debtors' exclusivity periods for soliciting acceptances of their plan be extended from April 29, 2016, to and including June 28, 2016.

6. The Cases consist of twenty-five (25) jointly administered, but not consolidated, estates. While the joint administration of the Cases has eliminated a large degree of administrative complications, the Debtors did have to spend time that other debtors would not completing and filing 25 schedules of assets and liabilities and statements of financial affairs. In addition, the estates consist of approximately $51.2 million of allegedly secured debt and approximately $47 million[2] in unsecured debt, with

---

[2] Excluding the $155,000,000.00 contingent claim of Pension Benefit Guaranty Corporation.

an estimated number of 2,450 creditors (consisting of secured creditors, priority creditors and unsecured creditors).

7.    The Debtors have made tremendous progress towards the filing of a plan and have done so in good faith.  The Debtors have been operating under the protection of chapter 11 for under four months.  During this short period of time, the Debtors have made significant progress in administering the Cases.  Such efforts include, but not limited to the following:  (1) the filing and obtaining of orders on various "first day" motions, including a motion authorizing the Debtors use of cash collateral, a motion authorizing the Debtors to honor certain pre-petition obligations/customer programs in the ordinary course, a motion prohibiting the termination of utility services, a motion authorizing the continued use of the Debtors' cash management system, and a motion authorizing the Debtors to honor certain employee programs; (2) preparing and filing schedules of assets and liabilities for each of the related twenty-five (25) cases; (3) filing and obtaining orders authorizing the employment of multiple professionals; (4) negotiating and filing a motion approving a compromise/settlement agreement with Electronic Business Solutions and Consulting and Global Consulting Services and Consulting; (5) establishing a bar date for filing claims; (6) filing a motion to extend the deadline to assume or reject non-residential real property leases under section 365(d)(4) of the Bankruptcy Code; (7) filing a motion to approve an employee incentive and severance program; and (8) filing a motion to approve bidding procedures.

8.    Since the beginning of the Cases, the Debtors have directed their efforts toward marketing and soliciting offers for the purchase of their assets.  Currently, a hearing has been scheduled for March 21, 2016, regarding the sale of the Debtors' assets.  The Debtors require additional time in order to complete the sale of their assets and to formulate their plan thereafter.  The Debtors anticipate that the sales process will be completed by the end of March 2016.  Moreover, the Debtors have established a bar date, such being April 1, 2016, which will enable them to analyze claims as they are received, in

order to determine what claims, if any, will need to be disputed and how such claim may impact the Debtors' plan.

9. The Debtors are currently operating under a Court approved budget and are current on all of their undisputed post-petition bills. The Debtors are also current on all post-petition United States trustee fees.

10. This is the Debtors' first request for an extension of the exclusivity periods and it comes less than four months after the commencement of the Cases. During this time, the Debtors have undertaken a substantial number of major matters, one of significant importance being the marketing and sale of the Debtors' assets.

11. The Debtors have worked together with their creditors in a cooperative manner. The Debtors have spent significant time working to resolve disputes with their pre-petition secured creditors and for any other creditor who has requested it, the Debtors have provided and shared information with those creditors.

12. The Debtors' request for an extension of exclusivity is made in good faith, and not for the improper purpose of delay, to gain advantage in negotiations with any claimants, or to pressure creditors to accede to the terms of their plan. The Debtors have been working diligently in marketing and soliciting offers for the purchase of their assets, with a sale hearing presently scheduled for March 21, 2016. Once the sale of the Debtors' assets is approved by this Court, the Debtors will be in a position to prepare their plan and disclosure statement.

13. The Debtors intention in requesting an extension of exclusivity is simply to procure the time they need to complete the sale of their assets and thereafter prepare a plan othat will ensure the fair and efficient treatment of all valid creditors' claims in the Cases. The Debtors have been and will continue to be extrememly diligent in moving the Cases forward toward plan confirmation.

14. Based on the foregoing, I believe that the requested extension is reasonable and appropriate given the Debtors' efforts in moving the Cases forward and the need for

additional time in order to complete the sale of assets before they can formulate their plan of reorganization. Accordingly, I respectfully request, on behalf of the Debtors, that this Court grant the Motion and extend the Debtors' exclusivity periods to file a plan from February 29, 2016, to and including April 29, 2016 and extend the Debtors' exclusivity periods for soliciting acceptances of their plan from April 29, 2016, to and including June 28, 2016, without prejudice to the Debtors' ability to request further extensions of the exclusivity periods.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __22__ day of February 2016, at Santa Ana, California.

_____
Chris D. Dahl