William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation et al.,<br><br>            Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ Freedom Communications, Inc., a Delaware corporation, ONLY<br><br>☐ Freedom Communications Holdings, Inc., a Delaware corporation, ONLY<br><br>☐ Freedom Services, Inc., a Delaware corporation, ONLY<br><br>☐ 2100 Freedom, Inc., a Delaware corporation, ONLY<br><br>☐ OCR Community Publications, Inc., a California corporation, ONLY<br><br>☐ Daily Press, LLC, a California limited liability company, ONLY<br><br>☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY<br><br>☐ Freedom California Ville Publishing | Case No. 8:15-bk-15311<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW)<br><br>**UPDATED CHAPTER 11 STATUS CONFERENCE REPORT; AND DECLARATION OF CHRIS D. DAHL**<br><br>DATE:   March 2, 2016<br>TIME:   9:00 a.m.<br>Place:  Courtroom 6C<br>        411 West Fourth Street<br>        Santa Ana, California 92701 |

1  Company LP, a California limited partnership, ONLY

2

3  ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

4  ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

5

6  ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

7  ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

8

9  ☐ Freedom Newspapers, a Texas general partnership, ONLY

10  ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

11

12  ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

13  ☐ OCR Information Marketing, Inc., a California corporation, ONLY

14

15  ☐ Odessa American, a Texas general partnership, ONLY

16  ☐ Orange County Register Communications, Inc., a California corporation, ONLY

17

18  ☐ Victor Valley Publishing Company, a California corporation, ONLY

19  ☐ Victorville Publishing Company, a California limited partnership, ONLY

20

21  ☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY

22  ☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

23

24  ☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

25  ☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

26

27  ☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS, AND OTHER PARTIES-IN-INTEREST:

On November 1, 2015 and November 2, 2015 (the "Petition Dates"), the jointly administered debtors and debtors-in-possession (the "Debtors") commenced the above-captioned cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Cases. On November 10, 2015, the United States Trustee appointed a joint committee of creditors holding unsecured claims (the "Committee") in the cases of: (1) Freedom Communications, Inc., 8:15-bk-15311-MW; (2) Freedom Communications Holdings, Inc., 8:15-bk-15312-MW; (3) Freedom Services, Inc., 8:15-bk-15313-MW; and (4) OCR Community Publications, Inc., 8:15-bk-15316-MW. The Debtors hereby submit their Updated Chapter 11 Status Report.

A.  **Requirements of Chapter 11 Debtors-in-Possession**

The Debtors are in compliance with their duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Bankruptcy Rules (the "Local Rules"). On December 21, 2015, the Debtors' filed their Schedules and Statements of Financial Affairs. The Court subsequently issued notices of deficiencies as to certain documents, which the Debtors have corrected.

The Debtors are in compliance with the requirements imposed by the Office of the United States Trustee. On December 28, 2015, the Debtors filed their First Monthly Operating Report for the month ending November 30, 2015 [Docket No. 274]. On January 27, 2016, the Debtors filed their Second Monthly Operating Report for the month ending December 30, 2015 [Docket No. 357]. On February 23, 2016, the Debtors filed their Third Monthly Operating Report for the month ending January 31, 2016 [Docket No. 420]. The

Debtors have paid the U.S. Trustee quarterly fees for the quarter ending December 31, 2015.

B. **Employment of Professionals**

Since the Debtors' last status report, the Debtors have been authorized to employ several professionals and consultants.

- On December 23, 2015, the Court entered an order granting the Debtors' application to employ GlassRatner Advisory & Capital LLC ("GlassRatner") as their financial advisor and consultant [Docket No. 262].

- On December 9, 2015, the Debtors filed an application to employ Mosier & Company, Inc. as independent sales representative (the "Mosier Application") [Docket No. 196], and on December 29, 2015, this Court entered an order granting the Mosier Application [Docket No. 276].

