Jeremy E. Rosenthal, SBN 223199
jrosenthal@sidley.com
Helena G. Tseregounis, SBN 287422
htseregounis@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Kenneth P. Kansa, (*pro hac vice*)
kkansa@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Attorneys for Tribune Publishing Company*

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation, *et al.*[1]<br><br>　　　　Debtors and Debtors in Possession<br><br>Affects:<br><br>☒　　All Debtors<br><br>☐　　Freedom Communications, Inc., a Delaware corporation, ONLY | Case No. 8:15-bk-15311-MW<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows:  Freedom Communications, Inc. (0750); Freedom Communications Holdings, Inc., (2814); Freedom Services, Inc. (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610); Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735); Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona, Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom SPV IV, LLC (8500); and Freedom SPV V, LLC (9036).  The Debtors' mailing address is 625 N. Grand Avenue, Santa Ana, California 92710.

1

APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE

| | | |
|---|---|---|
| 1 | ☐ Freedom Communications Holdings, Inc., a Delaware corporation, ONLY | 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW; |
| 2 | ☐ Freedom Services, Inc., a Delaware corporation, ONLY | |
| 3 | | |
| 4 | ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY | **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE ON TRIBUNE PUBLISHING COMPANY'S MOTION TO (I) DENY STALKING HORSE BID PROTECTIONS, AND (II) CLARIFY NON-APPLICABILITY OF STALKING HORSE STATUS; DECLARATION OF KENNETH P. KANSA IN SUPPORT** |
| 5 | ☐ OCR Communication Publications, Inc., a California corporation, ONLY | |
| 6 | ☐ Daily Press, LLC, a California limited liability company, ONLY | |
| 7 | ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY | |
| 8 | | |
| 9 | ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY | [Local Rule 9075-1(b)] |
| 10 | ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY | |
| 11 | | |
| 12 | ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY | |
| 13 | ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY | |
| 14 | | |
| 15 | ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY | |
| 16 | ☐ Freedom Newspapers, a Texas general partnership, ONLY | |
| 17 | ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY | |
| 18 | ☐ Freedom Newspapers of Southwestern Arizona, Inc. a California corporation, ONLY | |
| 19 | | |
| 20 | ☐ OCR Information Marketing, Inc., a California corporation, ONLY | |
| 21 | ☐ Odessa American, a Texas general partnership, ONLY | |
| 22 | | |
| 23 | ☐ Orange County Register Communications, Inc., a California corporation, ONLY | |
| 24 | ☐ Victor Valley Publishing Company, a California corporation, ONLY | |
| 25 | | |
| 26 | ☐ Victorville Publishing Company, a California limited partnership, ONLY | |
| 27 | | |
| 28 | | |

☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE:

Tribune Publishing Company ("Tribune") hereby applies to the Court (the "Application") for an order shortening the time for notice of the hearing on Tribune's *Motion to (i) Deny Stalking Horse Bid Protections, and (ii) Clarify Non-Applicability of Stalking Horse Status* (the "Motion"), filed concurrently herewith. Tribune requests a hearing on March 21, 2016 at 9:00 a.m., which is the same date and time as the hearing to approve the sale of Debtors' assets (the "Sale Hearing"). In support of this application, Tribune submits the attached declaration of Kenneth P. Kansa and respectfully represents as follows:

**I.    Nature of the Relief Requested in the Motion**

The Motion seeks this Court's order compelling compliance with the terms of the Bidding Procedures Order,[2] which was entered by this Court on February 5, 2016, and clarifying the non-applicability of stalking horse bid protections contemplated thereunder. In particular, Tribune asks the Court to (i) reject the purported status of Media News Group, Inc. *dba* Digital First Media Inc. ("DFM") as a Stalking Horse Bidder under the Bidding Procedures and eliminate the bid protections attempted to be afforded to DFM, and (ii) clarify that the bidding process will proceed with no Stalking Horse Bidder. As further described in the Motion, DFM attempts to claim the protections reserved for a Stalking Horse Bidder under the Bidding Procedures after Debtors have received competing "Qualified Bids" from other parties, including Tribune. Granting DFM such protections

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

after both the deadlines for selection of a Stalking Horse Bidder and for bidders to submit competing bids have passed is unwarranted and serves to benefit DFM as a bidder to the detriment of all other bidders and the Debtors' estates.

