ROBERT J. FEINSTEIN (*Admitted Pro Hac Vice*)
JEFFREY W. DULBERG (CA SBN 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   rfeinstein@pszjlaw.com
          jdulberg@pszjlaw.com

Attorneys for the Official Committee of Unsecured
Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case Nos.: 8:15-bk-15311-MW |
| FREEDOM COMMUNICATIONS, INC., a Delaware corporation, et al.,[1] | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc. (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610); Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735); Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona, Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom SPV IV, LLC (8500); and Freedom SPV V, LLC (9036). The Debtors' mailing address is 625 N. Grand Avenue, Santa Ana, California 92701.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

Affects:

☒ All Debtors

☐ Freedom Communications, Inc., a Delaware corporation, ONLY

☐ Freedom Communications Holdings, Inc., a Delaware corporation, ONLY

☐ Freedom Services, Inc., a Delaware corporation, ONLY

☐ 2100 Freedom. Inc., a Delaware corporation, ONLY

☐ OCR Community Publications, Inc., a California corporation, ONLY

☐ Daily Press, LLC, a California limited liability company, ONLY

☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY

☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY

☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

☐ Freedom Newspapers, a Texas general partnership, ONLY

☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

☐ OCR Information Marketing, Inc., a California corporation, ONLY

☐ Odessa American, a Texas general partnership, ONLY

**FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF JEFFREY W. DULBERG**

[Application Period November 12, 2015 –April 30, 2016]

**Hearing Date:**
**Date: June 6, 2016**
**Time: 2:00 p.m.**
**Place: Courtroom 6C**
         **411 West Fourth Street**
         **Santa Ana, California 92701**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

2

☐   Orange County Register Communications, Inc., a California corporation, ONLY

☐   Victor Valley Publishing Company, a California corporation, ONLY

☐   Victorville Publishing Company, a California limited partnership, ONLY

☐   Freedom SPV II, LLC, a Delaware limited liability company, ONLY

☐   Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

☐   Freedom SPV I, LLC, a Delaware limited liability company, ONLY

☐   Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

☐   Freedom SPV V, LLC, a Delaware limited liability company, ONLY

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DOCS_LA:298487.2 29266/002

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTORY STATEMENT ................................................................ 1

II.  PRELIMINARY SUMMARY OF COMPENSATION DATA FOR THIS APPLICATION ...... 2

III. BRIEF NARRATIVE HISTORY AND
     PRESENT POSTURE OF THE CASE ...................................................... 3

   A.   Background ................................................................................. 3

IV. NARRATIVE STATEMENT OF SERVICES RENDERED AND TIME EXPENDED ............. 4

   A.   Services Performed and Time Expended During  the Application Period
        Covered by this First Interim Application ......................................... 4

      1.   Asset Analysis and Recovery .................................................... 5

      2.   Avoidance Actions ................................................................. 5

      3.   Asset Disposition ................................................................. 6

      4.   Bankruptcy Litigation ........................................................... 7

      5.   Case Administration ............................................................. 8

      6.   Claims Administration/Objection .............................................. 9

      7.   Compensation of Professionals/Compensation of Other Professionals ........... 9

      8.   Employee Benefits and Pensions .............................................. 9

      9.   Executory Contracts ............................................................. 10

      10.  Financial Filings ................................................................. 10

      11.  Financing ......................................................................... 11

      12.  General Creditors' Committee ................................................. 12

      13.  Insurance Coverage ............................................................. 13

      14.  Litigation (Other) ............................................................... 13

      15.  Meeting of Creditors ........................................................... 13

      16.  Operations ....................................................................... 13

      17.  Plan and Disclosure Statement ............................................... 14

      18.  Retention of Professionals ..................................................... 14

      19.  Retention of Professionals - Other ........................................... 14

      20.  Travel ............................................................................. 15

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

i

21. Tax Issues.................................................................................................. 15

B.    Detailed Listing of All Time Spent By the Professional on the Matters for Which
      Compensation is Sought (Local Bankruptcy Rule 2016-1(a) (1) (E))................................... 15

C.    List of Expenses by Category (Local Bankruptcy Rule 2016-1(a) (1) (F)). .......................... 16

D.    Hourly Rates (Local Bankruptcy Rule 2016-1(a) (1) (G) and (I). ...................................... 16

E.    Description of Professional Education and Experience (Local Bankruptcy
      Rule 2016-1(a) (1)(H)).................................................................................. 16

F.    Statement of the Applicant.............................................................................. 16

G.    Budget ..................................................................................................... 17

H.    Billing Records .......................................................................................... 17

I.    Appendix B Guidelines.................................................................................. 17

J.    Notice of Application and Hearing (Local Bankruptcy Rule 2016-1(a)(2) and (c)(3). .......... 17

V.  THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED
    BASED UPON APPLICABLE LAW  ................................................................. 18

A.    Factors In Evaluating Requests for Compensation.................................................. 18

B.    The Lodestar Award Should be Calculated by Multiplying a Reasonable
      Hourly Rate by the Hours Expended. ................................................................ 18

VI.  CONCLUSION.............................................................................................. 20

DOCS_LA:298487.2 29266/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Blanchard v. Bergeron,*
489 U.S. 87 (1989) ............................................................................................ 20

*Blum vs. Stenson,*
465 U.S. 886 (1984) .......................................................................................... 19

*City of Burlington v. Dague,*
505 U.S. 557 (1992) .......................................................................................... 19

*Dang v. Cross,*
422 F.3d 800 (9th Cir. 2005) ........................................................................... 20

*Davis v. City & County of San Francisco,*
976 F.2d 1536 (9th Cir. 1992) ......................................................................... 19

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) .......................................................................................... 19

*In re Charles Russell Buckridge, Jr.,*
367 B.R. 191 (C.D. Cal. 2007) ................................................................... 1, 20

