PETER C. ANDERSON
United States Trustee
Michael Hauser (Bar No. 140165)
Dare Law (Bar No. 155714)
Attorney for the U.S. Trustee
Ronald Reagan Federal Building
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
Email:  Michael.Hauser@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation, *et al.*,<br><br>Debtors and<br>Debtors-in-Possession.<br><br>Affects:<br><br>**X**  All Debtors<br><br>❑  Freedom Communications, Inc., a Delaware corporation, ONLY<br>❑  Freedom Communications Holdings, Inc., a Delaware corporation, ONLY<br>❑  Freedom Services, Inc., a Delaware corporation, ONLY<br>❑  2100 Freedom, Inc., a Delaware corporation, ONLY<br>❑  OCR Community Publications, Inc., a California corporation, ONLY<br>❑  Daily Press, LLC, a California limited liability company, ONLY<br>❑  Freedom California Mary Publishing, Inc., a California corporation, ONLY<br>❑  Freedom California Ville Publishing Company LP, a California limited partnership, ONLY<br>❑  Freedom Colorado Information, Inc., a Delaware corporation, ONLY<br>❑  Freedom Interactive Newspapers, Inc., a California corporation, ONLY | Case No. 8:15-bk-15311-MW<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW)<br><br>**OBJECTION OF U.S. TRUSTEE TO FIRST INTERIM APPLICATION OF GLASSRATNER AS FINANCIAL ADVISORS [DOCKET # 624]**<br><br>DATE:     June 6, 2016<br>TIME:     2:00 P.M.<br>CTRM:   6C |

1

❑ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY
❑ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY
❑ Freedom Newspapers, a Texas general partnership, ONLY
❑ Freedom Newspapers, Inc., a Delaware corporation, ONLY
❑ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY
❑ OCR Information Marketing, Inc., a California corporation, ONLY
❑ Odessa American, a Texas general partnership, ONLY
❑ Orange County Register Communications, Inc., a California corporation, ONLY
❑ Victor Valley Publishing Company, a California corporation, ONLY
❑ Victorville Publishing Company, a California limited partnership, ONLY
❑ Freedom SPV II, LLC, a Delaware limited liability company, ONLY
❑ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY
❑ Freedom SPV I, LLC, a Delaware limited liability company, ONLY
❑ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY
❑ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

TO THE HONORABLE MARK S. WALLACE, DEBTORS, DEBTORS' ATTORNEY, AND ALL OTHER INTERESTED PARTIES:

Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"),

hereby objects to the First Interim Application of GlassRatner Advisory & Capital Group

LLC,("GlassRatner") Financial Advisor and Consultant to the Debtors.

**I.  INTRODUCTION**

GlassRather was retained by the Debtors to serve as financial advisor and consultant to the

Debtors to provide services which include, but were not limited to, reviewing and analyzing

business plans and the financial condition of the Debtors.  The Court granted GlassRatner's

employment application on December 23, 2015 [docket # 262] and also allowed GlassRatner to

be paid on a monthly basis in accordance with Debtors' Budget using the modified procedures

as outlined in the United States Trustee's Guides.  Also in accordance with the employment

application, GlassRatner agreed to bill travel time at half of the actual hours incurred.  *See,* First

Interim Fee Application, page 11, lines 24 – 25.

Based upon a review of the First Interim Fee Application shows that some of the items billed

to the estate appear clerical in nature, duplicative, overcharged for travel, or multiple

professionals appearing at hearings or meetings without further explanation.  Attached as Exhibit

"A" is a spreadsheet of the specific items and objections to time entries which is incorporated

herein.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

Section 331 of the Bankruptcy Code (the "Code") authorizes a professional employed under

Section 327 to apply to the court for compensation as is provided under Section 330. In turn,

Section 330 provides that a court may award to professionals retained pursuant to 11 U.S.C. §

327:

(A) reasonable compensation for actual, necessary services, and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

The applicant bears the burden of proof in all fee matters. *In re Recycling Industries, Inc.,*

243 B.R. 396, 401 (Bankr. D. Colo. 2000); *In re Keene Corporation*, 205 B.R. 690, 695 (Bankr.

S.D.N.Y. 1997). *Accord In Re Sounds Distributing Corp.*, 122 B.R. 952, 956 (Bankr. W.D. Pa.

1991) ("The burden of proof as to the reasonableness of the requested compensation rests with

the applicant"). The burden of proof to show entitlement to fees should "not be taken lightly,

especially given that every dollar expended on legal fees results in a dollar less that is available

for distribution to the creditors*." In re Spanjer Brothers, Inc.*, 191 B.R. 738, 747 (Bankr. N.D. Ill.

