1   Alan J. Friedman – Bar No. 132580
    Ryan D. O'Dea – Bar No. 273478
2   **SHULMAN HODGES & BASTIAN LLP**
3   100 Spectrum Center Drive, Suite 600
    Irvine, California 92618
4   Telephone:    (949) 340-3400
    Facsimile:    (949) 340-3000
5   Email:        afriedman@shbllp.com
                  rodea@shbllp.com
6

7   [Proposed] General Insolvency Counsel
    for Debtors and Debtors-in-Possession
8

9              **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

11  In re                                    Case No. 8:15-bk-15311-MW

12  FREEDOM COMMUNICATIONS, INC., *et         Chapter 11
    al.*,
13                                            (Jointly Administered with Case Nos.
                        Debtors and           8:15-bk-15312-MW; 8:15-bk-15313-MW;
14                      Debtors-in-Possession. 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-
                                              bk-15317-MW; 8:15-bk-15318-MW; 8:15-
    Affects:                                  15319-MW; 8:15-bk-15320-MW; 8:15-bk-
15                                            15321-MW; 8:15-bk-15322-MW; 8:15-bk-
    ☒ All Debtors                             15323-MW; 8:15-bk-15324-MW; 8:15-bk-
16                                            15325-MW; 8:15-bk-15326-MW; 8:15-bk-
    ☐ Freedom Communications, Inc., a Delaware 15327-MW; 8:15-bk-15328-MW; 8:15-bk-
17  corporation, ONLY                         15329-MW; 8:15-bk-15330-MW; 8:15-bk-
                                              15332-MW; 8:15-bk-15337-MW; 8:15-bk-
18  ☐ Freedom Communications Holdings, Inc., a 15339-MW; 8:15-bk-15340-MW;
    Delaware corporation, ONLY                8:15-bk-15342-MW; 8:15-bk-15343-MW)
19
    ☐ Freedom Services, Inc., a Delaware      **NOTICE OF MOTION AND MOTION FOR
20  corporation, ONLY                         ORDER APPROVING SETTLEMENT BY
                                              AND BETWEEN THE DEBTORS AND
21  ☐ 2100 Freedom, Inc., a Delaware          MEDIANEWS GROUP, INC., A
    corporation, ONLY                         DELAWARE CORPORATION, D/B/A
22                                            DIGITAL FIRST MEDIA; MEMORANDUM
    ☐ OCR Community Publications, Inc., a      OF POINTS AND AUTHORITIES; AND
23  California corporation, ONLY              DECLARATION OF BRAD SMITH IN
                                              SUPPORT THEREOF**
24  ☐ Daily Press, LLC, a California limited
    liability company, ONLY                   **Hearing Date and Time:**
25
    ☐ Freedom California Mary Publishing, Inc., **DATE:    April 23, 2018**
26  a California corporation, ONLY            **TIME:    2:00 p.m.**
                                              **CTRM:   6C**
27  ☐ Freedom California Ville Publishing          **411 West Fourth Street**
    Company LP, a California limited partnership,  **Santa Ana, CA 92701**
28  ONLY

1

2    ☐ Freedom Colorado Information, Inc., a
Delaware corporation, ONLY

3    ☐ Freedom Interactive Newspapers, Inc., a
California corporation, ONLY

4

5    ☐ Freedom Interactive Newspapers of Texas,
Inc., a Delaware corporation, ONLY

6    ☐ Freedom Newspaper Acquisitions, Inc., a
Delaware corporation, ONLY

7

8    ☐ Freedom Newspapers, a Texas general
partnership, ONLY

9    ☐ Freedom Newspapers, Inc., a Delaware
corporation, ONLY

10

11    ☐ Freedom Newspapers of Southwestern
Arizona, Inc., a California corporation, ONLY

12    ☐ OCR Information Marketing, Inc., a
California corporation, ONLY

13

14    ☐ Odessa American, a Texas general
partnership, ONLY

15    ☐ Orange County Register Communications,
Inc., a California corporation, ONLY

16

17    ☐ Victor Valley Publishing Company, a
California corporation, ONLY

18    ☐ Victorville Publishing Company, a
California limited partnership, ONLY

19

20    ☐ Freedom SPV II, LLC, a Delaware limited
liability company, ONLY

21    ☐ Freedom SPV VI, LLC, a Delaware limited
liability company, ONLY

22

23    ☐ Freedom SPV I, LLC, a Delaware limited
liability company, ONLY

24    ☐ Freedom SPV IV, LLC, a Delaware limited
liability company, ONLY

25

26    ☐ Freedom SPV V, LLC, a Delaware limited
liability company, ONLY

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................. 6

II.  JURISDICTION AND VENUE ............................................................................ 7

III.  STATEMENT OF FACTS ..................................................................................... 8
   A.  The Debtors' Business Operations ..................................................................... 8
   B.  The Asset Purchase Agreement .......................................................................... 8

IV.  THE SETTLEMENT AGREEMENT .................................................................... 9

V.  THE SETTLEMENT AGREEMENT SHOULD BE APPROVED ...................... 10
   A.  The Bankruptcy Court Should Approve the Settlement Agreement Pursuant to Federal Rule
of Bankruptcy Procedure 9019(a) .................................................................... 10

VI.  CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*A&C Properties)*,
    784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin v. Robinson*, 479 U.S.
    854, 107 S.Ct. 189 (1989) ........................................................................................ 10

*In re Coram Healthcare Corp.*,
    315 B.R. 321, 330 (Bankr. D. Del. 2004) ............................................................... 10

*In re Hermitage Inn, Inc.*,
    66 Bankr. 71, 72 (Bankr. D. Colo. 1986) ............................................................... 10

*In re Hibbard Brown & Co., Inc.*,
    217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) ............................................................... 11

*In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008) ............................... 10

*Martin*, 91 F.3d at 395; *In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 2000) ............................ 11

*Nellis v. Shugrue*, 165 B.R. 115, 23 (S.D.N.Y. 1994) ............................................................... 11

*Pacific Gas*, 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr.
    D. Or. 2002) ....................................................................................................... 10, 11

