ROBERT J. FEINSTEIN (NY SBN 1767805)
JEFFREY W. DULBERG (CA SBN 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  rfeinstein@pszjlaw.com
           jdulberg@pszjlaw.com

Attorneys for
Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors and<br>Debtors-in-Possession. | Case Nos.: 8:15-bk-15311-MW<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8-15-bk-15337-MW; 8:15-bk-15339-MW; 8-15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc. (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610); Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735); Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona, Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom SPV IV, LLC (8500); and Freedom SPV V, LLC (9036). The Debtors' mailing address is 625 N. Grand Avenue, Santa Ana, California 92701.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Affects:

☐   All Debtors

☒   Freedom Communications, Inc., a Delaware corporation, ONLY

☒   Freedom Communications Holdings, Inc., a Delaware corporation, ONLY

☒   Freedom Services, Inc., a Delaware corporation, ONLY

☐   2100 Freedom. Inc. a Delaware corporation, ONLY

☒   OCR Community Publications, Inc., a California corporation, ONLY

☐   Daily Press, LLC, a California limited liability company, ONLY

☐   Freedom California Mary Publishing, Inc., a California corporation, ONLY

☐   Freedom California Ville Publishing Company LP, a California limited partnership, ONLY

☐   Freedom Colorado Information, Inc., a Delaware corporation, ONLY

☐   Freedom Interactive Newspapers, Inc., a California corporation, ONLY

☐   Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

☐   Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

☐   Freedom Newspapers, a Texas general partnership, ONLY

☐   Freedom Newspapers, Inc., a Delaware corporation, ONLY

☐   Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

☐   OCR Information Marketing, Inc., a California corporation, ONLY

☐   Odessa American, a Texas general partnership, ONLY

☐   Orange County Register Communications,

**APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § § 1103(a) AND 328(a) AND FED. R. BANKR. P. 2015(A) AUTHORIZING THE RETENTION OF ELUCIDOR, LLC AS EXPERT CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF HOWARD ZAIL IN SUPPORT THEREOF**

[No Hearing Required Unless Requested]

1  Inc., a California corporation, ONLY

2  ☐    Victor Valley Publishing Company, a
California corporation, ONLY

3

4  ☐    Victorville Publishing Company, a
California limited partnership, ONLY

5  ☐    Freedom SPV II, LLC, a Delaware limited
liability company, ONLY

6

7  ☐    Freedom SPV VI, LLC, a Delaware limited
liability company, ONLY

8  ☐    Freedom SPV I, LLC, a Delaware limited
liability company company, ONLY

9

10  ☐    Freedom SPV IV, LLC, a Delaware limited
liability company, ONLY

11  ☐    Freedom SPV V, LLC, a Delaware limited
liability company, ONLY

12

13  **TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE,
THE DEBTORS AND DEBTORS IN POSSESSION, THE OFFICE OF THE UNITED**

14  **STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

15

16         Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the Official Committee of

17  Unsecured Creditors (the "Committee") appointed in the bankruptcy case of Freedom

18  Communications, Inc. *et al*, submits this application to employ Elucidor, LLC ("Elucidor") effective

19  as of April 30, 2018 as the Committee's expert consultant (the "Application").  This Application is

20  brought pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"),[2]

21  Rule 2014 of the Federal Rules of Bankruptcy Procedure,[3] and Local Bankruptcy Rule 2014-1 for an

22  order authorizing the employment of Elucidor.  In support of this Application, PSZJ respectfully

23  represents as follows:

24

25

26

27  [2] All references to "sections" herein are to sections of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended,
unless otherwise noted.

28  [3] All references to "Bankruptcy Rule(s)" herein are to the provisions of the Federal Rules of Bankruptcy Procedure.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## I.

## JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

The relief sought with this Application is based upon sections 328, 330, and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

## II.

## STATEMENT OF FACTS

On November 1 and 2, 2015, Freedom Communications, Inc. and certain of its affiliates (collectively, the "Debtors"), commenced cases under chapter 11 of the Bankruptcy Code which cases are being jointly administered as Case No. 15-15311-MW in the United States Bankruptcy Court for the Central District of California (Santa Ana Division) (the "Court").

On November 10, 2015, the United States Trustee appointed the Committee to represent the interests of unsecured creditors of certain of the Debtors pursuant to section 1102 of the Bankruptcy Code. The creditors initially appointed to the Committee were: (i) Associated Press; (ii) Pension Benefit Guaranty Corporation; (iii) Electronic Business Solutions, (iv) Newscycle Solutions, (v) Inland Empire Paper Company (vi) Ponderay Newsprint Company; and (vii) ACI California, LLC. On January 8, 2016, ACI California, LLC formally resigned from the Committee.

On January 26, 2017, the Committee initiated an adversary proceeding before the Court entitled *Official Committee of Unsecured Creditors of Freedom Communications, Inc. et al. v. Aaron Kushner, et al.,* Case No. 17-ap-01012 (the "Adversary Proceeding").

## III.

## RELIEF REQUESTED

On April 30, 2018, the Committee elected to retain Elucidor to serve as its consultant to provide expert services primarily in connection with the Adversary Proceeding as described in the Scope of Services section below. PSZJ submits that the retention of Elucidor is appropriate under sections 328(a) and 1103 of the Bankruptcy Code. Section 1103 if the Bankruptcy Code, empowers

the Committee, with the Court's approval, to employ attorneys, accountants or other professional

persons so long as such professionals do not represent any other entity having an adverse interest in

connection with the case, to assist the Committee with fulfilling its statutory duties.  11 U.S.C.

