XAVIER BECERRA
Attorney General of California
LISA W. CHAO
Supervising Deputy Attorney General
DONNY P. LE
Deputy Attorney General
State Bar No. 275019
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6312
 Fax:  (916) 731-2144
 E-mail:  Donny.Le@doj.ca.gov
*Attorneys for Creditor California Department of
Tax and Fee Administration*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** <br><br> **FREEDOM COMMUNICATIONS, INC., a Delaware corporation, et al.,** <br><br> Debtors and Debtors-in-Possession. | CASE NO. 8:15-bk-15311-MW <br><br> Chapter 11 <br><br> Jointly Administered <br><br> **OPPOSITION OF CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION TO FIRST AMENDED DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS** <br><br> Hearing:   September 23, 2020 <br> Time:       2:00 p.m. <br> Place :     Courtroom 6C <br>                 411 West Fourth Street <br>                 Santa Ana, CA 92701 <br> Judge:      Hon. Mark S. Wallace |

1

Creditor California Department of Tax and Fee Administration ("CDTFA"), successor agency to the State Board of Equalization,[1] hereby files this opposition, by and through undersigned counsel, to the *First Amended Disclosure Statement for Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* ("Amended Disclosure Statement") [Docket No. 1696], pursuant to Bankruptcy Code section 1125 and Federal Rule of Bankruptcy Procedure 3017.

## INTRODUCTION

The above-captioned debtors ("Debtors") filed these bankruptcy petitions on November 1, 2015 and have remained as debtors-in-possession since that time. Debtors completed a sale of their major assets in early 2016 and ceased operating. Books and records pertaining to Debtors' accounting and financial data have not been preserved. Four years later, when this Court denied the United States Trustee's *Motion to Dismiss or Convert Case to a Case under Chapter 7* without prejudice on June 15, 2020, it did so with the understanding that Debtors would be given one opportunity to confirm a Chapter 11 plan. The Amended Disclosure Statement reveals that Debtors are not any closer to confirming that plan. Rather, administrative expenses alone far exceed the proceeds available for distribution. Even the administrative professionals implicitly acknowledge that a Chapter 11 plan can no longer be confirmed as they have withdrawn any agreement they previously made to limit their recovery in this case. With an estate that is fully exhausted and a proposed plan effective date that is subject to several conditions precedent, this case is headed for dismissal or conversion to one under Chapter 7.

---

[1] In 2017, the California Legislature enacted AB-102, the Taxpayer Transparency and Fairness Act of 2017, which transferred most of the duties, powers, and responsibilities imposed or conferred on the State Board of Equalization to the newly established CDTFA. Specifically, AB-102 added Government Code section 15570.22, which provides that with certain exceptions, CDTFA "is the successor to and is vested with, all of the duties, powers, and responsibilities of the Board."

If a plan of reorganization, on its face, is patently unconfirmable as a matter of law, the Court should not approve the disclosure statement. Here, the Amended Disclosure Statement reveals that the Amended Plan is unconfirmable because Debtors cannot comply with the provisions of Bankruptcy Code §§ 1129(a)(1)-(2), (9)(B), and 11. Thus, this Court should not approve the Amended Disclosure Statement.

## THE PLAN IS PATENTLY UNCONFIRMABLE

"[A] bankruptcy court may address the issue of plan confirmation where it is obvious at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable. A plan is patently unconfirmable where (1) confirmation 'defects [cannot] be overcome by creditor voting results' and (2) those defects 'concern matters upon which all material facts are not in dispute or have been fully developed at the disclosure statement hearing.'" *In re American Capital Equipment, LLC*, 688 F.3d 145, 154-155 (3d Cir. 2012) quoting *In re Monroe Well Serv. Inc.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987); *In re Arnold*, 471 B.R. 578, 586 (Bankr. C.D. Cal. 2012); *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D. Cal. 2000).

