| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alan J. Friedman – Bar No. 132580<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: afriedman@shulmanbastian.com | |

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Debtors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>FREEDOM COMMUNICATIONS, INC., et al., | CASE NO.: 8:15-bk-15311-MW<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Freedom Communications, Inc., et al. ,
   filed a motion or application (Motion) entitled Debtors' Motion for Entry of an Order Authorizing the Debtors to Enter Into Agreements in the Ordinary Course of Business .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.   If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.   If you fail to comply with this deadline:

    (1)   Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

    (2)   Movant will lodge an order that the court may use to grant the Motion; and

    (3)   The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  05/17/2021

/s/ Alan J. Friedman
Signature of Movant or attorney for Movant

Alan J. Friedman
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Alan J. Friedman – Bar No. 132580
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:        afriedman@shulmanbastian.com

General Insolvency Counsel
for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:15-bk-15311-MW |
| FREEDOM COMMUNICATIONS, INC., *et al.*, | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |
| Affects: | |
| ☒ All Debtors | |
| ☐ Freedom Communications, Inc., a Delaware corporation, ONLY | |
| ☐ Freedom Communications Holdings, Inc., a Delaware corporation, ONLY | |
| ☐ Freedom Services, Inc., a Delaware corporation, ONLY | **DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRAD SMITH IN SUPPORT THEREOF** |
| ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY | |
| ☐ OCR Community Publications, Inc., a California corporation, ONLY | [No Hearing Set Pursuant to Local Bankruptcy Rule 9013-1(o)] |
| ☐ Daily Press, LLC, a California limited liability company, ONLY | |
| ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY | |
| ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY | |
| ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY | |

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY

☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY

☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY

☐ Freedom Newspapers, a Texas general partnership, ONLY

☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY

☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY

☐ OCR Information Marketing, Inc., a California corporation, ONLY

☐ Odessa American, a Texas general partnership, ONLY

☐ Orange County Register Communications, Inc., a California corporation, ONLY

☐ Victor Valley Publishing Company, a California corporation, ONLY

☐ Victorville Publishing Company, a California limited partnership, ONLY

☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST:**

Freedom Communications, Inc., and its jointly administered debtors and debtors-in-possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Debtors"), bring this Motion for Order Authorizing the Debtors to Enter Into Agreements in the Ordinary Course of Business (the "Motion")  In support thereof, the Debtors respectfully represents as follows:

## I.    JURISDICTION AND VENUE

On November 1, 2015 and November 2, 2015 (the "Petition Date"), the Debtors commenced the chapter 11 cases in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court" or "Court").  The Bankruptcy Court authorized the joint administration of the chapter 11 cases by order entered on November 2, 2015.

On November 10, 2015, the Office of the United States Trustee appointed the Committee in the Chapter 11 Cases of Freedom Communications, Inc., Freedom Communications Holdings, Inc., Freedom Services, Inc. and OCR Community Publications, Inc., pursuant to section 1102 of the Bankruptcy Code.

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of this matter in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## II.    STATEMENT OF FACTS

### A.    *Relief Requested*

By this Motion, and pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors seek entry of an order, out of an abundance of caution, authorizing them to enter into certain agreements (the "Agreements") related to the potential recovery of assets (as discussed below) in the ordinary course of business.

**B.      The Debtors' Business Operations**

Prior to the sale of substantially all of their assets, the Debtors were a privately owned information and entertainment company consisting of print publications and interactive businesses. The Debtors' portfolio included daily and weekly newspapers, magazines and other specialty publications.  In addition, the Debtors operated an interactive business which offered website complements, as well as digital and mobile products, to their print publications.  The Orange County Register was the Debtors' flagship newspaper.  The Debtors also operated the Press-Enterprise and Unidos (a Spanish language newspaper), and owned real property in Santa Ana and Riverside, California.

**C.      The Asset Purchase Agreement**

On March 1, 2016, the Buyer ("DFM") and the Sellers entered into that certain Asset Purchase Agreement ("APA"), pursuant and subject to which Sellers sold, assigned, transferred, conveyed and delivered to DFM, and DFM purchased from Sellers, the Purchased Assets.  The APA and the transactions contemplated therein were approved by this Court pursuant to order entered on March 20, 2016 [Docket No. 562], and on March 31, 2019, the sale closed.

