Alan J. Friedman - Bar No. 132580
Rika M. Kido - Bar No. 273780
SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email:   AFriedman@shulmanbastian.com
         RKido@shulmanbastian.com

*Counsel for Debtors and Co-Plan Proponents*

Robert J. Feinstein (Pro Hac Vice)
Jeffrey W. Dulberg (Bar No. 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   rfeinstein@pszjlaw.com
         jdulberg@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors and Co-Plan Proponents*

**FILED & ENTERED**

**JUL 16 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation et al.,<br><br>Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ Freedom Communications, Inc., a Delaware corporation, ONLY<br><br>☐ Freedom Communications Holdings, Inc., a Delaware corporation, ONLY<br><br>☐ Freedom Services, Inc., a Delaware corporation, ONLY | Case No. 8:15-bk-15311-MW<br><br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE CONFIRMATION OF SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AS MODIFIED**<br><br>**Confirmation Hearing:**<br>Date:    July 7, 2021<br>Time:   2:00 p.m.<br>Place:   Courtroom 6C<br>          United States Bankruptcy Court<br>          Ronald Reagan Federal Building<br>          411 W. Fourth Street<br>          Santa Ana, CA 92701 |

| | |
|---|---|
| ☐ 2100 Freedom, Inc., a Delaware corporation, ONLY | (Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW |
| ☐ OCR Community Publications, Inc., a California corporation, ONLY | 8:15-bk-15315-MW; 8:15-bk-15316-MW 8:15-bk-15317-MW; 8:15-bk-15318-MW |
| ☐ Daily Press, LLC, a California limited liability company, ONLY | 8:15-bk-15319-MW; 8:15-bk-15320-MW 8:15-bk-15321-MW; 8:15-bk-15322-MW 8:15-bk-15323-MW; 8:15-bk-15324-MW |
| ☐ Freedom California Mary Publishing, Inc., a California corporation, ONLY | 8:15-bk-15325-MW; 8:15-bk-15326-MW 8:15-bk-15327-MW; 8:15-bk-15328-MW 8:15-bk-15329-MW; 8:15-bk-15330-MW |
| ☐ Freedom California Ville Publishing Company LP, a California limited partnership, ONLY | 8:15-bk-15332-MW; 8:15-bk-15337-MW 8:15-bk-15339-MW; 8:15-bk-15340-MW 8:15-bk-15342-MW; 8:15-bk-15343-MW) |
| ☐ Freedom Colorado Information, Inc., a Delaware corporation, ONLY | |
| ☐ Freedom Interactive Newspapers, Inc., a California corporation, ONLY | |
| ☐ Freedom Interactive Newspapers of Texas, Inc., a Delaware corporation, ONLY | |
| ☐ Freedom Newspaper Acquisitions, Inc., a Delaware corporation, ONLY | |
| ☐ Freedom Newspapers, a Texas general partnership, ONLY | |
| ☐ Freedom Newspapers, Inc., a Delaware corporation, ONLY | |
| ☐ Freedom Newspapers of Southwestern Arizona, Inc., a California corporation, ONLY | |
| ☐ OCR Information Marketing, Inc., a California corporation, ONLY | |
| ☐ Odessa American, a Texas general partnership, ONLY | |
| ☐ Orange County Register Communications, Inc., a California corporation, ONLY | |
| ☐ Victor Valley Publishing Company, a California corporation, ONLY | |
| ☐ Victorville Publishing Company, a California limited partnership, ONLY | |
| ☐ Freedom SPV II, LLC, a Delaware limited liability company, ONLY | |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

☐ Freedom SPV VI, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV I, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV IV, LLC, a Delaware limited liability company, ONLY

☐ Freedom SPV V, LLC, a Delaware limited liability company, ONLY

The hearing on confirmation of the Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors, as Modified (the "Plan")[1] [Docket No. 1760] filed by the jointly administered debtors and debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors ("Committee," collectively with the Debtors, the "Plan Proponents"), was held on July 7, 2021, before the Honorable Mark S. Wallace, United States Bankruptcy Judge for the Central District of California, Santa Ana Division (the "Confirmation Hearing").

