Debtor's Name: ORANGE COUNTY REGISTER COMMUNICATIONS, INC.    Case No. 15-15329

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Brad Smith    Brad Smith
Signature of Responsible Party    Printed Name of Responsible Party

Plan Adminstrator    08/22/2022
Title    Date

UST Form 11-MOR (12/01/2021)    9

| | |
|---|---|
| In re: Freedom Communications, Inc., et al. | Case No. 8:15-bk-15311-MW |
| Debtors | Period:     07/01/22 - 07/31/22 |

**NOTES TO FINANCIAL STATEMENTS / SCHEDULES:**

On November 1, 2015 and November 2, 2015, 2100 Freedom, Inc. and certain of its subsidiaries (the Debtors/Company) filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court Central District of California in Santa Ana. The individual entity/debtor cases are being jointly administered under the lead case of Freedom Communications, Inc. The Company continues to operate its businesses pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 31, 2016, the Company sold its businesses by entering into the Asset Purchase Agreement among 2100 Freedom, Inc., several of its subsidiaries, and MediaNews Group, Inc. (the "Agreement").

The unaudited condensed interim financial statements/information: 1) do not include all of the information and footnote disclosures required by GAAP for annual financial statements or companies that continue to operate under Chapter 11 of the United States Bankruptcy Code, 2) do not present amounts attributable to noncontrolling interest separate from amounts attributable to 2100 Freedom, Inc., 3) do not present either a single combined or separate statement of comprehensive income, 4) do not include a statement of stockholders' (deficiency) equity, 5) do not include certain normal year-end adjustments, 6) present certain items in a summary format, 7) include the impact of the termination and transfer of the Company's defined benefit pension plan to the Pension Benefit Guaranty Corporation effective March 31, 2016 and the transfer of the Company's California workers' compensation assets and liabilities to the state effective April 8, 2016, 8) do not include any adjustments associated with potential uncertain tax positions and any possible adjustments resulting from not filing its 2017, 2018, 2019, or 2020 tax returns, 9) do not reflect the complete recognition of all allowable bankruptcy claims as the claims evaluation and review process has not been completed, and 10) include the impact of restating individual entity books and records as of and for the year ended December 31, 2016 to reflect the dissolution of the entity either by a) a completed dissolution by December 31, 2016, or b) by an anticipated approved dissolution by the bankruptcy court effective December 31, 2016.

As the Company sold its businesses and terminated all of its employees as of March 31, 2016, the Company has limited access to certain historical information required within the newly issued UST Form-11 Monthly Operating Report (MOR) and supporting schedules. As a result, certain disclosures have been included herein.

Full -Time Equivalent ("FTE") information provided counts each full-time associate as one FTE and each part-time associate as 1/2 FTE.

US Trustee fees for all debtors have been accounted for at Freedom Communcations, Inc.

Part 1: Cash Receipts and Disbursements and Supporting Schedule.

The instructions for Part 1: Cash Receipts and Disbursements section of the MOR explain that 1) if the debtor has a centralized cash management system with other related entities, the MOR must reflect the cash receipts and disbursements solely for the debtor even if the funds were not deposited or disbursed by the debtor, 2) receipt and disbursement activity should not include transfers between the debtor's bank accounts or intercompany transfers between affiliated or jointly administered debtors that occur as a matter of cash management, and 3) other than allowances made for rounding or adjustments made to account for a consolidated or centralized accounting system, the ending cash balance per the MOR form should match the ending cash balance on the debtor's books. Furthermore, the MOR schedule is designed to include only those disbursements that generate quarterly fees. Based on the requirements noted above, it does not appear possible for the ending cash balance per the MOR to equal the ending cash balance on the debtor's books. As such, the debtors may be including reconciling items within their supporting cash receipts and disbursements schedules to account for such items noted above to allow for the ending balance per the debtor's books to be reported as required. Finally, the cash balance reported by the debtors at the beginning of each month on the MOR represents the actual book balance.

Cumulative cash receipts were allocated to each debtor based on their relative amount of revenue recognized during the period. Cumulative disbursements were allocated to each debtor based on specific identification to the extent possible with remaining items/amounts allocated based on their relative expense recognized during the period.

Part 2: Asset and Liability Status and Supporting Schedule.

The Balance Sheet supporting schedule instructions require that pre-petition and post-petition liabilities must be reported as separate line items. As such, the Company has presented its liabilities as required without regard to the type of item or current/noncurrent classification.

Part 3: Assets Sold or Transferred

The Company did not allocate the costs of the sale of its businesses on March 31, 2016 to each entity/debtor other than approximately $1 million recognized within net proceeds at Freedom Communications, Inc. and certain immaterial amounts recognized by other debtors/entities. All other costs of the sale of the businesses were recognized as legal expense by 2100 Freedom, Inc.

Amounts may not foot due to rounding.

**Lead Case: Freedom Communications, Inc., et al.**     **Case No. 8:15-bk-15311-MW**
**Child Case: Orange County Register Communications, Inc.**     **Case No. 8:15-bk-15329-MW**

**Orange County Register Communications, Inc.**
**UNAUDITED**
**(Amounts in dollars)**

| Assets | As of July 31, 2022 |
|---|---:|
| **Current Assets:** | |
| Cash and cash equivalents | $ - |
| Security Investments | - |
| Receivables - net | - |
| Inventories - net | - |
| Prepaid Expenses | - |
| Other Current Assets | - |
| Total current assets | - |
| | |
| Intercompany | - |
| Property, Plant, and Equipment - net | - |
| Goodwill and Other Intangible Assets, net | - |
| Security Investments | - |
| Investments in Subsidiaries | (385,195) |
| Other Long Term Assets | - |
| **Total Assets** | $ (385,195) |

**Liabilities and Stockholders' Equity (Deficiency)**

| | |
|---|---:|
| **Liabilities:** | |
| Pre-Petition Liabilities - Secured | $ - |
| Pre-Petition Liabilities - Priority | - |
| Pre-Petition Liabilities - Unsecured | - |
| Total Pre-Petition Liabilities | - |
| | |
| Post-Petition Liabilities - Non-Tax | - |
| Post-Petition Liabilities - Tax | - |
| Total Post-Petition Liabiliites | - |
| | |
| **Total liabilities** | - |
| | |
| **Commitments and Contingencies** | |
| | |
| **Stockholders' Equity (Deficiency)** | |
| Par | 100 |
| Additional paid-in capital | 39,103,247 |
| Treasury Stock | - |
| Retained Earnings (Accumulated deficit) | (39,488,542) |
| Accumulated other comprehensive income | - |
| Total stockholders' equity (deficiency) | (385,195) |
| | |
| **Total Liabilities and Stockholders' Equity (Deficiency)** | $ (385,195) |

*The accompanying Notes to Financial Statements are an integral part of these statements.*