- On December 22, 2015, the Debtors filed a motion for an order authorizing the employment and compensation of professionals utilized in the ordinary course of business (the "Ordinary Course Motion") [Docket No. 256], and on January 15, 2016, this Court entered an order granting the Ordinary Course Motion [Docket No. 314].

- On November 25, 2015, the Debtors filed an application to employ Donlin, Recano & Company as notice, claims and balloting agent for the Debtors (the "DRC Application") [Docket No. 134], and, after addressing concerns received from the clerk of the Court, the order granting the DRC Application was entered by this Court on January 19, 2016 [Docket No. 322].

- On December 28, 2015, the Debtors filed an application to employ FTI Consulting, Inc. as investment banker to the Debtors (the "FTI Application") [Docket No. 271], and on January 19, 2016, this Court entered an order granting the FTI Application [Docket No. 321].

- On January 8, 2016, the Debtors filed an application to employ Squar Milner as their accountant (the "Squar Milner Application") [Docket No. 293], and on

February 1, 2016, this Court entered an order granting the Squar Milner Application [Docket No. 364].

C. **Administrative Tax Claims**

Administrative tax claims have been fully paid on a current basis.

D. **Status of Debtors' Post-Petition Operations**

The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E. **Status of Post-Petition Litigation Involving the Debtors**

The Debtors are currently involved in thirty actions in multiple courts around the country. The Debtors have filed notices of stay in those cases.

F. **Executory Contracts and Unexpired Leases**

The deadline to assume or reject non-residential real property leases expires on February 29, 2016. Given that the Debtors intend to sell all of their assets and, therefore, decisions with respect to assumption and rejection will likely be made in the context of the sales process, on February 5, 2016, the Debtors filed their *Motion for an Order Extending the Deadline Pursuant to Section 365(d)(4) of the Bankruptcy Code to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 376]. The deadline to file objections to the motion ran on February 22, 2016. No objections were received and on February 23, 2016, the Debtors filed their Declaration Re Entry of Order without Hearing [Docket No. 419] and uploaded with this Court its proposed order granting the motion.

The Debtors intend on filing a motion to reject two non-residential real property leases prior to February 29, 2016.

G. **Motion to Sell the Debtors' Assets**

On January 13, 2016, the Debtors filed their *Motion for Entry of Orders: (I) (A) Approving Procedures in Connection with Sale of Substantially all of Debtors' Assets, (B) Authorizing, but Not Requiring, the Granting of Stalking Horse Protections to Potential Stalking Horse Bidder(s), (C) Scheduling Related Auction and Hearing to Consider Approval of Sale, (D) Approving Procedures Related to Assumption and Assignment of*

*Certain Executory Contracts and Unexpired Leases, and (E) Approving Form and Manner of Notice Thereof, and (II) (A) Authorizing Sale of Substantially all of Debtors' Assets Pursuant to Successful Bidder(s)' Asset Purchase Agreement, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto* [Docket No. 302]. On February 5, 2016, this Court entered its Order approving the motion and the bidding procedures, setting forth key dates, deadlines and procedures related to the sale of the Debtors' assets [Docket No. 371].

Bids for the purchase of the Debtors' assets are due by March 11, 2016, and the auction is scheduled to commence on March 16, 2016. A hearing on approval of the sale of assets to the successful bidder(s) is scheduled to be heard on March 21, 2016.

### H.  Plan and Disclosure Statement

The Debtors anticipate a plan and disclosure statement will be on file and served after the completion of the sales process. Currently, the Debtors anticipate that the sales process will be completed by the end of March 2016. The Debtors cannot file a plan and disclosure statement prior to this date because the funding for the plan is coming from the sale of the Debtors' assets.