**II.    Necessity of Hearing the Motion on Shortened Time**

Tribune only learned of the grounds for the Motion a few days ago (when it was notified of DFM's purported selection as a Stalking Horse Bidder) and therefore is unable to seek a hearing in accordance with the customary notice requirements. Tribune requests that the Motion be heard on March 21, 2016 at 9:00 a.m., the same date and time as the Sale Hearing. It is imperative that the Court hear and rule on the Motion at the Sale Hearing, as it will determine whether or not DFM is entitled to be treated as a Stalking Horse Bidder under the Bidding Procedures and, accordingly, whether DFM is entitled to a break-up fee and expense reimbursement. The Court's ruling on the Motion may directly affect how bids other than DFM's are perceived by the Debtors and other parties in the above-captioned cases at the Sale Hearing.

**III.    Compliance with Local Rule 9075-1(b)**

While all parties with an interest in the pending sale process will benefit from the Court's granting Tribune's motion, only the Debtors and DFM will be directly affected by the relief requested in the Motion. Accordingly, notice of this Application and the Motion will be served on Debtors (through their counsel), DFM, counsel to the Official Committee of Unsecured Creditors, and the United States Trustee.

In accordance with LBR 9075-1(b), Tribune has concurrently lodged a proposed order on form F 9075-1.1.ORDER.SHORT.NOTICE.

**IV.    CONCLUSION**

Based on the foregoing, Tribune respectfully requests the Court enter an order:

    i.    Granting the Application

    ii.    Setting a hearing on the Motion for March 21, 2016 at 9:00 a.m.; and

    iii.    Granting other and such further relief as the Court deems just and proper.

4

APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE

| | | |
|---|---|---|
| 1 | Dated: March 15, 2106 | SIDLEY AUSTIN LLP |

By: /s/ Helena G. Tseregounis
Jeremy E. Rosenthal, Esq.
Helena G. Tseregounis, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013

Kenneth P. Kansa, Esq.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603

Counsel for Tribune Publishing Company

# DECLARATION OF KENNETH P. KANSA

1. I am a partner of the law firm Sidley Austin LLP ("Sidley"), counsel to Tribune Publishing Company ("Tribune"). I submit this Declaration in support of Tribune's application (the "Application") for an order shortening time for notice of a hearing on its concurrently-filed motion to (i) deny stalking horse bid protections, and (ii) clarify non-applicability of stalking horse status (the "Motion"). I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Capitalized terms not defined in this Declaration shall have the meanings ascribed to them in the Application.

2. Tribune requests that the Motion be heard on March 21, 2016 at 9:00 a.m., the same date and time as the Sale Hearing. Tribune only learned of the grounds for the Motion a few days ago (when Tribune was notified of DFM's purported selection as a Stalking Horse Bidder) and therefore is unable to seek a hearing in accordance with the customary notice requirements.

3. It is imperative that the Court hear and rule on the Motion at the Sale Hearing, as it will determine whether or not DFM is entitled to be treated as a Stalking Horse Bidder under the Bidding Procedures and, accordingly, whether DFM is entitled to a break-up fee and expense reimbursement. The Court's ruling on the Motion may directly affect how bids other than DFM's are perceived by the Debtors and other parties in the above-captioned cases at the Sale Hearing.

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 15, 2016 at Los Angeles, California.

/s/ Kenneth P. Kansa<br>
Kenneth P. Kansa

2

DECLARATION OF KENNETH P. KANSA