*In re Manoa Finance Co., Inc.,*
853 F.2d 687 (9th Cir. 1988) ................................................................... 19, 20

*Johnson v. Georgia Highway Express, Inc.,*
488 F.2d 714 (5th Cir. 1974) ........................................................................... 19

*Kerr v. Screen Extras Guild, Inc.,*
526 F. 2d 67 (9th Cir. 1975) .................................................................... 1, 19

*Law Offices of David A. Boone v. Derham-Burk (In re Eliapo),*
468 F.3d 592 (9th Cir. 2006) ............................................................................. 1

*Meronk v. Arter & Hadden, LLP (In re Meronk),*
249 B.R. 208 (BAP 9th Cir. 2000) .................................................................. 19

*Morales v. City of San Rafael,*
96 F.3d 359 (9th Cir. 1996) ............................................................................ 19

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air,*
478 U.S. 546 (1986) .......................................................................................... 20

*Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.,*
924 F.2d 955, 960 (9th Cir. 1991) ................................................................... 20

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

**Statutes**

11 U.S.C. Section 330 ................................................................................ 1, 16, 18, 20

11 U.S.C. Section 330(a) ........................................................................................ 18

11 U.S.C. Section 331 ............................................................................................. 1

11 U.S.C. Section 361 ........................................................................................... 11

11 U.S.C. Section 363 ........................................................................................... 11

11 U.S.C. Section 364 ........................................................................................... 11

42 U.S.C. Section 7401 ......................................................................................... 19

LBR 2016-1(a)(1) .................................................................................................. 1

LBR 2016-(a)(1)(A)(iv) .......................................................................................... 3

LBR 2016-1(a)(1)(D) .............................................................................................. 4

LBR 2016-1(a)(1)(E) ............................................................................................. 15

LBR 2016-1(a)(1)(F) ............................................................................................. 16

LBR 2016-1(a)(1)(G) ............................................................................................ 16

LBR 2016-1(a)(1)(H) ............................................................................................ 16

LBR 2016-1(a)(1)(I) ............................................................................................. 16

LBR 2016-1(a)(2) ................................................................................................. 17

LBR 2016-1(c)(3) ................................................................................................. 17

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DOCS_LA:298487.2 29266/002

**TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE,**

**THE DEBTORS, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE,**

**AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Pachulski Stang Ziehl & Jones LLP (the "Firm"), bankruptcy counsel to the Official

Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case (the "Case")

of Freedom Communications, Inc. *et al* (collectively the "Debtors"), hereby submits its *First Interim*

*Application for Approval of Compensation and Reimbursement of Expenses* (the "Application") for

the period of November 12, 2015 through April 30, 2016 (the "Application Period"), pursuant to

sections 330 and 331 of the Bankruptcy Code.[2]

**I.**

**INTRODUCTORY STATEMENT**

Local Bankruptcy Rule 2016-1(a)(1) sets forth certain requirements that a professional must

satisfy in order to obtain an award for fees and costs.  Additional standards to be employed in the

review of fee applications are set forth in the *United States Trustee's Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*.

Finally, cases interpreting sections 330 and 331 of the Bankruptcy Code have required that courts

consider the twelve (12) factors that the Ninth Circuit Court of Appeals articulated in *Kerr v. Screen*

*Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 726 (1976).  The

Ninth Circuit's primary method used to determine the reasonableness of fees is to calculate the

"lodestar."  *In re Charles Russell Buckridge, Jr.*, 367 B.R. 191, 201 (C.D. Cal. 2007).  The lodestar

is ascertained by multiplying the number of hours reasonably expended by a reasonable hourly rate.

*Law Offices of David A. Boone v. Derham-Burk (In re Eliapo),* 468 F.3d 592, 598 (9th Cir. 2006).  As

set forth more fully herein, this Application complies with all statutory guidelines and Court-

imposed requirements.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

---

[2] All references to sections of the "Bankruptcy Code" are to sections of 11 U.S.C. §§ 101-1532, as amended.  All references to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.

1

By this Application, the Firm seeks approval of $916,579 in fees for the Application Period, and costs in the amount of $29,237.48, for an aggregate total of $945,816.48.

## II.

## PRELIMINARY SUMMARY OF COMPENSATION DATA FOR THIS APPLICATION

**A.** **Date Employment Order Entered:**  December 23, 2015 effective as of November 12, 2015.

**B.** **Period Covered By This Application:**  November 12, 2015 through April 30, 2016.

**C.** **Hours of Professional Time Which are the Subject of this Application:**  1247 Hours

**D.** **Fees Requested by this Application:**  $916,579

**E.** **Expenses Requested by this Application:** $29,237.48

**F.** **Total Amount of Fees and Expenses Requested:**[3] $502,098.85

**G.** **Amount of Prepetition Retainer Received by Applicant:**  None

**H.** **Amount of Fees and Expenses Previously Awarded:**  None

**I.** **Amount of Fees and Expenses Previously Paid Postpetition:** $443,717.63

Pursuant to the *Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of November 12, 2015 and the Declaration of Jeffrey D; Dulberg* in support thereof [Docket No. 174], and the *Supplement to Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of November 12, 2015* (collectively the "Application") and this Court's Order granting the Application (the "Employment Order") entered on or about December 23, 2015 [Docket No. 261], the Firm has filed Monthly Fee Applications for the months of November 2015, December 2015, January 2016, February 2016 and March 2016 seeking payment of 80% of the fees incurred and 100% of the costs advanced such that the Firm has been paid $443,717.63 representing monthly payments from the Debtors.