996), citing *In re Pettibone Corp.*, 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987).

The starting point for an evaluation of the reasonableness of a professional's fees is an

explanation that discloses what was done, when it was done, by whom it was done, and how

long a project took. 11 U.S.C. Sec. 330(a)(3); *In re Jones*, 356 B.R.39, 45 (Bankr.D.Idaho 2005).

Additionally, there is an inherent public interest that must be considered in awarding fees in a

bankruptcy case and trial courts have a supervisory obligation to evaluate the appropriateness of

fees and expenses requested by a bankruptcy professional. *In re Fibermark, Inc.,* 349 B.R. 385,

393-94 Bankr.D.Vt. 2006).

Moreover, clerical functions such as the filing of court documents should not be billed to and

is not compensable by the estate as professional time, but is really part of overhead. Similarly,

services such as assembling or compiling documents, organizing files, calendaring dates,

making copies, faxing or transmitting, serving pleadings, or oversight of the same, are inherently

clerical. Fees for services that are purely clerical, ministerial, or administrative should be

disallowed. *Missouri v. Jenkins*, 491 U.S. 274, 288 fn. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229

(1989). Compare *Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 852 (3d Cir. 1994) (low level

administrative services performed by paralegal are compensable only if analogous

nonbankruptcy clients pay for such services and only at such rate) with *Fibermark, Inc.*, 349 B.R.

at 396 (Bankr. D. Vt. 2006) (in absence of an explanation of why paraprofessional's skills are

necessary, time spent on administrative activities are not compensable). Cf. *In re Lanier Spa,

Inc.*, 99 B.R. 490 (Bankr. N.D.Ga. 1989) (in denying compensation for paralegal performing

service of Chapter 7 trustee, court noted in dictum that secretarial services are overhead and not

compensable as professional services or expenses and held that compensation for performance

of ministerial functions such as "processing" and "mailing," by a paralegal will not be allowed).

4

1    Finally, the Bankruptcy Court has the independent duty to examine the reasonableness of the

2  fees requested by retained professionals, notwithstanding the absence of objections by the

3  trustee, debtor or creditor. *In re AutoParts Club, Inc.,* 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997),

4  citing *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 841 (3d Cir. 1994).  Further, LBR

5  2016-1 (a)(1)(E) requires that an application must contain a detailed listing of all time spent by

6  the professional on matters for which compensation is sought, including a description of the

7  service.  LBR 2016-1 (a)(1)(E)(ii) provides that it is not sufficient to merely state "Research,"

8  "Telephone Call," "Court Appearance," etc.  An applicant must refer to the particular person,

9

10  motion, discrete task performed, and other matters related to such service.  Applicant has not

11  provided sufficient descriptions for some of the time entries provided as described above.

12  **III.  CONCLUSION**

13    Based upon the objections enumerated above, the U.S. Trustee requests a reduction in

14  fees of no less than $34,944.80 in fees and expenses.

15

16

17  Dated: May 25, 2016                          PETER C. ANDERSON
                                               UNITED STATES TRUSTEE-REGION16
18

19                                             By: */s/ Michael Hauser*
                                                  Michael Hauser
20                                                Attorney for the U.S. Trustee