*Planned Protective Servs., Inc.*, 130 B.R. 94, 99, n.7 (Bankr. C.D. Cal. 1991) ............................. 11

*Stein*,
    236 B.R. 34, 37 (D. Or. 1999) ............................................................................... 10

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F. 2d 610, 620 (9th Cir. 1988) .......... 11

## STATUTES

11 U.S.C § 1334 ....................................................................................................................... 8

11 U.S.C. § 105 ...................................................................................................................... 10

11 U.S.C. § 1102 ...................................................................................................................... 7

28 U.S.C. § 1409 ...................................................................................................................... 8

28 U.S.C. § 157(b)(2) ................................................................................................................ 8

28 U.S.C. §§ 1408 .................................................................................................................... 8

28 U.S.C. §§ 157 ...................................................................................................................... 8

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## RULES

Fed. R. Bankr. P. 2002 .................................................................................................. 10

Fed. R. Bankr. P. 9019 .................................................................................................. 10

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1  **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST:**

3        **PLEASE TAKE NOTICE** that on April 23, 2018, at the hour of 2:00 p.m., Freedom

4  Communications, Inc., and its jointly administered debtors and debtors-in-possession (the

5  "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), will move

6  (the "Motion") this Court for the entry of an order, pursuant to section 105 of title 11 of the United

7  States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure

8  (the "Bankruptcy Rules"), approving the Settlement Agreement, dated February 2018 (the

9  "Settlement Agreement"), by and among the Debtors and MediaNews Group, Inc., a Delaware

10 corporation, d/b/a Digital First Media ("DFM") (collectively, the "Parties"), resolving disputes

11 among the Parties with respect to calculations of collection costs and efforts used to collect accounts

12 receivable pursuant to that certain asset purchase agreement, as more particularly set forth

13 hereinafter.  The settlement among the Parties (the "Settlement") is the product of negotiations

14 between the Parties and the terms of the Settlement are specifically set forth in the Settlement

15 Agreement executed by the Parties, a copy of which is attached as **Exhibit A** to the Declaration of

16 Brad Smith (the "Smith Declaration") annexed hereto.

17       **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion

18 and Motion, Rule 9019 of the Bankruptcy Rules, Rule 9013-1 of the Local Rules of Bankruptcy

19 Procedure for the Central District of California (the "Local Bankruptcy Rules"), the Memorandum

20 of Points and Authorities and the Smith Declaration filed in support of the Motion, and all pleadings,

21 documents and records on file with this Court, as well as any other documentary evidence as may

22 be presented to this Court in connection with this matter.

23       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1,

24 any opposition to the Motion or other responsive pleading must be filed with the Clerk of the

25 Bankruptcy Court and served on counsel for the Debtors (at the address located in the upper left-

26 hand corner of this Notice), counsel for DFM, counsel for the Committee, the Office of the United

27 States Trustee (at the addresses below), as well as any other parties of interest, not later than fourteen

28 (14) days prior to the hearing date in the form required by Local Bankruptcy Rule 9013-1(f).

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1   Counsel for DFM:

2   Reed Mercado, Esq.
    Sheppard Mullin Richter & Hampton LLP
3   333 South Hope Street, 43rd Floor
    Los Angeles, CA 90071-1422

4
    Email: RMercado@sheppardmullin.com
5   Fax: (213) 443-2838

6   Counsel for the Committee:

7   Robert J. Feinstein
    Pachulski Stang Ziehl & Jones LLP
8   780 Third Avenue, 34th Floor
    New York, NY 10017-2024
9   Email: rfeinstein@pszjlaw.com
    Fax: (212) 561-7777
10
    -and-
11
    Jeffrey W. Dulberg
12  Pachulski Stang Ziehl & Jones LLP
    10100 Santa Monica Blvd., 13th Floor
13  Los Angeles, CA 90067
    Email: jdulberg@pszjlaw.com
14  Fax: (310) 277-6910

15
    Office of the United States Trustee:
16  Frank Cadigan, Asst. U.S. Trustee
    Nancy S. Goldenberg, Attorney
17  Michael J. Hauser, Attorney
    Office of the United States Trustee
18  411 West Fourth Street, Suite 9041
    Santa Ana, CA 92701-8000

19
    Email: frank.cadigan@usdoj.gov
20  Email: nancy.goldenberg@usdoj.gov
    Email: michael.hauser@usdoj.gov
21  Fax: (714) 338-3421

22          **IF YOU FAIL TO FILE A WRITTEN OBJECTION TO THE MOTION WITHIN**

23  **SUCH TIME PERIOD, THE COURT MAY TREAT SUCH FAILURE AS A WAIVER OF**

24  **YOUR RIGHT TO OBJECT TO THE MOTION AND MAY APPROVE THE MOTION.**

25          **PLEASE TAKE FURTHER NOTICE** that the Debtors submit that the Settlement

26  Agreement is fair and reasonable and the relief requested herein is in the best interest of the Debtors'

27  estates, creditors and other parties-in-interest and should therefore be granted. Accordingly, for the

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

1  reasons set forth herein, the Debtors request the Court enter an order authorizing and approving the

2  Settlement Agreement, as requested by the Motion.

3                                  Respectfully submitted,

4  Dated:  March 29, 2018              SHULMAN HODGES & BASTIAN LLP

5

6                                  By:___/s/ Alan J. Friedman_____
                                       Alan J. Friedman
7                                      Ryan O'Dea
                                       [Proposed] Attorneys for Debtors and
8                                      Debtors-in-Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On March 1, 2016, DFM (the "Buyer"), and the Debtors (the "Sellers") entered into that certain Asset Purchase Agreement ("APA"), pursuant and subject to which Sellers sold, assigned, transferred, conveyed and delivered to Buyer, and Buyer purchased from Sellers, the Purchased Assets[1]. The APA and the transactions contemplated therein were approved by this Court pursuant to order entered on March 20, 2016 [Docket No. 562].