§1103(a)-(b).

Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person

"on any reasonable terms and conditions of employment."  11 U.S.C. §328(a). Section 328(a) of the

Bankruptcy Code makes clear that committees may retain, subject to bankruptcy court approval, a

professional on an hourly fee basis, as proposed herein, subject to the Court's review and approval of

such compensation under section 330 of the Bankruptcy Code.

The Committee believes that the value to the Committee of such services and the amount of

compensation is reasonable given the services to be provided by Elucidor to the Committee.

Attached as **Exhibit "A"** to the Declaration of Howard Zail (the "Zail Declaration") are the

biographies of the primary individuals that are expected to provide services on this matter.

## IV.

## SCOPE OF SERVICES

PSZJ and Elucidor have entered into an engagement agreement (the "Engagement

Agreement"), attached to the Zail Declaration as **Exhibit "B"**, which governs the relationship

between PSZJ and Elucidor (together, the "Parties").  The terms and conditions of the Engagement

Agreement were negotiated at arm's length and reflect the Parties' mutual agreement as to the efforts

that will be required in this engagement.   Under the Engagement Agreement, in consideration for

the compensation contemplated thereby, Elucidor has agreed to provide the services described

below.

Elucidor will provide the following services pursuant to the Engagement Agreement

(collectively, the "Services"):

a.      expert consulting services regarding the life insurance-related investments
        made by the Retirement Plan of Freedom Communications, Inc**.** (the "Pension
        Plan")**,** including actuarial, financial and other valuation analyses of the
        investments;

b.      expert consulting services in connection with the claims asserted by the
        Committee on behalf of the Debtors related to such investments;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

c.  expert consulting services in connection with any other matters regarding the valuation of the Pension Plan's investments and any litigation (including the adversary proceeding pending in this Court entitled *Official Committee of Unsecured Creditors of Freedom Communications, Inc. et al. v. Aaron Kushner, et al.,* Case No. 17-ap-01012) arising in this case as reasonably requested by the Committee; and

d.  if requested by the Committee, Elucidor will render one or more opinions on the foregoing issues (the "Opinions").  Any Opinions rendered will be based on methods and techniques that Elucidor considers appropriate under the circumstances, and will represent the opinions of Elucidor based upon information and documents provided by the Committee and/or obtained in discovery, or upon such other sources as Elucidor considers appropriate.  If requested by the Committee, Elucidor will prepare one or more reports, including the Opinions, and will provide testimony regarding the Opinions at deposition, trial and/or other proceedings.

### V.

### COMPENSATION

Elucidor will charge its normal and customary hourly rates for the Services to be provided under the Engagement Agreement in accordance with a scale of hourly charges as follows:

| | |
|---|---|
| Participation in Court Appearances/Depositions | $600 |
| Partners/Principals | $450 |
| Clerical/Secretarial | $175 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Elucidor will also seek reimbursement of actual and necessary expenses incurred. Actual and necessary expenses would include any reasonable legal fees incurred in defense of its retention application and fee applications in this matter subject to Court approval.

The Committee and Elucidor understand that any compensation or reimbursement of expenses paid to Elucidor must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any administrative or other order concerning professional compensation and reimbursement entered in this proceeding.

No compensation will be paid to Elucidor except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to, and approval by, the Bankruptcy Court after notice and a hearing. Elucidor has not received a retainer. Every effort will be made to ensure that Elucidor's Services are rendered in the most cost-effective manner possible.

Elucidor has no agreement with any other person (other than customary arrangement among the partners of Elucidor) for the sharing of compensation to be received by Elucidor in connection with services rendered in these cases.

**VI.**

**NO ADVERSE INTEREST AND DISCLOSURE OF CONNECTIONS**

To the best of the Committee's knowledge and based upon the Declaration of Howard Zail (the "Zail Declaration"), neither Elucidor nor any of its partners, associates or staff thereof has any connection with the Debtors, the Committee, any creditors of the estates, any party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Zail Declaration.

To the best of the Committee's knowledge and based upon the attached Zail Declaration, neither Elucidor nor any of its partners, associates or staff thereof is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Committee's knowledge and based upon the attached Zail Declaration, neither Elucidor nor any of its partners, associates or staff is or was, within two years before the date of the filing of the petition, a director, officer or employee of the Debtors.

Elucidor has not provided and will not provide any professional services to the Debtors, any of the creditors, other parties-in-interest or their respective attorneys and accountants with regard to any matter related to this chapter 11 case.

Elucidor acts as expert consultants to other committees in other bankruptcy cases, the members of which may be creditors of the Debtors.  However, Elucidor will not provide services to any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

Similarly, Elucidor may provide, or may have provided, services to creditors, committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to the case.

To the best of the Committee's and Elucidor's knowledge, Elucidor has no interest adverse to these estates.

1   PSZJ is informed and believes that Elucidor has conducted a conflict check and thus far has

2   not encountered any creditor of the Debtors with which an actual conflict exists between Elucidor

3   and such creditor. If, at any subsequent time during the course of these proceedings, Elucidor learns

4   of any other representation which may give rise to a conflict, Elucidor will promptly file with the

5   Court and the Office of the United States Trustee an amended declaration identifying and specifying

6   such involvement.