### A.   The Amended Plan is Not Feasible

The Amended Disclosure statement reveals that the Amended Plan is not feasible under 11 U.S.C. § 1129(a)(11). To demonstrate that a plan is feasible, a debtor must show that the plan has a "reasonable probability of success." *Acequia, Inc. v. Clinton* (*In re Acequia, Inc.*), 787 F.2d 1352, 1364-65 (9th Cir. 1986). "The purpose of Section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *Pizza of Hawaii, Inc v. Sharkey's, Inc.* (*In re Pizza of Hawaii, Inc.*), 761 F.2d 1374, 1382 (9th Cir. 1985) (internal quotes omitted). Here, the magnitude of the feasibility problem is readily

ascertainable from Debtors' own "Best Interests of Creditors" and "Feasibility" disclosures. [Dkt. No. 1696 at 49-51.] Upon confirmation, the estate would be $4.5 million short of complying with the other provisions of 11 U.S.C. § 1129 which require payment as of the effective date of the plan to certain claimants. *Id.*

Apparently, the shortfall is to be funded by $4.5 million in California state-level tax refunds. The Amended Disclosure Statement, in its discussion about "Retained Rights of Action," reveals that a recovery of $4.5 million in tax refunds is far from certain. [Dkt. No. 1696 at 39-40.] *Collier on Bankruptcy* ¶ 1129.02[11] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) (A "plan will not be feasible if its success hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely.") (citing *In re Am. Capital Equip.*, LLC, 688 F.3d 145, 156 (3d Cir. 2012); *In re FRGR Managing Member LLC*, 419 B.R. 576, 583 (Bankr. S.D.N.Y. 2009) ("[P]otential recovery from a lawsuit is insufficient to create a reasonable likelihood of rehabilitation."). In fact, Debtors readily acknowledge that "there can be no assurance regarding the ultimate outcome of the Refund Claim." [Dkt. No. 1696 at 51.]

Thus, the Plan is not feasible under Bankruptcy Code § 1129(a)(11).

**B.    The Effective Date is Illusory and Unreasonable**

The term, "effective date" appears in numerous places in the Bankruptcy Code, particularly in sections dealing with plan confirmation. *See* 11 U.S.C. §§ 1129, 1141. The Bankruptcy Code, however, does not define "effective date." Generally, the effective date should bear some reasonable relationship with the confirmation date or the effective date should be the date in which the confirmation is final; *i.e.* the date the final order is entered. *See In re Potomac Iron Works, Inc.*, 217 B.R. 170, 173 (Bankr. D. Md. 1997); *In re Jones*, 32 B.R. 951, 958 n. 13 (Bankr. D. Utah 1983). If the effective date is not tied to the confirmation date, then it must be given a reasonable reading and mean within a "reasonable" time. *In re Wonder Corp. of America*, 70 B.R. 1018, 1020 (Bankr. Conn. 1987); *In re*

4

*Rolling Green Country Club*, 26 B.R. 729, 734-35 (Bankr. D. Minn. 1982). Thus, a proposed plan that leaves open the effective date to be "such date as the proceeds of liquidation in the hands of the trustee become sufficient to effect the required payments" is unreasonable, and such a plan is unconfirmable. *Rolling Green Country Club*, 26 B.R. at 734-35; *see also In re Krueger*, 66 B.R. 463 (Bankr. S.D. Fla. 1986),

Here, the "effective date" discussed in the Amended Disclosure Statement is nothing more than a shrouded effort to buy time to comply with the other provisions of § 1129. Under the Amended Plan, the effective date is further conditioned on sufficient funds. [Dkt. No. 1696 at 47 "The Conditions Precedent to the Effective Date of the Plan May Not Occur."] Debtors need additional cash of $4.5 million to pay administrative expenses and priority non-tax claims. [*Id*. at 39-40.] However, the estate only has cash on hand of $2.20 million. [*Id*.] As discussed above, the Amended Disclosure Statement makes clear that obtaining the sufficient funds required by the Amended Plan and the Bankruptcy Code will depend in large part, on whether Debtors can obtain a $4.5 million tax refund from CDTFA. [Dkt. No. 1696 at 39-40.] Notably missing from the Amended Disclosure Statement is any discussion on when Debtors believe they can conclude their refund claim against CDTFA. The reality is that Debtors are only in the preliminary stages of their state-level administrative refund action. [*Id*.] Such conditions render the effective date illusory and unreasonable as Debtors may never reach an effective date by reason of a failure to accumulate sufficient funds to make the payments otherwise contemplated by the Amended Plan.

Debtors do not have a credible path towards confirmation. Thus, the Amended Plan, on its face, is unconfirmable as a matter of law, and this Court should not approve the Amended Disclosure Statement.