**D.      Status of Debtors' Post-Petition Operations**

Upon the closing of the sale, the primary operations of the businesses were transferred to DFM.  However, the Debtors' continue to be debtors-in-possession and are in the process of winding down the remaining business operations as contemplated under the sale, and they continue to make the necessary decisions to maximize recovery to creditors.

On April 30, 2021, this Court entered its Order Re: Approval of Second Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation as Modified and Scheduling Order [Docket No. 1752].

On May 6, 2021, the Debtors filed their Second Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors, as Modified [Docket No. 1758] and Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors, as Modified

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

1  (the "Plan") [Docket No. 1760]. A hearing on confirmation of the Plan is scheduled to be heard on

2  July 7, 2021.

3       As stated above, since the closing of the sale, the Debtors have continued to make the

4  necessary decisions to maximize recovery to creditors. In connection with the same, the Debtors

5  bring this Motion to approve the agreements set forth below in order to obtain additional recoveries

6  of assets for the benefit of creditors.

7       **E.**     *The Agreements*

8       *(1)*     *Asset Recovery Contract – Re Ebay Inc.*

9       The Debtors  received a letter and related Asset Recovery Contract from California

10  Inheritance Group ("CIG") relating to a potential recovery of approximately  $80,000 with respect

11  to an Ebay Inc. asset to which the Debtors may be entitled. By said agreement, CIG agrees to

12  investigate whether the Debtors are entitled to possession of the funds relating to Ebay Inc.  In

13  consideration for CIG's efforts in locating and assisting in the actual recovery of said assets, the

14  Debtors agree to assign to CIG ten percent (10%) of the net assets which the Debtors recover, with

15  such fee to be paid upon payment of the claim. No fee is payable unless and until any funds are

16  actually recovered by the Debtors. A true and complete copy of the CIG letter and agreement is

17  attached as **Exhibit "1"** to the Declaration of Brad Smith appended hereto.

18       *(2)*     *Agreement and Fee Memorandum – Re Dormant Funds*

19       The Debtors received a letter and related Agreement and Fee Memorandum from

20  International Equity Research Corp. ("IER") relating to a potential recovery of dormant funds due

21  the Debtors  of approximately $40,000. By said agreement, IER agrees to investigate whether the

22  Debtors are entitled to possession of the dormant funds.   In consideration for IER's efforts in

23  locating and assisting in the actual recovery of said assets, the Debtors agree to assign to IER a

24  finder's fee equal to ten percent (10%) of the funds which the Debtors recover, with such fee to be

25  paid upon payment of the claim. No fee is payable unless and until any funds are actually recovered

26  by the Debtors. A true and complete copy of the IER letter and agreement is attached as **Exhibit**

27  **"2"** to the Declaration of Brad Smith appended hereto.

28

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

III.    **BASIS FOR RELIEF**

The Agreements Represent Ordinary Course Transactions

The Bankruptcy Code contemplates that a debtor in possession will continue business as usual and undertake transactions in the ordinary course of its business.  Unless the Bankruptcy Court orders otherwise, section 1108 of the Bankruptcy Code authorizes a debtor in possession to "operate the debtor's business," and section 363 states that "[i]f the business of the debtor is authorized to be operated under section . . . 1108 . . . and unless the court orders otherwise, the [debtor in possession] may enter into transactions . . . in the ordinary course of business, without notice or a hearing."  11 U.S.C  § 363(c)(1).

As the United States Court of Appeals for the Ninth Circuit recognized:

> The touchstone of 'ordinariness' is . . . the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business.  So long as the transactions conducted are consistent with these expectations, creditors have no right to notice and a hearing . . .

*Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc)*, 853 F.2d 700, 705 (9th Cir. 1988) (citation omitted).

At this point in the chapter 11 cases, the Debtors' "business" consists primarily of collecting assets and winding up the estates (and addressing pending litigation issues).  Although the Debtors believe that entering into the Agreements is within the ordinary course of their businesses and may be entered into without notice and a hearing, they are bringing this Motion in an abundance of caution.  Entering into the Agreements are consistent with the Debtors' process of winding down the remaining business operations as contemplated under the sale and its Plan and represents the exercise of their sound business judgment in attempting to maximize any recovery to creditors.