The Debtors appeared through their counsel, Shulman Bastian Friedman & Bui LLP by Alan J. Friedman. The Official Committee of Unsecured Creditors appeared through their counsel, Pachulski Stang Ziehl & Jones LLP by Jeffrey W. Dulberg. All other appearances are reflected in the record.

At the Confirmation Hearing, the Court considered: the Plan; Plan Proponents' Brief in Support of Confirmation of the Plan filed on June 17, 2021 [Docket No. 1777] ("Confirmation Brief"); the Declaration of Brad Smith [Docket No. 1778] submitted in support of the Confirmation Brief; the Declaration of John Burlacu [Docket No. 1779] ("Burlacu Declaration") submitted in support of the Confirmation Brief; the Second Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors, as Modified, filed on May 6, 2021 [Docket No.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan and Disclosure Statement.

1758] ("Disclosure Statement"); the representations of counsel made at the hearing; and the facts and circumstances of these cases. There were no objections to confirmation of the Plan filed or asserted before or at the hearing. In accordance with the Confirmation Hearing, this Court being fully advised on the premises and good cause appearing therefor, the Court makes the following findings of fact and conclusions of law.

## I.     FINDINGS OF FACT

1. On November 1, 2015 and November 2, 2015, the Debtors commenced the chapter 11 cases (the "Cases") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court" or "Court"). The Bankruptcy Court authorized the joint administration of the Cases by order entered on November 2, 2015.

2. On April 30, 2021, the Court entered that certain Order Re: Approval of Second Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation as Modified *and* Scheduling Order [Docket No. 1752] ("Disclosure Statement Order"), which approved the Disclosure Statement. In accordance with the Disclosure Statement Order, the Disclosure Statement, together with the Plan, notice of the confirmation hearing [Docket No. 1765], and the Ballots, were mailed by Donlin, Recano & Company, Inc. ("Voting Agent") on May 12, 2021, to all creditors, interest holders and other parties in interest in this case, in full compliance with the Disclosure Statement Order and the requirements of Rule 3017(d) of the Federal Rules of Bankruptcy Procedure.

3. Pursuant to the Disclosure Statement Order, the Court set a deadline of June 9, 2021 as the date by which all Ballots to accept or reject the Plan must have been completed and received pursuant to Rule 3017(c) and 3018(a) of the Federal Rules of Bankruptcy Procedure. All ballots received were in favor of the Plan, except for eight votes rejecting the Plan. Specifically, of the 184 votes timely received, 176 voted to accept the Plan. The classes under the Plan entitled to vote were Classes 3 (General Unsecured Claims) and 4 (Pension Benefit Guaranty Corporation ("PBGC"). Of the members of Class 3 voting on the Plan, 175 creditors asserting claims in the approximate amount of $2,208,504.70 voted in favor of the Plan. Only

eight Class 3 creditors holding claims in the total sum of $10,208.12 voted to reject the Plan. Of the members of Class 4 voting on the Plan, the sole member voted to accept the Plan.

4.  Pursuant to the Disclosure Statement Order, the Court set a deadline of June 9, 2021 as the last day for creditors and other parties in interest to file written objections to confirmation of the Plan pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure. No objections to confirmation of the Plan were timely filed and the Plan Proponents have not received any objections to confirmation.

5.  The Court entered an order on March 30, 2016 [Docket No. 562] approving the sale of substantially all of the Debtors' assets to MediaNews Group, Inc. d/b/a Digital First Media. The Sale subsequently closed, with the net cash proceeds remitted to the Debtors.

6.  The Plan provides for the distribution of the remaining assets of the Debtors' estates, consisting primarily of net cash proceeds from certain litigation settlements and prosecution of Retained Rights of Action, including but not limited to the Debtors' entitlement to the Refund Claim from the CDFTA.

7.  Each holder of a claim or interest in the Debtors will receive under the Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount such holder would so receive or retain if the Debtors were liquidated under chapter 7 of title 11 on such date. The majority of the Debtors' assets have been liquidated. The Plan is a feasible, efficient and economical means of distributing the remaining assets of the Debtors' estates.