The Debtors' current exclusivity period to file a plan is February 29, 2016. On February 22, 2016, the Debtors filed their *Motion for an Order Authorizing Extension of Exclusivity Periods for the Filing of a Plan of Reorganization and for Soliciting Acceptances to the Plan* [Docket No. 414]. By the motion, the Debtors are requesting an extension by which the Debtors have to file a plan from February 29, 2016 to April 29, 2016, and an extension during which only the Debtors may solicit acceptances to their plan from April 29, 2016 to June 28, 2016.

### I.  Deadline for Filing Proofs of Claim

On January 22, 2016, the Debtors filed their *Motion for Order Setting Bar Date for Filing Proofs of Claim* [Docket No. 341], and an order granting the motion was entered by this Court on January 27, 2016 [Docket No. 355]. April 1, 2016 has been established as

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

the general bar date, and on February 1, 2016, notice of the bar date was served on all known creditors and parties-in-interest.

### J. Avoidance Actions

The Debtors are still evaluating whether there are any avoidance actions to pursue. No complaints have been filed. The Debtors believe that there may be viable causes of action related to certain liens that exist against certain of their assets, but are investigating whether the issues can be resolved without the need for litigation. The Committee has been vested with the authority to commence actions, if any, against Silver Point, and certain of its affiliated entities.

### K. Cash Collateral

There have been no changes with respect to the Debtors' usage of cash collateral since the Debtors' last status report was filed on December 23, 2015. The Debtors' *Motion for Entry of: (I) Interim Order (A) Authorizing Debtors to (1) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (2) Provide Adequate Protection to Prepetition Secured Parties, (3) and Grant Related Relief, and (B) Setting Final Hearing; and (II) Final Order Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364, (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Provide Adequate Protection to Prepetition Secured Parties, (D) Repay Certain Prepetition Secured Debtor, and (E) Grant Related Relief* (the "Cash Collateral Motion") was granted by amended order entered on December 17, 2015 [Docket No. 239]. The order was amended to attach a corrected budget that set forth the Debtors' use of cash collateral from the Petition Dates through April 1, 2016, instead of January 1, 2016 through April 1, 2016. The Superpriority Debtor-in-Possession Credit and Security Agreement was filed with the Court on December 14, 2015, entered into between certain of the Debtors and Silver Point Finance, LLC, and the $4.5 million in Debtor-in-Possession financing was funded.

L. **Other General Administrative Matters**

1. **Motion to Approve Compromise**

On January 15, 2016, the Debtors filed their *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Docket No. 318]. By the motion, the Debtors are requesting approval of a negotiated settlement agreement between Electronic Business Solutions and Consulting and Global Consulting Services and Consulting (collectively, "EBS") and the Debtors. EBS provides essential interactive and newspaper services to the Debtors and the settlement agreement resolves disputes between them, whereby EBS agrees to continue to provide the Debtors with both interactive and newspaper services, pursuant to the terms of the initial Master Services Agreement, based on modifications as set forth in the settlement agreement. No objections to the motion were received and a hearing on the same is scheduled for February 29, 2016.

2. **Motion to Incur Debt**

On February 8, 2016, the Debtors filed their *Motion for Order Authorizing the Debtors to Incur Debt Pursuant to 11 U.S.C. § 364* [Docket No. 383]. By the motion, the Debtors are requesting authority to enter into a premium finance agreement with AFCO, which will allow the Debtors to finance insurance premiums in order to maintain critical excess workers' compensation coverage which is essential to the Debtors' ability to continue to operate their businesses. No objections to the motion were received and a hearing on the same is scheduled for February 29, 2016.