**J.** **Blended Rate:**          $737.14 (Including Paraprofessionals)

                                $806.00 (Excluding Paraprofessionals)

---

[3] The amount requested reflects reductions to the Debtors due to (a) an overpayment by the Debtors in the amount of $1,086.59 and (b) 8.8 hours of travel for Jeffrey W. Dulberg at $375/hr. instead of $750/hr.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DOCS_LA:298487.2 29266/002

### III.

### BRIEF NARRATIVE HISTORY AND

### PRESENT POSTURE OF THE CASE

The Application Period covers the period from November 12, 2015 through April 30, 2016, during which time the Firm represented the Committee in this Case.  Pursuant to Local Bankruptcy Rule 2016-(a)(1)(A)(iv), the Firm hereby incorporates by reference the narrative history, the present posture of the case, and the amount of funds on hand furnished in the interim fee application of Debtor's chapter 11 counsel.

A.    **Background**

On November 1 and 2, 2015 (the "Petition Dates"), the Debtors commenced cases under chapter 11 of the Bankruptcy Code, which are being jointly administered as Case No. 15- 15311- MW before this Court.   As disclosed in numerous documents filed in this case, the Debtors were headquartered in Santa Ana, California and were collectively a privately owned information and entertainment company consisting of print publications and interactive businesses.  The Debtors' portfolio included daily and weekly newspapers, magazines and other specialty publications.  In addition, the Debtors operated an interactive business which offered website complements, as well as digital and mobile products, to their print publications.  The Orange County Register was the Debtors' flagship newspaper.  The Debtors also operated the Press-Enterprise and Unidos (a Spanish language newspaper), and owned real property in Santa Ana and Riverside, California.

On November 10, 2015, the United States Trustee appointed the pursuant to section 1102 of the Bankruptcy Code.  The members initially appointed to the Committee were: (i) Associated Press; (ii) Pension Benefit Guaranty Corporation; (iii) Electronic Business Solutions; (iv) Newscycle Solutions, (v) Inland Empire Paper Company; (vi) Ponderay Newsprint Company; and (vii) ACI California, LLC.[4]  The Committee filed an Application to retain the Firm as its general insolvency counsel.  On March 19, 2014 [Docket No. 132], the Court entered an Order approving the Firm's employment effective as of February 19, 2014 [Docket No 204].

---

[4] ACI California later withdrew from its position as a Committee member upon receiving payment of its claim as a critical vendor in accordance with this Court's order.

DOCS_LA:298487.2 29266/002

During this case, the Committee focused upon working closely with the Debtors and their professionals to ensure that the Debtors explore all available means for the realization of maximum value to unsecured creditors.  In particular, the Firm took an active role, along with the Committee's financial advisors, in the Debtors' sale efforts.  This was particularly critical as the Debtors did not ultimately receive a timely, acceptable stalking horse proposal from its (former) insiders as promised at the outset of the Case.  The Committee's professionals were required to work strategically throughout the sale process with the Debtors' professionals in order to ensure a potential recovery.

The Firm has rendered services to the Committee during the Application Period regarding various aspects of the Case.  Those services include, without limitation, the following:

a.    Conducting numerous calls and meetings with the Debtors' representatives regarding the administration of the Case and, specifically, the ongoing marketing of the Debtors' assets and the sale efforts to generate recoveries for creditors;

b.    Working with the Committee's Financial Advisors to evaluate the Debtors' financial condition, business operations and other matters relevant to this Case and to the development of a sale transaction;

c.    Negotiating with Silver Point Finance, LLC regarding certain claims asserted by the Committee in connection with the prepetition debt and the prepetition senior liens; and

d.    Evaluating issues related to the potential claims against third parties including, but not limited to, claims relating to pre-petition real estate transactions and pension plan in connection with the potential assumption of the pension by a buyer of the Debtors' assets.

**IV.**

**NARRATIVE STATEMENT OF SERVICES RENDERED AND TIME EXPENDED**

**A.    Services Performed and Time Expended During the Application Period Covered by this First Interim Application**

Pursuant to the Compensation Guide and Local Bankruptcy Rule 2016-1(a)(1)(D), the Firm has classified all services performed for which compensation is sought for this period into one of several major categories.  The Firm attempted to place the services performed in the category that

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

4

best relates to the service provided.  However, because certain services may relate to more than one category, services pertaining to one category may in fact be included in another category.

### 1.    Asset Analysis and Recovery

This category pertains to the identification and review of potential assets including causes of action and non-litigation recoveries.

During the period for which compensation is sought, the Firm, among other things: (1) reviewed and analyzed numerous documents regarding Silver Point's loan and security agreement; (2) reviewed and analyzed the forbearance agreements and amendments to Silver Point credit agreements; (3) conducted legal research regarding issues in connection with the Committee's challenge of the Silver Point loan and thereafter, prepared memo regarding same; (4) conducted legal research on "make whole" provisions and analyzed "make whole" calculations; (5) prepared an extensive memo summarizing the "make whole" issues; (4) conducted legal research on section 506(b) challenges to Silver Point's claim; (6) prepared a comprehensive complaint against Silver Point in the event the Committee was required to prosecute its challenge rights against Silver Point; (7) analyzed the Debtors' financial records regarding insolvency and unpaid debts; (8) reviewed and analyzed Silver Point's recovery analysis; (9) research potential "claw back" related issues; (10) conducted due diligence regarding pension plan issues and conducted pension plan investigation; and (11) reviewed and analyzed Alvarez & Marsal's ("A&M") due diligence list and conferred with A&M regarding same.

During the Application Period, the Firm expended 216.90 hours in this category.  The amount of fees attributable to this category is $167,087.00.

### 2.    Avoidance Actions

This category pertains to avoidance actions under sections 544-549 of the Bankruptcy Code to determine whether adversary proceedings are warranted.

During the period for which compensation is sought, the Firm, among other things: (1) reviewed and analyzed potential claims against Silver Point; (2) analyzed issues in connection with a sale leaseback transaction; and (3) researched and analyzed potential claims against former insiders

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

5

1   and participated in conferences as to whether an investigation should be initiated in connection with

2   such claims.

3        During the Application Period, the Firm expended 16.2 hours in this category.  The amount

4   of fees attributable to this category is $12,818.00.