21

22

23

24

25

26

27

28

Exhibit A

| Date | Professional | Description | Hours | Rate | Objection | OBJECTION |
|---|---|---|---|---|---|---|
| 11/9/15 | B. Smith | Review updated creditor list | 1.2 | $550.00 | This matter is clerical in nature | $660.00 |
| 11/11/15 | B. Smith | Review revised vendor list | 0.8 | $550.00 | This matter is clerical in nature | $440.00 |
| 11/13/15 | B. Smith | Prepare APA information request matrix | 1.6 | $550.00 | Without further explaination, this appears clerical in nature | $880.00 |
| 11/23/16 | B. Smith | Review Updated A&M List | 0.5 | $550.00 | Appears clerical in nature | $275.00 |
| 11/4/15 | B. Smith | Attend hearing & Related meetings | 2.5 | $550.00 | Travel time was not billed at one half the time (Page 26 only reflects travel time between LA and Debtor's HQ, not travel time to the court. Also multiple professionals | $1,375.00 |
| 11/4/15 | A.Meislik | Attend hearing & Related meetings | 2.5 | $650.00 | Travel time was not billed at one half the time (Page 26 does not reflect any travel time for this individual on this day. Also multiple professionals attending court hearing without further explanation, each billing for separate time. The professionals should bill only for one person to | $1,625.00 |
| 11/4/15 | N. Rubin | Attend hearing & Related meetings | 2.3 | $650.00 | Travel time was not billed at one half time at page 26 does not reflect any travel time for this individual, Addionally no explanation was provided why multiple professionals were required at the court hearing. Allow | $0.00 |
| | | | | | Meals were billed to the estate. Absent extenuating circumstances, meals should not be billed to the estate. The time records for the one month period reflects total hours expended at 193.40 which averages 34 hours per week in a four week period. The firm has not provided any information that the professionals benefiting from this meal charge worked exclusively for the Debtor during | $37.09 |
| 12/17/15 | P.Lacy | Prepare Schedule G. Compare executory contracts on Schedule G to Schedule F | 5.1 | $395.00 | These tasks appear clerical in nature | $2,014.50 |
| 12/18/15 | P.Lacy | Continue to Prepare Schedule G | 6.8 | $395.00 | These tasks appear clerical in nature | $2,686.00 |
| 2/22/16 | B.Smith | Review unsecured creditor analysis and reconcile with bankruptcy schedules | 1.7 | $550.00 | These tasks appear clerical in nature | $935.00 |
| 2/29/16 | B.Smith | Review filed claims register and compare to cure motion schedule | 0.6 | $550.00 | These tasks appear clerical in nature | $330.00 |

**EXHIBIT A**

001

| Date | Professional | Description | Hours | Rate | Comment | Amount |
|---|---|---|---|---|---|---|
| | | | | | Lodging - without further explanation, this expense should be denied as all professionals are local to Los Angeles. | $226.96 |
| | | | | | Meals were billed to the estate. Absent extenuating circumstances, meals should not be billed to the estate. The time records for the one month period reflects total hours expended at 193.40 which averages 34 hours per week in a four week period. The f | $100.25 |
| 3/15/16 | A.Meislik | Attend 2004 of E.Spitz | 7.0 | $650.00 | It is unclear why multiple professionals' attendance was required at a 2004 examination. | $4,550.00 |
| 3/15/16 | N.Rubin | Attend 2004 of E.Spitz | 6.5 | $650.00 | It is unclear why multiple professionals' attendance was required at a 2004 examination. Allow one professional absent further explanation. | $0.00 |
| 3/16/16 | B. Smith | Attend auction | 13.5 | $550.00 | It is unclear why multiple professionals attendance was required at the auction. | $7,425.00 |
| 3/16/16 | A.Meislik | Attend sale hearing | 14.0 | $650.00 | It is unclear why multiple professionals attendance was required at the auction. It also appears that travel time was not billed at half time. Allow one professional absent further explanation. | $0.00 |
| 3/16/16 | N.Rubin | Attend sale hearing | 14.5 | $650.00 | It is unclear why multiple professionals attendance was required at the auction. It also appears that travel time was not billed at half time. | $9,425.00 |
| 3/17/16 | N.Rubin | Post Sale meeting with Freedom | 2.0 | $650.00 | This entry appears to be duplicative of the 3.0 hour time entry for the same day. It also appears that time travel was not billed at half time. | $1,300.00 |
| 3/17/16 | N.Rubin | Post Sale meeting with Freedom | 3.0 | $650.00 | This entry appears to be duplicative of the 2.0 hour time entry for the same day. It also appears that time travel was not billed at half time. Allow only one entry. | $0.00 |
| 3/21/16 | B. Smith | Atttend sale confirmation hearing | 1.2 | $550.00 | It is unclear why this professional's attendance was required at the confirmation hearing. | $660.00 |
| 4/7/16 | B. Smith | Off-site emails/calls | 3.2 | $550.00 | It is unclear whether the professional was working on the debtors' premises or other premises. An explanation should be provided regarding the off-site reference. | $0.00 |

Case 8:15-bk-15311-MW    Doc 643    Filed 05/25/16    Entered 05/25/16 18:08:23    Main Document    Page 8 of 11

| | | | | | |
|---|---|---|---|---|---|
| | | | It is unclear whether the professional was working on the debtor's premises or other premises. An explanation should be provided regarding the off-site reference. | | |
| 4/11/16 | B. Smith | Off-site emails/calls | 2.7 | $550.00 | $0.00 |
| | | | It is unclear whether the professional was working on the debtor's premises or other premises. An explanation should be provided regarding the off-site reference. | | |
| 4/15/16 | B. Smith | Off-site emails/calls | 2.6 | $550.00 | $0.00 |
| | | **TOTAL AMOUNT OF OBJECTION** | | | **$34,944.80** |