The APA provided in part, that (i) Buyer submit to Sellers 50% of all amounts collected in respect of the Accounts Receivable, net of collection costs, after Buyer collects at least $7,000,000 in respect of such Accounts Receivable and (ii) that Buyer uses its best efforts to collect such Accounts Receivable for 120 days after the Closing Date, and use commercially reasonable efforts to collect such Accounts Receivable thereafter.

A dispute has arisen between Buyer and Sellers with respect to the amounts delivered by Buyer to Sellers with respect to the Accounts Receivable, the calculation of Buyer's collection costs and the efforts used to collect such Accounts Receivable (the "A/R Dispute").

By way of the Motion, the Parties seek approval of the Settlement memorialized in the Settlement Agreement that will resolve the issues among the Parties in connection with the A/R Dispute, and providing mutual releases of any and all other claims or causes of action between and among the Parties with respect to the A/R Dispute only, as provided by the Settlement Agreement.

The material terms of the Settlement Agreement are as follows:[2]

- Settlement Payment. Within five (5) business days of the Settlement Effective Date, Buyer shall pay to Seller Representative, the sum of $130,956.15 in immediately available funds (the "Settlement Payment").

---

[1] Capitalized terms used but not defined herein or in the Settlement Agreement, shall have the meanings given to such terms in the APA.

[2] While the summaries of the principal terms of the Settlement Agreement set forth in this Motion are intended to be accurate, parties in interest should read the full Settlement Agreement, attached as **Exhibit A** to the Smith Declaration, for the complete terms. If there is any discrepancy between the summaries contained herein and the Settlement Agreement, the terms of the Settlement Agreement shall control.

- <u>Settlement Effective Date</u>.  The Settlement Agreement shall become effective (the "Settlement Effective Date") when each of the following has occurred, and upon the last to occur of: (a) entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Approval Order"), approving the terms and conditions of the Settlement Agreement; (b) expiration of the 14 day appeal period without an appeal having been taken, or if an appeal has been taken, without entry of an order staying the Approval Order pending appeal; and (c) execution of the Settlement Agreement.

- <u>Mutual Release re A/R Dispute</u>.  Effective upon the Settlement Effective Date, and in consideration of the terms and conditions of the Settlement Agreement, the Buyer, on the one hand, and the Sellers, on the other hand, generally, fully and completely release and forever discharge each other and all of their members, affiliated entities, agents, representatives, attorneys, and their respective successors, heirs, assigns, from any and all claims, demands, obligations, causes of action, damages, and liabilities of every kind and nature, in law, equity, or matured, which the Buyer or Seller now has or had in connection with any actions, omissions or conduct of any type occurring prior to the Settlement Effective Date arising out of, related to or in any way connected with the A/R Dispute.  Such release under this Settlement Agreement does not release the rights or claims of Buyer or Sellers under the APA, except with respect to the A/R Dispute.

As discussed herein, the Settlement is in the best interest of the Debtors' estates in that it resolves the A/R Dispute and avoids unnecessary costs and the uncertainty of litigating such dispute. Accordingly, the Debtors request that the Bankruptcy Court approve the Settlement Agreement as requested by this Motion.

## II.    JURISDICTION AND VENUE

On November 1, 2015 and November 2, 2015 (the "<u>Petition Date</u>"), the Debtors commenced the Chapter 11 Cases in the United States Bankruptcy Court for the Central District of California (the "<u>Bankruptcy Court</u>" or "<u>Court</u>").  The Bankruptcy Court authorized the joint administration of the Chapter 11 Cases by order entered on November 2, 2015.

On November 10, 2015, the Office of the United States Trustee appointed the Committee in the Chapter 11 Cases of Freedom Communications, Inc., Freedom Communications Holdings, Inc., Freedom Services, Inc. and OCR Community Publications, Inc., pursuant to section 1102 of the Bankruptcy Code.

1    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This

2 is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this matter in this district is proper

3 under 28 U.S.C. §§ 1408 and 1409.

4    The Parties consent to the entry of a final order by the Court in connection with this Motion

5 to the extent it is later determined that the Court, absent consent of the Parties, cannot enter final

6 orders or judgments consistent with Article III of the United States Constitution.

7 **III.    STATEMENT OF FACTS**

8    **A.    *The Debtors' Business Operations***

9    Prior to the sale of substantially all of their assets, the Debtors were a privately owned

10 information and entertainment company consisting of print publications and interactive businesses.

11 The Debtors' portfolio included daily and weekly newspapers, magazines and other specialty

12 publications. In addition, the Debtors operated an interactive business which offered website

13 complements, as well as digital and mobile products, to their print publications. The Orange County

14 Register was the Debtors' flagship newspaper. The Debtors also operated the Press-Enterprise and

15 Unidos (a Spanish language newspaper), and owned real property in Santa Ana and Riverside,

16 California.

17    **B.    *The Asset Purchase Agreement***

18    On March 1, 2016, the Buyer and the Sellers entered into that certain Asset Purchase

19 Agreement ("APA"), pursuant and subject to which Sellers sold, assigned, transferred, conveyed

20 and delivered to Buyer, and Buyer purchased from Sellers, the Purchased Assets. The APA and the

21 transactions contemplated therein were approved by this Court pursuant to order entered on March

22 20, 2016 [Docket No. 562].

23    Pursuant to Section 6.11(c) of the APA, Buyer agreed to remit to Sellers 50% of all amounts

24 collected in respect of the Accounts Receivable, net of collection costs, after Buyer had collected at

25 least $7,000,000 in respect of such Accounts Receivable. Also, pursuant to Section 6.11(c) of the

26 APA, Buyer was required to use best efforts to collect such Accounts Receivable for 120 days after

27

28

the Closing Date, and use commercially reasonable efforts to collect such Accounts Receivable thereafter.

Following the closing of the sale, and during the period when the Buyer was collecting the A/R, certain issues arose regarding the collection of the A/R, including the manner in which the A/R was being collected, whether certain items sere properly considered to be A/R, and the manner in which certain of the A/R was being accounted for.  The Parties engaged in numerous conferences in order to resolve their differences and to avoid litigation over these issues.  These efforts resulted in the Settlement Agreement.