7   Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with

8   the Application unless requested by the United States Trustee, a party in interest, or otherwise

9   ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-l(b)(3), any response to the

10   Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 2014-

11   1(b)(3), any response to the Application and request for hearing must be in the form prescribed by

12   Local Bankruptcy Rule 9013-1(o)(1) and must be filed with the Court and served upon the

13   Committee, its proposed counsel, and the United States Trustee no later than fourteen (14) days from

14   the date of service of notice of the filing of the Application.

15   Notice of filing of this Application (the "Notice") was provided to (1) counsel for the Office

16   of the United States Trustee, (2) counsel for the Debtors, and (3) any party who filed and served a

17   request for special notice as of the date of service of the Notice.

18   **WHEREFORE**, the PSZJ requests that this Court approve the employment of Elucidor,

19   effective as of April 30, 2018, as expert consultant to the Committee to render services as described

20   above with compensation to be paid as an administrative expense in such amounts as this Court may

21   hereafter determine and allow.

22   Dated:   May 10, 2018                      PACHULSKI STANG ZIEHL & JONES LLP

23

24                                             By: */s/ Jeffrey W. Dulberg*
25                                                 Jeffrey W. Dulberg
                                               Attorneys for the Official
26                                             Committee of Unsecured Creditors

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF HOWARD ZAIL

I, Howard Zail, declare and state as follows:

1.     I am a partner of Elucidor, LLC ("Elucidor") and maintain an office at 305 East 40th Street, Suite 21F, New York, New York 10016.

2.     I make this declaration in support of the application (the "Application") filed by Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the Official Committee of Unsecured Creditors (the "Committee")  to employ Elucidor, LLC ("Elucidor") effective as of May 1, 2018 as the Committee's expert consultant.

3.     Elucidor is a specialist actuarial firm, which helps its clients manage their most complex and challenging actuarial and financial issues.  Elucidor's highly experienced actuaries bring thorough knowledge, advanced modelling, and creative thinking to their clients' most difficult actuarial challenges.  Attached hereto as **Exhibit "A"** are the biographies of the primary individuals that are expected to provide services on this matter.

4.     Subject to the Court's approval of the Application, Elucidor proposes to provide expert consulting services to the Committee.  Attached hereto as **Exhibit "B"** is the Engagement Agreement which governs the relationship between PSZJ and Elucidor.    The services that the Committee or its professionals may request include but are not limited to, the following:

a.     providing expert consulting services regarding the life insurance-related investments made by the Retirement Plan of Freedom Communications, Inc**.** (the "Pension Plan")**,** including actuarial, financial and other valuation analyses of the investments;

b.     providing expert consulting services in connection with the claims asserted by the Committee on behalf of the Debtors related to such investments;

c.     providing expert consulting services in connection with any other matters regarding the valuation of the Pension Plan's investments and any litigation (including the adversary proceeding pending in this Court entitled *Official Committee of Unsecured Creditors of Freedom Communications, Inc. et al. v. Aaron Kushner, et al.,* Case No. 17-ap-01012) arising in this case as reasonably requested by the Committee; and

1

d.    if requested by the Committee, Elucidor will render one or more opinions on the foregoing issues (the "Opinions").  Any Opinions rendered will be based on methods and techniques that Elucidor considers appropriate under the circumstances, and will represent the opinions of Elucidor based upon information and documents provided by the Committee and/or obtained in discovery, or upon such other sources as Elucidor considers appropriate. If requested by the Committee, Elucidor will prepare one or more reports, including the Opinions, and will provide testimony regarding the Opinions at deposition, trial and/or other proceedings.

5.    Elucidor will charge its normal and customary hourly rates for the services to be provided under the Engagement Agreement in accordance with a scale of hourly charges as follows:

| | |
|---|---|
| Participation in Court Appearances/Depositions | $600 |
| Partners/Principals | $450 |
| Clerical/Secretarial | $175 |

6.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Elucidor will also seek reimbursement of actual and necessary expenses incurred. Actual and necessary expenses would include any reasonable legal fees incurred in defense of its retention application and fee applications in this matter subject to Court approval.

7.    Elucidor understands that any compensation or reimbursement of expenses paid to Elucidor must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any administrative or other order concerning professional compensation and reimbursement entered in this proceeding.

8.    No compensation will be paid to Elucidor except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to, and approval by, the Bankruptcy Court after notice and a hearing. Elucidor has not received a retainer in the Case.

9.    Elucidor has no agreement with any other person (other than customary arrangement among the partners of Elucidor) for the sharing of compensation to be received by Elucidor in connection with services rendered in these cases.

2

DOCS_LA:313887.2 29266/002

10.     Every effort will be made to ensure that Elucidor's services are rendered in the most cost-effective manner possible.

11.     Neither Elucidor nor any of its partners, associates or staff thereof has any connection with the Debtors, the Committee, any creditors of the estates, any party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth herein.

12.     Neither Elucidor nor any of its partners, associates or staff thereof is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

13.     Neither Elucidor nor any of its partners, associates or staff is or was, within two years before the date of the filing of the petition, a director, officer or employee of the Debtors.

14.     Elucidor has not provided and will not provide any professional services to the Debtors, any of the creditors, other parties-in-interest or their respective attorneys and accountants with regard to any matter related to this chapter 11 case.