# CONCLUSION

By reason of the foregoing, CDTFA requests that this Court not approve the Amended Disclosure Statement and grant any further relief as may be just.

Dated: August 28, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
LISA W. CHAO
Supervising Deputy Attorney General

/s/Donny P. Le
DONNY P. LE
Deputy Attorney General
*Attorneys for Creditor California Department of Tax and Fee Administration*

LA2020600592
Objection to Amended DS (final).docx

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 S. Spring Street, Suite 1702, Los Angeles, CA 90033.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION TO FIRST AMENDED DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 28, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **David M Banker**    dbanker@lowenstein.com, dbanker@lowenstein.com
- **Richard L Barnett**    rick@barnettrubin.com, kelly@barnettrubin.com
- **James Cornell Behrens**    jbehrens@milbank.com, gbray@milbank.com; mshinderman@milbank.com; dodonnell@milbank.com; jbrewster@milbank.com; JWeber@milbank.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Matthew Bouslog**    MBouslog@gibsondunn.com, jsprecher@gibsondunn.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Larry Butler**    notices@becket-lee.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Andrew W Caine**    acaine@pszjlaw.com
- **David Cantrell**    dcantrell@lc-law-llp.com
- **Jeffrey D Cawdrey**    jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com
- **Conrad K Chiu**    cchiu@pryorcashman.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Theodore A Cohen**    tcohen@sheppardmullin.com, amontoya@sheppardmullin.com
- **Erinn M Contreras**    econtreras@sheppardmullin.com, nsaucedo@sheppardmullin.com
- **Joseph Corrigan**    Bankruptcy2@ironmountain.com
- **Raphael Cung**    rcung@callahan-law.com, jeggleston@callahan-law.com; deisenbrey@callahan-law.com; mmartinez@callahan-law.com
- **Michael T Delaney**    mdelaney@bakerlaw.com
- **Jessica DiFrancesco**    notices@becket-lee.com
- **Caroline Djang**    caroline.djang@bbklaw.com, sansanee.wells@bbklaw.com;wilma.escalante@bbklaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert J Feinstein**    rfeinstein@pszjlaw.com
- **Scott D Fink**    colcaecf@weltman.com
- **Marc C Forsythe**    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- **Alan J Friedman**    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Matthew T Furton**    mfurton@lockelord.com, cpaul@lockelord.com;chicagodocket@lockelord.com
- **Thomas M Gaa**    tgaa@bbslaw.com
- **Beth Gaschen**    bgaschen@wgllp.com, kadele@wgllp.com; vrosales@wgllp.com; cbmeeker@gmail.com; cyoshonis@wgllp.com; lbracken@wgllp.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Christopher J Green**    chrisgreen@ucla.edu, chrisgreen@ucla.edu;christopher-green-2815@ecf.pacerpro.com
- **Justin D Harris**    jdh@harrislawfirm.net, felicia@harrislawfirm.net
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Eric M Heller**    eric.m.heller@irscounsel.treas.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