Authorizing the Debtors to Enter into the Agreements is in the Best Interests of the Debtors and their Estates and Creditors

Notwithstanding the Debtors' belief that entry into the Agreements is soundly within the ordinary course of the Debtors' businesses, the Debtors further submit that the Court should enter an order granting the relief requested herein because it represents the exercise of the Debtors'

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

1  business judgment pursuant to section 363(b)(1) of the Bankruptcy Code and is appropriate under

2  section 105(a) of the Bankruptcy Code.

3      The terms of the Agreements are reasonable and provide a significant benefit to the Debtors'

4  estate and its creditors in that there are no out-of-pocket expenses to be incurred by the Debtors in

5  entering into the Agreements, but rather a potential recovery of assets for the benefit of the Debtors'

6  estate and its creditors.  As stated, no fee is due under either of the Agreements unless and until

7  there is any recovery by the Debtors.

8
## VI.    APPROVING THE MOTION WITHOUT A HEARING IS PROPER

9      Local Bankruptcy Rule 9013-1(o)(1) provides as follows:

10     (1) Matters That May Be Determined Upon Notice of Opportunity to Request Hearing.
11     Except as to matters specifically noted in subsection (o)(2) below, and as otherwise ordered
       by the court, any matter that may be set for hearing in accordance with LBR 9013-1(d) may
12     be determined upon notice of opportunity to request a hearing.

13     Further Bankruptcy Code Section 102(1) (B) provides that "after notice and a hearing", or a
14  similar phrase –

15     (B) authorizes an act without an actual hearing if such notice is given properly and if –

16     (i) such a hearing is not requested timely be a party in interest; or

17     (ii) there is insufficient time for a hearing to be commenced before such act must be done,
18     and the court authorizes such act.

19  See 11 U.S.C. § 102(1)(B).

20     The Debtors believe the Local Bankruptcy Rule 9013-1(o)(1) procedure is appropriate in

21  this case as the Debtors do not anticipate any opposition to the Motion.  Thus, the procedure will

22  save the Estate the fees and costs associated with conducting a hearing on approval of a matter that

23  the Debtors anticipate will not be opposed.

24  / / /

25  / / /

26

27

28

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1    **VII.**    **<u>CONCLUSION</u>**

2          Based on the foregoing, the Debtors respectfully request that the Bankruptcy Court enter an

3    Order: (1) granting the Motion; (2) authorizing the Debtors to enter into the Agreements in the

4    ordinary course of business; and (3) for such other and further relief as the Bankruptcy Court may

5    deem just and proper.

6                               Respectfully submitted,

7    Dated:  May 14, 2021            SHULMAN BASTIAN FRIEDMAN & BUI LLP

8

9            By:  _/s/ Alan J. Friedman_ _____
            Alan J. Friedman

10                Attorneys for Debtors

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## **DECLARATION OF BRAD SMITH**

I, Brad Smith, declare as follows:

1.      I am the Chief Restructuring Officer ("CRO") of the Debtors (the "Debtors") in the above-captioned cases.  In my role as CRO, I am responsible for the winding-down of the Debtors' operations following the sale of substantially all of the Debtors' assets.  I am responsible for all day-to-day management decisions and for implementing the Debtor's short and long-term plans.

2.      As a result of my tenure with the Debtors, both in my role as a financial advisor to the Debtors and as CRO, my extensive day to day experience with the financial matters impacting the Debtors' operations, my review of relevant documents, and my discussions with other members of the Debtors' management  in the ordinary course of business, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records.  Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, could testify competently thereto.  Except as otherwise stated, all facts set forth in this Declaration are based on my personal  knowledge, my discussions with other members of the Debtors' management, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtors' operations and financial conditions.

3.      I am submitting this declaration in support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to Enter Into Agreements in the Ordinary Course of Business (the "Motion").  I have reviewed the Motion, am familiar with the factual information set forth therein, and incorporate such facts into this Declaration by reference and adopt them as my own as if they were set forth herein.

4.      On November 1, 2015 and November 2, 2015 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court" or "Court").  The Bankruptcy Court authorized the joint administration of the Chapter 11 Cases by order entered on November 2, 2015.

5.      On November 10, 2015, the Office of the United States Trustee appointed the Committee in the Chapter 11 Cases of Freedom Communications, Inc., Freedom Communications

Holdings, Inc., Freedom Services, Inc. and OCR Community Publications, Inc., pursuant to section 1102 of the Bankruptcy Code.