8.  The Plan provides that Class 5 (Interests in the Debtors) shall receive no distribution under the Plan, and on the Effective Date, all Interests shall be deemed void and of no force and effect.

9.  To the extent that any of the below conclusions of law may be considered findings of fact, the same are incorporated by reference as though fully set forth as findings of fact.

//

## II. CONCLUSIONS OF LAW

1. To the extent that any of the above findings of fact may be considered to constitute conclusions of law, the same are incorporated by reference as though set forth as conclusions of law.

2. This matter is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

3. Notice of the hearing on confirmation of the Plan was proper and appropriate as was notice of the deadlines for filing objections to the Plan and for submissions of Ballots with respect to the Plan.

4. The Plan divides the claims of creditors and interest holders into five (5) classes. Only classes of creditors and interest holders with claims or interests impaired under a plan of reorganization are entitled to vote on a plan. The Classes of creditors not impaired under the Plan are Classes 1 and 2. Classes 3 and 4 are Impaired under the Plan and the members of these Impaired Classes were entitled to vote to accept or reject the Plan. Class 5 Interest are Impaired and such Class 5 Interests are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. In accordance with the Disclosure Statement Order, Ballots with respect to the Plan completed by members of Classes 3 and 4 had to be received by the Voting Agent by no later than June 9, 2021.

5. Under 11 U.S.C. § 1126(c), an impaired class of claims is deemed to have accepted the Plan if class members holding at least two-thirds (2/3) in amount and more than one-half (1/2) in number of all allowed claims of class members actually voting have voted in favor of the Plan. Under 11 U.S.C. § 1126(d), an impaired class of interests is deemed to have accepted the Plan if class members holding at least two-thirds (2/3) in amount of the allowed interests of class members actually voting have voted in favor of the Plan.

6. In this case, the requirements of Section 1126 of the Bankruptcy Code have been satisfied. 175 out of 183 (or 95.63%) of Class 3 General Unsecured Claims voted in favor of the Plan. The members of Class 3 that voted to accept the Plan hold claims in the amount of

$2,208,504.70, which is 99.54% of the total amount of Class 3 General Unsecured Claims. Eight out of 183 (or 4.37%) of Class 3 voted against the Plan. The members of Class 3 that voted to reject the Plan hold claims in the amount of $10,208.12, which is 4.37% of the total amount of Class 3 General Unsecured Claims that voted. All members of Class 4 PBGC Unsecured Claims, which hold claims in the total amount of $145,000,000.00, voted to accept the Plan.

7. The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1), except section 1129(a)(8), but does satisfy the exception set forth in section 1129(b)(2) of the Bankruptcy Code.

8. In addition to Administrative Claims and Priority Tax Claims that need not be classified, Article III of the Plan designates Claims into four (4) different classes and Interests into one (1) class. Class 1 is comprised of multiple claim holders consisting of holders of Priority Non-Tax Claims. Class 2 consists of Miscellaneous Secured Claims. Class 3 consists of General Unsecured Claims, Class 4 consists of PBGC Unsecured Claims and Class 5 consists of Interests in the Debtors. The requirements of section 1122(a) are satisfied because each Class differs from the others in a legal or actual nature or based on other relevant criteria. Each Class consists of Claims or Interests which are substantially similar to the other Claims and Interests. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications were not done for any improper purpose, and such Classes do not unfairly discriminate between or among holders of Claims or Interests. Accordingly, the Plan satisfies 1122 and 1123(a)(1) of the Bankruptcy Code.

9. Article III of the Plan satisfies Section 1123(a)(2) of the Bankruptcy Code by expressly specifying that Classes 1 (Priority Non-Tax Claims) and 2 (Miscellaneous Secured Claims) are Unimpaired under the Plan.

10. Article III of the Plan satisfies Section 1123(a)(3) of the Bankruptcy Code by expressly specifying that Classes 3 (General Unsecured Claims), 4 (PBGC Unsecured Claims)

and 5 (Interests in the Debtors) are Impaired under the Plan and then specifying in detail their treatment under the Plan.