3. **Motion for an Order Approving Employee Incentive and Severance Program**

On February 8, 2016, the Debtors filed their *Motion for an Order Approving Employee Incentive and Severance Program Providing for (i) Payment of Incentive Pay to Key Executives, and (ii) Payment of Severance Pay to Associate Employees and Key Executives* [Docket No. 385]. By the motion, the Debtors are requesting an order approving an employee incentive and severance program for certain of the Debtors'

employees, which will provide for the (i) payment of incentive pay to 7 key members of the Debtors' management based on obtaining certain value thresholds in connection with the contemplated sale of substantially all of the Debtors' assets pursuant to a Key Executive Incentive Program, and (ii) payment of severance pay to associate employees and key executives (including one insider executive), of the Debtors in the event of a termination of employment post January 1, 2016 pursuant to an Employee Severance Program. A Statement of Position and Request for Clarification (the "Statement of Position") [Docket No. 400] was filed on February 12, 2016 by Stern and McEachen. A Statement of Non-Opposition was filed by the Office of the United States Trustee on February 15, 2016 [Docket No. 405]. On February 22, 2016, the Debtors filed their reply to the Statement of Position [Docket No. 415]. A hearing on the motion is scheduled for February 29, 2016.

Dated: February 24, 2016

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ Beth Gaschen
WILLIAM N. LOBEL
ALAN J. FRIEDMAN
BETH E. GASCHEN
CHRISTOPHER J. GREEN
Attorneys for Debtors
and Debtors-in-Possession

# DECLARATION OF CHRIS D. DAHL

I, Chris D. Dahl, declare as follows:

1. I am the Chief Financial Officer ("CFO") of the debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"). I have served as CFO since March, 2015, but have been employed by the Debtors since 1998. In my role as CFO, I am responsible for: (i) financial planning and analysis; (ii) budgeting and forecasting; (iii) treasury and cash management (collections); (iv) payroll and accounts payable; and (v) general accounting.

2. As a result of my tenure with the Debtors, my extensive day to day experience with the financial matters impacting the Debtors' operations, my review of relevant documents, and my discussions with other members of the Debtors' management teams in the ordinary course of business, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently thereto. Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with other members of the Debtors' senior management, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtors' operations and financial conditions. I am submitting this declaration in support of the Debtors' Updated Chapter 11 Status Report.

3. On November 1, 2015 and November 2, 2015, the Debtors commenced the Cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Cases. On November 10, 2015, the United States Trustee appointed the Committee in the cases of: (1) Freedom Communications, Inc., 8:15-bk-15311-MW; (2) Freedom Communications

Holdings, Inc., 8:15-bk-15312-MW; (3) Freedom Services, Inc., 8:15-bk-15313-MW; and (4) OCR Community Publications, Inc., 8:15-bk-15316-MW.

4. The Debtors are in compliance with their duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015-2(a) and (b) of the Local Rules. On December 21, 2015, the Debtors' filed their Schedules and Statements of Financial Affairs. The Court subsequently issued notices of deficiencies as to certain documents, which the Debtors have corrected.

5. The Debtors are in compliance with the requirements imposed by the Office of the United States Trustee. On December 28, 2015, the Debtors filed their First Monthly Operating Report for the month ending November 30, 2015. On January 27, 2016, the Debtors filed their Second Monthly Operating Report for the month ending December 30, 2015. On February 23, 2016, the Debtors filed their Third Monthly Operating Report for the month ending January 31, 2016. The Debtors have paid the U.S. Trustee quarterly fees for the quarter ending December 31, 2015.

6. Since the last status report was filed, the Debtors have employed (i) Donlin, Recano & Company as notice, claims and balloting agent for the Debtors, (ii) GlassRatner as the Debtors' financial advisor and consultant, (iii) Mosier & Company, Inc. as independent sales representative, (iv) FTI Consulting, Inc. as investment banker, and (v) Squar Milner as accountant.

7. On December 22, 2015, the Debtors filed a motion to employ ordinary course professionals which motion was granted by this Court on January 15, 2016.

8. Administrative tax claims have been fully paid on a current basis.

9. The Debtors are currently involved in thirty actions in multiple courts around the country. The Debtors have filed notices of stay in those cases.