5        **3.    Asset Disposition**

6        This category pertains to services rendered with regard to sales and related transaction work.

7   The Firm spent the most amount of time on this category.

8        The majority of the time expended by the Firm in this Case was in connection with the

9   Committee's negotiations and participation in connection with the sale of substantially all estate

10  assets (the "Sale").

11       During the period for which compensation is sought, the Firm, among other things: (1)

12  conferred extensively, by way of frequent meetings and conference calls, with the Debtors'

13  representatives as well as representatives of Orange County Media, LLC a subsidiary of Tribune

14  Publishing and MediaNews Group, Inc., d/b/a Digital First Media ("DFM") two (2) of the most

15  active potential bidders regarding the Sale and the bid procedures related thereto; (2) participated

16  and took an active role in finalizing the final bid procedures for the Sale, including revising

17  numerous iterations of the final bid procedures; (3) conferred with and attended meetings with the

18  Debtors' investment banker, the Committee's Financial Advisor, and the Debtors' sale

19  representative regarding the Sale process; (4) conferred with Debtors in connection with a potential

20  "stalking horse" for the Sale process and reviewed the anticipated waterfall of proceeds from a

21  successful Sale and, thereafter, participated in discussions regarding issues with the proposed

22  waterfall; (5) prepared for and attended the Bid Procedures Hearing; (6) attended the auction for the

23  Sale of assets; (7) reviewed the Asset Purchase Agreement ("APA") submitted by Tribune, the initial

24  successful bidder at the auction, and prepared extensive comments which were communicated to the

25  Debtors; (8) prepared for and attended the Sale hearing; (9) reviewed and analyzed the TRO filed by

26  the Department of Justice ("DOJ") in which the DOJ moved to enjoin Tribune from finalizing its

27  acquisition of the assets of the Debtors on the grounds that the proposed acquisition would leave

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

6

Tribune with a monopoly in daily newspapers in Orange and Riverside counties; (10) conducted extensive negotiations and discussions with Tribune representatives and other consultation parties regarding their APA, the antitrust action by the DOJ and the effects on the Sale; (11) reviewed the bid by DFM as well as its proposed APA; (12) reviewed and analyzed issues with the DFM bid and conferred with the Debtors and the consultation parties regarding same; (13) conducted an extensive review on the revised APA proposed by DFM, including amendments thereto, and the proposed Sale order following which the Firm prepared a comprehensive evaluation in connection therewith; (14) conducted legal research regarding free and clear asset sale issues and prepared memo regarding same; (15) reviewed and analyzed pension plan issues and the value thereof; (16) conducted legal research on ERISA fiduciary duties and claims against fiduciaries under ERISA and prepared memo regarding findings; (17) conducted legal research concerning claims under ERISA for imprudent investments; (18) reviewed and analyzed key documents relating to the Rule 2004 examination of the most knowledgeable person having information about the Debtors' Pension Plan and prepared extensively for such examination; (19) attended and conducted the Rule 2004 examination of Eric Spitz, the Debtors' designee as the most knowledgeable person; (20) reviewed numerous oppositions by Debtors' landlords and other parties to the Sale and prepared replies to certain of the oppositions; (21) prepared a comprehensive timetable chart reflecting events and trigger dates for the Sale; (22) reviewed the proposed Sale order and participated in effectuating the final version; and (23) addressed post-Sale issues.

During the Application Period, the Firm expended 397.3 hours in this category. The amount of fees attributable to this category is $337,032.00.

### 4.    Bankruptcy Litigation

This category generally relates to the various bankruptcy litigation proceedings and motions. Time in this category pertaining to the 9019 Motion with Silver Point is also reflected in the "Financing" category.

During the period for which compensation is sought, the Firm, among other things: (1) reviewed first day motions, objections and orders; (2) prepared a motion to compromise controversy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

7

with Silver Point (the "9019 Motion") with supporting declarations; (3) prepared an application for order shortening time ("OST") with respect to the hearing on the 9019 Motion, (4) prepared the orders for the OST and the 9019 Motion and thereafter prepared an amended order as well as a declaration as to the reason for the amended order; (5) reviewed and analyzed the Motion to Compel Surrender of Non-Estate Property filed by LMG National Publishing, Inc. ("LMG") and reviewed the opposition by Debtors; (6) prepared for and attended a telephonic status conference; (7) prepared for and attended the hearings on the DIP financing motion and the critical vendor motion; and (8) reviewed and revised a stipulation regarding the 2004 Examination regarding the Debtors' pension plan.

During the Application Period, the Firm expended 33.2 hours in this category. The amount of fees attributable to this category is $23,397.50.

**5.    Case Administration**

Case administration entails case administration issues and general creditor inquiries, including requests for special notice.

During the period for which compensation is sought, the Firm, among other things: (1) prepared and updated contact lists, checklists and critical dates memos and disseminated same to interested parties; (2) participated in case status meetings and conference calls with counsel for the Debtors; (3) responded to inquiries by creditors regarding the status of this Case; (4) updated master mailing lists and service lists for service of motions and notices; (5) reviewed status reports; (6) prepared for and attended status conferences; and (7) participated in certain conference calls; (8) reviewed summaries of weekly pleadings; (9) prepared chart of potential financial advisors; (10) prepared Pro Hac Vice motion and the applicable order for Robert Feinstein; (11) prepared Notice of Appearance; and (12) updated creditor website.

During the Application Period, the Firm expended 23.5 hours in this category. The amount of fees attributable to this category is $10,293.00.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

8

DOCS_LA:298487.2 29266/002

**6.    Claims Administration/Objection**

Claims administration/objections include services related to specific claim inquiries and analyses, and objections to, and allowance of certain claims.

During the time for which compensation is sought, the Firm (1) reviewed proofs of claim and responded to creditor calls regarding the procedure for filing proofs of claim; (2) communicated with Donlin Recano, the Debtors' claims agent regarding the claims register; (3) prepared an initial chart of claims over a certain amount; and (4) prepared correspondence to Committee regarding the filing of proofs of claim.