**EXHIBIT A**

**003**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OFFICE OF THE U.S. TRUSTEE, 411 W. 4th St., #7160, Santa Ana, CA  92501

A true and correct copy of the foregoing document entitled (*specify*)**: OBJECTION OF U.S. TRUSTEE
TO FIRST INTERIM APPLICATION OF GLASSRATNER AS FINANCIAL ADVISORS [DOCKET # 624]**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 25, 2016,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

James C Behrens    jbehrens@greenbergglusker.com
•Shraddha Bharatia    notices@becket-lee.com
•Matthew Bouslog    MBouslog@gibsondunn.com, Pcrawford@gibsondunn.com
•J Scott Bovitz    bovitz@bovitz-spitzer.com
•Frank Cadigan    frank.cadigan@usdoj.gov
•Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
•Joseph Corrigan    Bankruptcy2@ironmountain.com
•Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
•Michael T Delaney    mdelaney@bakerlaw.com, sgaeta@bakerlaw.com
•Jessica DiFrancesco    notices@becket-lee.com
•Caroline Djang    cdjang@rutan.com
•Jeffrey W Dulberg    jdulberg@pszjlaw.com
•Robert J Feinstein    rfeinstein@pszjlaw.com
•Scott D Fink    brodellecf@weltman.com
•Alan J Friedman    afriedman@wgllp.com, nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com
•Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com
•Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
•Seth Goldman    seth.goldman@mto.com
•Christopher J Green    cgreen@lwgfllp.com, chrisgreen@ucla.edu;kadele@lwgfllp.com;lfisk@lwgfllp.com
•Michael J Hauser    michael.hauser@usdoj.gov
•M Jonathan Hayes    jhayes@srhlawfirm.com,
roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com
•Eric M Heller    eric.m.heller@irscounsel.treas.gov
•Lillian Jordan    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
•Samuel M Kidder    skidder@bhfs.com
•Jeffrey C Krause    jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
•Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
•William N Lobel    wlobel@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
•Aaron J Malo    amalo@sheppardmullin.com, jsummers@sheppardmullin.com
•Ashley M McDow    amcdow@bakerlaw.com,
mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
•David W. Meadows    david@davidwmeadowslaw.com
•Reed M Mercado    rmercado@sheppardmullin.com
•Dawn A Messick    messickd@ballardspahr.com, chabota@ballardspahr.com
•Raymond F Moats    colcaecf@weltman.com
•Elizabeth L Musser    emusser@tresslerllp.com
•John M O'Donnell    john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
•Ryan D ODea    rodea@shbllp.com, sswartzell@shbllp.com
•Ernie Zachary Park    ernie.park@bewleylaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

•Ronak Patel     rpatel@co.riverside.ca.us, mdominguez@co.riverside.ca.us
•Courtney E Pozmantier     cpozmantier@greenbergglusker.com,
kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
•Christopher E Prince     , jmack@lesnickprince.com;mlampton@lesnickprince.com;cprince@ecf.courtdrive.com
•Todd C. Ringstad     becky@ringstadlaw.com
•Christopher O Rivas     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
•Jeremy E Rosenthal     jrosenthal@sidley.com
•Peter J Rudinskas     pjr.legal@gmail.com
•Leonard M Shulman     lshulman@shbllp.com
•Donald W Sieveke     ibmoola@yahoo.com, dws4law@pacbell.net
•David P Simonds     dsimonds@akingump.com, tsouthwell@akingump.com
•Alex E Spjute     spjute@hugheshubbard.com, ryan@hugheshubbard.com;gartman@hugheshubbard.com
•Sarah Stuppi     Sarah@stuppilaw.com
•Helena Tseregounis     htseregounis@sidley.com
• United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
•Scott S Weltman     colcaecf@weltman.com
•Beth Ann R Young     bry@lnbyb.com
•Steven D Zansberg     szansberg@lskslaw.com, mkelley@lskslaw.com

**2. SERVED BY UNITED STATES MAIL**:  On **May 25, 2016,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    Freedom Communications, Inc.,
    Attn:  Brad Smith, CRO
    625 N Grand Ave
    Santa Ana, CA 92701

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 25, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark Wallace---bin on the 6th fl.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/25/16 | Tari King | /s/ Tari King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.