## IV.    THE SETTLEMENT AGREEMENT

As a result of the foregoing negotiations, the Parties have reached the compromise memorialized in the Settlement Agreement, the material terms of which are the following:

a.    **Settlement Payment**.  Within five (5) business days of the Settlement Effective Date, Buyer shall pay to Seller Representative, the sum of $130,956.15 in immediately available funds (the "Settlement Payment").

b.    **Settlement Effective Date**.  The Settlement Agreement shall become effective (the "Settlement Effective Date") when each of the following has occurred, and upon the last to occur of: (a) entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Approval Order"), approving the terms and conditions of the Settlement Agreement; (b) expiration of the 14 day appeal period without an appeal having been taken, or if an appeal has been taken, without entry of an order staying the Approval Order pending appeal; and (c) execution of the Settlement Agreement.

c.    **Mutual Release of A/R Dispute.**  Effective upon the Settlement Effective Date, and in consideration of the terms and conditions of the Settlement Agreement, the Buyer, on the one hand, and the Sellers, on the other hand, generally, fully and completely release and forever discharge each other and all of their members, affiliated entities, agents, representatives, attorneys, and their respective successors, heirs, assigns, from any and all claims, demands, obligations, causes of action, damages, and liabilities of every kind and nature, in law, equity, or matured, which the

1  Buyer or Seller now has or had in connection with any actions, omissions or conduct of any type

2  occurring prior to the Settlement Effective Date arising out of, related to or in any way connected

3  with the A/R Dispute.  Such release under this Settlement Agreement does not release the rights or

4  claims of Buyer or Sellers under the APA, except with respect to the A/R Dispute.

5  **V.    THE SETTLEMENT AGREEMENT SHOULD BE APPROVED**

6
7  By this Motion, the Debtors seek entry of an order under Bankruptcy Code section 105 and

Bankruptcy Rule 9019 approving the Settlement Agreement.

8  **A.    *The Bankruptcy Court Should Approve the Settlement Agreement***

9  ***Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)***

10  Federal Rule of Bankruptcy Procedure 9019(a) provides as follows:

11

12  > On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
13  > creditors, the United States Trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the court
14  > may direct.

15  The approval or disapproval of a settlement under Rule 9019(a) falls within the sound

16  discretion of the bankruptcy court.  *See In re Stein*, 236 B.R. 34, 37 (D. Or. 1999).  In undertaking

17  such consideration, "[t]he law favors compromise and not litigation for its own sake . . . ."  *See*

18  *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin*

19  *v. Robinson*, 479 U.S. 854, 107 S.Ct. 189 (1989).  In reaching its determination, although the court

20  is to consider the range of results in litigation, "the court's assessment does not require resolution of

21  the issues, but only their identification, so that the reasonableness of the settlement may be

22  evaluated."  *In re Hermitage Inn, Inc.*, 66 Bankr. 71, 72 (Bankr. D. Colo. 1986).

23  In this regard, a court need not decide the numerous issues of law and fact raised by the

24  settlement and it need not be convinced that the proposed settlement is the best possible, rather

25  "[t]he court need only conclude that the settlement falls within the reasonable range of litigation

26  possibilities somewhere above the lowest point in the range of reasonableness."  *In re Nutritional*

27  *Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008) (*quoting In re Coram Healthcare Corp.*,

28  315 B.R. 321, 330 (Bankr. D. Del. 2004)); In re *Pacific Gas and Elec. Co.*, 304 B.R. 395, 417

1    (Bankr. N. D. Cal. 2004); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99, n.7 (Bankr. C.D.

2    Cal. 1991). In making its determination, a court should not substitute its own judgment for that of

3    the debtor and should defer to the debtor so long as there is a reasonable business justification for

4    the settlement. *See Martin*, 91 F.3d at 395; *In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 2000).

5    The court should exercise its discretion "in light of the general public policy favoring settlements."

6    *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *Nellis v. Shugrue*, 165

7    B.R. 115, 23 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact,

8    encouraged by the approval process outlined above.").

9        In determining the fairness, reasonableness, and adequacy of a proposed settlement

10   agreement, the Ninth Circuit has set forth that a court should consider the following factors: (1) the

11   probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of

12   collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay

13   necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to

14   their reasonable views in the premises. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*,

15   839 F. 2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380). It is not necessary

16   that the conclusions reached in the consideration of each of these factors support the settlement but,

17   taken as a whole, those conclusions must favor the approval of the settlement. *See Pacific Gas*, 304

18   B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)).

19       Application of the foregoing factors weighs in favor of approving the compromise contained

20   in the Settlement Agreement. The Settlement Agreement is the product of good faith, arms-length

21   negotiations among the Parties. The failure to otherwise settle the A/R Dispute would result in

22   litigating over the amount of the claim. The issues surrounding the dispute are inherently fact

23   intensive, thereby requiring extensive fact discovery, which in turn would result in additional delays

24   and attorneys' fees. Moreover, given the fact intensive nature of the dispute, success on the merits

25   is certainly not guaranteed. Moreover, pursuant to the Settlement Agreement, the Seller will receive

26   a settlement payment of $130,956.15, thereby preserving significant funds for the benefit of the

27   Debtors' estates.

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1    Based on the foregoing, the Debtors submit that the Settlement memorialized in the

2 Settlement Agreement satisfies the test for approval under Ninth Circuit law, and the approval

3 thereof is in the best interests of the Debtors, their estates, creditors and other parties in interest, and

4 therefore, should be approved.

## VI.    CONCLUSION

5

6    Based on the foregoing, the Debtors request that the Bankruptcy Court enter an Order: (1)

7 granting the Motion; (2) approving the Settlement Agreement; (3) authorizing the Parties to enter

8 into and take any and all actions reasonably necessary to effectuate the terms of the Settlement

9 Agreement; and (4) for such other and further relief as the Bankruptcy Court may deem just and

10 proper.