15.     Elucidor acts as expert consultants to other committees in other bankruptcy cases, the members of which may be creditors of the Debtors.  However, Elucidor will not provide services to any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

16.     Similarly, Elucidor may provide, or may have provided, services to creditors, committees, or Trustees in cases or proceedings against creditors of the Debtors that are unrelated to these cases.

17.     Elucidor holds no interest adverse to the estate. Elucidor has conducted a conflict check and thus far has not encountered any creditor of the Debtors with which an actual conflict exists between Elucidor and such creditor.  If, at any subsequent time during the course of these proceedings, Elucidor learns of any other representation which may give rise to a conflict, Elucidor will promptly file with the Court and the Office of the United States Trustee an amended declaration identifying and specifying such involvement.

3

DOCS_LA:313887.2 29266/002

1       I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3       Executed on the 10 day of May, 2018 at New York, New York.

Howard Zail

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

DOCS_LA:313887.2 29266/002

# EXHIBIT A

# HOWARD ZAIL, FFA, FSA, MAAA

Tel: +1 212.532.6434; hzail@elucidor.com; 305 East 40th St, #21F, New York, NY 10016

## EXPERIENCE

**ELUCIDOR, LLC**                                                                                          2000 – Present
*Partner*

Founding partner of Elucidor (previously Lotter Actuarial Partners), an actuarial consultancy for insurers, reinsurers, risk managers, financial institutions and their clients:

- Managed multiple projects in the life settlement industry including developing pricing models, performing appraisals, and conducting due diligence
- Built specialized predictive analytics tools for analyzing insurance risks, and implemented these in a number of projects including a thorough review of a major reinsurance company's mortality risks
- Advised large financial institutions on insurance-related investment opportunities including M&A opportunities, analysis of debt and equity of distressed carriers, and sales of blocks of business
- Conducted numerous reviews for management or investors of actuarial pricing models, appraisal models and reports
- Delivered specialty advice on insurance company financial and business restructuring as well as workouts of distressed business lines and risk exposures
- Provided in-depth analysis to a credit rating agency for the review of an insurance-linked security

**PROVERIAN CAPITAL, LLC**                                                                       2005 – 2016
*Chief Financial Officer*

Founding member of one of the leading life settlement providers in the industry:

- Raised and deployed over $300 million of capital
- Built a nationwide distribution infrastructure of brokers and agents to source business
- Responsible for all appraisal, valuation, risk analytics, and actuarial studies
- Developed best-in-class underwriting, administration, risk management and mortality analysis technology:
  - Built advanced machine learning models to assess longevity risk
  - Conducted actual / expected experience studies
  - Constructed fast Monte Carlo simulation models to project risk on both a policy and portfolio level basis
- Designed and managed valuation and appraisal technology for single policy and portfolio acquisitions
- Developed systems to automatically produce reports on both new acquisitions and the in-force portfolio, showing the appraisal, sensitivity scenarios, and the risk profile of the applicable assets
- Conducted medical condition-level research to assess the life expectancy of high value policies or groups of policies with exposure to such conditions
- Assisted in the development of a complete underwriting manual to rate medical conditions and produce life expectancies
- Developed base mortality tables specifically designed for the life settlement business.
- Built and managed a team of new business originators, pricing specialists, life expectancy underwriters and administrators

**CENTRE, a member of Zurich Financial Services Group**                    1997 - 2000
*Vice President*

Provided financial and actuarial analysis and restructuring work for a range of insurance and reinsurance
structures and financial investments of the company:

- Performed workout and restructuring management for over $300 million in exposures to distressed
  assets, including securing short term funding for distressed operations, reorganizing the financial
  structure of the assets, and implementing surety bonds to facilitate further borrowing capacity and to
  alleviate liquidity issues
- Member of the board of directors for one of Centre's venture capital investments, a healthcare
  analytics company; structured bridge loans and preferred equity for the company
- Analyzed and provided due diligence of an acquisition of a disability insurance company with more
  than $250 million of assets
- Performed actuarial studies and designed and structured a range innovative life and health programs
  including long term care, life settlements, variable annuities, structured settlements, and health
  insurance programs
- Established reinsurance programs including a major provider excess and HMO stop loss program

**DONALDSON, LUFKIN & JENRETTE**                    1996 - 1997
*Associate, Insurance Investment Banking*

Worked on financial transactions for insurance companies; performed valuation analyses; coordinated
transactions with clients and presented deals to potential investors. Transactions experience included:

- Prepared a fairness opinion for the acquisition of a major health insurance company; conducted due
  diligence on the target company and assessed the financial viability of the merger
- Organized the exclusive sale process for a property and casualty insurer; prepared sale marketing
  materials and negotiated with potential buyers
- Developed and modeled financial structures for various merger and acquisition deals
- Assisted in the private placement of equity capital for an international life insurer

**COMMERCIAL UNION LIFE, South Africa**                    1991 - 1994
*Head of Product Development*

Head of Product Development:  Managed team that designed and priced investment and insurance
products:

- Coordinated company-wide implementation and launch of new products
- Strategic and Financial Planner: Compiled annual company strategic plan; worked with company
  directors and senior management in devising strategic direction, setting financial and operational
  policy and establishing department budgets; produced new business goals and pro forma financials
- Devised investment criteria for a hedged fixed income portfolio (assets of $145 million); programmed
  software to monitor portfolio, assist investment decisions and assess interest rate risk
- Conducted an in-depth study of establishing a health care insurance subsidiary.