- **Lydia A Hewett**     lydia.hewett@cpa.state.tx.us
- **Joan Huh**     joan.huh@cdtfa.ca.gov
- **Lillian Jordan**     ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Samuel M Kidder**     skidder@bhfs.com
- **Jeannie Kim**     jkim@buchalter.com, lsemeraro@sheppardmullin.com
- **Alan M Kindred**     akindred@leechtishman.com, alankindred@hotmail.com; dtomko@leechtishman.com; challer@leechtishman.com
- **Armand R. Kizirian**     armand@boyamianlaw.com, michael@boyamianlaw.com; brett@boyamianlaw.com; jessica@boyamianlaw.com; jennifer@boyamianlaw.com
- **Stuart I Koenig**     Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com
- **Alan J Kornfeld**     akornfeld@pszjlaw.com, mdj@pszjlaw.com
- **Matthew J Kraus**     mkraus@lc-lawyers.com, mbuchheit@lc-lawyers.com
- **Jeffrey C Krause**     jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- **Yochun Katie Lee**     kylee@akingump.com, tsouthwell@akingump.com;westdocketing@akingump.com
- **Elan S Levey**     elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
- **William N Lobel**     wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Aaron J Malo**     amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- **Robert S Marticello**     Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **Ashley M McDow**     amcdow@foley.com, sgaeta@foley.com; mhebbeln@foley.com; swilson@foley.com; jsimon@foley.com
- **David W. Meadows**     david@davidwmeadowslaw.com
- **Reed M Mercado**     rmercado@sheppardmullin.com
- **Harlene Miller**     harlene@harlenemillerlaw.com, harlenejd@gmail.com
- **Raymond F Moats**     colcaecf@weltman.com
- **Elizabeth L Musser**     emusser@londonfischer.com
- **Jeffrey P Nolan**     jnolan@pszjlaw.com
- **Courtney E Norton**     cnorton@greenbergglusker.com, kwoodson@greenbergglusker.com; jking@greenbergglusker.com; calendar@greenbergglusker.com
- **Ryan D O'Dea**     rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
- **John M O'Donnell**     john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- **Ernie Zachary Park**     ernie.park@bewleylaw.com
- **Ronak N Patel**     rpatel@rivco.org, dresparza@rivco.org;mdominguez@rivco.org
- **Mary A Petrovic**     petrovic.mary@pbgc.gov, efile@pbgc.gov
- **Marc S Pfeuffer**     pfeuffer.marc@pbgc.gov, efile@pbgc.gov
- **Kathy Bazoian Phelps**     kphelps@diamondmccarthy.com, ericka.clarke@diamondmccarthy.com
- **Christopher E Prince**     , jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- **Amelia Puertas-Samara**     itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov
- **Christopher B Queally**     cqueally@callahan-law.com, jluirette@callahan-law.com
- **Michael B Reynolds**     mreynolds@swlaw.com, kcollins@swlaw.com
- **Todd C. Ringstad**     becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Christopher O Rivas**     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Jeremy E Rosenthal**     jrosenthal@sidley.com
- **Joel W Ruderman**     ruderman.joel@pbgc.gov, email@pbgc.gov
- **Peter J Rudinskas**     pjr.legal@gmail.com
- **James M Sabovich**     jsabovich@callahan-law.com, ksalour@callahan-law.com;jkirwin@callahan-law.com; rcung@callahan-law.com; bmccormack@callahan-law.com; erichards@callahan-law.com; SRobinson@callahan-law.com
- **Jonathan C Sandler**     jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com
- **Scott A Schiff**     sas@soukup-schiff.com
- **Daren M Schlecter**     daren@schlecterlaw.com, assistant@schlecterlaw.com
- **George E Schulman**     GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com
- **Leonard M Shulman**     lshulman@shulmanbastian.com
- **Donald W Sieveke**     , dws4law@pacbell.net
- **Donald W Sieveke**     ibmoola@yahoo.com, dws4law@pacbell.net
- **David A Smyth**     smythlaw@gmail.com, dsmyth2_@hotmail.com
- **Alex E Spjute**     spjute@hugheshubbard.com, gaurav.reddy@hugheshubbard.com
- **Sarah Stuppi**     Sarah@stuppilaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Case 8:15-bk-15311-MW    Doc 1705    Filed 08/28/20    Entered 08/28/20 12:41:31    Desc
Main Document    Page 9 of 9

- **Charles Tsai**  charles.tsai@doj.ca.gov
- **Helena Tseregounis**  htseregounis@sidley.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Daniel Uribe**  duribe@gmail.com
- **Elissa A Wagner**  ewagner@pszjlaw.com
- **Michael A Wallin**  mwallin@wallinrussell.com
- **Michael J. Weiland**  mweiland@wgllp.com, kadele@wgllp.com; vrosales@wgllp.com; cbmeeker@gmail.com; lbracken@wgllp.com
- **Scott S Weltman**  colcaecf@weltman.com
- **Johnny White**  JWhite@wrslawyers.com, aparisi@wrslawyers.com; eweiman@wrslawyers.com; chamilton@wrslawyers.com
- **Brandon J Witkow**  bw@witkowlaw.com, tg@witkowlaw.com
- **Steven D Zansberg**  zansbergs@ballardspahr.com, DocketClerk_Denver@ballardspahr.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

NO PAPER COPIES

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 28, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark S. Wallace
411 West Fourth Street
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 28, 2020 | Yesenia Palomarez | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            **F 9013-3.1.PROOF.SERVICE**