6.      Prior to the sale of substantially all of their assets, the Debtors were a privately owned information and entertainment company consisting of print publications and interactive businesses. The Debtors' portfolio included daily and weekly newspapers, magazines and other specialty publications.  In addition, the Debtors operated an interactive business which offered website complements, as well as digital and mobile products, to their print publications.  The Orange County Register was the Debtors' flagship newspaper.  The Debtors also operated the Press-Enterprise and Unidos (a Spanish language newspaper), and owned real property in Santa Ana and Riverside, California.

7.      On March 1, 2016, the Buyer ("DFM") and the Sellers entered into that certain Asset Purchase Agreement ("APA"), pursuant and subject to which Sellers sold, assigned, transferred, conveyed and delivered to DFM, and DFM purchased from Sellers, the Purchased Assets.  The APA and the transactions contemplated therein were approved by this Court pursuant to order entered on March 20, 2016 [Docket No. 562], and on March 31, 2019, the sale closed.

8.      Upon the closing of the sale, the primary operations of the businesses were transferred to DFM.  However, the Debtors' continue to be debtors-in-possession and are in the process of winding down the remaining business operations as contemplated under the sale, and they continue to make the necessary decisions to maximize recovery to creditors.

9.      On April 30, 2021, this Court entered its Order Re: Approval of Second Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation as Modified and Scheduling Order.

10.     On May 6, 2021, the Debtors filed their Second Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors, as Modified and Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors, as Modified (the "Plan").  A hearing on confirmation of the Plan is scheduled to be heard on July 7, 2021.

11.     Since the closing of the sale, the Debtors have continued to make the necessary decisions to maximize recovery to creditors.  In connection with the same, the Debtors bring this Motion to approve the agreements set forth below in order to obtain  additional recoveries of assets for the benefit of creditors.

12.     The Debtors  received a letter and related Asset Recovery Contract from California Inheritance Group ("CIG") relating to a potential recovery of approximately  $80,000 with respect to an Ebay Inc. asset to which the Debtors may be entitled.  By said agreement, CIG agrees to investigate whether the Debtors are entitled to possession of the funds relating to Ebay Inc.  In consideration for CIG's efforts in locating and assisting in the actual recovery of said assets, the Debtors agree to assign to CIG ten percent (10%) of the net assets which the Debtors recover, with such fee to be paid upon payment of the claim.  No fee is payable unless and until any funds are actually recovered by the Debtors.  A true and complete copy of the CIG letter and agreement is attached hereto as **Exhibit "1"**.

13.     The Debtors received a letter and related Agreement and Fee Memorandum from International Equity Research Corp. ("IER") relating to a potential recovery of dormant funds due the Debtors  of approximately $40,000.  By said agreement, IER agrees to investigate whether the Debtors are entitled to possession of the dormant funds.  In consideration for IER's efforts in locating and assisting in the actual recovery of said assets, the Debtors agree to assign to IER a finder's fee equal to ten percent (10%) of the funds which the Debtors recover, with such fee to be paid upon payment of the claim.  No fee is payable unless and until any funds are actually recovered by the Debtors.  A true and complete copy of the IER letter and agreement is attached hereto as **Exhibit "2"**.

14.     At this point in the chapter 11 cases, the Debtors' "business" consists primarily of collecting assets and winding up the estates (and addressing pending litigation issues).  Although the Debtors believe that entering into the Agreements is within the ordinary course of their businesses and may be entered into without notice and a hearing, they are bringing this Motion in an abundance of caution.  Entering into the Agreements are consistent with the Debtors' process of winding down the remaining business operations as contemplated under the sale and its Plan and

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1  represents the exercise of their sound business judgment in attempting to maximize any recovery to

2  creditors.

3          15.    I believe that the terms of the Agreements are reasonable and provide a significant

4  benefit to the Debtors' estate and its creditors in that there are no out-of-pocket expenses to be

5  incurred by the Debtors in entering into the Agreements, but rather a potential recovery of assets for

6  the benefit of the Debtors' estate and its creditors.  As stated, no fee is due under either of the

7  Agreements unless and until there is any recovery by the Debtors.

8          16.    Based on the foregoing, I believe that the Motion is in the best interests of the

9  Debtors, their estates, creditors and other parties in interest, and should be approved.

10         I declare under penalty of perjury pursuant to the laws of the United States of America that

11 the foregoing is true and correct.