11. Article III of the Plan satisfies Section 1123(a)(4) of the Bankruptcy Code by providing for the same treatment by the Debtors for each Claim or Interest in each respective Class, unless the holder of a Claim or Interest has agreed to a less favorable treatment.

12. Article V of the Plan satisfies Section 1123(a)(5) of the Bankruptcy Code by setting forth adequate and proper means for the Plan's implementation.

13. Section 1123(a)(6) of the Bankruptcy Code is inapplicable to the Plan because the Plan is a liquidating plan and no stock will be issued under the Plan. Therefore, it is unnecessary for the Debtors to amend their corporate charters.

14. Paragraph 5.5 of the Plan provides for the appointment, on the Effective Date, of a Plan Administrator. The initial Plan Administrator will be the current CRO, Brad Smith. Accordingly, the Plan satisfies Section 1123(a)(7) of the Bankruptcy Code.

15. As contemplated by Section 1123(b)(2) of the Bankruptcy Code, Paragraph 6.1 of Article VI of the Plan provides in detail for the rejection of certain executory contracts and unexpired leases.

16. Section 1123(b)(3) of the Bankruptcy Code is inapplicable because the Debtors are not seeking the settlement or compromise of any claim belonging to the Debtors of the Estate as part of the Plan or confirmation order.

17. The Plan reflects the date it was filed with the Court and identifies the entities submitting it as Plan Proponents. Accordingly, the Plan satisfies Rule 3016(a) of the Federal Rules of Bankruptcy Procedure.

18. The Debtors have complied with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(2), including Sections 1125 and 1126 of the Bankruptcy Code. Specifically, among other things:

    a. Section 1121(c) of the Bankruptcy Code provides that any party in interest, including the debtor may file a plan. The Debtors and Committee are the Plan Proponents and are each a party in interest within

the meaning of the Bankruptcy Code. Therefore, the requirements of section 1121 of the Bankruptcy Code have been satisfied in these Cases.

    b.    The Court approved the Disclosure Statement, finding that it contained adequate information. Thereafter, the Voting Agent timely mailed the Disclosure Statement and the Plan in accordance with the Disclosure Statement Order. The Debtors have complied with all other applicable provisions of the title 11 and, therefore, have satisfied the requirements of Section 1129(a)(2).

19. The Plan is a liquidating plan and proposes a fair and efficient allocation of the Debtors' remaining Distributable Assets. The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding these Chapter 11 Cases and the formulation of the Plan and, based thereon, the Court finds and concludes that the Plan meets the objectives and purposes of the Bankruptcy Code, was made with honesty and good intentions, and exhibits a fundamental fairness in dealing with the Debtors' creditors. After consideration of the totality of the circumstances, the Plan satisfies the requirement of Section 1129(a)(3) of the Bankruptcy Code.

20. The Plan satisfies Section 1129(a)(4) of the Bankruptcy Code as the Plan provides that the Debtors will make all payments on account of ordinary-course, non-ordinary course and professional fee claims. Paragraph 2.2 of the Plan requires that claimants seek allowance of their administrative expense claims by the Court. Section 11.3 of the Plan requires that the holders of Professional Fee Claims seek and obtain allowance of their Professional Fee Claims prior to any payment thereon and that the Debtors not pay any pre-confirmation fees and expenses of the professionals employed in these cases unless they have been approved by the Court, other than in compliance with previously entered orders of the Court. Accordingly, the Plan satisfies Section 1129(a)(4) of the Bankruptcy Code.

21. Paragraph 5.5 of the Plan provides that, on the Effective Date, the Plan Administrator shall begin acting for the Liquidating Debtors in the same fiduciary capacity as

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

applicable to a board of directors of a Delaware corporation implementing such liquidation and wind-down as contemplated under the Plan. The appointment of a Plan Administrator minimizes any disruption in the wind-down of the Debtors' estates and avoids unnecessary duplication of work thereby preserving estate funds for distribution to the Debtors' creditors. The initial Plan Administrator will be the current CRO, Brad Smith, who will be compensated in the same manner he was being compensated as the CRO. Accordingly, Section 1129(a)(5) of the Bankruptcy Code is satisfied.