10. I have been informed by the Debtors' other professionals that the deadline to assume or reject non-residential real property leases expires on February 29, 2016. Given that the Debtors intend to sell all of their assets and therefore decisions with respect to assumption and rejection will likely be made in the context of the sales process,

on February 5, 2016, the Debtors filed their *Motion for an Order Extending the Deadline Pursuant to Section 365(d)(4) of the Bankruptcy Code to Assume or Reject Unexpired Leases of Nonresidential Real Property*. The deadline to file objections to the motion ran on February 22, 2016. No objections were received and on February 23, 2016, the Debtors filed their Declaration Re Entry of Order without Hearing and uploaded with this Court its proposed order granting the motion.

11.    The Debtors intend on filing a motion to reject two non-residential real property leases prior to February 29, 2016.

12.    On January 13, 2016, the Debtors filed their *Motion for Entry of Orders: (I) (A) Approving Procedures in Connection with Sale of Substantially all of Debtors' Assets, (B) Authorizing, but Not Requiring, the Granting of Stalking Horse Protections to Potential Stalking Horse Bidder(s), (C) Scheduling Related Auction and Hearing to Consider Approval of Sale, (D) Approving Procedures Related to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (E) Approving Form and Manner of Notice Thereof, and (II) (A) Authorizing Sale of Substantially all of Debtors' Assets Pursuant to Successful Bidder(s)' Asset Purchase Agreement, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (B) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto*. On February 5, 2016, this Court entered its Order approving the motion and the bidding procedures, setting forth key dates, deadlines and procedures related to the sale of the Debtors' assets. Bids for the purchase of the Debtors' assets are due by March 11, 2016, and the auction is scheduled to commence on March 16, 2016. A hearing on approval of the sale of assets to the successful bidder(s) is scheduled to be heard on March 21, 2016.

13.    The Debtors anticipate a plan and disclosure statement will be on file and served after the completion of the sales process. Currently, the Debtors anticipate that the sales process will be completed by the end of March 2016. The Debtors cannot file a plan and disclosure statement prior to this date because the funding for the plan is coming from the sale of the Debtors' assets.

14.     It is my understanding that the Debtors' current exclusivity period to file a plan is February 29, 2016. On February 22, 2016, the Debtors filed their *Motion for an Order Authorizing Extension of Exclusivity Periods for the Filing of a Plan of Reorganization and for Soliciting Acceptances to the Plan*. By the motion, the Debtors are requesting an extension by which the Debtors have to file a plan from February 29, 2016 to April 29, 2016, and an extension during which only the Debtors may solicit acceptances to their plan from April 29, 2016 to June 28, 2016.

15.     On January 22, 2016, the Debtors filed their *Motion for Order Setting Bar Date for Filing Proofs of Claim*, and an order granting the motion was entered by this Court on January 27, 2016. April 1, 2016 has been established as the general bar date and on February 1, 2016, notice of the bar date was served on all known creditors and parties-in-interest.

16.     The Debtors are still evaluating whether there are any avoidance actions to pursue. No complaints have been filed. Based on my conversations with the Debtors' professionals, I believe that there may be viable causes of action related to certain liens that exist against certain of the Debtors' assets, but the Debtors are investigating whether the issues can be resolved without the need for litigation. The Committee has been vested with the authority to commence actions, if any, against Silver Point, and certain of its affiliated entities.

17.     The Cash Collateral Motion was granted by an amended order entered on December 17, 2015. The order was amended to attach a corrected budget that set forth the Debtor's use of cash collateral from the Petition Dates through April 1, 2016, instead of January 1, 2016 through April 1, 2016. The Superpriority Debtor-in-Possession Credit and Security Agreement was filed with the Court on December 14, 2015, entered into between certain of the Debtors and Silver Point Finance, LLC, and the $4.5 million in Debtor-in-Possession financing was funded.