During the Application Period, the Firm expended 11.4 hours in this category.  The amount of fees attributable to this category is $7,250.50.

**7.    Compensation of Professionals/Compensation of Other Professionals**

This category relates to work regarding compensation issues of professionals employed in the case.

During the period for which compensation is sought, the Firm (1) prepared five (5) monthly fee statements; (2) prepared five (5) monthly statements for A&M; (3) prepared a Notice of Hourly Increase for the Firm; (4) conferred with Debtors' counsel regarding the procedure for filing monthly statements; (5) reviewed monthly statements from the other professionals employed by the Debtors; and (6) prepared a comprehensive interim fee application for the period November 12, 2015 through April 30, 2016.

During the Application Period, the Firm expended 42.1 hours in the Compensation of Professionals category.  The amount of fees attributable to this category is $18,752.50.  The Firm expended 9.3 hours in the Compensation of Other Professionals category.  The amount attributable to this category is $5,356.50.

**8.    Employee Benefits and Pensions**

This category relates to work regarding employee benefits, pension plans, and other employee-related issues.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DOCS_LA:298487.2 29266/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

During the Application Period, the Firm, among other things:  (1) reviewed and analyzed the Debtors' motion requesting payment to employees over the statutory cap and thereafter, conducted research on the issue; (2) reviewed UST objection to the payment to employees above the statutory cap; (3) reviewed Debtors' reply to objection; (4) prepared for and attended the hearing on motion to exceed cap; (5) reviewed Insider Compensation Notices; (6) reviewed and analyzed the Debtors' proposed Key Employee Incentive Plan ("KEIP") and thereafter, prepared a comprehensive memorandum regarding same; (7) reviewed the objections to the KEIP motion and the Debtors' reply thereto; and (8) conferred with A&M regarding the KEIP motion as well as Debtors' counsel to ensure a satisfactory KEIP was in place.

During the time period for which compensation is sought, the Firm expended 27.4 hours on this category. The amount of fees attributable to this matter is $21,303.00.

**9.      Executory Contracts**

This billing category includes work performed regarding executory contracts and unexpired leases and related transaction work.

The Firm spent a nominal amount of time on this category.  During the Application Period, the Firm reviewed motions to reject executory contracts and prepared comments to Debtors' counsel.

During the time period for which compensation is sought, the Firm expended 2.4 hours on this category.  The amount of fees attributable to this matter is $1,800.

**10.      Financial Filings**

The services performed in this category relate primarily to services rendered by the Firm with respect to the following: (1) review and analysis of the Debtors' Schedules of Assets and Liabilities and the Statement of Financial Affairs (collectively, the "Schedules"), (2) preparation of a comprehensive summary of the information set forth in the Schedules for eight of the Debtors, including Freedom Communications, Inc., Freedom Communications Holdings, Inc., Freedom Services, Inc., OCR Publishing, Freedom SPV II, Freedom SPV III and 2100 Freedom, and (3) review of the monthly operating reports filed by the Debtors.

During the Application Period, the Firm expended 16.9 hours in this category. The amount of fees attributable to this category is $7,765.50.

**11.    Financing**

This category pertains to matters under sections 361, 363 and 364 of the Bankruptcy Code, including cash collateral, postpetition financing, and related analyses.

Many of the services attributable to this category are also reflected in the "Asset Analysis" category and "Bankruptcy Litigation" category.

On November 3, 2015, the Debtors filed a *Motion For Entry of: (i) Interim Order: (a) Authorizing Debtors to (1) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (2) Provide Adequate Protection to Prepetition Secured Parties, and (3) Grant Related Relief, and (b) Setting a Final Hearing; and (ii) Final Order Authorizing Debtors to (a) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364, (b) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (c) Provide Adequate Protection to Prepetition Secured Parties, (d) Repay Certain Prepetition Secured Debt, and (e) Grant Related Relief* (the "DIP Financing Motion") [Docket No. 12]. On November 4, 2015, the Court held a hearing to consider and act on the DIP Financing Motion on an interim basis, following which the Court entered its Interim Order (the "Interim Order"). The Committee had not been formed nor had the Committee selected counsel at the time the Court was asked to consider the Debtor's DIP Financing Motion.

After the employment of the Firm and during the Application Period, the Firm, among other things: (1) engaged in extensive negotiations with Silver Point, regarding the terms of its post-petition financing facility (the "DIP Facility") through a DIP Credit Agreement ("DIP Credit Agreement"); (2) reviewed and analyzed the DIP issues and participated in the preparation of revisions of interim stipulations for use of cash collateral; (3) researched prepetition loan issues and revised objection to relief sought in final DIP order; (4) conferred with the Committee regarding the Interim Order on the DIP Financing Motion; (5) prepared statements and/or objections to the entry of a final order on the DIP Financing Motion; (6) conducted legal research on "make whole" provisions; (7) prepared no less than eight stipulations to continue the deadline for the Committee to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

1    challenge the rights to the stipulations and admissions made by the Debtors under the Final DIP

2    Order in connection with the prepetition debt and the prepetition senior liens; (8) participated in

3    meetings with Debtors' counsel and Silver Point regarding resolution of outstanding cash collateral

4    issues; (9) reviewed cash collateral budgets and thereafter discussed them with the Committee's

5    Financial Advisor and Debtors' counsel; (10) prepared a lien perfection analysis; (11) prepared for

6    and attended the final hearing on continued use of cash collateral; (12) reviewed and analyzed final

7    DIP Order to compare against original final order; (13) expended numerous hours negotiating with

8    Silver Point to reach a settlement in connection with the Committee's Challenge Rights; (14)

9    prepared numerous iterations of a settlement agreement acceptable to both the Committee and Silver

10    Point; and (15) prepared a 9019 motion to compromise the controversy with Silver Point.

11    During the Application Period, the Firm expended 168 hours on this category.  The amount

12    of fees attributable to this category is $129,830.00.