11                                    Respectfully submitted,

12

13

14 Dated:  March 29, 2018                    SHULMAN HODGES & BASTIAN LLP

15

16                            By:  _/s/ Alan J. Friedman_____
                                    Alan J. Friedman
17                                    Ryan O'Dea
                                    [Proposed] Attorneys for Debtors and
18                                    Debtors-in-Possession

19

20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# DECLARATION OF BRAD SMITH

I, Brad Smith, declare as follows:

1.    I am a Senior Managing Director of GlassRatner Advisory & Capital Group LLC ("GlassRatner"), which has served as financial advisor and consultant to the debtors and debtors-in-possession (the "Debtors") in their chapter 11 cases (the "Chapter 11 Cases"). Effective as of April 1, 2016, I was appointed as Chief Restructuring Officer ("CRO") to the Debtors. In my role as CRO, I am responsible for the winding-down of the Debtors' operations following the sale of substantially all of the Debtors' assets, including the preparation of a plan and disclosure statement, and the review and resolution of certain claims against the estates and litigation matters.

2.    As a result of my tenure as the Debtors' financial advisor and thereafter as CRO, my review of relevant documents, and my discussions with members of the Debtors' staff and their advisors, I am generally familiar with the Debtors' financial affairs. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently thereto. Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with members of the Debtors' staff and their advisors, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtors' books and records and/or their financial affairs.

3.    I am submitting this declaration in support of the *Motion for Order Approving Settlement By and Between the Debtors and MediaNews Group, Inc., a Delaware corporation, d/b/a Digital First Media* (the "Motion"). All terms not defined herein shall have the meanings ascribed to them in the Motion. I have reviewed the Motion, am familiar with the factual information set forth therein, and incorporate such facts into this Declaration by reference and adopt them as my own as if they were set forth herein.

4.    By the Motion, the Debtors seek an order approving the Settlement Agreement, dated February 2018 (the "Settlement Agreement"), by and among the Debtors and MediaNews Group, Inc., a Delaware corporation, d/b/a Digital First Media ("DFM") (collectively, the "Parties"), resolving disputes among the Parties with respect to calculations of collection costs and efforts used

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

to collect accounts receivable pursuant to that certain asset purchase agreement, as more particularly set forth hereinafter.  The settlement among the Parties  is the product of negotiations between the Parties, and the terms of the Settlement are specifically set forth in the Settlement Agreement executed by the Parties, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

5.    The material terms of the Settlement Agreement are summarized below:

a.    **Settlement Payment**.   Within five (5) business days of the Settlement Effective Date, Buyer shall pay to Seller Representative, the sum of $130,956.15 in immediately available funds (the "Settlement Payment").

b.    **Settlement Effective Date**.   The Settlement Agreement shall become effective (the "Settlement Effective Date") when each of the following has occurred, and upon the last to occur of: (a) entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Approval Order"), approving the terms and conditions of the Settlement Agreement; (b) expiration of the 14 day appeal period without an appeal having been taken, or if an appeal has been taken, without entry of an order staying the Approval Order pending appeal; and (c) execution of the Settlement Agreement.

c.    **Mutual Release of A/R Dispute.**    Effective upon the Settlement Effective Date, and in consideration of the terms and conditions of the Settlement Agreement, the Buyer, on the one hand, and the Sellers, on the other hand, generally, fully and completely release and forever discharge each other and all of their members, affiliated entities, agents, representatives, attorneys, and their respective successors, heirs, assigns, from any and all claims, demands, obligations, causes of action, damages, and liabilities of every kind and nature, in law, equity, or matured, which the Buyer or Seller now has or had in connection with any actions, omissions or conduct of any type occurring prior to the Settlement Effective Date arising out of, related to or in any way connected with the A/R Dispute.  Such release under this Settlement Agreement does not release the rights or claims of Buyer or Sellers under the APA, except with respect to the A/R Dispute.

6.    The Settlement Agreement is the product of good faith, arms-length negotiations among the Parties.  The failure to otherwise settle the A/R Dispute would result in litigating over

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

the amount of the claim.  The issues surrounding the dispute are inherently fact intensive, thereby requiring extensive fact discovery, which in turn would result in additional delays and attorneys' fees.  Moreover, given the fact intensive nature of the dispute, success on the merits is certainly not guaranteed.  Moreover, pursuant to the Settlement Agreement, the Seller will receive a settlement payment of $130,956.15, thereby preserving significant funds for the benefit of the Debtors' estates.

7.    Based on the foregoing, I believe that the settlement memorialized in the Settlement Agreement is in the best interests of the Debtors, their estates, creditors and other parties in interest, and should be approved.

8.    I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on this _30th_ day of March 2018, at Los Angeles, California.

Brad Smith

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of February __, 2018 (this "Settlement Agreement") by and among MEDIANEWS GROUP, INC., a Delaware corporation, d/b/a Digital First Media ("Buyer"), on the one hand, and 2100 FREEDOM, INC., a Delaware corporation ("Freedom") and each of the subsidiaries set forth on Schedule A to the APA (defined below) (collectively, the "Subsidiaries" and together with Freedom, each a "Seller" and collectively "Sellers"), on the other hand.  This Settlement Agreement is made with reference to the following recitals of fact:

### R E C I T A L S

A.    On November 1, 2015 and November 2, 2015, Sellers filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing bankruptcy cases that are jointly administered under Case No. 8:15-bk-15311-MW (collectively, the "Bankruptcy Case") in the Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

B.    Buyer and Seller entered into the Asset Purchase Agreement dated as of March 13, 2016 (as amended, the "APA"), pursuant and subject to which Sellers sold, assigned, transferred, conveyed and delivered to Buyer, and Buyer purchased from Sellers, the Purchased Assets.  Capitalized terms used but not defined in this Settlement Agreement, including without limitation in these Recitals, shall have the meanings given to such terms in the APA.

C.    The APA and the transactions contemplated therein were approved by the Bankruptcy Court pursuant to an order entered on March 30, 2016 in the Bankruptcy Case as Docket No. 562.

D.    Pursuant to Section 6.11(c) of the APA, Buyer submitted to Sellers 50% of all amounts collected in respect of the Accounts Receivable, net of collection costs, after Buyer had collected at least $7,000,000 in respect of such Accounts Receivable.  Also pursuant to Section 6.11(c) of the APA, Buyer used best efforts to collect such Accounts Receivable for 120 days after the Closing Date, and used commercially reasonable efforts to collect such Accounts Receivable thereafter.