## EDUCATION

**Fellow of the Society of Actuaries (US), 2002**
**Member, American Academy of Actuaries**
**Fellow of the Institute and Faculty of Actuaries (UK), 1993**

**Columbia Business School (New York), 1996**
Master's in Business Administration. Dean's List, Beta Gamma Sigma honors society.
Thesis: Insurance Risk Securitization.

**University of Witwatersrand**

Bachelor of Science (Honors), 1994.  Thesis: Review of Asset Liability Management Techniques
Bachelor of Science, 1990. Graduated second in class.

**Papers**

 "Gaussian Process Models for Mortality Rates and Improvement Factors", Ludkowski, M; Risk, J; Zail,
 H; 2016.  The paper shows how Gaussian process models can be used to identify and measure the slowing
 of mortality improvement in the U.S. population.

# JOHAN L. LOTTER, FIA, FSA, MAAA

---

**EXPERIENCE**

---

**ELUCIDOR, LLC**                                                                    1994  – Present
*Partner*

Founding partner of Elucidor (previously Lotter Actuarial Partners), an actuarial consultancy for insurers, reinsurers, risk managers, financial institutions and their clients:

- Advised large financial institutions on insurance-related investment opportunities including M&A opportunities, analysis of debt and equity of distressed carriers, and sales of blocks of business
- Managed the interests of the unsecured general creditors in the largest recorded US Life insurance company rehabilitation and achieved a $600 Million win for clients. Served on Rehabilitation Board
- Lead projects requiring product development, marketing, process engineering, actuarial compliance and due diligence. Project services included design, pricing, appraisal and valuation
- As a foremost US Critical Illness insurance expert, consulted with insurance companies
- Built specialized underwriting tools and manuals for analyzing impaired life and critical illness risks for diverse clients including life settlement underwriters and critical illness insurers
- Provides litigation support in rehabilitation proceedings, insurance department hearings, arbitrations and a variety of lawsuits.  Please see Annexure for detailed information.

**PROVERIAN CAPITAL, LLC**                                                          2005 – 2016
*Chief Executive Officer*

Founding member of a company focused on life settlement risks and exposures

**ARTHUR ANDERSEN**                                                                 1994 - 1994
*Director*

Provided financial and actuarial analyses for clients focusing on M&A, compliance, computer systems, reinsurance and GAAP conversions:

- Performed a study of a foreign life reinsurance subsidiary of a German reinsurance company as prelude to restructuring pricing and underwriting standards
- Acted as expert witness in one of the largest tort damages claims in New Jersey history
- Assisted with the GAAP conversion of a Hong Kong subsidiary of a US insurance company
- Assisted Arthur Andersen's affiliate, Andersen Consulting (now Accenture) with life insurance product advice and systems implementation

**WILLIAM M MERCER**                                                                1990 - 1994
*Principal, New York Life & Health Insurance Practice*

- Provided consulting services related to M&A values, generally for clients involved on the buy-side of M&A transactions
- Conducted reserve reviews for state insurance commissioners
- Advised Vermont Insurance Commissioner on health insurance community rating issues
- Produced or reviewed rehabilitation plan projections and provided expert advice to a variety of stakeholders, generally creditors or insurance commissioners
- Designed and priced life and critical illness insurance products for a large mutual insurer's Association Group Division
- Advised North Carolina State Insurance Commissioner on fairness issues relating to demutualization of a small mutual insurance company

**COLOGNE LIFE REINSURANCE COMPANY**                                    1983 - 1990
*Senior Vice President, President of Cologne Subsidiary Reinsurance Corporation of Delaware*

Head of Cologne Client Joint Venture Product Development:
- Pioneered Universal Life Insurance for Cologne client partners
- Managed a team that developed products and computer systems to support sales and administration of Universal Life Insurance and fixed annuity policies
- Recruited Cologne joint venture partners and managed joint ventures

**MUNICH REINSURANCE COMPANY OF SA LTD**                               1978 - 1983
*Chief Actuary and Deputy to the CEO*

Overall responsibility for marketing and profitability of life, health and P&C business:
- Managed teams of division heads and underwriters
- Divisions comprised Life and Health, Fire, Engineering, Accident and Miscellaneous (crop insurance, pluvius, etc.)
- Implemented improved underwriting standards

**METROPOLITAN LIFE INSURANCE COMPANY OF SA LTD**                       - 1978
*Assistant Actuary*

Responsible for individual and group life, pre-need insurance, home service insurance and pensions division:
- Managed company's product development during a period of intense product re-engineering activity
- Performed a ground-breaking study of the company's pre-need mortality experience
- Pioneered the company's entry into group pensions business
- Pioneered the company's entry into the individual retirement business
- Managed the company's actuarial and policyholder services divisions
- Was responsible for statutory valuations

---

**PROFESSIONAL AFFILIATIONS**

**Fellow of the Society of Actuaries (US), 2002**

**Member, American Academy of Actuaries**

**Fellow of the Institute and Faculty of Actuaries (UK), 1978**

---

**HONORS**

**President, Actuarial Society of Greater New York. (1994-1995)**

**LITIGATION SUPPORT EXPERIENCE**

- Expert Witness, in the Matter of the Rehabilitation of Mutual Benefit Life Insurance Company, a Mutual Insurance Company of New Jersey. Superior Court of New Jersey. Chancery Division Mercer County General Equity Part Docket No. C-91-00109 Civil. Action. Deposition 1993. Expert Testimony. 1993. Life insurance company Rehabilitation.