12         Executed on this  14th  day of May 2021, at Los Angeles, California.

13

14                                            _____

15                                                          Brad Smith

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT "1"



CALIFORNIA
HERITANCE
GROUP

**Asset Available for Recovery**

Owner's Name:                    FREEDOM COMMUNICATIONS ITHQ
Owner's Reported Address:        17666 FITCH IRVINE CA 92614-6022
Reported By:                     EBAY INC.
Estimated Value:                 80,563.02

BRAD SMITH FOR FREEDOM
COMMUNICATIONS C/O LWGF LLP
650 TOWN CENTER DR. #950
COSTA MESA, CA 92626

Notice of **EBAY INC.** asset:
Estimated value: **$80,563.02**

Dear Brad,

**California Inheritance Group is attempting to locate the owner(s) of the asset available for recovery identified above.** These asset(s) may have originated many years ago and are being held for, and only for, the legal recipient(s) who may be the owner, an heir of the owner, or the beneficiary of the owner.

California Inheritance Group sent you this letter because we believe you may be the legal owner or heir and are entitled to these funds. If this is the case, we will work to retrieve these assets and return them to you as quickly as possible. Our firm is compensated only after legal entitlement is proven and the assets are safely in the hands of the rightful owner. **No advance deposits on your part are ever required. Again, we do not get paid until you do.**

Our goal is to put this money back where it belongs - with you. Years of experience, expertise in asset recovery, and tenacity ensure that the recovery is swift and complete. Our investigators have recovered over $75 million for their clients.

If you recognize these assets as yours and wish to begin this process right away, you may simply sign the enclosed Asset Recovery Contract and either fax it to us at 1-800-651-3462, or mail it in the enclosed postage-paid envelope.

Our company is proud to have an A+ rating with the Better Business Bureau. Your investigator, Alison Wentzel, would be more than happy to speak with you about this claim. Please call her toll-free at 1-800-651-3515 with any questions you may have. We look forward to working with you.

Sincerely,

Alison Wentzel
alison@californiainheritance.com
Owner and Lead Investigator

Asset Recovery Specialists
Utah P.I. License P102646

Toll Free:  800.651.3515
Direct:     916.905.0101
Fax:        800.651.3462

1160 Suncast Lane, Suite 8
El Dorado Hills, CA 95762
www.californiainheritance.com



ACCOUNT # - 1004109080

## ASSET RECOVERY CONTRACT

This contract is entered by and between **BRAD SMITH FOR FREEDOM COMMUNICATIONS C/O LWGF LLP**, 650 TOWN CENTER DR. #950, COSTA MESA, CA 92626 hereinafter referred to as "Claimant", and **California Inheritance Group**, 1160 Suncast Lane, Suite 8, El Dorado Hills, CA 95762 hereinafter referred to as "Investigator".

The parties hereby agree as follows:

I.  Investigator, through his/her efforts, has located Claimant, who may be entitled to the assets in the possession of the State Controller of California, P.O. Box 942850, Sacramento, CA 94250-5872 as described below:

| | |
|---|---|
| OWNER'S NAME: | **FREEDOM COMMUNICATIONS ITHQ** |
| OWNER'S ADDRESS AS REPORTED: | **17666 FITCH IRVINE CA 92614-6022** |
| REPORTED BY: | **EBAY INC.** |
| TYPE OF ACCOUNT: | **Vendor Checks** |
| APPROX. VALUE: | **$80,563.02** |

II.  Investigator and Claimant do hereby agree that in consideration of Investigator's efforts in locating Claimant and assisting in the actual recovery of the above-described assets to which Claimant may be entitled, Claimant assigns to Investigator 10% of the net assets which Claimant in fact recovers.  Claimant agrees that Investigator's fee will be paid upon payment of the claim.  Claimant agrees to engage only this investigative company to recover the listed assets.  Claimant understands that the 10% fee will be fully due and payable to Investigator even if Claimant retains other investigative companies or undertakes self-help to obtain the listed assets.  Claimant shall use best efforts to provide requested documents and affidavits in order to assist Investigator.

> Percentage due upon recovery: **10%**    Claimant's Initials: _____    Investigator's Initials: _____

III.  **Investigator and Claimant agree that in the event Claimant is not entitled to assets described above and such assets are not recovered, there is no obligation on either party to the other, all expenses being borne by Investigator.**

IV.  This agreement is valid and irrevocable for twelve (12) months from the date signed by Claimant, or until assets are recovered, whichever is later.