22. Section 1129(a)(6) of the Bankruptcy Code is inapplicable in these Cases because there is no agency with such jurisdiction over the Debtors and because no rate changes are contemplated by the Plan.

23. The Plan satisfies the "best interests" test of Section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis and other evidence proffered or adduced at the Confirmation hearing and in the pleadings filed in support of confirmation of the Plan: (a) are persuasive and credible; (b) have not been controverted by other evidence; and (c) establish that each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors' Estates were liquidated under Chapter 7 of the Bankruptcy Code on such date.

24. Class 3 General Unsecured Claims and Class 4 PBGC Unsecured Claims are Impaired and each have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. Class 5 Interests do not receive or retain any property on account of such Interests and therefore, are deemed to reject the Plan pursuant to 1126(g) of the Bankruptcy Code. Although Section 1129(a)(8) is not satisfied with respect to Class 5, the Plan is nevertheless confirmable since the Plan satisfies the requirements of Section 1129(b)(2) with respect to Class 5.

25. The treatment of Administrative Claims pursuant to Paragraphs 2.2 (Allowed Administrative Claims) and 11.3 (Professional Fee Claims) of the Plan satisfies the requirements of Section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Tax

Claims pursuant to Paragraph 2.4 of the Plan satisfies the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

26. As indicated in the Burlacu Declaration and reflected on the record at the Confirmation Hearing, Class 3 Unsecured Claims and Class 4 PBGC Unsecured Claims are each Impaired, were entitled to vote, and voted to accept the Plan. Because the Plan has been accepted by at least one Impaired Class, the Plan satisfies the requirements of Section 1129(a)(10) of the Bankruptcy Code.

27. Based on the evidence proffered or adduced at the Confirmation Hearing and as provided in pleadings filed in support of confirmation of the Plan regarding feasibility: (a) is persuasive and credible; (b) has not been controverted by other evidence; (c) establishes that the Debtors will have sufficient funds make all payments required to be made on the Effective Date. Accordingly, the Plan satisfies the requirements of Section 1129(a)(11) of the Bankruptcy Code.

28. Paragraph 2.5 of the Plan satisfies Section 1123(a)(12) of the Bankruptcy Code by providing for payment in full of fees payable under 28 U.S.C. § 1930 (consisting primarily of quarterly fees owing to the United States Trustee) on the Effective Date.

29. Sections 1129(a)(13) of the Bankruptcy Code is inapplicable, as the Pension Plan was terminated by agreement as of March 31, 2016, and the Debtors reached settlements with PBGC, the statutory trustee of the Pension Plan.

30. Sections 1129(a)(14) of the Bankruptcy Code is inapplicable as the Debtors are not individuals and are not subject to any domestic support obligations.

31. Sections 1129(a)(15) of the Bankruptcy Code is inapplicable as the Debtors are not individual debtors.

32. Sections 1129(a)(16) of the Bankruptcy Code is inapplicable as the Debtors are not a non-profit corporation or trust.

33. The Plan is confirmable as it satisfies the provisions of Section 1129(b). Class 5 Interests do not receive or retain any property on account of such Interests and are therefore,

deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code. The Plan does not discriminate unfairly against Class 5 and is fair and equitable with respect to Class 5. Further, no junior class is receiving any value under the Plan, so the Plan is "fair and equitable" under Section 1129(b)(2)(c)(ii). Accordingly, the requirements of Section 1129(b) of the Bankruptcy Code are satisfied with respect to Class 5 and the Plan should be confirmed.

34. The Plan is the only chapter 11 plan filed in these Cases. Accordingly, Section 1129(c) of the Bankruptcy Code is inapplicable.

35. The principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

36. Based on the foregoing, the Plan satisfies all requirements for confirmation set forth in Section 1129 of the Bankruptcy Code and the Plan Proponents are entitled to an order confirming the Plan.

###

Date: July 16, 2021

Mark S. Wallace
United States Bankruptcy Judge