18.     On January 15, 2016, the Debtors filed their *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019*. By

the motion, the Debtors are requesting approval of a negotiated settlement agreement between Electronic Business Solutions and Consulting and Global Consulting Services and Consulting (collectively, "EBS") and the Debtors. EBS provides essential interactive and newspaper services to the Debtors and the settlement agreement resolves disputes between them, whereby EBS agrees to continue to provide the Debtors with both interactive and newspaper services, pursuant to the terms of the initial Master Services Agreement, based on modifications as set forth in the settlement agreement. No objections to the motion were received and a hearing on the same is scheduled for February 29, 2016.

19. On February 8, 2016, the Debtors filed their *Motion for Order Authorizing the Debtors to Incur Debt Pursuant to 11 U.S.C. § 364*. By the motion, the Debtors are requesting an order authorizing the Debtors to enter into a premium finance agreement with AFCO, which will allow the Debtors to finance insurance premiums in order to maintain critical and essential excess workers' compensation coverage which is essential to the Debtors' ability to continue to operate their businesses. No objections to the motion were received and a hearing on the same is scheduled to be heard on February 29, 2016.

20. On February 8, 2016, the Debtors filed their *Motion for an Order Approving Employee Incentive and Severance Program Providing for (i) Payment of Incentive Pay to Key Executives, and (ii) Payment of Severance Pay to Associate Employees and Key Executives*. By the motion, the Debtors are requesting an order approving an employee incentive and severance program for certain of the Debtors' employees, which will provide for the (i) payment of incentive pay to seven (7) key members of the Debtors' management based on obtaining certain value thresholds in connection with the contemplated sale of substantially all of the Debtors' assets pursuant to a Key Executive Incentive Program, and (ii) payment of severance pay to associate employees and key executives (including one insider executive), of the Debtors in the event of a termination of employment post January 1, 2016 pursuant to an Employee Severance Program. A Statement of Position was filed on February 12, 2016 by Stern and McEachen. A

Statement of Non-Opposition was filed by the Office of the United States Trustee on February 15, 2016. On February 22, 2016, the Debtors filed their reply to the Statement of Position. A hearing on the motion is scheduled for February 29, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23 day of February 2016, at Santa Ana, California.

*Chris D. Dahl*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **UPDATED CHAPTER 11 STATUS CONFERENCE REPORT; AND DECLARATION OF CHRIS D. DAHL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 24, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 24, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Attorney Service
The Honorable Mark S. Wallace, United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Courtesy Bin, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/24/2016 | Lori Gauthier | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **James C Behrens**  jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- **Shraddha Bharatia**  notices@becket-lee.com
- **Matthew Bouslog**  MBouslog@gibsondunn.com, Pcrawford@gibsondunn.com
- **J Scott Bovitz**  bovitz@bovitz-spitzer.com
- **Frank Cadigan**  frank.cadigan@usdoj.gov
- **Joseph Corrigan**  Bankruptcy2@ironmountain.com
- **Brian L Davidoff**  bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Michael T Delaney**  mdelaney@bakerlaw.com, sgaeta@bakerlaw.com
- **Caroline Djang**  cdjang@rutan.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Robert J Feinstein**  rfeinstein@pszjlaw.com
- **Scott D Fink**  brodellecf@weltman.com
- **Alan J Friedman**  afriedman@wgllp.com, nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
- **Beth Gaschen**  bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
- **Nancy S Goldenberg**  nancy.goldenberg@usdoj.gov
- **Seth Goldman**  seth.goldman@mto.com
- **Christopher J Green**  cgreen@wgllp.com, chrisgreen@ucla.com;kadele@wgllp.com
- **Michael J Hauser**  michael.hauser@usdoj.gov
- **M Jonathan Hayes**  jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com
- **Eric M Heller**  eric.m.heller@irscounsel.treas.gov
- **Lillian Jordan**  ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Samuel M Kidder**  skidder@bhfs.com
- **Jeffrey C Krause**  jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Elan S Levey**  elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **William N Lobel**  wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Aaron J Malo**  amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- **Ashley M McDow**  amcdow@bakerlaw.com, mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- **David W. Meadows**  david@davidwmeadowslaw.com
- **Reed M Mercado**  rmercado@sheppardmullin.com
- **Raymond F Moats**  colcaecf@weltman.com
- **Elizabeth L Musser**  emusser@tresslerllp.com
- **Ernie Zachary Park**  ernie.park@bewleylaw.com
- **Ronak Patel**  rpatel@co.riverside.ca.us, mdominguez@co.riverside.ca.us
- **Courtney E Pozmantier**  cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- **Christopher E Prince**  , jmack@lesnickprince.com
- **Todd C. Ringstad**  becky@ringstadlaw.com
- **Christopher O Rivas**  crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Jeremy E Rosenthal**  jrosenthal@sidley.com
- **Peter J Rudinskas**  pjr.legal@gmail.com
- **Leonard M Shulman**  lshulman@shbllp.com
- **Donald W Sieveke**  ibmoola@yahoo.com, dws4law@pacbell.net
- **David P Simonds**  dsimonds@akingump.com, tsouthwell@akingump.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