13    **12.    General Creditors' Committee**

14    Time billed to this category relates work regarding the Committee formation, to discussion

15    with the Creditors' Committee in this Case on pending issues, including meetings with the Creditors'

16    Committee.

17    During the Application Period, the Firm (1) prepared the By-Laws for the Committee and

18    related administrative materials; (2) prepared a Notice of Appearance for the Firm; (3) prepared a

19    protocol motion and, thereafter, prepared the declaration on non-opposition and order on the motion;

20    (4) prepared for and conducted weekly conference calls with members of the Committee; (5)

21    conferred extensively with the Financial Advisor to the Committee; (6) conferred with Debtors'

22    counsel regarding case issues; (7) reviewed reports submitted by Committee's Financial Advisors

23    and conferred with the Committee regarding same; (8) reviewed and analyzed all pleadings filed in

24    the Case on a daily basis and thereafter, summarized each to include in a weekly memo to the

25    Committee; (9) created a creditor website; (10) prepared detailed memos to the Committee with

26    results of hearings to which the Firm attended either in person or telephonically; and (11) attended

27    status conference hearings and reviewed status reports.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

12

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

During the time period for which compensation is sought, the Firm expended 128.5 hours on this category.  The amount of fees attributable to this matter is $80,043.00.

### 13.    Insurance Coverage

During the Interim Fee Period, the Firm, among other things:  (1) reviewed and analyzed insurance policies with respect to certain Debtors and prepared an outline as to the findings; (2) reviewed and analyzed directors' and officers' coverage; and (3) conferred and corresponded with attorneys regarding insurance issues.

The Firm spent 7.8 hours on matters relating to the Insurance Coverage category accounting for $6,462.50 of the fees incurred during the Interim Fee Period.

### 14.    Litigation (Other)

The Firm included under these categories time spent responding to issues relating to non-bankruptcy litigation, including the review and analysis of various existing and potential non bankruptcy actions involving the Debtors.

During the Application Period, the Firm expended 7.0 hours in this category.  The amount of fees attributable to this category is $5,336.50.

### 15.    Meeting of Creditors

This category includes the time incurred by the Firm preparing for attending the Debtor's 341(a) Meeting of Creditors.  The category also reflects certain services that could have been included in the "General Creditors' Committee" category.

During the time period for which compensation is sought, the Firm expended 12.9 hours on this category.  The amount of fees attributable to this matter is $9,481.00.

### 16.    Operations

This category includes time spent on issues related to an operating chapter 11 case.

During the Application Period, the Firm (1) reviewed and responded to correspondence from vendors; (2) conferred regularly with Debtors' attorney regarding the critical vendor motion; (3) reviewed the objection filed by the Office of the United States Trustee to the critical vendor motion; (4) prepared a detailed memo to the Committee regarding issues with the critical vendor motion; (5)

13

prepared for and attended hearing on the critical vendor motion; (6) reviewed and analyzed Debtors customer programs motion; and (7) reviewed the transcript for the first day motions and issues connected therewith and advise the Committee accordingly.

During the time period for which compensation is sought, the Firm expended 15.8 hours on this category.  The amount of fees attributable to this matter is $12,254.50.

### 17.    Plan and Disclosure Statement

This category of activity for the Firm is devoted to services performed in connection with the formulation and preparation of the Debtor's Plan and Disclosure Statement.

During the Application Period, the Firm: (1) reviewed issues regarding exclusivity; (2) participated in preparing a joint motion with the Debtors to extend exclusivity and the solicitation period (3) began preparation of a  liquidating trust agreement; (4) reviewed trust documents for a joint plan; and (5) began preparation of a draft liquidating plan.

During the time period for which compensation is sought, the Firm expended 9.3 hours on this category.  The amount of fees attributable to this matter is $7,380.50.

### 18.    Retention of Professionals

Time billed to this matter relates to the preparation of the Firm's retention application.

During the Application Period, the Firm: (1) prepared the Firm's retention application; (2) prepared a supplement to the Application; (3) conducted the conflicts check; (4) prepared the notice to creditors of the Firm's application; (5) prepared the declaration of non-opposition and the order thereon; and (6) prepared the Firm's Statement of Disinterestedness.

During the Application Period, the Firm expended 35.3 hours in this category.  The amount of fees attributable to this category is $21,467.50.

### 19.    Retention of Professionals - Other

This category relates to time expended regarding the employment of professionals in the Case other than the Firm.

During the Application Period, the Firm: (1) prepared a comprehensive list of financial advisor candidates to present to the Committee for possible retention; (2) conducted a committee call

to review the candidates' materials; (3) conferred with each of the candidates following which the Committee selected A&M to serve as the Committee's Financial Advisors; (4) prepared the application to employ A&M as Financial Advisor to the committee; (5) prepared the supplement to the application; (6) prepared the notice to creditors; (7) prepared the statement of disinterestedness; and (8) prepared the declaration of non-opposition and the order thereon.

The Firm also reviewed the Debtors' applications and the respective orders regarding the employment of their bankruptcy counsel, special counsel, Investment Banker and other professionals employed by the Debtors. Thereafter, the Firm advised the Committee as to the terms of employment for each professional.

During the Application Period, the Firm expended 8.4 hours in this category. The amount of fees attributable to this category is $5,526.50.

**20.    Travel**

During the Interim Fee Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

The Firm spent 58.2 hours on matters relating to the Travel category, accounting for $25,812.50 of the fees incurred during the Interim Fee Period.[5]

**21.    Tax Issues**

Time billed to this category relates to the analysis of tax issues.

The Firm spent a nominal amount of time on this category.

During the time period for which compensation is sought, the Firm expended .1 hours on this category. The amount of fees attributable to this matter is $99.50.