E.    A dispute has arisen between Buyer and Sellers regarding Section 6.11(c) of the APA, particularly the amounts delivered by Buyer to Sellers in respect of the Accounts Receivable, the calculation of Buyer's collection costs and the efforts used to collect such Accounts Receivable (collectively, the "A/R Dispute").

F.    Rather than incur the cost, and face the uncertainty of, litigation, Buyer and Sellers want to resolve the A/R Dispute pursuant to the terms hereof, subject to the Bankruptcy Court's approval of this Settlement Agreement and all of the terms and conditions set forth below.

NOW THEREFORE, in consideration of the mutual covenants and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are

-1-

hereby acknowledged, Buyer and Sellers mutually agree[1] as follows:

## A G R E E M E N T

1.    <u>Recitals</u>. The Recitals set forth above are incorporated by reference herein and are made part of this Settlement Agreement.

2.    <u>Settlement Effective Date</u>. This Settlement Agreement shall become effective (the "<u>Settlement Effective Date</u>") when each of the following has occurred and upon the last to occur of: (a) entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 ("<u>Approval Order</u>") by the Bankruptcy Court approving the terms and conditions of this Settlement Agreement; (b) expiration of the 14 day appeal period without an appeal having been taken, or if an appeal has been taken, without entry of an order staying the Approval Order pending appeal; and (c) execution of this Settlement Agreement. If the Bankruptcy Court does not enter the Approval Order, then the Settlement Effective Date shall not occur, this Settlement Agreement shall not be binding on Buyer or Sellers, and this Settlement Agreement shall be of no force or effect. If the Approval Order is appealed and a stay pending appeal is issued, then the requirement for the occurrence of the Settlement Effective Date in subpart (b) above shall be satisfied if and when the appeal is fully and finally resolved in favor of upholding the Approval Order, and all further appeals or writ petitions have been exhausted.

3.    <u>Settlement Payment</u>. Within 5 Business Days of the Settlement Effective Date, Buyer shall pay to Seller Representative, in immediately available funds, $130,956.15 (the "<u>Settlement Payment</u>") in accordance with wiring instructions to be provided.

4.    <u>Mutual Release re A/R Dispute</u>. Effective upon the Settlement Effective Date, and in consideration of the terms and conditions of this Settlement Agreement, the Buyer, on the one hand, and the Sellers, on the other hand, generally, fully and completely release and forever discharge each other and all of their members, affiliated entities, agents, representatives, attorneys, and their respective successors, heirs and assigns, from any and all claims, demands, obligations, causes of action, damages, and liabilities of every kind and nature, in law, equity, or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or matured, which the Buyer or any Seller now has or had in connection with any actions, omissions or conduct of any type occurring prior to the Settlement Effective Date arising out of, related to or in any way connected with the A/R Dispute, whether based on tort, contract, indemnification, contribution, subrogation or any other theory of recovery and whether for compensatory or punitive damages, whether known or unknown. For the avoidance of doubt, nothing in this <u>Section 4</u> shall release the rights or claims of Buyer or Sellers under this Settlement Agreement, nor shall anything in this <u>Section 4</u> release the rights or claims of Buyer or Sellers under the APA, except with respect to the A/R Dispute.

---

[1]    Pursuant to an order of the Bankruptcy Court entered on December 29, 2015 in the Bankruptcy Case as Docket No. 276, Mosier & Company, Inc. ("<u>Seller Representative</u>") is authorized to enter into this Settlement Agreement on behalf of Sellers.

-2-

5.      Waiver. Buyer and each Seller hereby waives and relinquishes all rights and benefits afforded by Section 1542 of the Civil Code of the State of California with respect to the release set forth in Section 4, and understands that the facts with respect to this Settlement Agreement may hereinafter result to be other than or different from the facts now known and believed by such party hereto to be true and such party accepts and assumes the risk of the facts being different and agree that this Settlement Agreement shall be and remain in all respects effective and not subject to termination or rescission by virtue of any such difference in facts and understand and acknowledge the significance and consequences of such specific waiver of Section 1542 and hereby assumes full responsibility for any losses it may incur by making such waiver. Section 1542 of the Civil Code of the State of California reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The foregoing release is freely and voluntarily executed by Buyer and each Seller, whom, in executing the foregoing release did not rely on any inducements, promises or representations of the other or their respective representatives. Buyer and each Seller has had the opportunity to consult with legal counsel as to the meaning and consequences of the foregoing release and waiver and each of them acknowledges their understanding of the terms contained herein and the consequences hereof and thereof.

6.      No Further Action. Without in any way limiting the generality of the foregoing, it is further understood and agreed that neither Buyer nor any Seller shall directly or indirectly, jointly or severally, take or initiate or voluntarily cooperate or assist in any way with any Person which may take or initiate any action or actions of any nature whatsoever, which would derogate in any way from the effect of this Settlement Agreement and release contained herein.

7.      No Assignment of Claims. Buyer and each Seller hereby warrants and represents that they have not transferred or otherwise assigned, either by contract or by operation of law, any of the claims released under this Settlement Agreement. To the extent that any such claims have been heretofore assigned or transferred, the party hereto that has made such assignment or transfer hereby agrees to defend, indemnify and hold the other parties hereto harmless from and against any and all claims that might be asserted against the others by reason of any such assignment or transfer.

8.      Attorneys' Fees. Should Buyer or any Seller engage counsel to enforce any of the provisions hereof, or to protect their respective interests in any matter under this Settlement Agreement, the non-prevailing party hereto in any action pursued in a court of competent jurisdiction (the finality of which is not legally contested) agrees to pay the prevailing party all reasonable costs, damages, and expenses, including attorneys' fees, expended or incurred in connection therewith.