- Expert Witness, In the Matter of the Rehabilitation of Mutual Benefit Life Insurance Company, a Mutual Insurance Company of New Jersey. Superior Court of New Jersey. Chancery Division Mercer County General Equity Part Docket No. C-91-00109 Civil. Action. Suit Challenging Rehabilitator's Crediting Rate. Produced Affidavit. Settlement achieved before Deposition could be scheduled.  1995. Life Insurance company Rehabilitation.

- In the Circuit Court of Holmes County, Mississippi. David Holmes, et al ("Plaintiffs") versus Life Insurance Company of Georgia, et al ("Defendants") Civil Action No: 2001-365 March 31, 2004. United Statas District Court Eastern District of Louisiana. In re: Industrial Life Insurance Litigation.

- Civil Action MDL No 1371 and consolidated MDLs, Section "F".  This Document Relates to All Actions.  Judge Feldman Magistrate Roby. Actuarial Report of Johan L Lotter, FIA, ASA, MAAA in support of Plaintiffs' Motion For Class Action Certification.  2001. Class Action Certification

- In the Circuit court of Sunflower County, Mississippi. John Smith, Dorothy Harris, and Dorothy M Williams vs Life Insurance Company of Georgia, Willie T Taylor, JR., Billy Franklin, Taylor Weldon Poole. Class Action Certification. In re: Industrial Life Insurance Litigation.

- Actuarial Report: Sidney J Reso. Kidnaping and Murder. Quantum of Damages. Loss of Support. Filed with NJ Court.

- Susie Brown versus Atlanta Life Insurance Company.  Civil Action No. 01-3422  07 09 2004. Class Action Certification

- Somerville v. Somerville: 1999: Annuity Values. Divorce Case. New York Family Court.

- ANICO Insurance Company Plaintiff v. Dorothy Schneider, Harold Schneider, Terry Schneider Irrevocable Life Insurance Trust, Harold Schneider Investments, LLC, John Does 1 – 10, Nye Financial Corporation.  2013

- United States District Court Western District of Louisiana Lafayette-Opelousas Division.  Carson Guidry, Shirley Mae Guidry and Other Similarly Situated ("Plaintiffs") versus Pellerin Life Insurance Company, Inc ("Defendant").  Judge Melancon Magistrate Methvin

- Thompson v. Metropolitan Life Ins. Co. Karl Thompson, et. al. Plaintiffs v Metropolitan Life Insurance Company, Defendant.  United States District Court, S. D. New York.

- In South Africa : Expert witness work on over 100 tort lawsuits.

# EXHIBIT B

## **Engagement Agreement**

This engagement agreement ("Agreement"), dated as of May 1, 2018, is by and between Elucidor, LLC ("Elucidor"), with an address at 305 East 40th St., Suite 21F, New York, NY 10016, and Pachulski Stang Ziehl & Jones LLP ("Counsel"), with an address at 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, on Counsel's behalf and as legal advisors to the Official Committee of Unsecured Creditors ("Committee") of Freedom Communications, Inc. and its affiliates (collectively, "Debtors") in the bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") under the caption *In re Freedom Communications, Inc., et al.,* Case No.: 15-bk-15311 and the related adversary proceeding pending in the Bankruptcy Court under the caption *Official Committee of Unsecured Creditors of Freedom Communications, Inc., et al. v. Aaron Kushner, et al.,* Case No. 17-ap-01012 (the "Adversary Proceeding").

A.  Scope of Engagement.

Elucidor agrees to consult with Counsel and provide testimony in connection with issues related to: (i) the life insurance-related investments made by the Retirement Plan of Freedom Communications, Inc. (the "Pension Plan"), including actuarial, financial and other valuation analyses of the investments; (ii) the claims asserted by the Committee on behalf of the Debtors related to such investments; and (iii) any other matters in connection with the valuation of the Pension Plan's investments and any litigation (including the Adversary Proceeding) arising in the Debtors' bankruptcy cases as reasonably requested by Counsel.  If requested by Counsel, Elucidor will render one or more opinions on the foregoing issues ("Opinions").  Any Opinions rendered will be based on methods and techniques that Elucidor considers appropriate under the circumstances, and will represent the opinions of Elucidor based upon information and documents provided by Counsel and/or obtained in discovery, or upon such other sources as Elucidor considers appropriate.  Furthermore, if requested by Counsel, Elucidor will prepare one or more reports, including the Opinions, and will provide testimony regarding the Opinions at deposition, trial and/or other proceedings.

Engagement Agreement
Page 2 of 4

All services to be provided by Elucidor pursuant to this Agreement will be provided at the request and direction of Counsel. Elucidor warrants that: (i) the services will be performed in a professional manner using Elucidor's best efforts, knowledge, skill and attention; (ii) none of such services or any part of this Agreement is or will be inconsistent with any obligation Elucidor may have to others; and (iii) Elucidor shall comply with all applicable laws in the course of performing the services.