Claimed by:  _____    _____
                       *(Claimant's signature)*                                *(Date)*

                _____
                       *(Print name)*

**Relation to named owner:**  [ ] Owner  [ ] Heir  [ ] Executor  [ ] Trustee  [ ] Authorized officer  [ ] Other _____

**Telephone:**  _____

**Email Address:**  _____

CALIFORNIA
INHERITANCE  _____
GROUP    *(California Inheritance Group signature)*           *(Date)*

PHONE: (916) 905-0101    TOLL FREE: (800) 651-3515    FAX: 1-800-651-3462
EMAIL: alison@californiainheritance.com    WEBSITE: www.californiainheritance.com
Please sign and return to California Inheritance Group: 1160 Suncast Lane, Suite 8, El Dorado Hills, CA 95762

# EXHIBIT "2"

# International Equity Research Corp.
## 854 Massachusetts Ave. Suite #10
## Cambridge, MA 02139
## 617-547-7737
## FAX 617-547-3911

**Email:** afriedman@shulmanbastian.com

April 20, 2020

Alan Friedman, Esq.
Shulman Bastian Friedman & Bui LLP
100 Spectrum Center Drive, Suite #600
Irvine, CA 92618

RE:   Dormant Funds due Freedom Communications Inc.

Dear Mr. Friedman:

**Freedom Communications Inc.** was issued eight checks in the amounts **$21,449.47, $8662.22, $4918.27, $2570.00, $2271.05, $2212.96, $1665.62 and $1575.00** some time ago that were never cashed nor replaced.  Their custodian is a government agency under no obligation to inform you of this matter.

Since 1993, International Equity Research searches public records for information on uncashed checks issued / held by municipal, state and federal agencies.  We have identified the above items as dormant and presumed abandoned.

We offer to extend the effort necessary to achieve the replacement of these checks on a contingency fee basis.  The proposed relationship would be limited to the recovery of these eight items and expire upon your receipt of the funds.  We worked with Carl Hoover, Senior Director, Tax @Freedom Newspapers in 2014 for a similar dormant funds recovery matter.

Upon receipt of a signed contract (copy attached), we will provide the following: payees, amounts, issue dates, check / reference numbers and the identity of the agency that is holding and able to replace these items.

If there are any questions or comments, please let me know.

Sincerely,

*Original Signed By*

Peter Lawless
President

PL/wg
Enclosure

## AGREEMENT AND FEE MEMORANDUM

**BETWEEN**

| | |
|---|---|
| **International Equity Research Corp.** | **Estate of Freedom Communications** |
| **854 Massachusetts Ave. Suite #10** | **Inc. c/o Alan Friedman, Esq.** |
| **Cambridge, MA 02139** | **Shulman Bastian Friedman & Bui LLP** |
| **(phone: 617-547-7737)** | **100 Spectrum Center Dr., Suite #600** |
| **(fax: 617-547-3911)** | **Irvine, CA 92618** |
| **(hereinafter "Finder")** | **(hereinafter "Claimant")** |

In consideration of Finder's successful efforts to notify Claimant of **$21,449.47, $8662.22, $4918.27, $2570.00, $2271.05, $2212.96, $1665.62 and $1575.00** payable to Claimant, but as yet uncollected, and based on Finder's promise to direct Claimant's claim into proper channels, Claimant hereby agrees, subject to the conditions below, to pay to Finder a fee equal to **10% (ten percent)** of the funds received by Claimant, out of which Finder agrees to pay all its own expenses.

It is understood that:

1. Finder shall prepare for Claimant documentation for the replacement of the funds, detailing the amount of the property, its location, how long the property has been dormant and to whom they are payable.

2. Claimant will cooperate by executing documents reasonably necessary to complete the claim.

3. Unless funds are recovered, there will be no charge to Claimant whatsoever.  If funds are recovered no expenses or charges will be assessed against Claimant other than the fee set out above.

4. If **A)** Claimant is actively attempting to recover the funds as of the date of this Agreement or **B)** Claimant determines that the funds are not beneficially owned by Claimant, this Agreement shall be null and void.

The invalidity or unenforceability of any portion of this Agreement shall in no way affect the validity or enforceability of any other portion of this Agreement.

This Agreement and Finder's authority and entitlement hereunder shall terminate automatically upon Claimant's receipt of the funds and fee payment.