- **Sarah Stuppi**   Sarah@stuppilaw.com
- **Helena Tseregounis**   htseregounis@sidley.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Beth Ann R Young**   bry@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1  ☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

2  ☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

3  ☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

4  ☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

You are hereby notified that a Status Conference hearing has been scheduled to take place in this Chapter 11 case on the above-captioned date, at the above-captioned time and place. At the Status Conference, the Court may, among other things, set the date by which executory contracts or unexpired leases must be assumed or rejected, and set deadlines for filing proofs of claim and interest, for the filing of a plan and disclosure statement, and for confirmation of a plan. Failure to file a disclosure statement, obtain approval of a disclosure statement, or confirm a plan by any deadlines set by the Court may result in dismissal or conversion of this case.

THE COURT HEREBY ORDERS:

1. The Debtor and Debtor-in-Possession (or Chapter 11 Trustee, if one has been appointed) ("Debtor") shall give written notice of the Status Conference to all parties entitled to notice under Rule 2002(a) of the Federal Rules of Bankruptcy Procedure no later than twenty-one (21) days before the hearing date stated above.

2. Debtor shall file a Status Report with the Court; submit a file-stamped courtesy copy to Honorable Mark S. Wallace, 411 W. Fourth Street, Sixth Floor, Santa Ana, California 92701; and serve the Status Report upon the United States Trustee and all official

Case 8:15-bk-15311-MW    Doc 421    Filed 02/24/16    Entered 02/24/16 09:08:14    Desc
                          Main Document    Page 20 of 20
Case 8:15-bk-15311-MW    Doc 141    Filed 11/30/15    Entered 11/30/15 11:13:13    Desc
                          Main Document    Page 4 of 7

committees no later than twenty-one (21) days before the hearing date stated above.

3. The Status Report shall be supported by evidence in the form of declarations and supporting documents.

4. The Status Report shall contain a discussion regarding the following:

   (a) Whether Debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106, and 1107, and all applicable guidelines of the Office of the United States Trustee. If not, explain why.

   (b) Whether Debtor has employed any professionals. If so, whether the Court has approved the employment. If the Court has not approved the employment, explain why.

   (c) Whether all administrative tax claims have been fully paid on a current basis. If not, what is the size and nature of delinquency.

   (d) The status of Debtor's post-petition operations.

   (e) The status of any post-petition litigation involving Debtor.

   (f) The status of any executory contracts or unexpired leases involving non-residential real property with respect to which Debtor is a lessee, and Debtor's intentions regarding the assumption/rejection of such contracts and leases.

   (g) Estimated date on which a plan and disclosure statement will be filed and served, if the same has not been filed already.

   (h) Reasons why a plan and disclosure statement cannot be filed until the date stated in section 4(f) above.

   (i) The proposed deadline for filing proofs of claim.