**B.    Detailed Listing of All Time Spent By the Professional on the Matters for Which Compensation is Sought (Local Bankruptcy Rule 2016-1(a) (1) (E)).**

**Exhibit A** contains a summary, by category, of the Firm's services in this Chapter 11 case that were incurred during the Application Period covered by this Application. Such summary includes the time spent, rate and billing attributable to each person who performed compensable

---

[5] The billing records reflect the sum of $29,112.50 for this category; however, for the months of January and February, 2016, the hourly rate for Mr. Dulberg in this category should have been billed at $375/hr and not $750/hr.

DOCS_LA:298487.2 29266/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

services for the Committee, a breakdown of fees for each category and a breakdown of monthly fees. As noted in such exhibit where appropriate the Firm may combine some categories with minor amounts of time. **Exhibit D** contains the Firm's detailed time records during these periods.

**C.    List of Expenses by Category (Local Bankruptcy Rule 2016-1(a) (1) (F)).**

The costs incurred are summarized in **Exhibit C** attached hereto, which provides a monthly breakdown for the Application Period. The Firm has not charged the Committee for any outgoing faxes. The Firm has written off all charges for overtime and working meals.

**D.    Hourly Rates (Local Bankruptcy Rule 2016-1(a) (1) (G) and (I).**

The hourly rates of all professionals and paraprofessionals rendering services in this case are set forth on **Exhibit A** attached hereto.

**E.    Description of Professional Education and Experience (Local Bankruptcy Rule 2016-1(a) (1) (H)).**

**Exhibit B** includes a description of the professional education and biographies of the professionals employed by the Firm who rendered the majority services in this case. The Firm has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

**F.    Statement of the Applicant**

Pursuant to section the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases of the Guidelines, the Firm makes the following statements:

(a)    The Firm did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services that were provided during the Compensation Period.

(b)    The Firm has discussed with the Client the reasons which would account for any amounts in excess of the budget.

(c)    None of the professionals included in this fee application varied their hourly rate based upon geographic location of the bankruptcy case.

(d)    None of the hourly rates of the Firm's professionals and paraprofessionals included in this Application has been varied based on the geographic location of this Case.

(e)    The Application does not include time or fees related to reviewing or revising time records or revising invoices.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

(e)    The fee application does not include time or fees for reviewing time records to redact any privileged information

(f)    This Application does include one rate increase since the Firm's retention.  The Firm raised its hourly rates for professionals as of January, 2016.  A notice of Hourly Rate Increase was filed with the Court on January 5, 2016 [Docket 287].  The Committee had reviewed and approved the increase.

**G.    Budget**

In connection with approval of DIP financing and the DIP budget (the "DIP Budget"), the Firm was allocated $900,000-with respect to the Firm's projected fees and expenses for services to be provided to the Committee through March 25, 2016, which projections were shared with the Committee.

**H.    Billing Records**

Attached hereto as **Exhibit D** are copies of the Firm's time reports and records kept in the regular course of business reflecting the services rendered and the expenses incurred by the Firm during the Interim Fee Period.  The Firm's time reports are initially handwritten or recorded via computer by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  The Firm is sensitive to issues of "lumping," and unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  The Firm's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services in the Southern California region, other than in a case under the Bankruptcy Code.

**I.    Appendix B Guidelines**

Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "2013 UST Guidelines"), attached hereto as **Exhibit E** is a chart entitled *Customary and Comparable Compensation Disclosures.*

**J.    Notice of Application and Hearing (Local Bankruptcy Rule 2016-1(a)(2) and (c)(3).**

Notice of the hearing on the Fee Applications has been served by the Debtors on the United States Trustee and any other party in interest entitled to notice under Federal Bankruptcy Rule 2002.  In addition to the notice, a copy of this Application, together with all supporting documents, was

17

1   served on the Debtors, the Committee appointed in this case, and the United States Trustee.

2   Complete copies of the Application will be promptly furnished to any other party upon specific

3   request. Therefore, notice should be deemed adequate under the circumstances.

4                                        **V.**

5                   **THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED**

6                               **BASED UPON APPLICABLE LAW**

7            The fees and expenses requested by this Application are an appropriate award for the Firm's

8   services in acting as general bankruptcy counsel to the Committee.

9   **A.      Factors In Evaluating Requests for Compensation.**

10           Pursuant to Section 330 of the Bankruptcy Code, the Court may award to a professional

11  person, reasonable compensation for actual, necessary services rendered, and reimbursement for

12  actual, necessary expenses incurred. As set forth above, the fees for which the Firm requests

13  compensation and the costs incurred for which the Firm requests reimbursement are for actual and

14  necessary services rendered and costs incurred.

15           The professional services rendered by the Firm have required an expenditure of substantial

16  time and effort. During the Interim Fee Period, 1247.9 hours have been recorded by members of the

17  Firm and more time was actually expended but either was not recorded or was written off. The

18  Firm's blended hourly rate in this Case for the period of this Application including paraprofessionals

19  is $737.14.

20           Moreover, time and labor devoted is only one of many pertinent factors in determining an

21  award of fees and costs. Based on the skills brought to bear in this case by the Firm and the results

22  obtained and in light of the accepted lodestar approach, the Firm submits that the compensation

23  requested herein is reasonable and appropriate.

24  **B.      The Lodestar Award Should be Calculated by Multiplying a Reasonable Hourly Rate**

25           **by the Hours Expended.**

26           In determining the amount of allowable fees under 11 U.S.C. § 330(a), courts are to be

27  guided by the same "general principles" as are to be applied in determining awards under the federal

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988); *see Meronk v. Arter & Hadden, LLP (In re Meronk)*, 249 B.R. 208, 213 (BAP 9th Cir. 2000) (reiterating that *Manoa Finance* is the controlling authority and characterizing the factor test[6] identified in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974) and *Kerr v. Screen Extras Guild, Inc.* 526 F. 2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976) as an "obsolete laundry list" now subsumed within more refined analyses).