9.      Integration; Amendment. This Settlement Agreement and the documents and agreements referred to herein, constitute the complete agreement of Buyer and Sellers with respect to the subject matters referred to herein and supersedes all prior or contemporaneous

-3-

negotiations, promises, covenants, agreements or representations of any nature whatsoever with respect thereto, all of which become merged and finally integrated in this Settlement Agreement. Buyer and each Seller understands that in the event of any subsequent litigation, controversy or dispute concerning any of the terms, conditions or provisions of this Settlement Agreement, none of them shall be permitted to offer or introduce any oral evidence concerning any other oral promises or oral agreements among them relating to the subject matters of this Settlement Agreement not included or referred to herein and not reflected in a writing. This Settlement Agreement cannot be amended, modified or supplemented except by a written document signed by all parties hereto.

10.    Authority. Each signatory to this Agreement represents and warrants that he or she has the requisite authority and capacity to act on behalf of the Person for whom he or she is signing and to bind such Person and all who might claim through such Person under the terms of this Settlement Agreement.

11.    No Admissions. Buyer and each Seller agrees and acknowledges that this Settlement Agreement is the result of a compromise and shall never be construed as an admission by any of them of any liability, fault or responsibility whatsoever, and that the parties hereto specifically disclaim any such liability, fault or responsibility. Discussions and exchanges of information between the parties hereto in connection with this Settlement Agreement shall be inadmissible as evidence to prove liability pursuant to Federal Rule of Evidence 408, California Evidence Code Section 1152, and any other similar statutes.

12.    Counterparts. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument and agreement. Facsimile and/or electronic mail signatures to this Settlement Agreement shall for all purposes be deemed originals and shall bind the Person delivering such signatures via facsimile and/or electronic mail.

13.    Severability. In the event that any of the terms, conditions or covenants contained in this Settlement Agreement shall be held to be invalid, any such invalidity shall not affect any other terms, conditions or covenants contained herein which shall remain in full force and effect.

14.    Further Assurances. Buyer and each Seller hereby agrees to execute, acknowledge and/or deliver any and all further or other documents, instruments and/or agreements as may be reasonably necessary or required to give effect to, and carryout, the terms and conditions of this Settlement Agreement.

15.    Binding Effect. Subject only to the entry of a final Approval Order with respect to the binding effect of this Settlement Agreement, all of the terms and provisions of this Settlement Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns, including without limitation, any trustee in bankruptcy appointed in any subsequent, further or superseding bankruptcy case pertaining to any of the Sellers.

-4-

16.    <u>Paragraph Headings</u>.  The headings, or lack thereof, preceding each of the paragraphs in this Settlement Agreement are for convenience only and shall not be considered in the construction or interpretation of this Settlement Agreement.

17.    <u>Time of Essence</u>.  Time is of the essence in the performance of the terms and conditions of this Settlement Agreement.

18.    <u>Governing Law; Jurisdiction; Venue</u>.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of California without reference to conflicts of laws rules.  Buyer and Sellers hereby submit themselves to the personal jurisdiction of the Bankruptcy Court for purposes of the interpretation or enforcement of this Settlement Agreement.  Buyer and Sellers further agree that the venue for any action commenced in connection with this Settlement Agreement shall be exclusively maintained in the Bankruptcy Case.

*[Remainder of Page Intentionally Left Blank; Signature Pages Following]*

-5-

**IN WITNESS WHEREOF,** Buyer and Sellers have executed and delivered this Settlement Agreement as of the day and year first above written.

"Sellers"

2100 FREEDOM, INC.
FREEDOM COMMUNICATIONS HOLDINGS, INC.
FREEDOM COMMUNICATIONS, INC.
FREEDOM NEWSPAPERS, INC.
FREEDOM SERVICES, INC.
OCR COMMUNITY PUBLICATIONS, INC.
FREEDOM SPV I, LLC
FREEDOM SPV II, LLC
FREEDOM SPV VI, LLC
DAILY PRESS, LLC
FREEDOM CALIFORNIA MARY PUBLISHING, INC.
FREEDOM CALIFORNIA VILLE PUBLISHING COMPANY LP
FREEDOM COLORADO INFORMATION, INC.
FREEDOM INTERACTIVE NEWSPAPERS, INC.
FREEDOM INTERACTIVE NEWSPAPERS OF TEXAS, INC.
FREEDOM NEWSPAPER ACQUISITIONS, INC.
FREEDOM NEWSPAPERS
FREEDOM NEWSPAPERS OF SOUTHWESTERN ARIZONA, INC.
OCR INFORMATION MARKETING, INC.
ODESSA AMERICAN
ORANGE COUNTY REGISTER COMMUNICATIONS, INC.
VICTOR VALLEY PUBLISHING COMPANY
VICTORVILLE PUBLISHING COMPANY
FREEDOM SPV IV, LLC
FREEDOM SPV V, LLC

By:  MOSIER & COMPANY, INC.,
      its Independent Sales Representative

By: _____
Name:  Robert P. Mosier
Title:   President

-6-

"Buyer"

MEDIANEWS GROUP INC. D/B/A DIGITAL FIRST
MEDIA

By: _____

Name: _Marshall W Anstandig_

Title: _Senior V P /General Counsel & Secretary_

-7-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  **100 Spectrum Center Drive, Suite 600, Irvine, CA 92618**

A true and correct copy of the foregoing document entitled:  **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT BY AND BETWEEN THE DEBTORS AND MEDIANEWS GROUP, INC., A DELAWARE CORPORATION, D/B/A DIGITAL FIRST MEDIA; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRAD SMITH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.   On April __2__, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠     Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On April __2__, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Bldg. & Courthouse
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