B.  Fees And Expenses.

Elucidor's hourly charges for services to provided under this Agreement are set out in the table below. Out-of-pocket expenses are in addition to the hourly charges. Elucidor will maintain records of hours spent by each of its consultants and other staff members in providing services under this Agreement and will calculate its fees by multiplying hours worked by each individual by the applicable hourly charge as set out in the following table:

| | |
|---|---|
| **Partners, Principals** | **$450** |
| **Participation in Court Appearances and Depositions** | **$600** |
| **Clerical/Secretarial** | **$175** |

Elucidor periodically reviews and changes its billing rate structure. The hourly rates set forth above are subject to periodic change by Elucidor. In the event a change of rate occurs during the course of this engagement, those changes will be discussed with Counsel prior to their enactment.

Notwithstanding anything herein to the contrary, or execution of this Agreement, neither Counsel nor the Committee (nor any member of the Committee) shall have any liability or responsibility whatsoever for payment of Elucidor's fees and expenses. Payment of Elucidor's fees and expenses shall be subject to payment by the Debtors and allowance by the Bankruptcy Court, on an interim and final basis (as applicable), in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court, and any applicable orders in the Debtors' bankruptcy cases governing the compensation of estate professionals.

Engagement Agreement
Page 3 of 4

### C.  Term.

Elucidor's obligation to perform services pursuant to this Agreement will terminate upon the earlier of 30 days' written notice by either party, or the settlement of or final judgment or order with respect to the matters described herein.  Termination will not affect the Debtors' obligation to pay for services performed and expenses incurred by Elucidor on or before the effective date of termination, subject to Bankruptcy Court approval.

### D.  Conflicts.

Elucidor is not aware of any situations that appear to represent potential or actual conflicts of interest.   However, should any such matters arise, Elucidor will bring them to Counsel's attention promptly, and will use reasonable efforts to learn of any potential conflicts.

### E.  Applicable Law.

This Agreement shall be governed by the laws of the State of New York.

### F.  Miscellaneous.

This Agreement may be executed in counterpart originals.  Electronic mail and facsimile copies of this Agreement will be considered as originals for all purposes.

### G.  Modification or Amendment.

This Agreement may only be modified or amended if such modification or amendment is in writing and signed by all parties.

### H.  Final Agreement.

This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written.  This Agreement supersedes any prior written or oral agreements between the parties.

Engagement Agreement
Page 4 of 4


Accepted and Agreed By:


Dated:  May 7 , 2018                              Dated:  May __, 2018

Elucidor, LLC                                    Pachulski Stang Ziehl & Jones LLP

_____                 _____
Howard Zail                                      Robert J. Feinstein
Partner                                          Partner

DOCS_LA:313840.2 29266/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): ***APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § § 1103(a) AND 328(a) AND FED. R. BANKR. P. 2015(A) AUTHORIZING THE RETENTION OF ELUCIDOR, LLC AS EXPERT CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF HOWARD ZAIL IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 10, 2018** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 10, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2017 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- *Kyra E Andrassy     kandrassy@swelawfirm.com,*
  *csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com*
- *David M Banker     dbanker@lowenstein.com, dbanker@lowenstein.com*
- *Richard L Barnett     rick@barnettrubin.com, kelly@barnettrubin.com*
- *James Cornell Behrens     jbehrens@milbank.com*
- *Shraddha Bharatia     notices@becket-lee.com*
- *Matthew Bouslog     MBouslog@gibsondunn.com, Pcrawford@gibsondunn.com*
- *J Scott Bovitz     bovitz@bovitz-spitzer.com*
- *Larry Butler     notices@becket-lee.com*
- *Frank Cadigan     frank.cadigan@usdoj.gov*
- *Andrew W Caine     acaine@pszjlaw.com*
- *David Cantrell     dcantrell@lc-law-llp.com*
- *Jeffrey D Cawdrey     jcawdrey@grsm.com, jmydlandevans@grsm.com;madeyemo@gordonrees.com*
- *Conrad K Chiu     cchiu@pryorcashman.com*
- *Carol Chow     carol.chow@ffslaw.com*
- *Shawn M Christianson     cmcintire@buchalter.com, schristianson@buchalter.com*
- *Theodore A Cohen     tcohen@sheppardmullin.com, amontoya@sheppardmullin.com*
- *Joseph Corrigan     Bankruptcy2@ironmountain.com*
- *Michael T Delaney     mdelaney@bakerlaw.com, AMatsuoka@robinskaplan.com*
- *Jessica DiFrancesco     notices@becket-lee.com*
- *Caroline Djang     caroline.djang@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com*
- *Jeffrey W Dulberg     jdulberg@pszjlaw.com*
- *Robert J Feinstein     rfeinstein@pszjlaw.com*
- *Scott D Fink     brodellecf@weltman.com*
- *Marc C Forsythe     kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com*
- *Alan J Friedman     afriedman@lwgfllp.com, lgauthier@shbllp.com*
- *Alan J Friedman     afriedman@shbllp.com, lgauthier@shbllp.com*
- *Matthew T Furton     mfurton@lockelord.com, cpaul@lockelord.com;chicagodocket@lockelord.com*
- *Thomas M Gaa     tgaa@bbslaw.com*
- *Beth Gaschen     bgaschen@wgllp.com,*
  *kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com*
- *Nancy S Goldenberg     nancy.goldenberg@usdoj.gov*
- *David B Golubchik     dbg@lnbyb.com, dbg@ecf.inforuptcy.com*
- *Christopher J Green     cgreen@bohmwildish.com, chrisgreen@ucla.edu;christopher-green-*
  *2815@ecf.pacerpro.com;lrivara@bohmwildish.com*
- *Justin D Harris     jdh@harrislawfirm.co, kyle@harrislawfirm.co*
- *Michael J Hauser     michael.hauser@usdoj.gov*
- *Eric M Heller     eric.m.heller@irscounsel.treas.gov*
- *Lillian Jordan     ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM*
- *Payam Khodadadi     pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com*
- *Samuel M Kidder     skidder@bhfs.com*
- *Jeannie Kim     jkim@buchalter.com*
- *Alan M Kindred     akindred@leechtishman.com, alankindred@hotmail.com;dtomko@leechtishman.com*
- *Armand R. Kizirian     armand.falveylaw@gmail.com,*
  *thomaswfalvey@gmail.com;mike.falveylaw@gmail.com;alvarez.falveylaw@gmail.com;celeste.a.wood@gmail.co*
  *m;kathy.falveylaw@gmail.com*
- *Stuart I Koenig     Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com*
- *Alan J Kornfeld     akornfeld@pszjlaw.com, mdj@pszjlaw.com*
- *Matthew J Kraus     mkraus@lc-lawyers.com, mbuchheit@lc-lawyers.com*
- *Jeffrey C Krause     jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com*
- *Yochun Katie Lee     kylee@akingump.com, tsouthwell@akingump.com;westdocketing@akingump.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:295574.1 29266/002