Dated this _____ day of _____, 2020

| | |
|---|---|
| **Finder:** | **Claimant:** |
| **International Equity Research Corp.** | **Estate of Freedom Communications Inc.** |
| *Original Signed By* | |
| _____ | _____ |
| **Peter Lawless** | |
| **President** | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __05/17/2021__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/17/2021 | Lori Gauthier | /s/ Lori Gauthier |
| *Date* | *Printed Name* | *Signature* |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, CA 92618**

A true and correct copy of the foregoing document entitled: **DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BRAD SMITH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 17, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May _____, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _May 17, 2021_ | _Lori Gauthier_ | _/s/ Lori Gauthier_ |
|---|---|---|
| Date | Printed Name | Signature |

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Jonathan T Amitrano**    jamitrano@taylorlaw.com, ltaylor@taylorlaw.com,ecf@taylorlaw.com
- **Kyra E Andrassy**    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **David M Banker**    dbanker@lowenstein.com, dbanker@lowenstein.com
- **Richard L Barnett**    rick@barnettrubin.com, kelly@barnettrubin.com
- **James Cornell Behrens**    jbehrens@milbank.com,
  gbray@milbank.com;mshinderman@milbank.com;dodonnell@milbank.com;jbrewster@milbank.c
  om;JWeber@milbank.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Matthew Bouslog**    MBouslog@gibsondunn.com, jsprecher@gibsondunn.com
- **J Scott Bovitz**    bovitz@bovitz-spitzer.com
- **Larry Butler**    notices@becket-lee.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Andrew W Caine**    acaine@pszjlaw.com
- **David Cantrell**    dcantrell@lc-law-llp.com
- **Jeffrey D Cawdrey**    jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com
- **Conrad K Chiu**    cchiu@pryorcashman.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Theodore A Cohen**    tcohen@sheppardmullin.com, amontoya@sheppardmullin.com
- **Erinn M Contreras**    econtreras@sheppardmullin.com, nsaucedo@sheppardmullin.com
- **Joseph Corrigan**    Bankruptcy2@ironmountain.com
- **Raphael Cung**    rcung@callahan-law.com, jeggleston@callahan-law.com;deisenbrey@callahan-
  law.com;mmartinez@callahan-law.com
- **J.D. Cuzzolina**    info@cuzzlaw.com, jp@cuzzlaw.com
- **Michael T Delaney**    mdelaney@bakerlaw.com, TBreeden@bakerlaw.com
- **Jessica DiFrancesco**    notices@becket-lee.com
- **Caroline Djang**    caroline.djang@bbklaw.com,
  laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Robert J Feinstein**    rfeinstein@pszjlaw.com
- **Scott D Fink**    colcaecf@weltman.com
- **Marc C Forsythe**    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- **Alan J Friedman**    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Matthew T Furton**    mfurton@lockelord.com,
  Donna.Mathis@lockelord.com;autodocket@lockelord.com
- **Thomas M Gaa**    tgaa@bbslaw.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen
  @ecf.courtdrive.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Christopher J Green**    chrisgreen@ucla.edu, chrisgreen@ucla.edu;christopher-green-
  2815@ecf.pacerpro.com
- **Justin D Harris**    jdh@harrislawfirm.net, felicia@harrislawfirm.net
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Eric M Heller**    eric.m.heller@irscounsel.treas.gov
- **Lydia A Hewett**    lydia.hewett@cpa.state.tx.us
- **Joan Huh**    joan.huh@cdtfa.ca.gov
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Samuel M Kidder**    skidder@ktbslaw.com

1
- **Rika Kido**    rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **Jeannie Kim**    jkim@buchalter.com, dgatmen@sheppardmullin.com

2
- **Alan M Kindred**    akindred@leechtishman.com,
  alankindred@hotmail.com;dtomko@leechtishman.com;challer@leechtishman.com

3
- **Armand R. Kizirian**    armand@kizirianlaw.com,
  armand@boyamianlaw.com;michael@boyamianlaw.com;narine@boyamianlaw.com

4
- **Stuart I Koenig**    Skoenig@leechtishman.com,
  sfrey@leechtishman.com;jabrams@leechtishman.com

5
- **Alan J Kornfeld**    akornfeld@pszjlaw.com, mdj@pszjlaw.com
- **Matthew J Kraus**    mkraus@lc-lawyers.com, mbuchheit@lc-lawyers.com