The United States Supreme Court has evaluated the lodestar approach and endorses its usage. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a civil rights case, the Court held that while the *Johnson* factors might be considered in setting fees, the lodestar amount subsumed many of those factors. *Hensley* at 434, n. 9.[7]  The following year, another civil rights case, *Blum vs. Stenson*, 465 U.S. 886 (1984) provided the so-called lodestar calculation:

> The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate . . . .  Adjustments to that fee then may be made as necessary in the particular case.

*Blum* at 888.

Then in 1986, the Supreme Court more explicitly indicated that the factors relevant to determining fees should be applied using the lodestar approach, rather than an ad hoc approach. While holding that the attorney's fee provision of the Clean Air Act, 42 U.S.C. § 7401 et seq., should be interpreted like that of the Civil Rights Act, the Court expressly rejected the ad hoc application of the factors set forth in *Johnson* and thus *Kerr*, stating that, "the lodestar figure

---

[6] The original twelve Johnson/Kerr factors were: (1) time and labor required;  (2) novelty and difficulty of the questions involved; (3) skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases.

[7] For discussion of the Johnson/Kerr subsumed factors:  *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996) ("among the subsumed factors…are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained"); *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (Court extending *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) held the sixth factor "whether the fee is fixed or contingent, may not be considered in the lodestar calculation.").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

19

includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . " *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986); *See also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.").

While the lodestar approach is the chief basis for determining fee awards under the federal fee-shifting statutes and Bankruptcy Code, some of the Johnson/Kerr factors, previously applied in an ad hoc fashion, can still apply in calculating the appropriate hourly rate to use under the lodestar approach. *Buckridge* at 202 ("a court is permitted to adjust the lodestar up or down using a multiplier based on the criteria listed in §330 and its consideration of the Kerr factors not subsumed within the initial calculations of the lodestar"); *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee"); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991) ("Although *Manoa* suggests that starting with the lodestar is customary, it does not mandate such an approach in all cases…[f]ee shifting cases are persuasive, but due to the uniqueness of bankruptcy proceedings, they are not controlling").

During the Interim Period, several significant activities occurred, requiring substantial time and commitment of the Firm, including (i) the Debtor selling all of its assets on an expedited time frame; (ii) objecting to and negotiating the DIP financing order; and (iii) the Committee was required to investigate and challenge the secured lender's lien and assert claims under the DIP order against Silver Point.

## VI.

## CONCLUSION

This is the Firm's first interim request for compensation.  Neither the Firm, nor any partners or associates of the Firm, has any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded the Firm with any other person or attorney, except among partners and employees of the Firm.

20

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

1    The Firm believes that the services rendered for which compensation is sought in this

2  Application have been beneficial to the estate, that the costs incurred have been necessary and

3  proper, and that the sums requested for the services rendered and the costs incurred are fair and

4  reasonable.

5    **WHEREFORE**, Pachulski Stang Ziehl & Jones LLP respectfully requests that this Court (1)

6  allow on an interim basis fees in the total amount of $916,579.00 and reimbursement of expenses in

7  the total amount of $29,237.48 for the period November 12, 2015 through and including April 30,

8  2016 for a total award of $945,816.48; and (2) authorize payment to the Firm the remaining amount

9  due of $502,098.85.

10

11  Dated:    May 16, 2016                    PACHULSKI STANG ZIEHL & JONES LLP

12

13                                           By: */s/ Jeffrey W. Dulberg*
                                                Jeffrey W. Dulberg
14                                           Attorneys for the Official
                                             Committee of Unsecured Creditors

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

### DECLARATION OF JEFFREY W. DULBERG

I, Jeffrey W. Dulberg, declare as follows:

1.      I am an attorney at law duly authorized to practice in the State of California and before this Court.  I am a Partner in the law firm of Pachulski Stang Ziehl & Jones LLP, counsel to the Committee.

2.      I have personal knowledge of the facts set forth in the foregoing Application and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

3.      I have personally reviewed the information contained in the Application, and believe its contents to be true and correct to the best of my knowledge, information and belief.

4.      The Firm customarily charges $0.20 per page for photocopying expenses.  The Firm's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  The Firm summarizes each client's photocopying charges on a daily basis.  Whenever feasible, the Firm sends large copying projects to an outside copy service that charges a reduced rate for photocopying.

5.      The Firm customarily charges $.10 for scanned copies.  The Firm's photocopying machines automatically record the number of scanned copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  The Firm summarizes each client's scanned charges on a daily basis.

6.      The Firm ordinarily charges $1.00 per page for in coming and out-going facsimile transmissions.

7.      Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), the Firm charges the standard usage rates these providers charge for computerized legal research.  The Firm bills its clients the actual cash charged by such services, with no premium.  Any volume discount received by the Firm is passed on to the client.

8.      The Firm does not charge for local or long distance calls placed by attorneys from their offices.  The Firm only bills its clients for the actual costs charged the Firm by teleconferencing services in the event that a multiple party teleconference is initiated through the Firm.

DOCS_LA:298487.2 29266/002

1    9.    The Firm believes the foregoing rates are the market rates that the majority of law

2    firms charge clients for such services.  In addition, the Firm believes that such charges are in

3    accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's

4    Statement of Principles, dated January 12, 1995.

5    10.    I have personally reviewed the bills in this matter, and the bills represent true and

6    correct charges to the best of my knowledge, information and belief.

7    11.    Local Bankruptcy Rule 2016-1(a)(1)(K) Compliance:  I have reviewed Local

8    Bankruptcy Rule 2016-1 and the Application complies with Local Bankruptcy Rule 2016-1.

9    I declare under penalty of perjury under the laws of the United States of America that the

10    foregoing is true and correct.

11    Executed this 16th day of May 2016 at Los Angeles, California.

12

13    */s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

15

16

17

18

19

20

21

22

23

24

25

26

27

28