⊠     Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April ____, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/ _2_ /18 | Lori Gauthier | /s/ Lori Gauthier |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Kyra E Andrassy**    kandrassy@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- **David M Banker**    dbanker@lowenstein.com, dbanker@lowenstein.com
- **Richard L Barnett**    rick@barnettrubin.com, kelly@barnettrubin.com
- **James Cornell Behrens**    jbehrens@milbank.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Matthew Bouslog**    MBouslog@gibsondunn.com, Pcrawford@gibsondunn.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Larry Butler**    notices@becket-lee.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Andrew W Caine**    acaine@pszjlaw.com
- **David Cantrell**    dcantrell@lc-law-llp.com
- **Jeffrey D Cawdrey**    jcawdrey@grsm.com,
  jmydlandevans@grsm.com;madeyemo@gordonrees.com
- **Conrad K Chiu**    cchiu@pryorcashman.com
- **Carol Chow**    carol.chow@ffslaw.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Theodore A Cohen**    tcohen@sheppardmullin.com, amontoya@sheppardmullin.com
- **Joseph Corrigan**    Bankruptcy2@ironmountain.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, AMatsuoka@robinskaplan.com
- **Jessica DiFrancesco**    notices@becket-lee.com
- **Caroline Djang**    caroline.djang@bbklaw.com,
  arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert J Feinstein**    rfeinstein@pszjlaw.com
- **Scott D Fink**    brodellecf@weltman.com
- **Marc C Forsythe**    kmurphy@goeforlaw.com,
  mforsythe@goeforlaw.com;goeforecf@gmail.com
- **Alan J Friedman**    afriedman@lwgfllp.com, lgauthier@shbllp.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Matthew T Furton**    mfurton@lockelord.com,
  cpaul@lockelord.com;chicagodocket@lockelord.com
- **Thomas M Gaa**    tgaa@bbslaw.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;vrosales@lwgfllp.com;cyoshonis@lwgfllp.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **David B Golubchik**    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- **Christopher J Green**    cgreen@bohmwildish.com, chrisgreen@ucla.edu;christopher-green-2815@ecf.pacerpro.com;lrivara@bohmwildish.com
- **Justin D Harris**    jdh@harrislawfirm.co, kyle@harrislawfirm.co
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Eric M Heller**    eric.m.heller@irscounsel.treas.gov
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM,
  RMAPA@DONLINRECANO.COM
- **Payam Khodadadi**    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com

- **Samuel M Kidder**    skidder@bhfs.com
- **Jeannie Kim**    jkim@buchalter.com
- **Alan M Kindred**    akindred@leechtishman.com,
  alankindred@hotmail.com;dtomko@leechtishman.com
- **Armand R. Kizirian**    armand.falveylaw@gmail.com,
  thomaswfalvey@gmail.com;mike.falveylaw@gmail.com;alvarez.falveylaw@gmail.com;celeste.a.wood@gmail.com;kathy.falveylaw@gmail.com
- **Stuart I Koenig**    Skoenig@leechtishman.com,
  sfrey@leechtishman.com;jabrams@leechtishman.com
- **Alan J Kornfeld**    akornfeld@pszjlaw.com, mdj@pszjlaw.com
- **Matthew J Kraus**    mkraus@lc-lawyers.com, mbuchheit@lc-lawyers.com
- **Jeffrey C Krause**    jkrause@gibsondunn.com,
  dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Yochun Katie Lee**    kylee@akingump.com,
  tsouthwell@akingump.com;westdocketing@akingump.com
- **Elan S Levey**    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **William N Lobel**    wlobel@pszjlaw.com,
  nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Aaron J Malo**    amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- **Kristofer R McDonald**    kristofer.mcdonald@lane-nach.com,
  kris.r.mcdonald@gmail.com,adam.nach@lane-nach.com,joel.newell@lane-nach.com;deborah.mckernan@lane-nach.com
- **Ashley M McDow**    amcdow@bakerlaw.com,
  mdelaney@bakerlaw.com;sgaeta@bakerlaw.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Reed M Mercado**    rmercado@sheppardmullin.com
- **Harlene Miller**    harlene@harlenemillerlaw.com
- **Raymond F Moats**    colcaecf@weltman.com
- **Elizabeth L Musser**    emusser@tresslerllp.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Courtney E Norton**    cnorton@greenbergglusker.com,
  kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- **John M O'Donnell**    john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- **Deborah OConnor**    deborah.oconnor@clydeco.us, lorraine.gallo@clydeco.us
- **Ryan D ODea**    rodea@shbllp.com, twalsworth@shbllp.com;cdopeso@shbllp.com
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Ronak N Patel**    rpatel@rivco.org, mdominguez@RIVCO.org
- **Marc S Pfeuffer**    pfeuffer.marc@pbgc.gov, efile@pbgc.gov
- **Kathy Bazoian Phelps**    kphelps@diamondmccarthy.com,
  vgarcia@diamondmccarthy.com
- **Christopher E Prince**
  jmack@lesnickprince.com;mlampton@lesnickprince.com;cprince@ecf.courtdrive.com
- **Amelia Puertas-Samara**    itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov
- **Christopher B Queally**    cqueally@callahan-law.com, jluirette@callahan-law.com

- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Jeremy E Rosenthal**    jrosenthal@sidley.com
- **Peter J Rudinskas**    pjr.legal@gmail.com
- **James M Sabovich**    jsabovich@callahan-law.com, jluirette@callahan-law.com;ksalour@callahan-law.com;bmccormack@callahan-law.com;erichards@callahan-law.com;SRobinson@callahan-law.com
- **Steven B Sacks**    ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com
- **Jonathan C Sandler**    jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com
- **Scott A Schiff**    sas@soukup-schiff.com
- **Leonard M Shulman**    lshulman@shbllp.com
- **Donald W Sieveke**    ibmoola@yahoo.com, dws4law@pacbell.net
- **David P. Simonds**    dsimonds@akingump.com, tsouthwell@akingump.com;westdocketing@akingump.com
- **Alex E Spjute**    spjute@hugheshubbard.com, ryan@hugheshubbard.com
- **Sarah Stuppi**    Sarah@stuppilaw.com
- **Helena Tseregounis**    htseregounis@sidley.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Daniel Uribe**    duribe@gmail.com
- **Michael A Wallin**    mwallin@slaterhersey.com, mrivera@slaterhersey.com
- **Scott S Weltman**    colcaecf@weltman.com
- **Johnny White**    JWhite@wrslawyers.com, aparisi@wrslawyers.com
- **Brandon J Witkow**    bw@witkowlaw.com, tg@witkowlaw.com
- **Steven D Zansberg**    szansberg@lskslaw.com, mkelley@lskslaw.com

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618