- *Elan S Levey      elan.levey@usdoj.gov, louisa.lin@usdoj.gov*
- *William N Lobel      wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com*
- *Aaron J Malo      amalo@sheppardmullin.com, jsummers@sheppardmullin.com*
- *Robert S Marticello      Rmarticello@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com*
- *Kristofer R McDonald      kristofer.mcdonald@lane-nach.com, kris.r.mcdonald@gmail.com,adam.nach@lane-
  nach.com,joel.newell@lane-nach.com;deborah.mckernan@lane-nach.com*
- *Ashley M McDow      amcdow@foley.com,
  Khernandez@foley.com;FFarivar@foley.com;rojeda@bakerlaw.com;ffarivar@bakerlaw.com*
- *David W. Meadows      david@davidwmeadowslaw.com*
- *Reed M Mercado      rmercado@sheppardmullin.com*
- *Harlene Miller      harlene@harlenemillerlaw.com*
- *Raymond F Moats      colcaecf@weltman.com*
- *Elizabeth L Musser      emusser@tresslerllp.com*
- *Jeffrey P Nolan      jnolan@pszjlaw.com*
- *Courtney E Norton      cnorton@greenbergglusker.com,
  kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com*
- *John M O'Donnell      john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov*
- *Deborah OConnor      deborah.oconnor@clydeco.us, lorraine.gallo@clydeco.us*
- *Ryan D ODea      rodea@shbllp.com, LGauthier@shbllp.com*
- *Ernie Zachary Park      ernie.park@bewleylaw.com*
- *Ronak N Patel      rpatel@rivco.org, mdominguez@RIVCO.org*
- *Marc S Pfeuffer      pfeuffer.marc@pbgc.gov, efile@pbgc.gov*
- *Kathy Bazoian Phelps      kphelps@diamondmccarthy.com, vgarcia@diamondmccarthy.com*
- *Christopher E Prince      , jmack@lesnickprince.com;mlampton@lesnickprince.com;cprince@ecf.courtdrive.com*
- *Amelia Puertas-Samara      itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov*
- *Christopher B Queally      cqueally@callahan-law.com, jluirette@callahan-law.com*
- *Michael B Reynolds      mreynolds@swlaw.com, kcollins@swlaw.com*
- *Todd C. Ringstad      becky@ringstadlaw.com, arlene@ringstadlaw.com*
- *Christopher O Rivas      crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com*
- *Jeremy E Rosenthal      jrosenthal@sidley.com*
- *Peter J Rudinskas      pjr.legal@gmail.com*
- *James M Sabovich      jsabovich@callahan-law.com, jluirette@callahan-law.com;ksalour@callahan-
  law.com;bmccormack@callahan-law.com;erichards@callahan-law.com;SRobinson@callahan-law.com*
- *Steven B Sacks      ssacks@sheppardmullin.com, jnakaso@sheppardmullin.com*
- *Jonathan C Sandler      jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com*
- *Scott A Schiff      sas@soukup-schiff.com*
- *Leonard M Shulman      lshulman@shbllp.com*
- *Donald W Sieveke      ibmoola@yahoo.com, dws4law@pacbell.net*
- *David P. Simonds      dsimonds@akingump.com, tsouthwell@akingump.com;westdocketing@akingump.com*
- *Alex E Spjute      spjute@hugheshubbard.com, gaurav.reddy@hugheshubbard.com*
- *Sarah Stuppi      Sarah@stuppilaw.com*
- *Helena Tseregounis      htseregounis@sidley.com*
- *United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov*
- *Daniel Uribe      duribe@gmail.com*
- *Michael A Wallin      mwallin@slaterhersey.com, mrivera@slaterhersey.com*
- *Scott S Weltman      colcaecf@weltman.com*
- *Johnny White      JWhite@wrslawyers.com, aparisi@wrslawyers.com*
- *Brandon J Witkow      bw@witkowlaw.com, tg@witkowlaw.com*
- *Steven D Zansberg      szansberg@lskslaw.com, mkelley@lskslaw.com*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:295574.1 29266/002

**F 9013-3.1.PROOF.SERVICE**