6
- **Jeffrey C Krause**    jkrause@gibsondunn.com,
  dtrujillo@gibsondunn.com;jstern@gibsondunn.com

7
- **Donny P Le**    Donny.Le@doj.ca.gov

8
- **Yochun Katie Lee**    kylee@akingump.com,
  tsouthwell@akingump.com;westdocketing@akingump.com

9
- **Elan S Levey**    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
- **William N Lobel**    wlobel@tocounsel.com, jokeefe@tocounsel.com;sschuster@tocounsel.com

10
- **Aaron J Malo**    amalo@sheppardmullin.com, jsummers@sheppardmullin.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

11
- **Ashley M McDow**    amcdow@foley.com, sgaeta@foley.com;smoses@foley.com

12
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Reed M Mercado**    rmercado@sheppardmullin.com

13
- **Harlene Miller**    harlene@harlenemillerlaw.com, harlenejd@gmail.com
- **Raymond F Moats**    colcaecf@weltman.com

14
- **Elizabeth L Musser**    elizabeth.musser@clydeco.us
- **Jeffrey P Nolan**    jnolan@pszjlaw.com

15
- **Courtney E Norton**    cnorton@greenbergglusker.com,
  kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com

16
- **Ryan D O'Dea**    rodea@shulmanbastian.com, LGauthier@shulmanbastian.com

17
- **John M O'Donnell**    john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- **Ernie Zachary Park**    ernie.park@bewleylaw.com

18
- **Ronak N Patel**    rpatel@rivco.org, dresparza@rivco.org;mdominguez@rivco.org
- **Mary A Petrovic**    petrovic.mary@pbgc.gov, efile@pbgc.gov

19
- **Marc S Pfeuffer**    pfeuffer.marc@pbgc.gov, efile@pbgc.gov
- **Kathy Bazoian Phelps**    kphelps@diamondmccarthy.com, helen.choi@diamondmccarthy.com

20
- **Christopher E Prince**    ,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com

21
- **Amelia Puertas-Samara**    itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov
- **Christopher B Queally**    cqueally@callahan-law.com, jluirette@callahan-law.com

22
- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com

23
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Jeremy E Rosenthal**    jrosenthal@sidley.com

24
- **Joel W Ruderman**    ruderman.joel@pbgc.gov, email@pbgc.gov
- **Peter J Rudinskas**    pjr.legal@gmail.com

25
- **James M Sabovich**    jsabovich@callahan-law.com, ksalour@callahan-

26
  law.com;jkirwin@callahan-law.com;rcung@callahan-law.com;bmccormack@callahan-
  law.com;erichards@callahan-law.com;SRobinson@callahan-law.com

27
- **Jonathan C Sandler**    jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com
- **Scott A Schiff**    sas@soukup-schiff.com

28
- **Daren M Schlecter**    daren@schlecterlaw.com, assistant@schlecterlaw.com

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

- **George E Schulman**    GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com
- **Leonard M Shulman**    lshulman@shulmanbastian.com
- **Donald W Sieveke**    , dws4law@pacbell.net
- **Donald W Sieveke**    ibmoola@yahoo.com, dws4law@pacbell.net
- **David A Smyth**    smythlaw@gmail.com, dsmyth2_@hotmail.com
- **Alex E Spjute**    spjute@hugheshubbard.com, gaurav.reddy@hugheshubbard.com
- **Sarah Stuppi**    Sarah@stuppilaw.com
- **Charles Tsai**    CHARLES.TSAI@DOJ.CA.GOV
- **Helena Tseregounis**    helena.tseregounis@lw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Daniel Uribe**    duribe@gmail.com
- **Elissa A Wagner**    ewagner@pszjlaw.com
- **Michael A Wallin**    mwallin@wallinrussell.com
- **Michael J. Weiland**    mweiland@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com
- **Scott S Weltman**    colcaecf@weltman.com
- **Johnny White**    JWhite@wrslawyers.com, aparisi@wrslawyers.com;eweiman@wrslawyers.com;chamilton@wrslawyers.com
- **Brandon J Witkow**    bw@witkowlaw.com, tg@witkowlaw.com
- **Steven D Zansberg**    zansbergs@ballardspahr.com, DocketClerk_Denver@ballardspahr.com

SHULMAN  BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618